**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSP PROPERTIES, LLC | ) | Case No. 20-11569 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 85-0545603 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PYXUS INTERNATIONAL, INC. | ) | Case No. 20-11570 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 54-1746567 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALLIANCE ONE INTERNATIONAL, LLC | ) | Case No. 20-11571 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 83-1823302 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALLIANCE ONE NORTH AMERICA, LLC | ) | Case No. 20-11572 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 83-1837908 |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ALLIANCE ONE SPECIALTY PRODUCTS, LLC | ) | Case No. 20-11573 (___) |
| | ) | |
| | ) | Tax I.D. No. 27-1800115 |
| Debtor. | ) | |
| | ) | |

26642977.1

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Pyxus International, Inc. ("*Pyxus*") and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*") respectfully submit this motion (the "*Motion*") for the entry of an order, substantially in the form attached as **Exhibit A** (the "*Proposed Order*"), pursuant to section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"), Rules 1005, 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), directing the joint administration of the Chapter 11 Cases for procedural purposes only and granting related relief.  In support of this Motion, the Debtors submit the *Declaration of Joel Thomas, Executive Vice President and Chief Financial Officer of Debtor Pyxus International, Inc., in Support of the Chapter 11 Petitions and First Day Pleadings* (the "*First Day Declaration*")[1] filed contemporaneously herewith, and respectfully state as follows:

### BACKGROUND

1.      On the date hereof (the "*Petition Date*"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "*Court*").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or examiner.

---

[1] All capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration.

2.      Prior to the Petition Date, the Debtors executed a Restructuring Support Agreement, dated June 14, 2020, (the "*RSA*") with the Consenting Noteholders (as defined therein) holding over 92% of the First Lien Notes and 67% of the Second Lien Notes.  The RSA contemplates a joint chapter 11 prepackaged plan (the "*Plan*") that effectuates a comprehensive balance sheet restructuring without impairing any of the Debtors' general unsecured creditors, including any of the Company's domestic or international vendors, employees, customers or working capital lenders.  Concurrently with this Motion, the Debtors have filed the Plan and the related Disclosure Statement (as defined in the Plan).  The Debtors commenced solicitation of the Plan on June 14, 2020, and the solicitation period will continue until July 20, 2020.  The Debtors expect the Plan to be approved by all classes entitled to vote given that the Consenting Noteholders, who hold over 66 2/3% of the claims in each voting class, have committed to support the Plan. The relief sought herein is consistent with such treatment and is supported by the Consenting Noteholders and the DIP Lenders.

3.      Additional information regarding the Debtors' businesses, capital structure and the events leading up to the Petition Date is set forth in the First Day Declaration, which is fully incorporated herein by reference.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these Chapter 11 Cases and

26642977.1

this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.  The statutory and legal predicates for the relief requested herein are section 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1005, 1015(b) and 2002(n) and Local Rules 1015-1 and 9013-1.

## **RELIEF REQUESTED**

5.      By this motion, pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1, the Debtors request entry of an order, substantially in the form attached as **Exhibit A**, directing procedural consolidation and joint administration of the Chapter 11 Cases.

6.      In addition, the Debtors request that the caption of the Chapter 11 Cases in all pleadings and notices in the jointly administered cases be as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*, | § | |
| | § | Case No. 20-11570 (__) |
| Debtors. | § | |
| | § | (Joint Administration Requested) |
| | § | |
| | § | |

7.      The Debtors also seek waiver of the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in these cases contain the name, tax identification number, address of each Debtor and any names used by each Debtor in the previous eight (8) years.  As an alternative to including this information in each caption, the Debtors propose to include the following footnote to each pleading filed and notice mailed by the Debtors, listing the Debtors in these Chapter 11 Cases and the last four digits of their tax identification numbers along with the address of the Debtors' corporate headquarters:

The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603).  The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

8.      The Debtors also request that the Court make separate docket entries in each of the Debtors' Chapter 11 Cases (except that of Pyxus International, Inc.), substantially similar to the following:

An order has been entered in this case consolidating this case with the case of Pyxus International, Inc. (Case No. 20-11570 (__)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof.  The docket in Case No. 20-11570 (__) should be consulted for all matters affecting this case.

## BASIS FOR RELIEF REQUESTED

9.      Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" of each other as that term is defined in section 101(2) of the Bankruptcy Code, as Pyxus International, Inc. directly or indirectly owns one hundred percent (100%) of the equity interests in all of the other Debtors.  Further, the Debtors comprise a single business with highly integrated operations that rely on an interconnected network of lenders, suppliers, vendors and customers.  This Court thus is authorized to consolidate the Debtors' cases for procedural purposes.

10.      Local Rule 1015-1 provides additional authority for the Court to order joint administration of these Chapter 11 Cases:

An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in the Court under title

26642977.1

5

> 11 is warranted and will ease the administrative burden for the Court and the parties.  An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time.  An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11.     The First Day Declaration establishes that joint administration of the Debtors' cases is warranted because it will ease the administrative burden on the Court and all parties in interest.  Joint administration of the Debtors' cases will eliminate the need for duplicate pleadings, notices and orders in each of the respective dockets and will save the Court, the Debtors and other parties in interest substantial time and expense when preparing and filing such documents.  Further, joint administration will protect parties in interest by ensuring that they will be apprised of the various motions filed with the Court with respect to each of the Debtors' cases.  Therefore, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

12.     Joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these Chapter 11 Cases.  Accordingly, the Debtors submit that the joint administration of these Chapter 11 Cases is in the best interests of their estates, their creditors and all other parties in interest.

13.     Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' tax identification numbers, addresses and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification.  Other case-specific information will be listed in the petitions for the respective Debtors and such petitions

26642977.1

are publicly available and will be provided by the Debtors upon request.  Therefore, the Debtors

submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and

Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

14.     Courts in this District have routinely granted relief similar to the relief

requested in several other cases involving multiple related debtors.[2]  For these reasons, the Debtors

submit that the relief requested is necessary and appropriate, is in the best interest of their

respective estates and creditors and should be granted in all respects.

## NOTICE

15.     The Debtors will provide notice of this Motion by facsimile, e-mail,

overnight delivery or hand delivery to: (i) the Office of the United States Trustee for the District

of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a

consolidated basis; (iii) the United States Attorney's Office for the District of Delaware; (iv) the

attorneys general for the states in which the Debtors conduct business; (v) counsel to the Ad Hoc

First Lien Group; (vi) counsel to the Ad Hoc Crossholder Group; (vii) the ABL Agent and counsel

thereto; (viii) the DIP Agent and counsel thereto; (ix) the Internal Revenue Service; and (x) the

Securities and Exchange Commission.  Following the hearing, a copy of this Motion and any order

entered with respect to it will be served on the foregoing parties and all parties having filed requests

for notice in these Chapter 11 Cases.  A copy of this Motion is also available on the Debtors' case

website at http://www.primeclerk.com/Pyxus.

---

[2] *See, e.g., In re Imerys Talc Am., Inc.*, Case No. 19-10289 (LLS) (Bankr. D. Del. Feb. 14, 2019) [Docket No. 52]; *In re LBI Media, Inc.*, Case No. 18-12655 (CSS) (Bankr. D. Del. Nov. 21, 2018) [Docket No. 22]; *In re ATD Corp.*, Case No. 1812221 (KJC) (Bankr. D. Del. Oct. 5, 2018) [Docket No. 97].

16.     As this Motion is seeking "first day" relief, notice of this Motion and any order entered hereon will be served on all parties required by Local Rule 9013-1(m).  Due to the urgency of the relief requested, the Debtors submit that no other or further notice is necessary.

*[Remainder of this page intentionally left blank]*

26642977.1

**WHEREFORE**, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: June 15, 2020
       Wilmington, Delaware

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Kara Hammond Coyle*
Pauline K. Morgan (No. 3650)
Kara Hammond Coyle (No. 4410)
Ashley E. Jacobs (No. 5635)
Tara C. Pakrouh (No. 6192)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:     (302) 571-6600
Facsimile:     (302) 571-1253
Email:         pmorgan@ycst.com
               kcoyle@ycst.com
               ajacobs@ycst.com
               tpakrouh@ycst.com

- and -

**SIMPSON THACHER & BARTLETT LLP**

Sandeep Qusba (*pro hac vice* pending)
Michael H. Torkin (*pro hac vice* pending)
Kathrine A. McLendon (*pro hac vice* pending)
Nicholas E. Baker (*pro hac vice* pending)
Daniel L. Biller (*pro hac vice* pending)
Jamie J. Fell (*pro hac vice* pending)
425 Lexington Avenue
New York, New York 10017
Telephone:     (212) 455-2000
Facsimile:     (212) 455-2502
Email:         squsba@stblaw.com
               michael.torkin@stblaw.com
               kmclendon@stblaw.com
               nbaker@stblaw.com
               daniel.biller@stblaw.com
               jamie.fell@stblaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

26642977.1

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GSP PROPERTIES, LLC | ) | Case No. 20-11569 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 85-0545603 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| PYXUS INTERNATIONAL, INC. | ) | Case No. 20-11570 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 54-1746567 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALLIANCE ONE INTERNATIONAL, LLC | ) | Case No. 20-11571 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 83-1823302 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALLIANCE ONE NORTH AMERICA, LLC | ) | Case No. 20-11572 (___) |
| | ) | |
| Debtor. | ) | Tax I.D. No. 83-1837908 |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ALLIANCE ONE SPECIALTY PRODUCTS, LLC | ) | Case No. 20-11573 (___) |
| | ) | |
| | ) | Tax I.D. No. 27-1800115 |
| Debtor. | ) | |
| | ) | |

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon consideration of the motion (the "***Motion***")[1] for entry of an order (this "***Order***") directing the Debtors' Chapter 11 Cases to be jointly administered for procedural purposes only and granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found such relief to be in the best interests of the Debtors, their estates and creditors and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

---

[1] Capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

2.      Each of the above-captioned Chapter 11 Cases of the Debtors are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-11570 (__).

3.      Nothing contained in the Motion or this Order is to be deemed or construed as directing or otherwise effecting a substantive consolidation of these Chapter 11 Cases.

4.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*, | § | |
| | § | Case No. 20-11570 (__) |
| Debtors. | § | |
| | § | (Joint Administration Requested) |
| | § | |
| | § | |

5.      All pleadings and notices shall be captioned as indicated in the preceding decretal paragraph, and all original docket entries shall be made in the case of Pyxus International, Inc., Case No. 20-11570 (__).

6.      A docket entry shall be made in each of the Debtors' cases (except that of Pyxus International, Inc.) substantially similar to the following:

> An order has been entered in this case consolidating this case with the case of Pyxus International, Inc. (Case No. 20-11570 (__)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 20-11570 (__) should be consulted for all matters affecting this case.

7.      The Debtors are directed to include the following footnote to each pleading they file and notice they mail in these cases, listing the Debtors in these Chapter 11 Cases and the last four numbers of their tax identification numbers along with the address of the Debtors' corporate headquarters only:

26642977.1

The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603).   The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

8.     The caption set forth above shall be deemed to satisfy any applicable requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n).

9.     The terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order.

11.     This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Order.

Dated _____, 2020
         Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE

26642977.1

4