**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | Case No. 20-11570 (LSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

### AFFIDAVIT OF SERVICE

I, James Daloia, depose and say that:

1.     I am employed by Prime Clerk LLC ("**Prime Clerk**"), the claims and noticing agent for the Debtors in the above-captioned Chapter 11 cases. At my direction and under my supervision, employees of Prime Clerk caused the following materials to be served:

    a.  a Flash Drive containing PDF images of the: (1) *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No. 22] with all exhibits thereto, including, among others, the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No.21] (collectively, the "***Disclosure Statement Flash Drive***");

    b.  the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No. 22] with all exhibits thereto, including, among others, the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No.21] (collectively, the "***Disclosure Statement*** ");

    c.  the *Notice of (I) Commencement of Prepackaged Chapter 11 Cases Under Chapter 11 of the Bankruptcy Code, (II) Combined Hearing to Consider (A) Adequacy of Disclosure Statement and (B) Confirmation of Prepackaged Plan, (III) Assumption of Executory Contracts and Unexpired Leases and Cure Amounts and (IV) Objection Deadlines and Summary of Prepackaged Plan* [ Docket No. 88] (the "***Combined Hearing Notice***");

---

[1]     The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

d.  the Class 3 First Lien Notes Claims Beneficial Holder Ballot for Accepting or Rejecting the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors, a copy of which is attached hereto as **Exhibit A** (the "*Class 3 Beneficial Holder Ballot*);

e.  the Class 3 First Lien Notes Claim Master Ballot for Accepting or Rejecting the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors, a copy of which is attached hereto as **Exhibit B** (the "*Class 3 Master Ballot*);

f.  the Class 4 Second Line Notes Claim Beneficial Holder Ballot for Accepting or Rejecting the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors, a copy of which is attached hereto as **Exhibit C** (the "*Class 4 Beneficial Holder Ballot*);

g.  the Class 4 Second Line Notes Claim Master Ballot for Accepting or Rejecting the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors, a copy of which is attached hereto as **Exhibit D** (the "*Class 4 Master Ballot*);

h.  the Equity Holder Opt-Out Form for Holders of Existing Pyxus Interests in Accordance with Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors for Beneficial Owners Who Hold Their Stock Through a Nominee, a copy of which is attached hereto as **Exhibit E** (the "*Class 10 Beneficial Owner Election Form*");

i.  Equity Holder Opt-Out Form for Holders of Existing Pyxus Interests in Accordance with Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors for Registered holders on the Books of the Transfer Agent, a form of which is attached hereto as **Exhibit F** (the "*Class 10 Registered Holder Election Form*"); and

j.  a pre-addressed, postage paid return envelope (the "***Return Envelope***"), a sample of which is not attached hereto.

2

2.      Unless otherwise stated, at my direction and under my supervision, commencing on June 14, 2020, employees of Prime Clerk caused true and correct copies of the above materials to be served as follows:

a.  the Disclosure Statement, Class 3 Beneficial Holder Ballot, Class 4 Beneficial Holder Ballot, Class 3 Master Ballot and Class 4 Master Ballot were served via first class mail on the party identified on the service list attached hereto as **Exhibit G**.

b.  the materials contained on the Disclosure Statement Flash Drive, Class 3 Beneficial Holder Ballot, Class 4 Beneficial Holder Ballot, Class 3 Master Ballot, Class 4 Master Ballot and Return Envelope were served via email on the parties identified on the service list attached hereto as **Exhibit H**.

3.      Unless otherwise stated, on June 15, 2020, at my direction and under my supervision, employees of Prime Clerk caused true and correct copies of the above materials to be served as follows:

a.  the Disclosure Statement Flash Drive, Class 3 Beneficial Holder Ballot, Class 4 Beneficial Holder Ballot, Class 3 Master Ballot, Class 4 Master Ballot and Return Envelope were served via overnight mail or next day business service on the banks, brokers, dealers agents, nominees or their agents (collectively, the "***Bond Nominees***") identified on the service list attached hereto as **Exhibit I**. The Bond Nominees were provided with instructions and sufficient quantities to distribute the aforementioned documents to the beneficial holders of the Debtors' public securities.

4.      In addition to the hard copy service detailed above, on June 15, 2020, at my direction and under my supervision, employees of Prime Clerk caused electronic copies of the above materials to be served as follows:

a.  the materials contained on the Disclosure Statement Flash Drive, Class 3 Beneficial Holder Ballot, Class 4 Beneficial Holder Ballot, Class 3 Master Ballot, Class 4 Master Ballot and were served via email on the parties identified on the service list attached hereto as **Exhibit J**.

5.      Unless otherwise stated, on June 19, 2020, at my direction and under my supervision, employees of Prime Clerk caused true and correct copies of the above materials to be served as follows:

a.  the Disclosure Statement Flash Drive, Combined Hearing Notice, Class 10 Beneficial Owner Election Form and Return Envelope were served via overnight mail or next day business service on the banks, brokers, dealers agents, nominees or their agents (collectively, the "*Equity Nominees*") identified on the service list attached hereto as **Exhibit K**. The Equity Nominees were provided with instructions and sufficient quantities to distribute the aforementioned documents to the beneficial holders of the Debtors' public securities; and

b.  the Disclosure Statement Flash Drive, Combined Hearing Notice, Class 10 Registered Holder Election Form and Return Envelope were served via First Class Mail on the parties identified on the service list attached hereto as **Exhibit L**.

6.      In addition to the hard copy service detailed above, on June 19, 2020, at my direction and under my supervision, employees of Prime Clerk caused electronic copies of the above materials to be served as follows:

a.  the materials contained on the Disclosure Statement Flash Drive, Combined Hearing Notice, and Class 10 Beneficial Owner Election Form were served via email on the parties identified on the service list attached hereto as **Exhibit M**.

7.      Unless otherwise stated, on June 23, 2020, at my direction and under my supervision, employees of Prime Clerk caused true and correct copies of the above materials to be served as follows:

a.  the Disclosure Statement Flash Drive, Class 3 Beneficial Holder Ballot, Class 4 Beneficial Holder Ballot, Class 3 Master Ballot, Class 4 Master Ballot and Return Envelope were served via overnight mail or next day business service on the banks, brokers, dealers agents, nominees or their agents (collectively, the "*Supplemental Bond Nominees*") identified on the service list attached hereto as **Exhibit N**. The Supplemental Bond Nominees were provided with instructions and sufficient quantities to distribute the aforementioned documents to the beneficial holders of the Debtors' public securities.

Dated: June 25, 2020

_____
James Daloia
Director of Solicitation and Disbursements
Prime Clerk LLC

State of New York
County of New York

Subscribed and sworn to (or affirmed) before me on June 25, 2020, by James Daloia proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_/s/ Liz Santodomingo_
Notary Public, State of New York
No. 01SA6301250
Qualified in New York County
Commission Expires April 14, 2022

**Exhibit A**

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS:  018772AT0 & U0187PAH9

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

IMPORTANT: NO CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. THE DEBTORS INTEND TO FILE CHAPTER 11 CASES AND SEEK CONFIRMATION OF THE PLAN BY THE BANKRUPTCY COURT SHORTLY THEREAFTER AS DESCRIBED IN GREATER DETAIL IN THE ACCOMPANYING DISCLOSURE STATEMENT.

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | ) **IMPORTANT:** No chapter 11 case has been |
| | ) commenced as of the date of the distribution |
| Debtors. | ) of this ballot. This ballot is being distributed |
| | ) to you as a part of a prepetition solicitation of |
| | ) your vote on a prepackaged plan of |
| | ) reorganization. |

## BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF PYXUS INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS

## CLASS 3 – FIRST LIEN NOTES CLAIMS

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING PROCEDURES, OR ANY OF THE SOLICITATION MATERIALS YOU HAVE RECEIVED, OR YOU NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE DEBTORS' PROPOSED NOTICE AND SOLICITATION AGENT, PRIME CLERK LLC (THE "***SOLICITATION AGENT***") BY: (1) CALLING THE DEBTORS' SOLICITATION AGENT AT 1-(844)-974- 2130 (TOLL-FREE) OR 1-(929)-955-3418 (INTERNATIONAL), (2) EMAILING PYXUSBALLOTS@PRIMECLERK.COM AND REFERENCING "PYXUS BALLOT PROCESSING" IN THE SUBJECT LINE, (3) VISITING THE DEBTORS' SOLICITATION WEBSITE AT HTTPS://CASES.PRIMECLERK.COM/PYXUS, AND/OR (4) WRITING TO THE SOLICITATION AGENT AT THE FOLLOWING ADDRESS:  PYXUS BALLOT PROCESSING, C/O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 EAST 42ND STREET, SUITE 1440, NEW YORK, NY 10165.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS:  018772AT0 & U0187PAH9

---

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.

- THIS BALLOT OR, IF APPLICABLE, THE MASTER BALLOT CAST ON YOUR BEHALF (THE "***MASTER BALLOT***") MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M. (PREVAILING EASTERN TIME) ON JULY 20, 2020 (THE "*VOTING DEADLINE*")**. IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT BE COUNTED.

- IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

---

This ballot (this "***Ballot***") is being sent to you in connection with the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time in accordance with its terms and including all exhibits or supplements thereto, the "*Plan*")[2] because the records maintained by your Nominee[3] indicate that you are a Beneficial Holder[4] of a Class 3 First Lien Notes Claim as of June 12, 2020 (the "***Voting Record Date***"), and, accordingly, you may have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Solicitation Agent at the email address or telephone number set forth above.   Your rights are described in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors*, dated June 14, 2020 (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "*Disclosure Statement*").  The Plan and the Disclosure Statement are included in the packet you are receiving together with this Ballot (collectively, with a pre-addressed, postage pre-paid return envelope, the "***Solicitation Package***").  Upon request, the Solicitation Agent will provide paper copies of the Plan and the Disclosure Statement at the Debtors' expense.  The Solicitation Package

---

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Disclosure Statement.

[3] "***Nominee***" means the broker, dealer, commercial bank, trust company, savings and loan, financial institution, or other such party in whose name your beneficial ownership in Class 3 First Lien Notes Claims is registered or held of record on your behalf as of the Voting Record Date.

[4] A "***Beneficial Holder***" is a beneficial owner of Class 3 First Lien Notes Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS:  018772AT0 & U0187PAH9

has been distributed to all Holders of Class 3 First Lien Notes Claims; however, **only Accredited Investors (as such term is defined in Rule 501 of the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa) are entitled to vote to accept or reject the Plan**.  If you are not an Accredited Investor please disregard this Ballot.

**You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 3 under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

The Debtors intend to commence voluntary cases under chapter 11 of the Bankruptcy Code.  The Plan can thereafter be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds of the aggregate principal amount and more than one-half in number of the Claims voted in at least one Impaired Class and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you regardless of whether you vote or if you vote to reject the Plan.

---

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO THE SOLICITATION AGENT, YOUR COMPLETED, SIGNED, AND DATED BALLOT MUST BE ACTUALLY RECEIVED BY THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOUR COMPLETED, SIGNED, AND DATED BALLOT MUST BE SENT TO YOUR NOMINEE, NOT THE SOLICITATION AGENT, ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR BALLOT, COMPLETE A MASTER BALLOT, AND TRANSMIT THE MASTER BALLOT TO THE SOLICITATION AGENT SO THAT IT IS ACTUALLY RECEIVED BY THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**

---

**Item 1**. Principal Amount of Class 3 First Lien Notes Claims.

The undersigned hereby certifies that, as of the Voting Record Date, it was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of a Class 3 First Lien Notes Claim in the following aggregate principal amount (*insert amount in box below*):

$\$_____$

**Item 2**. **Vote of Class 3 First Lien Notes Claims.**

The Beneficial Holder of the Class 3 First Lien Notes Claims set forth in Item 1 votes to (*please check only one*):

| <u>Accept</u> the Plan | <u>Reject</u> the Plan |
|:---:|:---:|
| ☐ | ☐ |

**Item 3**. **Important information regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.**

The Plan contains a series of releases that are part of the overall restructuring set forth in the Plan and described in greater detail in the Disclosure Statement. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article VIII of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Disclosure Statement and Plan with respect to the releases.

**<u>ARTICLE VIII.F OF THE PLAN PROVIDES FOR A THIRD-PARTY RELEASE BY THE RELEASING PARTIES (THE "*THIRD-PARTY RELEASE*"):</u>**

**Effective as of the Effective Date, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown (including any derivative claims, asserted or assertable on behalf of any of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the DIP Facility, the DIP Orders, the First Lien Notes, the Second Lien Notes, the Exit ABL Facility, the Exit Term Facility, the Exit Secured Notes or Replacement First Lien Financing, as applicable, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, or the Plan (including, for the avoidance of doubt, providing any legal opinion requested by any**

**Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Plan Supplement, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date except for claims or liabilities arising out of or relating to any act or omission by a Released Party that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations arising after Consummation of any party or Entity under the Plan, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the assumption of the Indemnification Provisions as set forth in the Plan.**

## IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:

UNDER THE PLAN, "RELEASED PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP AGENT; (D) EACH OF THE DIP LENDERS; (E) EACH HOLDER OF A FIRST LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (F) THE FIRST LIEN NOTES INDENTURE TRUSTEE; (G) EACH HOLDER OF A SECOND LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (H) THE SECOND LIEN NOTES INDENTURE TRUSTEE; (I) THE AGENTS OR INDENTURE TRUSTEES UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (J) EACH LENDER OR HOLDER UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (K) THE INITIAL COMMITMENT PARTIES; (L) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (K); AND (M) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH (L); PROVIDED, HOWEVER, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT (A) TIMELY PROVIDES, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION OF THE PLAN OR (B) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; PROVIDED, FURTHER, THAT ANY SUCH ENTITY SHALL BE IDENTIFIED BY NAME AS A NON-RELEASED PARTY IN THE CONFIRMATION ORDER.

UNDER THE PLAN, "RELEASING PARTIES" MEANS COLLECTIVELY AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE RELEASED PARTIES IDENTIFIED IN SUBSECTION (A)–(L) AND THOSE RELEASED PARTIES IDENTIFIED IN SUBSECTION (M) OF THE DEFINITION OF "RELEASED PARTY" ON BEHALF OF WHOM THE PARTIES IDENTIFIED IN SUBSECTIONS (A)–(L) OF

THE DEFINITION OF "RELEASED PARTY" HAVE THE AUTHORITY, INCLUDING UNDER ANY AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, TO GRANT THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.F; (B) THE HOLDERS OF ALL CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (C) THE HOLDERS OF ALL CLAIMS OR INTERESTS THAT ARE UNIMPAIRED UNDER THE PLAN; (D) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (E) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHO VOTE TO REJECT THE PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (F) THE HOLDERS OF ALL CLAIMS OR INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT (A) TIMELY PROVIDE, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN OR (B) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; (G) THE HOLDERS OF ALL CLAIMS AND INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO WERE GIVEN NOTICE OF THE OPPORTUNITY TO OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN BUT DID NOT OPT OUT; (H) THE HOLDERS OF EXISTING PYXUS INTERESTS WHO DO NOT DULY SUBMIT AN EQUITYHOLDER OPT-OUT FORM OPTING OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (B) THROUGH CLAUSE (H).

**ARTICLE VIII.G OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "*EXCULPATION*"):**

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion),**

except for claims or liabilities arising out of or relating to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## ARTICLE VIII.H OF THE PLAN ESTABLISHES AN INJUNCTION (THE "*INJUNCTION*"):

Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

## OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the releases, injunction, and exculpation provisions set forth above. If you do not consent to the releases, injunction, or exculpation provisions, you may elect not to grant such releases but only if you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS:  018772AT0 & U0187PAH9

the box below, and timely return your Ballot, **or** (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE VIII OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE VIII OF THE PLAN.

The Holder of the Class 3 First Lien Notes Claims set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

**Item 4**. **Class 3 First Lien Notes Claims held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the First Lien Notes Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 3 First Lien Notes Claims owned by such Beneficial Holder as indicated in Item 1, except for the First Lien Notes Claims identified in the following table (please use additional sheets of paper if necessary); and (b) all Ballots for First Lien Notes Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot. **To be clear, if any Beneficial Holder holds First Lien Notes Claims through one or more Nominees, such Beneficial Holder must identify all First Lien Notes Claims held through each Nominee in the following table, and must confirm the same vote to accept or reject the Plan on all ballots submitted.**

ONLY COMPLETE THIS ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS

| Account Number | Name of Holder[5] | Principal Amount of Other Class 3 First Lien Notes Claims Voted |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

---

[5] Insert your name if you are the Holder of record of the Class 3 First Lien Notes Claims, or, if held in a street name, insert the name of your Nominee.

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS:  018772AT0 & U0187PAH9

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1.    as of the Voting Record Date, it was the Beneficial Holder (or an authorized signatory for a Beneficial Holder) of the Class 3 First Lien Notes Claims set forth in Item 1;

2.    it is eligible to be treated as the Holder of the Class 3 First Lien Notes Claims set forth in Item 1 for the purposes of voting on the Plan;

3.    it has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4.    it has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package materials;

5.    it has cast the same vote with respect to each of the Holder's Class 3 First Lien Notes Claims;

6.    it understands the treatment provided for its Class 3 First Lien Notes Claims under the Plan;

7.    it understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8.    it acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary, subject to section 1127 of the Bankruptcy Code and in accordance with the terms and conditions set forth in the Restructuring Support Agreement; provided that the Debtors will not resolicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required to by the Bankruptcy Court;

9.    it understands and acknowledges that only the last properly executed ballot cast prior to the Voting Deadline with respect to the Class 3 First Lien Notes Claims set forth in Item 1 will be counted, and, if any other ballot has been previously cast with respect to the Class 3 First Lien Notes Claims set forth in Item 1, such other ballot shall be deemed revoked;

10.    it understands and acknowledges that the securities being distributed pursuant to the Plan are not being distributed pursuant to a registration statement filed with the United States Securities and Exchange Commission, and that such securities will be acquired for the Holder's own account and not with a view to any distribution of such securities in violation of the United States Securities Act of 1933, 15 U.S.C. §§ 77a–77aa;

11.    the undersigned is (a) an "accredited investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), promulgated under the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (as amended), or (b) the authorized signatory for a Holder of Class 3 First Lien Notes Claims that is an "accredited investor;" provided, that, the undersigned's certification with respect to this clause in respect of any beneficial owner is made solely in reliance by the undersigned on a certification provided by such beneficial owner to the

undersigned that such beneficial owner is an "accredited investor" and the undersigned assumes no liability or responsibility for any beneficial owner's status and makes no representation or warranty with respect thereto;

12.    it has full and complete authority to execute and submit this Ballot.

[*Remainder of page intentionally left blank*]

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS:  018772AT0 & U0187PAH9

**Item 6**. **Holder Information and Signature.**

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of the Beneficial
Holder:
_____

Signature:
_____

Signatory Name (if other
than the Beneficial
Holder):
_____

Title:
_____

Address:
_____

Email Address:
_____

Telephone Number:
_____

Date Completed:
_____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT
PROMPTLY IN THE ENVELOPE PROVIDED OR AS OTHERWISE DIRECTED.**

**THIS BALLOT OR, IF APPLICABLE, THE MASTER BALLOT CAST ON YOUR
BEHALF, MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS
ACTUALLY RECEIVED BY THE SOLICITATION AGENT PRIOR TO THE VOTING
DEADLINE.**

[*Remainder of page intentionally left blank*]

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS:  018772AT0 & U0187PAH9
**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of Holders of Class 3 First Lien Notes Claims with respect to the Plan. The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot. Capitalized terms used and not defined herein have the meaning given to such terms in the Plan or the Disclosure Statement, as applicable.

2.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds of the aggregate principal amount and more than one-half in number of the Claims voted in each Class that votes on the Plan and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.  To ensure that your vote is counted, you must deliver this Ballot to the following, as applicable:

    a.  If you received this Ballot and a return envelope addressed to your Nominee, you must return your completed Ballot directly to your Nominee in accordance with the instructions provided by your Nominee, and, in any event, with sufficient time to permit your Nominee to deliver your vote(s) on a completed Master Ballot so that it is actually received by the Solicitation Agent before the Voting Deadline.

    -or-

    b.  If you received this Ballot and a return envelope addressed to the Solicitation Agent, you must deliver a Pre-Validated Ballot directly to the Solicitation Agent by using the enclosed return envelope addressed to Prime Clerk, LLC so as to be actually received by the Solicitation Agent before the Voting Deadline.

4.  Any ballot received by the Solicitation Agent (including via a Nominee or a Master Ballot) after the Voting Deadline will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent actually receives the executed ballot or Master Ballot, as applicable. In all cases, Holders should allow sufficient time to assure timely delivery. No ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5.  If you deliver multiple ballots to the Solicitation Agent, as applicable, the last properly executed ballot timely received will supersede and revoke any earlier received ballot.

6.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS: 018772AT0 & U0187PAH9

nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with this Ballot.

7.      This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan (*i.e.*, you may not split your vote).

9.      If you hold Claims in more than one Class under the Plan, or in multiple accounts, you will receive more than one ballot coded for each different Class or account. Each ballot votes only your Claims indicated on that ballot. Please complete and return each ballot you receive.

10.      Please be sure to sign and date this Ballot. If you are signing this Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Solicitation Agent or the Debtors, must submit proper evidence of such capacity to the requesting party. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

11.      The following ballots or Master Ballots, as applicable, shall not be counted in determining the acceptance or rejection of the Plan: (a) any ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any ballot or Master Ballot not actually received by the Solicitation Agent before the Voting Deadline, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court; (c) any unsigned ballot or Master Ballot; (d) any ballot or Master Ballot that does not contain an original signature; *provided* that a ballot or Master Ballot submitted by electronic means shall be deemed to bear an original signature; (e) any ballot or Master Ballot that partially rejects and partially accepts the Plan; (f) any ballot or Master Ballot not marked to either accept or reject the Plan, or marked to both accept and reject the Plan; and (g) any ballot or Master Ballot superseded by a later, timely submitted valid ballot.

12.      If you believe you have received the wrong ballot, you should contact your Nominee.

## PLEASE MAIL YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURE FOR VOTING ON THE PLAN, OR IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE BALLOT, DISCLOSURE STATEMENT, PLAN, OR OTHER RELATED MATERIALS, PLEASE CONTACT YOUR NOMINEE.**

**Exhibit A**

**Please check one box below to indicate the Plan Class and CUSIP/ISIN to which this Beneficial Holder Ballot pertains (or clearly indicate such information directly on the Beneficial Holder Ballot or on a schedule thereto):**

| CLASS 3 – FIRST LIEN NOTES CLAIMS | | |
|---|---|---|
| ☐ | 8.5% due 4/15/2021 (Series 144A) | CUSIP 018772AT0 / ISIN US018772AT05 |
| ☐ | 8.5% due 4/15/2021 (Series REGS 144A) | CUSIP U0187PAH9/ ISIN USU0187PAH92 |

**Exhibit B**

Pyxus International, Inc., *et al.*
Master Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS: 018772AT0 & U0187PAH9

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IMPORTANT**:  NO CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT.  THE DEBTORS INTEND TO FILE CHAPTER 11 CASES AND SEEK CONFIRMATION OF THE PLAN BY THE BANKRUPTCY COURT SHORTLY THEREAFTER AS DESCRIBED IN GREATER DETAIL IN THE ACCOMPANYING DISCLOSURE STATEMENT.

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| | ) |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | ) **IMPORTANT:** No chapter 11 case has been |
| | ) commenced as of the date of the distribution of |
| Debtors. | ) this ballot.  This ballot is being distributed to |
| | ) you as a part of a prepetition solicitation of your |
| | ) vote on a prepackaged plan of reorganization. |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF PYXUS INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS**

**CLASS 3 – FIRST LIEN NOTES CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THE VOTING PROCEDURES, OR ANY OF THE SOLICITATION MATERIALS YOU HAVE RECEIVED, OR YOU NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE DEBTORS' PROPOSED NOTICE AND SOLICITATION AGENT, PRIME CLERK LLC (THE "*SOLICITATION AGENT*") BY: (1) CALLING THE DEBTORS' SOLICITATION AGENT AT 1-(844)-974- 2130 (TOLL-FREE) OR 1-(929)-955-3418 (INTERNATIONAL), (2) EMAILING PYXUSBALLOTS@PRIMECLERK.COM AND REFERENCING "PYXUS BALLOT PROCESSING" IN THE SUBJECT LINE, (3) VISITING THE DEBTORS' SOLICITATION WEBSITE AT HTTPS://CASES.PRIMECLERK.COM/PYXUS, AND/OR (4) WRITING TO THE SOLICITATION AGENT AT THE FOLLOWING ADDRESS:  PYXUS BALLOT PROCESSING, C/O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 EAST 42ND STREET, SUITE 1440, NEW YORK, NY 10165.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M., PREVAILING EASTERN TIME ON JULY 20, 2020 (THE "*VOTING DEADLINE*")**.  IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR MASTER BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT BE COUNTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

The Debtors are sending this master ballot (this "***Master Ballot***") to brokers, dealers, commercial banks, trust companies, or other agent nominees (each a "***Nominee***") of Beneficial Holders[2] of Class 3 First Lien Notes Claims as of June 12, 2020 (the "***Voting Record Date***") in connection with the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time in accordance with its terms and including all exhibits or supplements thereto, the "***Plan***").[3] Nominees should use this Master Ballot to (a) cast votes to accept or reject the Plan and (b) make elections, each on behalf of and in accordance with the ballots cast by the Beneficial Holders holding Class 3 First Lien Notes Claims through them.  In lieu of submitting this Master Ballot, Nominees may also send Beneficial Holders a pre-validated Class 3 First Lien Notes Claims ballot (a "***Pre-Validated Ballot***").  Based on your decision whether or not to pre-validate the ballot, the below guidance with respect to pre-validation is mutually exclusive.

PRE-VALIDATED BALLOT.  You may pre-validate a ballot by completing a ballot with the exception of Items 2 and 3 and indicating on the ballot:  (a) the name of the Nominee; (b) the aggregate principal amount of Class 3 First Lien Notes Claims held by such Nominee for the Beneficial Holder; and (c) the account number(s) for the account(s) in which such Class 3 First Lien Notes Claims are held by the Nominee.  Once you pre-validate a ballot, you must **IMMEDIATELY** forward the solicitation materials to each applicable Beneficial Holder, including (i) the pre-validated ballot, (ii) the Plan and the Disclosure Statement, (iii) a postage pre-paid return envelope addressed to the Solicitation Agent, and (iv) clear instructions that the Beneficial Holder must return its completed and executed ballot to the Solicitation Agent before the Voting Deadline.

---

[2] A "***Beneficial Holder***" is a beneficial owner of Class 3 First Lien Notes Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

[3] Capitalized terms used but not defined herein have the meaning given to such terms in the Disclosure Statement.

Pyxus International, Inc., *et al.*
Master Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS: 018772AT0 & U0187PAH9

<u>NOT PRE-VALIDATED BALLOT</u>.  If you choose not to pre-validate ballots, you must **IMMEDIATELY** forward the solicitation materials to each Beneficial Holder, including (a) the ballot, (b) the Plan and the Disclosure Statement, (c) a return envelope addressed to you, its Nominee, and (d) clear instructions stating that the Beneficial Holder must return its ballot directly to you in sufficient time to allow you to execute this Master Ballot and return it to the Solicitation Agent before the Voting Deadline.  Upon receipt of completed and executed ballots returned to you by the Beneficial Holder, you must compile and validate the Beneficial Holder's votes and other relevant information using the customer's name or account number.  You must then execute this Master Ballot and transmit it to the Solicitation Agent by the Voting Deadline.  You must retain such ballots in your files for a period of one (1) year following the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order) as you may be ordered to produce the Beneficial Holder ballots to the Debtors or the Bankruptcy Court.[4]

<u>NO</u> fees or commissions or other remuneration will be payable to you in your capacity as Nominee for soliciting votes on the proposals related to the Plan.  The Debtors will, however, upon written request, reimburse you for customary mailing and handling expenses you incur in forwarding the ballot and other enclosed materials to Beneficial Holders.

This Master Ballot may not be used for any purpose other than for submitting votes with respect to Plan.  Your rights and the rights of Beneficial Holders are described in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors*, dated June 14, 2020 (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "***Disclosure Statement***").  The Plan, the Disclosure Statement, and the Class 3 First Lien Notes Claims ballot (the "***Beneficial Holder Ballot***," collectively, together with a pre-addressed, postage post-paid return envelope, the "***Solicitation Package***") were sent to you as Nominee for the Beneficial Holders of Class 3 First Lien Notes Claims.  If you believe you have received this Master Ballot in error, or if you believe you received the wrong Master Ballot, please contact the Solicitation Agent immediately at the email address or telephone number set forth above.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

---

THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M. (PREVAILING EASTERN TIME) ON JULY 20, 2020 (THE "*VOTING DEADLINE*")**.

IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR MASTER BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT BE COUNTED.

---

[4] Nominees may disseminate the notices and voting materials using their standard procedures.

Pyxus International, Inc., *et al.*
Master Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS: 018772AT0 & U0187PAH9

**Item 1.  Certification of Authority to Vote.**

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐    is a Nominee for Beneficial Holder(s) on account of the Class 3 First Lien Notes Claims listed in Item 2 below;

☐    is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by the Beneficial Holder(s) or a Nominee that is the registered Holder of the Class 3 First Lien Notes Claims listed in Item 2 below; or

☐    has been granted a proxy from (a) a Nominee; or (b) the Beneficial Holder that is the registered Holder of the Class 3 First Lien Notes Claim listed in Item 2 below.

Accordingly, the undersigned certifies that it has full power and authority to vote to accept or reject the Plan on behalf of such Beneficial Holder(s) on account of such Class 3 First Lien Notes Claims.

**Item 2.  Vote of Class 3 First Lien Notes Claims.**

The undersigned transmits the following vote(s) of the Beneficial Holder(s) in respect of their Class 3 First Lien Notes Claim(s), and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are a Beneficial Holder as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed Beneficial Holder Ballots casting such votes:[5]

| CUSIP NUMBER:  [●] | | | | |
|---|---|---|---|---|
| | **Item 2** | | | **Item 3** |
| **Customer Account Number or Name of Each Beneficial Holder** | **Principal Amount of Allowed First Lien Notes Claims Voted to <u>ACCEPT</u> the Plan** | | **Principal Amount of Allowed First Lien Notes Claims Voted to <u>REJECT</u> the Plan** | **If the Beneficial Holder rejected the Plan and checked the box in Item 3 of the Beneficial Holder Ballot, place an "X" in the column below** |
| 1. | $ | **OR** | $ | |
| 2. | $ | **OR** | $ | |

---

[5] Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each Beneficial Holder must vote all of each such Beneficial Holder's Class 3 First Lien Notes Claims to accept or to reject the Plan, and may not split such vote.  Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or which indicates both an acceptance and a rejection of the Plan, shall not be counted.

26610805.2

| 3. | $ | OR | $ | |
| 4. | $ | OR | $ | |
| 5. | $ | OR | $ | |
| 6. | $ | OR | $ | |
| 7. | $ | OR | $ | |
| 8. | $ | OR | $ | |
| 9. | $ | OR | $ | |
| 10. | $ | OR | $ | |
| **TOTAL** | $ | | $ | |

**IF YOU ARE ACTING AS A VOTING NOMINEE FOR MORE THAN TEN BENEFICIAL HOLDERS, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.**

**Item 3**. **Releases.**

The language with respect to Third-Party Releases included in Item 3 of the Beneficial Holder Ballot is shown in Annex A attached hereto.

**Item 4.  Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to Class 3 First Lien Notes Claims Voted Through Other Ballots**.  The undersigned certifies that it has transcribed in the following table the information, if any, that the Beneficial Holders have provided in Item 4 of the Beneficial Holder Ballot, identifying any Class 3 First Lien Notes Claims for which such Beneficial Holders have submitted other ballots (other than to the undersigned):

| **Your Customer Account Number for Each Beneficial Holder That Completed Item 4 of the Beneficial Holder Ballot** | **TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS:** | | |
| --- | --- | --- | --- |
| | **Account Number of Other Class 3 First Lien Notes Claims Voted** | **Name of Holder** | **Principal Amount of Other Class 3 First Lien Notes Claims Voted** |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |

**Item 5. Certifications.**

By signing this Master Ballot, the undersigned certifies that:

1.　(i) it has received a copy of the Disclosure Statement, the Plan, the Beneficial Holder Ballot, and the Solicitation Package, and has delivered the same to the Beneficial Holders holding Class 3 First Lien Notes Claims through the undersigned; (ii) it has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder; (iii) it is the registered Holder of the securities being voted, or is the agent thereof; and (iv) it has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

2.　it has properly disclosed: (i) the number of Beneficial Holders holding Class 3 First Lien Claims through the undersigned; (ii) the respective amounts of Class 3 First Lien Notes Claims owned by each Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; and (iv) the customer account or other identification number for each such Beneficial Holder;

3.　if it is a Beneficial Holder and uses this Master Ballot to vote the undersigned's Class 3 First Lien Notes Claims, it confirms and attests to each of the certifications in Item 5 of the applicable Beneficial Holder Ballot;

4.　each such Beneficial Holder has certified to it, or an intermediary Nominee, as applicable, that the Beneficial Holder is eligible to vote on the Plan;

5.　the undersigned is (a) an "accredited investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), promulgated under the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (as amended), or (b) the authorized signatory for a Holder of Class 3 First Lien Notes Claims that is an "accredited investor;" provided, that, the undersigned's certification with respect to this clause 5 in respect of any beneficial owner is made solely in reliance by the undersigned on a certification provided by such beneficial owner to the undersigned that such beneficial owner is an "accredited investor" and the undersigned assumes no liability or responsibility for any beneficial owner's status and makes no representation or warranty with respect thereto; and

6.　it will maintain the Beneficial Holder Ballots and evidence of separate transactions returned by the Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order), and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

*[Remainder of page intentionally left blank]*

<u>**Item 6**</u>.  **Voter Information and Signature.**

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Nominee Name: _____

Participant Number: _____

Name of Agent for Nominee
(if applicable): _____

Signature: _____

Signatory Name (if other
than Nominee): _____

Title: _____

Address: _____

Email Address: _____

Telephone: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT PROMPTLY!**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED BY ONE OF THE FOLLOWING RETURN METHODS SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE:**

**(I)     IN THE ENCLOSED PRE-PAID, PRE-ADDRESSED RETURN ENVELOPE;**

**(II)    VIA OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS SET FORTH BELOW; OR**

**(III)   VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED MASTER BALLOT) TO <u>PYXUSBALLOTS@PRIMECLERK.COM</u>, SUBJECT LINE: ʺPYXUS BALLOT PROCESSINGʺ**

**Pyxus Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165**

**PLEASE CHOOSE *ONLY ONE* METHOD TO RETURN THIS MASTER BALLOT.
THIS MASTER BALLOT MUST BE RECEIVED BEFORE THE VOTING DEADLINE.**

7

## MASTER BALLOT INSTRUCTIONS

1.    To have the votes of your Beneficial Holders count, you should already have done one of the following:

   (a)    delivered the Beneficial Holder Ballots and the Solicitation Package to each Beneficial Holder with clear instructions on when to return such ballots to you to allow you to complete and return this Master Ballot so that the Solicitation Agent actually receives it prior to the Voting Deadline;

-or-

   (b)    if you are not submitting this Master Ballot, sent the Beneficial Holders the Pre-Validated Ballots in their Solicitation Package for direct return to the Solicitation Agent.

2.    The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds of the aggregate principal amount and more than one-half in number of the Claims voted in each Class that votes on the Plan and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.    With regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holder count, you must:  (a) retain such Beneficial Holder Ballots in your files and transfer the requested information from each such Beneficial Holder Ballot onto this Master Ballot; (b) sign, date and otherwise execute this Master Ballot; and (c) deliver this Master Ballot to the Solicitation Agent prior to the Voting Deadline in accordance with the instructions on this Master Ballot.

4.    If this Master Ballot is received after the Voting Deadline, it will not be counted, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.  The method of delivery of this Master Ballot to the Solicitation Agent is at your election and risk.

5.    If you deliver multiple ballots to the Solicitation Agent, as applicable, the last properly executed ballot timely received will supersede and revoke any earlier received ballot.

6.    Please keep any records of the Beneficial Holder Ballots received from Beneficial Holders for at least one year after the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order).  You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

7.    If you are both the Nominee and Beneficial Holder, and you wish to vote such Class 3 First Lien Notes Claims for which you are a Beneficial Holder, you may return either a Beneficial Holder Ballot or this Master Ballot for such Class 3 First Lien Notes Claims.

8.     This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with this Master Ballot.

9.     This Master Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

10.    Please be sure to sign and date this Master Ballot.  If you are signing this Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Solicitation Agent or the Debtors, must submit proper evidence of such capacity to the requesting party.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Master Ballot.

11.    The following ballots or Master Ballots, as applicable, shall not be counted in determining the acceptance or rejection of the Plan:  (a) any ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any ballot or Master Ballot not actually received by the Solicitation Agent before the Voting Deadline, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court; (c) any unsigned ballot or Master Ballot; (d) any ballot or Master Ballot that does not contain an original signature; *provided* that a ballot or Master Ballot submitted by electronic means shall be deemed to bear an original signature; (e) any ballot or Master Ballot that partially rejects and partially accepts the Plan; (f) any ballot or Master Ballot not marked to either accept or reject the Plan, or marked to both accept and reject the Plan; and (g) any ballot or Master Ballot superseded by a later, timely submitted valid ballot.

If you believe you have received the wrong ballot, you should contact the Solicitation Agent immediately at 1-(844)-974- 2130 (toll-free) or 1-(929)-955-3418 (international).

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY!</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURE FOR VOTING ON THE PLAN, OR IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL HOLDER BALLOT, DISCLOSURE STATEMENT, PLAN, OR OTHER RELATED MATERIALS, PLEASE CONTACT PRIME CLERK, LLC (THE DEBTORS' SOLICITATION AGENT) AT:  1-(844)-974- 2130 (TOLL-FREE) OR 1-(929)-955-3418 (INTERNATIONAL) OR VIA EMAIL:  PYXUSBALLOTS@PRIMECLERK.COM, SUBJECT LINE: "PYXUS BALLOT PROCESSING".**

**PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Pyxus International, Inc., *et al.*
Master Ballot for Class 3 – First Lien Notes Claims
CUSIP NUMBERS: 018772AT0 & U0187PAH9

## Annex A

**Release Language from Beneficial Holder Ballot**

<u>Important information regarding the Releases by Holders of Claims and Interests of the Debtors,
Exculpation and Injunction Provisions, and Optional Opt-Out Election.</u>

The Plan contains a series of releases that are part of the overall restructuring set forth in the Plan and described in greater detail in the Disclosure Statement.  In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article VIII of the Plan.  For your convenience, excerpts of the release provisions from the Plan are set forth below, however, you should carefully read the enclosed Disclosure Statement and Plan with respect to the releases.

**ARTICLE VIII.F OF THE PLAN PROVIDES FOR A THIRD-PARTY RELEASE BY THE RELEASING PARTIES (THE "*THIRD-PARTY RELEASE*"):**

**Effective as of the Effective Date, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown (including any derivative claims, asserted or assertable on behalf of any of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the DIP Facility, the DIP Orders, the First Lien Notes, the Second Lien Notes, the Exit ABL Facility, the Exit Term Facility, the Exit Secured Notes or Replacement First Lien Financing, as applicable, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, or the Plan (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Plan Supplement, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit**

10

**of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date except for claims or liabilities arising out of or relating to any act or omission by a Released Party that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations arising after Consummation of any party or Entity under the Plan, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the assumption of the Indemnification Provisions as set forth in the Plan.**

## IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:

UNDER THE PLAN, "RELEASED PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP AGENT; (D) EACH OF THE DIP LENDERS; (E) EACH HOLDER OF A FIRST LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (F) THE FIRST LIEN NOTES INDENTURE TRUSTEE; (G) EACH HOLDER OF A SECOND LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (H) THE SECOND LIEN NOTES INDENTURE TRUSTEE; (I) THE AGENTS OR INDENTURE TRUSTEES UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (J) EACH LENDER OR HOLDER UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (K) THE INITIAL COMMITMENT PARTIES; (L) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (K); AND (M) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH (L); PROVIDED, HOWEVER, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT (A) TIMELY PROVIDES, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION OF THE PLAN OR (B) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; PROVIDED, FURTHER, THAT ANY SUCH ENTITY SHALL BE IDENTIFIED BY NAME AS A NON-RELEASED PARTY IN THE CONFIRMATION ORDER.

UNDER THE PLAN, "RELEASING PARTIES" MEANS COLLECTIVELY AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE RELEASED PARTIES IDENTIFIED IN SUBSECTION (A)–(L) AND THOSE RELEASED PARTIES IDENTIFIED IN SUBSECTION (M) OF THE DEFINITION OF "RELEASED PARTY" ON BEHALF OF WHOM THE PARTIES IDENTIFIED IN SUBSECTIONS (A)–(L) OF THE DEFINITION OF "RELEASED PARTY" HAVE THE AUTHORITY, INCLUDING UNDER ANY AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, TO GRANT THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.F; (B) THE HOLDERS OF ALL CLAIMS AND INTERESTS WHO VOTE TO ACCEPT

THE PLAN; (C) THE HOLDERS OF ALL CLAIMS OR INTERESTS THAT ARE UNIMPAIRED UNDER THE PLAN; (D) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (E) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHO VOTE TO REJECT THE PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (F) THE HOLDERS OF ALL CLAIMS OR INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT (A) TIMELY PROVIDE, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN OR (B) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; (G) THE HOLDERS OF ALL CLAIMS AND INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO WERE GIVEN NOTICE OF THE OPPORTUNITY TO OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN BUT DID NOT OPT OUT; (H) THE HOLDERS OF EXISTING PYXUS INTERESTS WHO DO NOT DULY SUBMIT AN EQUITYHOLDER OPT-OUT FORM OPTING OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (B) THROUGH CLAUSE (H).

**ARTICLE VIII.F OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "*EXCULPATION*"):**

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for claims or liabilities arising out of or relating to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their**

12

duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

## ARTICLE VIII.H OF THE PLAN ESTABLISHES AN INJUNCTION (THE "*INJUNCTION*"):

Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

## OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the releases, injunction, and exculpation provisions set forth above. If you do not consent to the releases, injunction, or exculpation provisions, you may elect not to grant such releases but only if you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot, **or** (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

13

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE VIII OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE.  IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE VIII OF THE PLAN.

The Holder of the Class 3 First Lien Senior Notes Claims set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

**Exhibit A**

**Please check one box below to indicate the Plan Class and CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):**

| CLASS 3 – FIRST LIEN NOTES CLAIMS | | |
|---|---|---|
| ☐ | 8.5% due 4/15/2021 (Series 144A) | CUSIP 018772AT0 / ISIN US018772AT05 |
| ☐ | 8.5% due 4/15/2021 (Series REGS 144A) | CUSIP U0187PAH9/ ISIN USU0187PAH92 |

1

**Exhibit C**

*Pyxus International, Inc., et al.*
Beneficial Holder Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

IMPORTANT: NO CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. THE DEBTORS INTEND TO FILE CHAPTER 11 CASES AND SEEK CONFIRMATION OF THE PLAN BY THE BANKRUPTCY COURT SHORTLY THEREAFTER AS DESCRIBED IN GREATER DETAIL IN THE ACCOMPANYING DISCLOSURE STATEMENT.

| | |
|---|---|
| In re:<br><br>PYXUS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>**IMPORTANT:** No chapter 11 case has been commenced as of the date of the distribution of this ballot. This ballot is being distributed to you as a part of a prepetition solicitation of your vote on a prepackaged plan of reorganization. |

## BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF PYXUS INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS

### CLASS 4 – SECOND LIEN NOTES CLAIMS

- IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THE VOTING PROCEDURES, OR ANY OF THE SOLICITATION MATERIALS YOU HAVE RECEIVED, OR YOU NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE DEBTORS' PROPOSED NOTICE AND SOLICITATION AGENT, PRIME CLERK LLC (THE "***SOLICITATION AGENT***") BY: (1) CALLING THE DEBTORS' SOLICITATION AGENT AT 1-(844)-974- 2130 (TOLL-FREE) OR 1-(929)-955-3418 (INTERNATIONAL), (2) EMAILING PYXUSBALLOTS@PRIMECLERK.COM AND REFERENCING "PYXUS BALLOT PROCESSING" IN THE SUBJECT LINE, (3) VISITING THE DEBTORS' SOLICITATION WEBSITE AT HTTPS://CASES.PRIMECLERK.COM/PYXUS, AND/OR (4) WRITING TO THE SOLICITATION AGENT AT THE FOLLOWING ADDRESS: PYXUS BALLOT PROCESSING, C/O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 EAST 42ND STREET, SUITE 1440, NEW YORK, NY 10165.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

| |
|---|
| •    PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS BALLOT.<br><br>•    THIS BALLOT OR, IF APPLICABLE, THE MASTER BALLOT CAST ON YOUR BEHALF (THE "*MASTER BALLOT*") MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M. (PREVAILING EASTERN TIME) ON JULY 20, 2020 (THE "*VOTING DEADLINE*")**. IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT BE COUNTED.<br><br>•    IF THE BANKRUPTCY COURT CONFIRMS THE PLAN, IT WILL BIND YOU REGARDLESS OF WHETHER YOU HAVE VOTED.<br><br>•    NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT. |

This ballot (this "**Ballot**") is being sent to you in connection with the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time in accordance with its terms and including all exhibits or supplements thereto, the "**Plan**")[2] because the records maintained by your Nominee[3] indicate that you are a Beneficial Holder[4] of a Class 4 Second Lien Notes Claim as of June 12, 2020 (the "**Voting Record Date**"), and, accordingly, you may have a right to vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for submitting votes with respect to the Plan.  If you believe you have received this Ballot in error, please contact the Solicitation Agent at the email address or telephone number set forth above.  Your rights are described in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors*, dated June 14, 2020 (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "**Disclosure Statement**").  The Plan and the Disclosure Statement are included in the packet you are receiving together with this Ballot (collectively, with a pre-addressed, postage pre-paid return envelope, the "**Solicitation Package**").  Upon request, the Solicitation Agent will provide paper copies of the Plan and the Disclosure Statement at the

---

[2] Capitalized terms used but not defined herein have the meaning given to such terms in the Disclosure Statement.

[3] "**Nominee**" means the broker, dealer, commercial bank, trust company, savings and loan, financial institution, or other such party in whose name your beneficial ownership in Class 4 Second Lien Notes Claims is registered or held of record on your behalf as of the Voting Record Date.

[4] A "**Beneficial Holder**" is a beneficial owner of Class 4 Second Lien Notes Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

Debtors' expense.  The Solicitation Package has been distributed to all Holders of Class 4 Second Lien Notes Claims; however, **only Accredited Investors (as such term is defined in Rule 501 of the Securities Act of 1933, 15 U.S.C. §§ 77a– 77aa) are entitled to vote to accept or reject the Plan**.  If you are <u>not</u> an Accredited Investor please disregard this Ballot.

**You should carefully and thoroughly review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.  Your Claim has been placed in Class 4 under the Plan.  If you hold Claims in more than one Class, you will receive a ballot for each Class in which you are entitled to vote.**

The Debtors intend to commence voluntary cases under chapter 11 of the Bankruptcy Code.  The Plan can thereafter be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the Holders of at least two-thirds of the aggregate principal amount and more than one-half in number of the Claims voted in at least one Impaired Class and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan; and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you regardless of whether you vote or if you vote to reject the Plan.

---

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO THE SOLICITATION AGENT, YOUR COMPLETED, SIGNED, AND DATED BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**

**IF YOU RECEIVED A BALLOT AND A RETURN ENVELOPE ADDRESSED TO YOUR NOMINEE, YOUR COMPLETED, SIGNED, AND DATED BALLOT MUST BE SENT TO YOUR NOMINEE, <u>NOT</u> THE SOLICITATION AGENT, ALLOWING SUFFICIENT TIME FOR YOUR NOMINEE TO RECEIVE YOUR BALLOT, COMPLETE A MASTER BALLOT, AND TRANSMIT THE MASTER BALLOT TO THE SOLICITATION AGENT SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT BEFORE THE VOTING DEADLINE.**

---

<u>**Item 1**</u>. **Principal Amount of Class 4 Second Lien Notes Claims.**

The undersigned hereby certifies that, as of the Voting Record Date, it was the Beneficial Holder (or authorized signatory for a Beneficial Holder) of a Class 4 Second Lien Notes Claim in the following aggregate principal amount (*insert amount in box below*):

$\$_____$

**Item 2**. **Vote of Class 4 Second Lien Notes Claims.**

The Beneficial Holder of the Class 4 Second Lien Notes Claims set forth in Item 1 votes to (*please check only one*):

| <u>**Accept** the Plan</u> | <u>**Reject** the Plan</u> |
|:---:|:---:|
| ☐ | ☐ |

**Item 3**. **Important information regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.**

The Plan contains a series of releases that are part of the overall restructuring set forth in the Plan and described in greater detail in the Disclosure Statement. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article VIII of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below; however, you should carefully read the enclosed Disclosure Statement and Plan with respect to the releases.

<u>**ARTICLE VIII.F OF THE PLAN PROVIDES FOR A THIRD-PARTY RELEASE BY THE RELEASING PARTIES (THE "*THIRD-PARTY RELEASE*"):**</u>

**Effective as of the Effective Date, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown (including any derivative claims, asserted or assertable on behalf of any of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the DIP Facility, the DIP Orders, the First Lien Notes, the Second Lien Notes, the Exit ABL Facility, the Exit Term Facility, the Exit Secured Notes or Replacement First Lien Financing, as applicable, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, or the Plan (including, for the avoidance of doubt, providing any legal opinion requested by any**

Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Plan Supplement, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date except for claims or liabilities arising out of or relating to any act or omission by a Released Party that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations arising after Consummation of any party or Entity under the Plan, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the assumption of the Indemnification Provisions as set forth in the Plan.

### **IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**

UNDER THE PLAN, "RELEASED PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) EACH OF THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP AGENT; (D) EACH OF THE DIP LENDERS; (E) EACH HOLDER OF A FIRST LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (F) THE FIRST LIEN NOTES INDENTURE TRUSTEE; (G) EACH HOLDER OF A SECOND LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (H) THE SECOND LIEN NOTES INDENTURE TRUSTEE; (I) THE AGENTS OR INDENTURE TRUSTEES UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (J) EACH LENDER OR HOLDER UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (K) THE INITIAL COMMITMENT PARTIES; (L) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (K); AND (M) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH (L); PROVIDED, HOWEVER, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT (A) TIMELY PROVIDES, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION OF THE PLAN OR (B) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; PROVIDED, FURTHER, THAT ANY SUCH ENTITY SHALL BE IDENTIFIED BY NAME AS A NON-RELEASED PARTY IN THE CONFIRMATION ORDER.

UNDER THE PLAN, "RELEASING PARTIES" MEANS COLLECTIVELY AND IN EACH CASE IN THEIR CAPACITY AS SUCH: (A) THE RELEASED PARTIES IDENTIFIED IN SUBSECTION (A)–(L) AND THOSE RELEASED PARTIES IDENTIFIED IN SUBSECTION (M) OF THE DEFINITION OF "RELEASED PARTY" ON BEHALF OF WHOM THE PARTIES IDENTIFIED IN SUBSECTIONS (A)–(L) OF

THE DEFINITION OF "RELEASED PARTY" HAVE THE AUTHORITY, INCLUDING UNDER ANY AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, TO GRANT THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.F; (B) THE HOLDERS OF ALL CLAIMS AND INTERESTS WHO VOTE TO ACCEPT THE PLAN; (C) THE HOLDERS OF ALL CLAIMS OR INTERESTS THAT ARE UNIMPAIRED UNDER THE PLAN; (D) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (E) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHO VOTE TO REJECT THE PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (F) THE HOLDERS OF ALL CLAIMS OR INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT (A) TIMELY PROVIDE, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN OR (B) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; (G) THE HOLDERS OF ALL CLAIMS AND INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO WERE GIVEN NOTICE OF THE OPPORTUNITY TO OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN BUT DID NOT OPT OUT; (H) THE HOLDERS OF EXISTING PYXUS INTERESTS WHO DO NOT DULY SUBMIT AN EQUITYHOLDER OPT-OUT FORM OPTING OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (B) THROUGH CLAUSE (H).

**ARTICLE VIII.G OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "*EXCULPATION*"):**

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion),**

except for claims or liabilities arising out of or relating to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

### ARTICLE VIII.H OF THE PLAN ESTABLISHES AN INJUNCTION (THE "*INJUNCTION*"):

Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

### OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the releases, injunction, and exculpation provisions set forth above. If you do not consent to the releases, injunction, or exculpation provisions, you may elect not to grant such releases but only if you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking

the box below, and timely return your Ballot, **or** (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE VIII OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE. IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE VIII OF THE PLAN.

The Holder of the Class 4 Second Lien Notes Claims set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

**Item 4**. **Class 4 Second Lien Notes Claims held in Additional Accounts.**

By completing and returning this Ballot, the Beneficial Holder of the Second Lien Notes Claims identified in Item 1 certifies that (a) this Ballot is the only Ballot submitted for the Class 4 Second Lien Notes Claims owned by such Beneficial Holder as indicated in Item 1, except for the Second Lien Notes Claims identified in the following table (please use additional sheets of paper if necessary); and (b) all Ballots for Second Lien Notes Claims submitted by the Beneficial Holder indicate the same vote to accept or reject the Plan that the Beneficial Holder has indicated in Item 2 of this Ballot. **To be clear, if any Beneficial Holder holds Second Lien Notes Claims through one or more Nominees, such Beneficial Holder must identify all Second Lien Notes Claims held through each Nominee in the following table, and must confirm the same vote to accept or reject the Plan on all ballots submitted.**

ONLY COMPLETE THIS ITEM 4 IF YOU HAVE SUBMITTED OTHER BALLOTS

| Account Number | Name of Holder[5] | Principal Amount of Other Class 4 Second Lien Notes Claims Voted |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

---

[5] Insert your name if you are the Holder of record of the Class 4 Second Lien Notes Claims, or, if held in a street name, insert the name of your Nominee.

**Item 5. Certifications.**

Upon execution of this Ballot, the undersigned certifies that:

1. as of the Voting Record Date, it was the Beneficial Holder (or an authorized signatory for a Beneficial Holder) of the Class 4 Second Lien Notes Claims set forth in Item 1;

2. it is eligible to be treated as the Holder of the Class 4 Second Lien Notes Claims set forth in Item 1 for the purposes of voting on the Plan;

3. it has received a copy of the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

4. it has not relied on any statement made or other information received from any person with respect to the Plan other than the information contained in the Solicitation Package materials;

5. it has cast the same vote with respect to each of the Holder's Class 4 Second Lien Notes Claims;

6. it understands the treatment provided for its Class 4 Second Lien Notes Claims under the Plan;

7. it understands the recoveries provided for in the Plan are expressly conditioned upon confirmation and consummation of the Plan;

8. it acknowledges and agrees that the Debtors may make conforming changes to the Plan as may be reasonably necessary, subject to section 1127 of the Bankruptcy Code and in accordance with the terms and conditions set forth in the Restructuring Support Agreement; provided that the Debtors will not resolicit acceptances or rejections of the Plan in the event of such conforming changes unless otherwise required to by the Bankruptcy Court;

9. it understands and acknowledges that only the last properly executed ballot cast prior to the Voting Deadline with respect to the Class 4 Second Lien Notes Claims set forth in Item 1 will be counted, and, if any other ballot has been previously cast with respect to the Class 4 Second Lien Notes Claims set forth in Item 1, such other ballot shall be deemed revoked;

10. it understands and acknowledges that the securities being distributed pursuant to the Plan are not being distributed pursuant to a registration statement filed with the United States Securities and Exchange Commission, and that such securities will be acquired for the Holder's own account and not with a view to any distribution of such securities in violation of the United States Securities Act of 1933, 15 U.S.C. §§ 77a–77aa;

11. the undersigned is (a) an "accredited investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), promulgated under the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (as amended), or (b) the authorized signatory for a Holder of Class 4 Second Lien Notes Claims that is an "accredited investor;" provided, that, the undersigned's certification with respect to this clause in respect of any beneficial owner is

made solely in reliance by the undersigned on a certification provided by such beneficial owner to the undersigned that such beneficial owner is an "accredited investor" and the undersigned assumes no liability or responsibility for any beneficial owner's status and makes no representation or warranty with respect thereto;

12.    it has full and complete authority to execute and submit this Ballot.

**Item 6.** **Second Lien Notes Stock Election Form**

Article III.B.4 of the Plan provides that each Holder of a Second Lien Notes Claim has the opportunity to receive one of the following:

> i.    such Holder's Pro Rata Share of the Second Lien Notes Common Stock Pool (the "***Second Lien Notes Stock Option***"), <u>OR</u>

> ii.    Cash equal to 2.00% of the principal amount of all Second Lien Notes beneficially owned by such Holder as of the date of distribution to Holders of Allowed Second Lien Notes Claims (the "***Second Lien Notes Cash Option***"), which is the "default" option if no action is taken, as described further below.

A Holder of an Allowed Second Lien Notes Claim has the right to elect to participate in either the Second Lien Notes Cash Option or the Second Lien Notes Stock Option.  Such election must be made as to the entirety of the Second Lien Notes Claims beneficially owned by such Holder.

A Holder of an Allowed Second Lien Notes Claim that elects to participate in the Second Lien Notes Stock Option must duly and timely complete and submit its Second Lien Notes Stock Election Form in accordance with the instructions set forth therein. A Holder of an Allowed Second Lien Notes Claim that elects to participate in the Second Lien Notes Cash Option does not need to complete or submit a Second Lien Notes Stock Election Form. For the avoidance of doubt, a Holder of an Allowed Second Lien Notes Claim that does not duly and timely submit a Second Lien Notes Stock Election Form in accordance with the instructions set forth therein will be deemed to have elected the Second Lien Notes Cash Option.  Any Holder that duly and timely elects the Second Lien Notes Stock Option shall be deemed to be a party to the New Shareholders Agreement.

The Restructuring Support Agreement requires all Holders of Second Lien Notes Claims who are a party to the Restructuring Support Agreement to elect the Second Lien Notes Stock Option and take all actions necessary to effectuate such election, including the submission of a duly and timely executed Second Lien Notes Stock Election Form.

You will receive separately receive instructions for completing a Second Lien Notes Stock Election Form from your Nominee.  If you do not receive these instructions, please contact your Nominee.

*[Remainder of page intentionally left blank]*

26597156.4

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1

**Item 7**. **Holder Information and Signature.**

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Name of the Beneficial
Holder:                          _____

Signature:                       _____

Signatory Name (if other
than the Beneficial
Holder):                         _____

Title:                           _____

Address:                         _____

Email Address:                   _____

Telephone Number:                _____

Date Completed:                  _____

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT
PROMPTLY IN THE ENVELOPE PROVIDED OR AS OTHERWISE DIRECTED.**

**THIS BALLOT OR, IF APPLICABLE, THE MASTER BALLOT CAST ON YOUR
BEHALF, MUST BE COMPLETED, EXECUTED, AND RETURNED SO THAT IT IS
<u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING
DEADLINE.**

[*Remainder of page intentionally left blank*]

26597156.4

Pyxus International, Inc., *et al.*
Beneficial Holder Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1
**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.      The Debtors are soliciting the votes of Holders of Class 4 Second Lien Notes Claims with respect to the Plan. The Plan and Disclosure Statement are included in the packet you are receiving with this Ballot. Capitalized terms used and not defined herein have the meaning given to such terms in the Plan or the Disclosure Statement, as applicable.

2.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds of the aggregate principal amount and more than one-half in number of the Claims voted in each Class that votes on the Plan and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.      To ensure that your vote is counted, you must deliver this Ballot to the following, as applicable:

   a.      If you received this Ballot and a return envelope addressed to your Nominee, you must return your completed Ballot directly to your Nominee in accordance with the instructions provided by your Nominee, and, in any event, with sufficient time to permit your Nominee to deliver your vote(s) on a completed Master Ballot so that it is actually received by the Solicitation Agent before the Voting Deadline.

-or-

   b.      If you received this Ballot and a return envelope addressed to the Solicitation Agent, you must deliver a Pre-Validated Ballot directly to the Solicitation Agent by using the enclosed return envelope addressed to Prime Clerk, LLC so as to be actually received by the Solicitation Agent before the Voting Deadline.

4.      Any ballot received by the Solicitation Agent (including via a Nominee or a Master Ballot) after the Voting Deadline will not be counted unless the Debtors determine otherwise or as permitted by the Bankruptcy Court. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent actually receives the executed ballot or Master Ballot, as applicable. In all cases, Holders should allow sufficient time to assure timely delivery. No ballot should be sent to the Debtors or the Debtors' financial or legal advisors.

5.      If you deliver multiple ballots to the Solicitation Agent, as applicable, the last properly executed ballot timely received will supersede and revoke any earlier received ballot.

6.      This Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors

26597156.4

nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with this Ballot.

7.    This Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

8.    You must vote all of your Claims within a particular Class either to accept or reject the Plan (*i.e.*, you may not split your vote).

9.    If you hold Claims in more than one Class under the Plan, or in multiple accounts, you will receive more than one ballot coded for each different Class or account. Each ballot votes only your Claims indicated on that ballot. Please complete and return each ballot you receive.

10.    Please be sure to sign and date this Ballot. If you are signing this Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Solicitation Agent or the Debtors, must submit proper evidence of such capacity to the requesting party. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Ballot.

11.    The following ballots or Master Ballots, as applicable, shall not be counted in determining the acceptance or rejection of the Plan: (a) any ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any ballot or Master Ballot not actually received by the Solicitation Agent before the Voting Deadline, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court; (c) any unsigned ballot or Master Ballot; (d) any ballot or Master Ballot that does not contain an original signature; *provided* that a ballot or Master Ballot submitted by electronic means shall be deemed to bear an original signature; (e) any ballot or Master Ballot that partially rejects and partially accepts the Plan; (f) any ballot or Master Ballot not marked to either accept or reject the Plan, or marked to both accept and reject the Plan; and (g) any ballot or Master Ballot superseded by a later, timely submitted valid ballot.

12.    If you believe you have received the wrong ballot, you should contact your Nominee.

## **PLEASE MAIL YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE
PROCEDURE FOR VOTING ON THE PLAN, OR IF YOU HAVE RECEIVED A
DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU NEED
ADDITIONAL COPIES OF THE BALLOT, DISCLOSURE STATEMENT, PLAN, OR
OTHER RELATED MATERIALS, PLEASE CONTACT YOUR NOMINEE.**

## **Exhibit A**

**Please check one box below to indicate the Plan Class and CUSIP/ISIN to which this Beneficial Holder Ballot pertains (or clearly indicate such information directly on the Beneficial Holder Ballot or on a schedule thereto):**

| CLASS 4 – SECOND LIEN NOTES CLAIMS | | |
|---|---|---|
| ❑ | 9.875% due 7/15/2021 | CUSIP 018772AS2 / ISIN US018772AS22 |
| ❑ | 9.875% due 7/15/2021 (Series 144A) | CUSIP 018772AR4/ ISIN US018772AR49 |
| ❑ | 9.875% due 7/15/2021 (Series REGS) | CUSIP U0187PAG1/ ISIN USU0187PAG10 |

**Exhibit D**

Pyxus International, Inc., *et al.*
Master Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1

NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS BALLOT.

**IMPORTANT**: NO CHAPTER 11 CASES HAVE BEEN COMMENCED AS OF THE DATE OF THE DISTRIBUTION OF THIS BALLOT. THE DEBTORS INTEND TO FILE CHAPTER 11 CASES AND SEEK CONFIRMATION OF THE PLAN BY THE BANKRUPTCY COURT SHORTLY THEREAFTER AS DESCRIBED IN GREATER DETAIL IN THE ACCOMPANYING DISCLOSURE STATEMENT.

| | |
|---|---|
| In re: | ) )  Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | ) ) ) **IMPORTANT:** No chapter 11 case has been |
| Debtors. | ) commenced as of the date of the distribution of ) this ballot. This ballot is being distributed to ) you as a part of a prepetition solicitation of your ) vote on a prepackaged plan of reorganization. |

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF PYXUS INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS**

**CLASS 4 – SECOND LIEN NOTES CLAIMS**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, THE VOTING PROCEDURES, OR ANY OF THE SOLICITATION MATERIALS YOU HAVE RECEIVED, OR YOU NEED TO OBTAIN ADDITIONAL SOLICITATION MATERIALS, PLEASE CONTACT THE DEBTORS' PROPOSED NOTICE AND SOLICITATION AGENT, PRIME CLERK LLC (THE "*SOLICITATION AGENT*") BY: (1) CALLING THE DEBTORS' SOLICITATION AGENT AT 1-(844)-974- 2130 (TOLL-FREE) OR 1-(929)-955-3418 (INTERNATIONAL), (2) EMAILING PYXUSBALLOTS@PRIMECLERK.COM AND REFERENCING "PYXUS BALLOT PROCESSING" IN THE SUBJECT LINE, (3) VISITING THE DEBTORS' SOLICITATION WEBSITE AT HTTPS://CASES.PRIMECLERK.COM/PYXUS, AND/OR (4) WRITING TO THE SOLICITATION AGENT AT THE FOLLOWING ADDRESS: PYXUS BALLOT PROCESSING, C/O PRIME CLERK LLC, ONE GRAND CENTRAL PLACE, 60 EAST 42ND STREET, SUITE 1440, NEW YORK, NY 10165.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M., PREVAILING EASTERN TIME ON JULY 20, 2020 (THE "*VOTING DEADLINE*")**.  IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR MASTER BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT BE COUNTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

The Debtors are sending this master ballot (this "*Master Ballot*") to brokers, dealers, commercial banks, trust companies, or other agent nominees (each a "*Nominee*") of Beneficial Holders[2] of Class 4 Second Lien Notes Claims as of June 12, 2020 (the "*Voting Record Date*") in connection with the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors* (as may be amended, modified, or supplemented from time to time in accordance with its terms and including all exhibits or supplements thereto, the "*Plan*").[3] Nominees should use this Master Ballot to (a) cast votes to accept or reject the Plan and (b) make elections, each on behalf of and in accordance with the ballots cast by the Beneficial Holders holding Class 4 Second Lien Notes Claims through them.  In lieu of submitting this Master Ballot, Nominees may also send Beneficial Holders a pre-validated Class 4 Second Lien Notes Claims ballot (a "*Pre-Validated Ballot*").  Based on your decision whether or not to pre-validate the ballot, the below guidance with respect to pre-validation is mutually exclusive.

PRE-VALIDATED BALLOT.  You may pre-validate a ballot by completing a ballot with the exception of Items 2 and 3 and indicating on the ballot:  (a) the name of the Nominee; (b) the aggregate principal amount of Class 4 Second Lien Notes Claims held by such Nominee for the Beneficial Holder; and (c) the account number(s) for the account(s) in which such Class 4 Second Lien Notes Claims are held by the Nominee.  Once you pre-validate a ballot, you must **IMMEDIATELY** forward the solicitation materials to each applicable Beneficial Holder, including (i) the pre-validated ballot, (ii) the Plan and the Disclosure Statement, (iii) a postage pre-paid return envelope addressed to the Solicitation Agent, and (iv) clear instructions that the Beneficial Holder must return its completed and executed ballot to the Solicitation Agent before the Voting Deadline.

---

[2] A "*Beneficial Holder*" is a beneficial owner of Class 4 Second Lien Notes Claims whose Claims have not been satisfied prior to the Voting Record Date pursuant to court order or otherwise, as reflected in the records maintained by the Nominees (as defined herein) holding through the Depository Trust Company or other relevant security depository and/or the applicable indenture trustee, as of the Voting Record Date.

[3] Capitalized terms used but not defined herein have the meaning given to such terms in the Disclosure Statement.

Pyxus International, Inc., *et al.*
Master Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1

NOT PRE-VALIDATED BALLOT.  If you choose not to pre-validate ballots, you must **IMMEDIATELY** forward the solicitation materials to each Beneficial Holder, including (a) the ballot, (b) the Plan and the Disclosure Statement, (c) a return envelope addressed to you, its Nominee, and (d) clear instructions stating that the Beneficial Holder must return its ballot directly to you in sufficient time to allow you to execute this Master Ballot and return it to the Solicitation Agent before the Voting Deadline.  Upon receipt of completed and executed ballots returned to you by the Beneficial Holder, you must compile and validate the Beneficial Holder's votes and other relevant information using the customer's name or account number.  You must then execute this Master Ballot and transmit it to the Solicitation Agent by the Voting Deadline.  You must retain such ballots in your files for a period of one (1) year following the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order) as you may be ordered to produce the Beneficial Holder ballots to the Debtors or the Bankruptcy Court.[4]

NO fees or commissions or other remuneration will be payable to you in your capacity as Nominee for soliciting votes on the proposals related to the Plan.  The Debtors will, however, upon written request, reimburse you for customary mailing and handling expenses you incur in forwarding the ballot and other enclosed materials to Beneficial Holders.

This Master Ballot may not be used for any purpose other than for submitting votes with respect to Plan.  Your rights and the rights of Beneficial Holders are described in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors*, dated June 14, 2020 (as may be amended, modified, or supplemented from time to time and including all exhibits or supplements thereto, the "***Disclosure Statement***").  The Plan, the Disclosure Statement, and the Class 4 Second Lien Notes Claims ballot (the "***Beneficial Holder Ballot***," collectively, together with a pre-addressed, postage pre-paid return envelope, the "***Solicitation Package***") were sent to you as Nominee for the Beneficial Holders of Class 4 Second Lien Notes Claims.  If you believe you have received this Master Ballot in error, or if you believe you received the wrong Master Ballot, please contact the Solicitation Agent immediately at the email address or telephone number set forth above.

You are authorized to collect votes to accept or to reject the Plan from Beneficial Holders in accordance with your customary practices, including the use of a "voting instruction form" in lieu of (or in addition to) a Beneficial Holder Ballot, and collecting votes from Beneficial Holders through online voting, by phone, facsimile, or other electronic means.

---

THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **5:00 P.M. (PREVAILING EASTERN TIME) ON JULY 20, 2020 (THE "*VOTING DEADLINE*")**.

IF THE SOLICITATION AGENT DOES NOT RECEIVE YOUR MASTER BALLOT BEFORE THE VOTING DEADLINE, AND UNLESS THE DEBTORS DETERMINE OTHERWISE OR AS PERMITTED BY THE BANKRUPTCY COURT, YOUR VOTE WILL NOT BE COUNTED.

---

[4] Nominees may disseminate notices and voting materials using their standard process.

26597141.2

## Item 1.  Certification of Authority to Vote.

The undersigned certifies that, as of the Voting Record Date, the undersigned (please check the applicable box):

☐    is a Nominee for Beneficial Holder(s) on account of the Class 4 Second Lien Notes Claims listed in Item 2 below;

☐    is acting under a power of attorney and/or agency (a copy of which must be provided upon request) granted by the Beneficial Holder(s) or a Nominee that is the registered Holder of the Class 4 Second Lien Notes Claims listed in Item 2 below; or

☐    has been granted a proxy from (a) a Nominee; or (b) the Beneficial Holder that is the registered Holder of the Class 4 Second Lien Notes Claim listed in Item 2 below.

Accordingly, the undersigned certifies that it has full power and authority to vote to accept or reject the Plan on behalf of such Beneficial Holder(s) on account of such Class 4 Second Lien Notes Claims.

## Item 2.  Vote of Class 4 Second Lien Notes Claims.

The undersigned transmits the following vote(s) of the Beneficial Holder(s) in respect of their Class 4 Second Lien Notes Claim(s), and certifies that the following Beneficial Holders, as identified by their respective customer account numbers set forth below, are a Beneficial Holder as of the Voting Record Date and have delivered to the undersigned, as Nominee, properly executed Beneficial Holder Ballots casting such votes:[5]

| CUSIP NUMBER:  [●] | | | | |
|---|---|---|---|---|
| **Customer Account Number or Name of Each Beneficial Holder** | **Item 2** | | | **Item 3** |
| | **Principal Amount of Allowed Second Lien Notes Claims Voted to ACCEPT the Plan** | | **Principal Amount of Allowed Second Lien Notes Claims Voted to REJECT the Plan** | **If the Beneficial Holder rejected the Plan and checked the box in Item 3 of the Beneficial Holder Ballot, place an "X" in the column below** |
| 1. | $ | **OR** | $ | |
| 2. | $ | **OR** | $ | |

---

[5] Indicate in the appropriate column the aggregate principal amount voted for each account, or attach such information to this Master Ballot in the form of the following table.  Please note each Beneficial Holder must vote all of each such Beneficial Holder's Class 4 Second Lien Notes Claims to accept or to reject the Plan, and may not split such vote. Any Beneficial Holder Ballot executed by the Beneficial Holder that does not indicate an acceptance or rejection of the Plan, or which indicates both an acceptance and a rejection of the Plan, shall not be counted.

| 3. | $ | **OR** | $ | |
| 4. | $ | **OR** | $ | |
| 5. | $ | **OR** | $ | |
| 6. | $ | **OR** | $ | |
| 7. | $ | **OR** | $ | |
| 8. | $ | **OR** | $ | |
| 9. | $ | **OR** | $ | |
| 10. | $ | **OR** | $ | |
| **TOTAL** | $ | | $ | |

**IF YOU ARE ACTING AS A VOTING NOMINEE FOR MORE THAN TEN BENEFICIAL HOLDERS, PLEASE ATTACH ADDITIONAL SHEETS, AS NECESSARY.**

**Item 3**. Releases.

The language with respect to Third-Party Releases included in Item 3 of the Beneficial Holder Ballot is shown in Annex A attached hereto.

**Item 4.  Certification as to Transcription of Information from Item 4 of the Beneficial Holder Ballots as to Class 4 Second Lien Notes Claims Voted Through Other Ballots.**   The undersigned certifies that it has transcribed in the following table the information, if any, that the Beneficial Holders have provided in Item 4 of the Beneficial Holder Ballot, identifying any Class 4 Second Lien Notes Claims for which such Beneficial Holders have submitted other ballots (other than to the undersigned):

| **Your Customer Account Number for Each Beneficial Holder That Completed Item 4 of the Beneficial Holder Ballot** | **TRANSCRIBE FROM ITEM 4 OF THE BENEFICIAL HOLDER BALLOTS:** | | |
| --- | --- | --- | --- |
| | **Account Number of Other Class 4 Second Lien Notes Claims Voted** | **Name of Holder** | **Principal Amount of Other Class 4 Second Lien Notes Claims Voted** |
| 1. | | | $ |
| 2. | | | $ |
| 3. | | | $ |
| 4. | | | $ |
| 5. | | | $ |
| 6. | | | $ |
| 7. | | | $ |

Pyxus International, Inc., *et al.*
Master Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1

**Item 5.  Certifications.**

By signing this Master Ballot, the undersigned certifies that:

1.      (i) it has received a copy of the Disclosure Statement, the Plan, the Beneficial Holder Ballot, and the Solicitation Package, and has delivered the same to the Beneficial Holders holding Class 4 Second Lien Notes Claims through the undersigned; (ii) it has received a completed and signed Beneficial Holder Ballot from each such Beneficial Holder; (iii) it is the registered Holder of the securities being voted, or is the agent thereof; and (iv) it has been authorized by each such Beneficial Holder to vote on the Plan and to make applicable elections;

2.      it has properly disclosed:  (i) the number of Beneficial Holders holding Class 4 Second Lien Claims through the undersigned; (ii) the respective amounts of Class 4 Second Lien Notes Claims owned by each Beneficial Holder; (iii) each such Beneficial Holder's respective vote concerning the Plan; and (iv) the customer account or other identification number for each such Beneficial Holder;

3.      if it is a Beneficial Holder and uses this Master Ballot to vote the undersigned's Class 4 Second Lien Notes Claims, it confirms and attests to each of the certifications in Item 5 of the applicable Beneficial Holder Ballot;

4.      each such Beneficial Holder has certified to it, or an intermediary Nominee, as applicable, that the Beneficial Holder is eligible to vote on the Plan;

5.      the undersigned is (a) an "accredited investor" as that term is defined by Rule 501 of Regulation D, 17 C.F.R. § 230.501(a), promulgated under the Securities Act of 1933, 15 U.S.C. §§ 77a-77aa (as amended), or (b) the authorized signatory for a Holder of Class 4 Second Lien Notes Claims that is an "accredited investor;" provided, that, the undersigned's certification with respect to this clause 5 in respect of any beneficial owner is made solely in reliance by the undersigned on a certification provided by such beneficial owner to the undersigned that such beneficial owner is an "accredited investor" and the undersigned assumes no liability or responsibility for any beneficial owner's status and makes no representation or warranty with respect thereto; and

6.      it will maintain the Beneficial Holder Ballots and evidence of separate transactions returned by the Beneficial Holders (whether properly completed or defective) for at least one year after the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order), and disclose all such information to the Bankruptcy Court or the Debtors, as the case may be, if so ordered.

*[Remainder of page intentionally left blank]*

26597141.2

**Item 6**.  **Voter Information and Signature.**

BALLOT COMPLETION INFORMATION — COMPLETE THIS SECTION

Nominee Name: _____

Participant Number: _____

Name of Agent for Nominee
(if applicable): _____

Signature: _____

Signatory Name (if other
than Nominee): _____

Title: _____

Address: _____

Email Address: _____

Telephone: _____

Date Completed: _____

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT PROMPTLY!**

**THIS MASTER BALLOT MUST BE COMPLETED, EXECUTED, AND RETURNED BY ONE OF THE FOLLOWING RETURN METHODS SO THAT IT IS <u>ACTUALLY RECEIVED</u> BY THE SOLICITATION AGENT PRIOR TO THE VOTING DEADLINE:**

**(I)      IN THE ENCLOSED PRE-PAID, PRE-ADDRESSED RETURN ENVELOPE;**

**(II)     VIA OVERNIGHT COURIER, OR HAND DELIVERY TO THE ADDRESS SET FORTH BELOW; OR**

**(III)    VIA EMAIL (ATTACHING A SCANNED PDF OF THE FULLY EXECUTED MASTER BALLOT) TO <u>PYXUSBALLOTS@PRIMECLERK.COM</u>, SUBJECT LINE: ″PYXUS BALLOT PROCESSING″**

**Pyxus Ballot Processing
c/o Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, NY 10165**

**PLEASE CHOOSE *ONLY ONE* METHOD TO RETURN THIS MASTER BALLOT.
THIS MASTER BALLOT MUST BE RECEIVED BEFORE THE VOTING DEADLINE.**

26597141.2

Pyxus International, Inc., *et al.*
Master Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1

## MASTER BALLOT INSTRUCTIONS

1.      To have the votes of your Beneficial Holders count, you should already have done one of the following:

   (a)      delivered the Beneficial Holder Ballots and the Solicitation Package to each Beneficial Holder with clear instructions on when to return such ballots to you to allow you to complete and return this Master Ballot so that the Solicitation Agent actually receives it prior to the Voting Deadline;

-or-

   (b)      if you are not submitting this Master Ballot, sent the Beneficial Holders the Pre-Validated Ballots in their Solicitation Package for direct return to the Solicitation Agent.

2.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the Holders of two-thirds of the aggregate principal amount and more than one-half in number of the Claims voted in each Class that votes on the Plan and if the Plan otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not discriminate unfairly against, the Class or Classes rejecting it and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

3.      With regard to any Beneficial Holder Ballots returned to you, to have the vote of your Beneficial Holder count, you must:  (a) retain such Beneficial Holder Ballots in your files and transfer the requested information from each such Beneficial Holder Ballot onto this Master Ballot; (b) sign, date and otherwise execute this Master Ballot; and (c) deliver this Master Ballot to the Solicitation Agent prior to the Voting Deadline in accordance with the instructions on this Master Ballot.

4.      If this Master Ballot is received after the Voting Deadline, it will not be counted, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court.  The method of delivery of this Master Ballot to the Solicitation Agent is at your election and risk.

5.      If you deliver multiple ballots to the Solicitation Agent, as applicable, the last properly executed ballot timely received will supersede and revoke any earlier received ballot.

6.      Please keep any records of the Beneficial Holder Ballots received from Beneficial Holders for at least one year after the Voting Deadline (or such other date as is set by subsequent Bankruptcy Court order).  You may be ordered to produce the Beneficial Holder Ballots to the Debtors or the Bankruptcy Court.

7.      If you are both the Nominee and Beneficial Holder, and you wish to vote such Class 4 Second Lien Notes Claims for which you are a Beneficial Holder, you may return either a Beneficial Holder Ballot or this Master Ballot for such Class 4 Second Lien Notes Claims.

26597141.2

8.   This Master Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan.  Accordingly, at this time, creditors should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor the Solicitation Agent will accept delivery of any such certificates or instruments surrendered together with this Master Ballot.

9.   This Master Ballot does not constitute, and shall not be deemed to be, a Proof of Claim or an assertion or admission of a Claim.

10.   Please be sure to sign and date this Master Ballot.  If you are signing this Master Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when signing and, if requested by the Solicitation Agent or the Debtors, must submit proper evidence of such capacity to the requesting party.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to this Master Ballot.

11.   The following ballots or Master Ballots, as applicable, shall not be counted in determining the acceptance or rejection of the Plan:  (a) any ballot or Master Ballot that is illegible or contains insufficient information to permit the identification of the Holder of the Claim; (b) any ballot or Master Ballot not actually received by the Solicitation Agent before the Voting Deadline, unless the Debtors determine otherwise or as permitted by the Bankruptcy Court; (c) any unsigned ballot or Master Ballot; (d) any ballot or Master Ballot that does not contain an original signature; *provided* that a ballot or Master Ballot submitted by electronic means shall be deemed to bear an original signature; (e) any ballot or Master Ballot that partially rejects and partially accepts the Plan; (f) any ballot or Master Ballot not marked to either accept or reject the Plan, or marked to both accept and reject the Plan; and (g) any ballot or Master Ballot superseded by a later, timely submitted valid ballot.

If you believe you have received the wrong ballot, you should contact the Solicitation Agent immediately at 1-(844)-974- 2130 (toll-free) or 1-(929)-955-3418 (international).

**PLEASE MAIL YOUR BALLOT PROMPTLY!**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURE FOR VOTING ON THE PLAN, OR IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU NEED ADDITIONAL COPIES OF THE MASTER BALLOT, BENEFICIAL HOLDER BALLOT, DISCLOSURE STATEMENT, PLAN, OR OTHER RELATED MATERIALS, PLEASE CONTACT PRIME CLERK, LLC (THE DEBTORS' SOLICITATION AGENT) AT:  1-(844)-974- 2130 (TOLL-FREE) OR 1-(929)-955-3418 (INTERNATIONAL) OR VIA EMAIL:  PYXUSBALLOTS@PRIMECLERK.COM, SUBJECT LINE: "PYXUS BALLOT PROCESSING".**

**PLEASE BE ADVISED THAT THE SOLICITATION AGENT IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

26597141.2

Pyxus International, Inc., *et al.*
Master Ballot for Class 4 – Second Lien Notes Claims
CUSIP NUMBERS: 018772AS2, 018772AR4 & U0187PAG1

<u>**Annex A**</u>

<u>**Release Language from Beneficial Holder Ballot**</u>

<u>Important information regarding the Releases by Holders of Claims and Interests of the Debtors, Exculpation and Injunction Provisions, and Optional Opt-Out Election.</u>

The Plan contains a series of releases that are part of the overall restructuring set forth in the Plan and described in greater detail in the Disclosure Statement. In that respect, parties should be aware that, if the Plan is confirmed and the Effective Date occurs, certain parties will be getting releases and certain parties will be giving releases as set forth in Article VIII of the Plan. For your convenience, excerpts of the release provisions from the Plan are set forth below, however, you should carefully read the enclosed Disclosure Statement and Plan with respect to the releases.

**ARTICLE VIII.F OF THE PLAN PROVIDES FOR A THIRD-PARTY RELEASE BY THE RELEASING PARTIES (THE "*THIRD-PARTY RELEASE*"):**

**Effective as of the Effective Date, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown (including any derivative claims, asserted or assertable on behalf of any of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the DIP Facility, the DIP Orders, the First Lien Notes, the Second Lien Notes, the Exit ABL Facility, the Exit Term Facility, the Exit Secured Notes or Replacement First Lien Financing, as applicable, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, or the Plan (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), the Plan Supplement, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit**

10

26597141.2

**of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date except for claims or liabilities arising out of or relating to any act or omission by a Released Party that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations arising after Consummation of any party or Entity under the Plan, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the assumption of the Indemnification Provisions as set forth in the Plan.**

<u>**IMPORTANT INFORMATION REGARDING THE THIRD-PARTY RELEASE:**</u>

UNDER THE PLAN, "RELEASED PARTY" MEANS COLLECTIVELY, AND IN EACH CASE IN ITS CAPACITY AS SUCH:  (A) EACH OF THE DEBTORS; (B) THE REORGANIZED DEBTORS; (C) THE DIP AGENT; (D) EACH OF THE DIP LENDERS; (E) EACH HOLDER OF A FIRST LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (F) THE FIRST LIEN NOTES INDENTURE TRUSTEE; (G) EACH HOLDER OF A SECOND LIEN NOTES CLAIM WHO VOTES IN FAVOR OF THE PLAN; (H) THE SECOND LIEN NOTES INDENTURE TRUSTEE; (I) THE AGENTS OR INDENTURE TRUSTEES UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (J) EACH LENDER OR HOLDER UNDER THE EXIT SECURED NOTES, EXIT ABL FACILITY, AND EXIT TERM FACILITY; (K) THE INITIAL COMMITMENT PARTIES; (L) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH (K); AND (M) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH (L); PROVIDED, HOWEVER, THAT IN EACH CASE, AN ENTITY SHALL NOT BE A RELEASED PARTY IF IT (A) TIMELY PROVIDES, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.E OF THE PLAN THAT IS NOT RESOLVED BEFORE CONFIRMATION OF THE PLAN OR (B) ELECTS TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; PROVIDED, FURTHER, THAT ANY SUCH ENTITY SHALL BE IDENTIFIED BY NAME AS A NON-RELEASED PARTY IN THE CONFIRMATION ORDER.

UNDER THE PLAN, "RELEASING PARTIES" MEANS COLLECTIVELY AND IN EACH CASE IN THEIR CAPACITY AS SUCH:  (A) THE RELEASED PARTIES IDENTIFIED IN SUBSECTION (A)–(L) AND THOSE RELEASED PARTIES IDENTIFIED IN SUBSECTION (M) OF THE DEFINITION OF "RELEASED PARTY" ON BEHALF OF WHOM THE PARTIES IDENTIFIED IN SUBSECTIONS (A)–(L) OF THE DEFINITION OF "RELEASED PARTY" HAVE THE AUTHORITY, INCLUDING UNDER ANY AGREEMENT OR APPLICABLE NON-BANKRUPTCY LAW, TO GRANT THE THIRD-PARTY RELEASE SET FORTH IN ARTICLE VIII.F; (B) THE HOLDERS OF ALL CLAIMS AND INTERESTS WHO VOTE TO ACCEPT

THE PLAN; (C) THE HOLDERS OF ALL CLAIMS OR INTERESTS THAT ARE UNIMPAIRED UNDER THE PLAN; (D) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHOSE VOTE TO ACCEPT OR REJECT THE PLAN IS SOLICITED BUT WHO DO NOT VOTE EITHER TO ACCEPT OR TO REJECT THE PLAN AND DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (E) THE HOLDERS OF ALL CLAIMS OR INTERESTS WHO VOTE TO REJECT THE PLAN BUT DO NOT OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN; (F) THE HOLDERS OF ALL CLAIMS OR INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO ARE DEEMED TO REJECT THE PLAN AND WHO DO NOT (A) TIMELY PROVIDE, EITHER FORMALLY OR INFORMALLY IN WRITING, AN OBJECTION TO THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN OR (B) ELECT TO OPT OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; (G) THE HOLDERS OF ALL CLAIMS AND INTERESTS (OTHER THAN HOLDERS OF EXISTING PYXUS INTERESTS) WHO WERE GIVEN NOTICE OF THE OPPORTUNITY TO OPT OUT OF GRANTING THE RELEASES SET FORTH HEREIN BUT DID NOT OPT OUT; (H) THE HOLDERS OF EXISTING PYXUS INTERESTS WHO DO NOT DULY SUBMIT AN EQUITYHOLDER OPT-OUT FORM OPTING OUT OF THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN; AND (I) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (B) THROUGH CLAUSE (H).

**ARTICLE VIII.F OF THE PLAN PROVIDES FOR AN EXCULPATION OF CERTAIN PARTIES (THE "*EXCULPATION*"):**

**Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Plan Supplement, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement or the Plan, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for claims or liabilities arising out of or relating to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their**

**duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

## ARTICLE VIII.H OF THE PLAN ESTABLISHES AN INJUNCTION (THE "*INJUNCTION*"):

**Effective as of the Effective Date, pursuant to section 524(a) of the Bankruptcy Code, to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities that have held, hold, or may hold Claims or Interests that have been released, discharged, or are subject to exculpation are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Reorganized Debtors, the Exculpated Parties, or the Released Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the estates of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a claim or interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.**

## OPTIONAL OPT-OUT ELECTION

If you vote to accept the Plan, you shall be deemed to have consented to the releases, injunction, and exculpation provisions set forth above. If you do not consent to the releases, injunction, or exculpation provisions, you may elect not to grant such releases but <u>only if</u> you (1) vote to reject the Plan in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot, **or** (2) abstain from voting by not casting a vote in Item 2 above, affirmatively elect to "opt out" of being a releasing party by checking the box below, and timely return your Ballot.

IF YOU VOTE TO ACCEPT THE PLAN, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE IN ARTICLE VIII OF THE PLAN AND YOU CANNOT OPT OUT OF THE THIRD-PARTY RELEASE.  IF YOU (1) ABSTAIN FROM VOTING ON THE PLAN OR (2) VOTE TO REJECT THE PLAN AND, IN EITHER CASE, DO NOT CHECK THE BOX BELOW, YOU SHALL BE DEEMED TO HAVE CONSENTED TO THE THIRD-PARTY RELEASE AS SET FORTH IN ARTICLE VIII OF THE PLAN.

The Holder of the Class 4 Second Lien Senior Notes Claims set forth in Item 1 elects to:

☐ Opt Out of the Third-Party Release

## Exhibit A

**Please check one box below to indicate the Plan Class and CUSIP/ISIN to which this Master Ballot pertains (or clearly indicate such information directly on the Master Ballot or on a schedule thereto):**

| CLASS 4 – SECOND LIEN NOTES CLAIMS | | |
|---|---|---|
| ❑ | 9.875% due 7/15/2021 | CUSIP 018772AS2 / ISIN US018772AS22 |
| ❑ | 9.875% due 7/15/2021 (Series 144A) | CUSIP 018772AR4/ ISIN US018772AR49 |
| ❑ | 9.875% due 7/15/2021 (Series REGS) | CUSIP U0187PAG1/ ISIN USU0187PAG10 |

**<u>Exhibit E</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 20-11570 (LSS) |
| | ) | |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### EQUITYHOLDER OPT-OUT FORM FOR HOLDERS OF EXISTING PYXUS INTERESTS
### IN ACCORDANCE WITH JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION
### OF PYXUS INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS

---

**FOR BENEFICIAL OWNERS WHO HOLD THEIR STOCK THROUGH A NOMINEE**

---

**IF YOU WISH TO MAKE AN OPT-OUT ELECTION, YOUR NOMINEE MUST HAVE ACTUALLY EFFECTED YOUR ELECTION BY JULY 20, 2020 AT 5:00 P.M. (PREVAILING EASTERN TIME) (THE "*ELECTION DEADLINE*") OR YOUR ELECTION MAY NOT BE VALID OR CONSIDERED.**

*General Information Concerning this Equityholder Opt-Out Form*

The above-captioned debtors and debtors in possession (collectively, the "*Debtors*") have filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No. 21] (as it may be amended, modified or supplemented from time to time, the "*Plan*"), which is described in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No. 22] (as it may be amended, modified or supplemented from time to time, the "*Disclosure Statement*"), and have filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*") to implement the Plan (the "*Chapter 11 Cases*") in the United States Bankruptcy Court for the District of Delaware (the "*Bankruptcy Court*").[2]

You are receiving this opt-out form (this "*Equityholder Opt-Out Form*") because, according to the books and records of your Nominee (defined below), you may be a Holder of Existing Pyxus Interests in Class 10 under the Plan. This Equityholder Opt-Out Form is being provided to the banks, brokerage firms, and other nominees (each, a "*Nominee*") to forward to beneficial owners for whom they hold Existing Pyxus Interests. Under the terms of the Plan, Holders of Class 10 Existing Pyxus Interests are conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Therefore, Holders of Class 10 Existing Pyxus Interests were not entitled to vote to accept or reject the Plan.

As described in more detail below, Article VIII.F of the Plan contains certain voluntary releases. This Equityholder Opt-Out Form provides you with the opportunity to elect to opt out of the voluntary releases in Article VIII.F of the Plan.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

**ALTHOUGH HOLDERS OF EXISTING PYXUS INTERESTS WERE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, HOLDERS OF PYXUS COMMON STOCK ARE ENTITLED TO RECEIVE THEIR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL PROVIDED FOR UNDER THE PLAN, AS DESCRIBED MORE FULLY IN THE PLAN AND THE DISCLOSURE STATEMENT.**

**SUBJECT TO ARTICLE III.B.10 OF THE PLAN, HOLDERS OF PYXUS COMMON STOCK WILL AUTOMATICALLY RECEIVE THEIR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL UNLESS THEY EITHER (I) SUBMIT THIS EQUITYHOLDER OPT-OUT FORM PRIOR TO THE ELECTION DEADLINE OR (II) OPPOSE, OBJECT TO, OR SEEK TO IMPEDE OR DELAY CONFIRMATION OF THE PLAN.**

Although the Plan does not provide for a distribution to Holders of Existing Pyxus Interests on account of such Existing Pyxus Interests, each Holder of Pyxus Common Stock has the opportunity to:

(i)     receive its *pro rata* share of the Existing Equity Cash Pool, which is the "default" option if no action is taken, as described further below, <u>OR</u>

(ii)    pursuant to this Equityholder Opt-Out Form, elect to opt out of granting the voluntary releases contained in Article VIII.F of the Plan; *provided, however*, that any Holder of Pyxus Common Stock who opts not to grant the voluntary releases contained in Article VIII.F of the Plan, pursuant to this Equityholder Opt-Out Form, <u>shall not be entitled to and shall not receive</u> any portion of the Existing Equity Cash Pool in connection with the Plan.

**IMPORTANT NOTE:  The Plan provides for the cancellation of all shares of Existing Pyxus Interests, and only those Holders of Pyxus Common Stock who grant the releases to the Released Parties under the Plan and refrain from taking certain actions (set forth in Article III.B.10 of the Plan) during the Chapter 11 Cases will receive their ratable share of the Existing Equity Cash Pool.  Pursuant to sub-clause (b) of Article III.B.10 of the Plan, a Holder of Pyxus Common Stock that opposes, objects to, or seeks to impede or delay confirmation of the Plan will not be eligible to receive its ratable share of the Existing Equity Cash Pool.**

*Making an Alternative Election Under this Equityholder Opt-Out Form*

Holders of Existing Pyxus Interests who take no action with respect to this Equityholder Opt-Out Form will automatically be deemed to grant the releases contained in Article VIII.F of the Plan.  In addition, subject to Article II.B.10 of the Plan, Holders of Pyxus Common Stock who take no action with respect to this Equityholder Opt-Out Form shall receive their ratable portion of the Existing Equity Cash Pool, providing they still hold their Pyxus Common Stock at the time Plan distributions are made.

This Equityholder Opt-Out Form provides you with the option to elect to opt out of granting the voluntary releases contained in Article VIII.F of the Plan.  If you are a Holder of Pyxus Common Stock, opting out of granting these voluntary releases will disqualify you from receiving any portion of the Existing Equity Cash Pool connection with the Plan.

<u>**Any Holder of Existing Pyxus Interests that does not return a completed Equityholder Opt-Out Form shall automatically be deemed to grant the releases contained in Article VIII.F of the Plan and, if applicable, subject to Article II.B.10 of the Plan, shall receive their ratable share of the Existing Equity Cash Pool.**</u>

You should review the Disclosure Statement and the Plan before you make any elections on this Equityholder Opt-Out Form. You may wish to seek legal advice concerning the elections available under this Equityholder Opt-Out Form. Copies of the Disclosure Statement and the Plan (attached as Exhibit A to the Disclosure Statement) may be found on the Debtors' restructuring website at http://www.primeclerk.com/Pyxus and are also available for free upon request by contacting the Debtors' proposed counsel (Brenda S. Walters, paralegal, tel: 302-571-6600; fax: 302-571-1253; bwalters@ycst.com).

Questions may be directed to Prime Clerk LLC, the Solicitation Agent, at (844) 974-2130 (toll free).

**Release Opt-Out Election**

**This election allows you to:**

- **OPT OUT OF THE VOLUNTARY RELEASES IN THE PLAN, WHICH WILL DISQUALIFY YOU FROM (I) BEING SUBJECT TO AND BENEFITING FROM THE RELEASES IN ARTICLE VIII.F OF THE PLAN AND (II) IF APPLICABLE, RECEIVING YOUR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL.**

**Complete and return this Form if you wish to elect to opt out of granting the voluntary releases contained in Article VIII.F of the Plan and, if applicable, receive no portion of the Existing Equity Cash Pool.**

*Summary of Election*

Article VIII.F of the Plan contains a voluntary third-party release that binds releasing parties, which is described in greater detail below. Releasing parties include Holders of Existing Pyxus Interests that do not opt out of the releases provided for in Article VIII.F of the Plan by properly completing and making an election under this Equityholder Opt-Out Form. Any Holder of Pyxus Common Stock that opts not to grant the voluntary releases contained in Article VIII.F of the Plan, pursuant to this Equityholder Opt-Out Form, shall not be entitled to any portion of the Existing Equity Cash Pool in connection with the Plan (and all of such Holder's Existing Pyxus Interests will be cancelled in connection with the Plan).

**IMPORTANT INFORMATION REGARDING THE RELEASE**

**YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE VIII.F OF THE PLAN AND, IF APPLICABLE, SHALL RECEIVE YOUR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL, UNLESS YOU COMPLETE AND RETURN THIS OPT-OUT FORM BY THE ELECTION DEADLINE.**

**Article VIII.F of the Plan contains the following provision:**

*Third Party Release*

**Effective as of the Effective Date, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown (including any derivative claims, asserted or assertable on behalf of any of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the DIP Facility, the DIP Orders, the First Lien Notes, the Second Lien Notes, the Exit ABL Facility, the Exit Term Facility, the Exit Secured Notes or Replacement First Lien Financing, as applicable, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, or the Plan (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or**

3

the Confirmation Order in lieu of such legal opinion), the Plan Supplement, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date except for claims or liabilities arising out of or relating to any act or omission by a Released Party that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations arising after Consummation of any party or Entity under the Plan, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the assumption of the Indemnification Provisions as set forth in the Plan.

*Instructions for Making a Release Opt-Out Election*

If you wish to make the election and opt-out of granting the releases contained in Article VIII.F of the Plan, check the box under "Your Election" below. If your election contained in this Equityholder Opt-Out Form is not received by the Nominee that sent you this Equityholder Opt-Out Form in sufficient time for the Nominee to transmit your election by the Election Deadline, your election will not count, your Equityholder Opt-Out Form will not be effective, and you will be deemed to have consented to the releases provided for in Article VIII.F of the Plan. If your election is received and the opt-out box below is not checked, you will be deemed to have consented to the releases provided for in Article VIII.F of the Plan. Any opt-out election that is illegible or does not provide sufficient information to identify the Holder of Existing Pyxus Interests will not be valid.

**You must direct your nominee to tender your Existing Pyxus Interests pursuant to the instructions provided to you by your Nominee no later than the Election Deadline if you wish to elect to opt out of granting the releases in Article VIII.F of the Plan and, to the extent applicable, receive no portion of the Existing Equity Cash Pool.**

As part of the election process, following such a direction to your Nominee, the related equity position at The Depository Trust Company will be frozen from trading as described below. **<u>All forms required by your Nominee must be returned to the applicable Nominee in sufficient time to allow such Nominee to process and deliver the underlying equity through the DTC Automated Tender Offer Program ("*ATOP*") by the Election Deadline</u>**.

By giving the instruction to your Nominee to submit your Existing Pyxus Interests through ATOP, you are (i) authorizing your Nominee to exercise the election set forth herein; and (ii) certifying that you understand that, once submitted, your Existing Pyxus Interests will be frozen from trading until such time that the equity is cancelled and deemed null, void and worthless.

All questions as to the validity, form, eligibility (including time of receipt) and acceptance and revocation of an opt-out election will be resolved by the Debtors or Reorganized Debtors (as applicable), in their sole discretion, which resolution shall be final and binding.

If you have any questions on how to properly complete this Equityholder Opt-Out Form, you may contact the Solicitation Agent at (844) 974-2130 (toll free).

**IF YOU WISH TO MAKE AN OPT-OUT ELECTION, PLEASE COMPLETE, SIGN AND DATE THIS EQUITYHOLDER OPT-OUT FORM AND RETURN IT PROMPTLY TO YOUR NOMINEE IN THE ENVELOPE PROVIDED OR OTHERWISE FOLLOW YOUR NOMINEE'S INSTRUCTIONS WITH RESPECT TO SUBMITTING YOUR ELECTION.**

26643093.2

*Opt-Out Election*

The undersigned, a Holder of Existing Pyxus Interests:

     ☐  ELECTS TO **OPT OUT** OF THE RELEASES IN ARTICLE VIII.F OF THE PLAN AND, AS A RESULT, (I) NOT BE SUBJECT TO OR BENEFIT FROM THE RELEASES UNDER ARTICLE VIII OF THE PLAN AND (II) IF APPLICABLE, RECEIVE NO PORTION OF THE EXISTING EQUITY CASH POOL.

**To effect an election to Opt Out of the Releases in Article VIII.F of the Plan, your Nominee must tender 100% of the underlying shares of Existing Pyxus Interests held for you**

**IF YOU HAVE MADE THE ELECTION ABOVE, YOU MUST SIGN THE ELECTION FORM CONTAINED ON THE FOLLOWING PAGE.**

**<u>PLEASE GO TO THE FOLLOWING PAGE</u>.**

26643093.2

**Certification and Signature for Opt-Out Election**

**Certification.** By signing this Equityholder Opt-Out Form or otherwise providing instructions to your Nominee with respect to this Equityholder Opt-Out Form, the electing Holder of Existing Pyxus Interests certifies to the Bankruptcy Court and the Debtors:

a)       that the Holder acknowledges that the election provided for in this Equityholder Opt-Out Form is being made pursuant to the terms and conditions set forth in the Plan;

b)       that the Holder (i) has the full power and authority to make the election provided for in this Equityholder Opt-Out Form with respect to Class 10 Existing Pyxus Interests and (ii) authorizes the Nominee to treat an election under this Equityholder Opt-Out Form as a direction to electronically deliver such Holder's Shares of Class 10 Existing Pyxus Interests to the respective account established for that purpose; and

c)       that upon the completion and submission of a proper election under this Equityholder Opt-Out Form in compliance with the required procedures, the undersigned understands and acknowledges that its shares of Class 10 Existing Pyxus Interests are no longer freely tradable.

Name of Holder (Please Print)     _____

Authorized Signature     _____

Name of Signatory     _____

Title, if by Authorized Agent[3]     _____

Street Address     _____

City, State, Zip Code     _____

Telephone Number     _____

Date Completed     _____

**VOI Number**     _____

**FOLLOW THE DIRECTIONS OF YOUR NOMINEE WITH RESPECT TO PROVIDING YOUR INSTRUCTIONS TO YOUR NOMINEE. YOUR NOMINEE MAY NOT REQUIRE THE RETURN OF A SIGNATURE PAGE, AND MAY REQUEST THAT YOU FOLLOW A DIFFERENT PROCEDURE TO PROVIDE YOUR INSTRUCTIONS.**

**IF YOUR NOMINEE INSTRUCTS YOU TO RETURN THE FORM TO PRIME CLERK, YOU MAY DO SO VIA EMAIL AT PYXUSBALLOTS@PRIMECLERK.COM**

---

[3]  If you are completing this Equityholder Opt-Out Form on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

6

**<u>Exhibit F</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 20-11570 (LSS) |
|  | ) |  |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**EQUITYHOLDER OPT-OUT FORM FOR HOLDERS OF EXISTING PYXUS INTERESTS
IN ACCORDANCE WITH JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION
OF PYXUS INTERNATIONAL, INC. AND ITS AFFILIATED DEBTORS**

---

**FOR REGISTERED HOLDERS ON THE BOOKS OF THE TRANSFER AGENT**

---

**IF YOU WISH TO MAKE AN OPT-OUT ELECTION, THE SOLICITATION AGENT MUST HAVE
ACTUALLY RECEIVED YOUR ELECTION BY JULY 20, 2020 AT 5:00 P.M. (PREVAILING EASTERN
TIME) (THE "*ELECTION DEADLINE*") OR YOUR ELECTION MAY NOT BE VALID OR
CONSIDERED.**

---

*General Information Concerning this Equityholder Opt-Out Form*

The above-captioned debtors and debtors in possession (collectively, the "***Debtors***") have filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No. 21] (as it may be amended, modified or supplemented from time to time, the "***Plan***"), which is described in the *Disclosure Statement for the Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and its Affiliated Debtors* [Docket No. 22] (as it may be amended, modified or supplemented from time to time, the "***Disclosure Statement***"), and have filed voluntary petitions for reorganization under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "***Bankruptcy Code***") to implement the Plan (the "***Chapter 11 Cases***") in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***").[2]

You are receiving this opt-out form (this "***Equityholder Opt-Out Form***") because, according to the Debtors' books and records, you may be a Holder of Existing Pyxus Interests in Class 10 under the Plan.  Under the terms of the Plan, Holders of Class 10 Existing Pyxus Interests are conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Therefore, Holders of Class 10 Existing Pyxus Interests were not entitled to vote to accept or reject the Plan.

As described in more detail below, Article VIII.F of the Plan contains certain voluntary releases.  This Equityholder Opt-Out Form provides you with the opportunity to elect to opt out of the voluntary releases in Article VIII.F of the Plan.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Plan.

**ALTHOUGH HOLDERS OF EXISTING PYXUS INTERESTS WERE NOT ENTITLED TO VOTE TO ACCEPT OR REJECT THE PLAN, HOLDERS OF PYXUS COMMON STOCK ARE ENTITLED TO RECEIVE THEIR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL PROVIDED FOR UNDER THE PLAN, AS DESCRIBED MORE FULLY IN THE PLAN AND THE DISCLOSURE STATEMENT.**

**<u>SUBJECT TO ARTICLE III.B.10 OF THE PLAN, HOLDERS OF PYXUS COMMON STOCK WILL AUTOMATICALLY RECEIVE THEIR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL UNLESS THEY EITHER (I) SUBMIT THIS EQUITYHOLDER OPT-OUT FORM PRIOR TO THE ELECTION DEADLINE OR (II) OPPOSE, OBJECT TO, OR SEEK TO IMPEDE OR DELAY CONFIRMATION OF THE PLAN.</u>**

Although the Plan does not provide for a distribution to Holders of Existing Pyxus Interests on account of such Existing Pyxus Interests, each Holder of Pyxus Common Stock has the opportunity to:

(i)     receive its *pro rata* share of the Existing Equity Cash Pool, which is the "default" option if no action is taken, as described further below, <u>OR</u>

(ii)    pursuant to this Equityholder Opt-Out Form, elect to opt out of granting the voluntary releases contained in Article VIII.F of the Plan; *provided, however*, that any Holder of Pyxus Common Stock who opts not to grant the voluntary releases contained in Article VIII.F of the Plan, pursuant to this Equityholder Opt-Out Form, <u>shall not be entitled to and shall not receive</u> any portion of the Existing Equity Cash Pool in connection with the Plan.

**IMPORTANT NOTE:  The Plan provides for the cancellation of all shares of Existing Pyxus Interests, and only those Holders of Pyxus Common Stock who grant the releases to the Released Parties under the Plan and refrain from taking certain actions (set forth in Article III.B.10 of the Plan) during the Chapter 11 Cases will receive their ratable share of the Existing Equity Cash Pool.  Pursuant to sub-clause (b) of Article III.B.10 of the Plan, a Holder of Pyxus Common Stock that opposes, objects to, or seeks to impede or delay confirmation of the Plan will not be eligible to receive its ratable share of the Existing Equity Cash Pool.**

*Making an Alternative Election Under this Equityholder Opt-Out Form*

Holders of Existing Pyxus Interests who take no action with respect to this Equityholder Opt-Out Form will automatically be deemed to grant the releases contained in Article VIII.F of the Plan.  In addition, subject to Article II.B.10 of the Plan, Holders of Pyxus Common Stock who take no action with respect to this Equityholder Opt-Out Form shall receive their ratable portion of the Existing Equity Cash Pool, providing they still hold their Pyxus Common Stock at the time Plan distributions are made.

This Equityholder Opt-Out Form provides you with the option to elect to opt out of granting the voluntary releases contained in Article VIII.F of the Plan.  If you are a Holder of Pyxus Common Stock, opting out of granting these voluntary releases will disqualify you from receiving any portion of the Existing Equity Cash Pool connection with the Plan.

**<u>Any Holder of Existing Pyxus Interests that does not return a completed Equityholder Opt-Out Form shall automatically be deemed to grant the releases contained in Article VIII.F of the Plan and, if applicable, subject to Article II.B.10 of the Plan, shall receive their ratable share of the Existing Equity Cash Pool.</u>**

You should review the Disclosure Statement and the Plan before you make any elections on this Equityholder Opt-Out Form. You may wish to seek legal advice concerning the elections available under this Equityholder Opt-Out Form. Copies of the Disclosure Statement and the Plan (attached as Exhibit A to the Disclosure Statement) may be found on the Debtors' restructuring website at http://www.primeclerk.com/Pyxus and are also available for free upon request by contacting the Debtors' proposed counsel (Brenda S. Walters, paralegal, tel: 302-571-6600; fax: 302-571-1253; bwalters@ycst.com).

Questions may be directed to Prime Clerk LLC, the Solicitation Agent, at (844) 974-2130 (toll free).

**Release Opt-Out Election**

**This election allows you to:**

- **OPT OUT** OF THE VOLUNTARY RELEASES IN THE PLAN, WHICH WILL DISQUALIFY YOU FROM (I) BEING SUBJECT TO AND BENEFITING FROM THE RELEASES IN ARTICLE VIII.F OF THE PLAN AND (II) IF APPLICABLE, RECEIVING YOUR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL.

**Complete and return this Form if you wish to elect to opt out of granting the voluntary releases contained in Article VIII.F of the Plan and, if applicable, receive no portion of the Existing Equity Cash Pool.**

*Summary of Election*

Article VIII.F of the Plan contains a voluntary third-party release that binds releasing parties, which is described in greater detail below. Releasing parties include Holders of Existing Pyxus Interests that do not opt out of the releases provided for in Article VIII.F of the Plan by properly completing and making an election under this Equityholder Opt-Out Form. Any Holder of Pyxus Common Stock that opts not to grant the voluntary releases contained in Article VIII.F of the Plan, pursuant to this Equityholder Opt-Out Form, shall not be entitled to any portion of the Existing Equity Cash Pool in connection with the Plan (and all of such Holder's Existing Pyxus Interests will be cancelled in connection with the Plan).

**IMPORTANT INFORMATION REGARDING THE RELEASE**

**YOU WILL BE DEEMED TO HAVE GRANTED THE RELEASES CONTAINED IN ARTICLE VIIIF OF THE PLAN AND, IF APPLICABLE, SHALL RECEIVE YOUR RATABLE SHARE OF THE EXISTING EQUITY CASH POOL, UNLESS YOU COMPLETE AND RETURN THIS OPT-OUT FORM BY THE ELECTION DEADLINE.**

**Article VIII.F of the Plan contains the following provision:**

*Third Party Release*

**Effective as of the Effective Date, each Releasing Party, in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other Entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing Entities, is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown (including any derivative claims, asserted or assertable on behalf of any of the Debtors) that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any Security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the DIP Facility, the DIP Orders, the First Lien Notes, the Second Lien Notes, the Exit ABL Facility, the Exit Term Facility, the Exit Secured Notes or Replacement First Lien Financing, as applicable, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or Filing of, as applicable, the Restructuring Support Agreement and related prepetition transactions, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Restructuring Support Agreement, the Disclosure Statement, the New Pyxus Constituent Documents, the New Shareholders Agreement, or the Plan (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or**

3

**the Confirmation Order in lieu of such legal opinion), the Plan Supplement, the Filing of the Chapter 11 Cases, the pursuit of Confirmation of the Plan, the pursuit of Consummation of the Plan, the administration and implementation of the Plan, including the issuance or distribution of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date except for claims or liabilities arising out of or relating to any act or omission by a Released Party that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any obligations arising after Consummation of any party or Entity under the Plan, any Restructuring Transaction, any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including the assumption of the Indemnification Provisions as set forth in the Plan.**

*Instructions for Making a Release Opt-Out Election*

If you wish to make the election and opt-out of granting the releases contained in Article VIII.F of the Plan, check the box under "Your Election" below.  If your election contained in this Equityholder Opt-Out Form is not received by the Solicitation Agent by the Election Deadline, your election will not count, your Equityholder Opt-Out Form will not be effective, and you will be deemed to have consented to the releases provided for in Article VIII.F of the Plan.  If your election is received and the opt-out box below is not checked, you will be deemed to have consented to the releases provided for in Article VIII.F of the Plan.  Any opt-out election that is illegible or does not provide sufficient information to identify the Holder of Existing Pyxus Interests will not be valid.

All questions as to the validity, form, eligibility (including time of receipt) and acceptance and revocation of an opt-out election will be resolved by the Debtors or Reorganized Debtors (as applicable), in their sole discretion, which resolution shall be final and binding.

If you have any questions on how to properly complete this Equityholder Opt-Out Form, you may contact the Solicitation Agent at (844) 974-2130 (toll free).

**IF YOU WISH TO MAKE AN OPT-OUT ELECTION, PLEASE COMPLETE, SIGN AND DATE THIS EQUITYHOLDER OPT-OUT FORM AND RETURN IT PROMPTLY TO THE SOLICITATION AGENT IN THE ENVELOPE PROVIDED, IN ACCORDANCE WITH THE INSTRUCTIONS CONTAINED IN THIS OPT-OUT FORM.**

*Opt-Out Election*

The undersigned, a Holder of Existing Pyxus Interests:

☐ ELECTS TO **OPT OUT** OF THE RELEASES IN ARTICLE VIII.F OF THE PLAN AND, AS A RESULT, (I) NOT BE SUBJECT TO OR BENEFIT FROM THE RELEASES UNDER ARTICLE VIII OF THE PLAN AND (II) IF APPLICABLE, RECEIVE NO PORTION OF THE EXISTING EQUITY CASH POOL.

**IF YOU HAVE MADE THE ELECTION ABOVE, YOU MUST SIGN THE ELECTION FORM CONTAINED ON THE FOLLOWING PAGE.**

**<u>PLEASE GO TO THE FOLLOWING PAGE.</u>**

## Certification and Signature for Opt-Out Election

**Certification.** By signing this Equityholder Opt-Out Form, the electing Holder of Existing Pyxus Interests certifies to the Bankruptcy Court and the Debtors:

       a)      that the Holder acknowledges that the election provided for in this Equityholder Opt-Out Form is being made pursuant to the terms and conditions set forth in the Plan;

       b)      that the Holder has the full power and authority to make the election provided for in this Equityholder Opt-Out Form with respect to Class 10 Existing Pyxus Interests; and

       c)      that upon the completion and submission of a proper election under this Equityholder Opt-Out Form in compliance with the required procedures, the undersigned understands and acknowledges that its shares of Class 10 Existing Pyxus Interests are no longer freely tradable.

Name of Holder (Please Print)           _____

Authorized Signature                 _____

Name of Signatory                  _____

Title, if by Authorized Agent[3]         _____

Street Address                     _____

City, State, Zip Code               _____

Telephone Number                _____

Date Completed                    _____

---

[3] If you are completing this Equityholder Opt-Out Form on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.

26643092.2

**Exhibit G**

Exhibit G
Nominee Service List
Served via First Class Mail

| Name | Address 1 | Address 2 | City | State | Postal Code |
|------|-----------|-----------|------|-------|-------------|
| DEPOSITORY TRUST CO | 55 WATER STREET | 25TH FLOOR | NEW YORK | NY | 10041 |

**Exhibit H**

Exhibit H

Depositories Service List

Served via Email

| Name | Email |
|---|---|
| Clearstream | nathalie.chataigner@clearstream.com; cherifa.maameri@clearstream.com; CA_Luxembourg@clearstream.com; david.mccauley@clearstream.com; ca_mandatory.events@clearstream.com; hulya.din@clearstream.com |
| DTC | MandatoryReorgAnnouncements@dtcc.com; voluntaryreorgannouncements@dtcc.com; LegalAndTaxNotices@dtcc.com; rgiordano@dtcc.com; |
| Euro Clear | JPMorganInformation.Services@jpmorgan.com'; eb.ca@euroclear.com |
| SIS | ca.notices@six-securities-services.com |

**<u>Exhibit I</u>**

Exhibit I
Bond Nominees Service List
Served via Overnight Mail or Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code |
|---|---|---|---|---|---|---|
| BROADRIDGE | JOBS Z77789 Z77790 | 51 MERCEDES WAY | | EDGEWOOD | NY | 11717 |
| MEDIANT COMMUNICATIONS | ATTN STEPHANIE FITZHENRY | PROXY CENTER | 100 DEMAREST DRIVE | WAYNE | NJ | 07470-0000 |
| DEPOSITORY TRUST CO | ATTN ED HAIDUK | 55 WATER STREET | 25TH FLOOR | NEW YORK | NY | 10041 |
| DEPOSITORY TRUST CO | ATTN HORACE DALEY | 55 WATER STREET | 25TH FLOOR | NEW YORK | NY | 10041 |
| BNY MELLON  NEW ENGLAND 0954 | ATTN BETH STIFFLER OR PROXY MGR | 525 WILLIAM PENN PLACE | SUITE 300 | PITTSBURGH | PA | 15259 |
| JPMORGAN CHASE BANK NA 0902 | ATTN JACOB BACK OR PROXY MGR | 14201 DALLAS PARKWAY | 12TH FLOOR | DALLAS | TX | 75254 |
| NORTHERN TRUST COMPANY THE 2669 | ATTN ROBERT VALENTIN OR PROXY MGR | 801 S  CANAL STREET | REORG DEPT FLOOR C1N | CHICAGO | IL | 60607 |
| STATE STREET 0997 | ATTN MIKE FEELEY ROB RAY OR PROXY | MGR  CORP ACTIONS JAB5E | 1776 HERITAGE DRIVE | NORTH QUINCY | MA | 02171-0000 |
| THE BANK OF NEW YORK MELLON 0901 | ATTN BRIAN MARNELL OR PROXY MGR | 525 WILLIAM PENN PLACE | ROOM 0300 | PITTSBURGH | PA | 15259 |

**Exhibit J**

Exhibit J

Nominees and Depositories Service List

Served via Email

| Name | Email |
|------|-------|
| Broadridge | SpecialProcessing@broadridge.com; BankruptcyJobs@broadridge.com |
| Mediant | documents@mediantonline.com; mkoester@mediantonline.com; mhamdan@mediantonline.com; darchangel@mediantonline.com; MTaylor@mediantonline.com; mdickens@mediantonline.com; corporateactions@mediantonline.com; mhamdan@mediantonline.com; mgiffin@mediantonline.com |

**Exhibit K**

Exhibit K
Equity Nominees Service List
Served via Overnight Mail or Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|------|-----------|-----------|-----------|------|-------|-------------|---------|
| BROADRIDGE | JOBS E19650 | 51 MERCEDES WAY | | EDGEWOOD | NY | 11717 | |
| MEDIANT COMMUNICATIONS | ATTN STEPHANIE FITZHENRY PROXY CNT | 100 DEMAREST DRIVE | | WAYNE | NJ | 07470-0000 | |
| DEPOSITORY TRUST CO | ATTN ED HAIDUK | 55 WATER STREET 25TH FLOOR | | NEW YORK | NY | 10041 | |
| DEPOSITORY TRUST CO | ATTN HORACE DALEY | 55 WATER STREET 25TH FLOOR | | NEW YORK | NY | 10041 | |
| AMALGAMATED BANK 2352 | ATTN STEPHEN ERB OR REORG DEPT | 275 7TH AVE 9TH FL | | NEW YORK | NY | 10001 | |
| AMALGAMATED BANK CHICAGO 1574 2567 | ATTN BERNETTA SMITH OR REORG MGR | ONE WEST MONROE STREET | | CHICAGO | IL | 60603 | |
| AMERIPRISE 0216 0756 | ATTN TOM EBERHART OR REORG MGR | 2178 AMP FINANCIAL CENTER | | MINNEAPOLIS | MN | 55474 | |
| AMERIPRISE 0756 | ATTN ERIN M STIELER OR REORG MGR | 682 AMP FINANCIAL CENTER | | MINNEAPOLIS | MN | 55474 | |
| AMERIPRISE 0756 | ATTN GREG WRAALSTAD OR REORG MGR | 901 3RD AVE SOUTH | | MINNEAPOLIS | MN | 55474 | |
| BAIRD & CO INCORPORATED 0547 | ATTN JANE ERBE OR REORG MGR | 777 E WISCONSIN AVENUE | | MILWAUKEE | WI | 53202 | |
| BANK OF AMERICA GWIM 0955 | ATTN STEFANIE PALADINO OR REORG MGR | 1201 MAIN | | DALLAS | TX | 75202 | |
| BANK OF AMERICA LASALLE BANK 2251 | ATTN RICK LEDENBACH OR REORG MGR | 135 SOUTH LASALLE STREET | SUITE 1811 | CHICAGO | IL | 60603 | |
| BARCLAYS 8455 7256 7254 5101 | ATTN ANTHONY SCIARAFFO OR CORP ACTIONS | 745 SEVENTH AVENUE | 16TH FLOOR | NEW YORK | NY | 10019 | |
| BB & T SECURITIES0702 | ATTN JESSE W SPROUSE OR REORG DEPT | 8006 DISCOVERY DRIVE | SUITE 200 | RICHMOND | VA | 23229 | |
| BB & T SECURITIES0702 | ATTN RICKY JACKSON OR REORG DEPT | CORPORATE ACTIONS | 8006 DISCOVERY DRIVE | RICHMOND | VA | 23229 | |
| BBS SECURITIES INC CDS 5085 | ATTN DEBORAH CARLYLE | 4100 YONGE ST | SUITE 506 | TORONTO | ON | M2P 2B5 | CA |
| BMO CAPITAL MARKETS CORP 0045 | ATTN JOHN FINERTY OR REORG MGR | 3 TIMES SQUARE | | NEW YORK | NY | 10036 | |
| BMO NESBITT BURNS INC CDS 5043 | ATTN LOUISE TORANGEAU | 1 FIRST CANADIAN PLACE 13TH FL | | TORONTO | ON | M5X 1H3 | CA |
| BMO NESBITT BURNS INC CDS 5043 | ATTN LOUISE TORANGEAU | 1 FIRST CANADIAN PLACE | 38th FLOOR | TORONTO | ON | M5X 1H3 | CA |
| BMO NESBITT BURNS INC CDS 5043 | ATTN PHUTHORN PENIKETT DINA FERNAN | BMO FINANCIAL GROUP | 250 YONGE ST 8TH FLOOR | TORONTO | ON | M5B 2M8 | CA |
| BMO NESBITT BURNS INC. /CDS (5043) | ATTN: LOUISE TORANGEAU | P.O. BOX 150 | | TORONTO | ON | | CA |
| BNP PARIBAS NEW YORK BRANCH 2147 | ATTN GENE BANFI OR AARON COLIE | REORG MGR 525 WASHINGTON BLVD | 9TH FLOOR | JERSEY CITY | NJ | 07310-0000 | |
| BNP PARIBAS NY BRANCH 1569 2787 | ATTN DEAN GALLI OR REORG DEPT | 525 WASHINGTON BLVD | 9TH FLOOR | JERSEY CITY | NJ | 07310-0000 | |
| BNY CONVERGEX EXECUTION 0100 | ATTN REORG MGR | 500 GRANT STREET | ROOM 151 2700 | PITTSBURGH | PA | 15258 | |
| BNY WEALTH 8275 | ATTN KEVIN KELLY OR REORG MGR | TWO BNY MELLON CENTER | 525 WILLIAM PENN PL STE 1215 | PITTSBURGH | PA | 15259 | |
| BNY WEALTH 8275 | ATTN BETH COYLE OR REORG MGR | TWO BNY MELLON CENTER | 525 WILLIAM PENN PL STE 1215 | PITTSBURGH | PA | 15259 | |
| BONY SPDR 2209 | ATTN JENNIFER MAY OR REORG MGR | 525 WILLIAM PENN PLACE | | PITTSBURGH | PA | 15259 | |
| BROWN BROTHERS HARRIMAN & CO 0010 | ATTN PAUL NONNON OR REORG MGR | 525 WASHINGTON BLVD | NEW PORT TOWERS | JERSEY CITY | NJ | 07310-1607 | |
| CANACCORD GENUITY CORP CDS 5046 | ATTN ALMA GOCO OR REORG MGR | PACIFIC CENTER 2200 609 | GRANVILLE ST | VANCOUVER | BC | V7Y 1H2 | CA |
| CANACCORD GENUITY CORP./CDS (5046) | ATTN: ALMA GOCO OR REORG MGR | P.O. BOX 10337 | | VANCOUVER | BC | V7Y 1H2 | CA |
| CDS CLEARING AND DEPOSITORY 5099 | ATTN LORETTA VERELLI OR REORG MGR | 600 BOUL DE MAISONNEUVE OUEST | BUREAU 210 | MONTREAL | QC | H3A 3J2 | CA |
| CHARLES SCHWAB & CO INC 0164 | ATTN DEBORAH JUNG OR REORG MGR | 2423 EAST LINCOLN DRIVE | 1ST FLOOR | PHOENIX | AZ | 85016-1215 | |
| CHARLES SCHWAB & CO INC 0164 | ATTN NANCY BRIM OR REORG MGR | 2423 EAST LINCOLN DRIVE | PHX PEAK 02 K130 | PHOENIX | AZ | 85016-1215 | |
| CHARLES SCHWAB & CO INC 0164 | ATTN CHRISTINA YOUNG OR REORG MGR | 2423 EAST LINCOLN DRIVE | | PHOENIX | AZ | 85016-1215 | |
| CIBC WORLD MARKETS INC CDS 5030 | ATTN JERRY NICASTRO OR REORG MGR | 161 BAY STREET | 10TH FLOOR | TORONTO | ON | M5J 2S8 | CA |
| CIT SECLLC 8430 | ATTN KEVIN NEWSTEAD | 131 SOUTH DEARBORN STREET | 35TH FLOOR | CHICAGO | IL | 60603 | |
| CITIBANK N A 0908 | ATTN CAROLYN TREBUS OR REORG MGR | 3800 CITIBANK CENTER B3 12 | | TAMPA | FL | 33610 | |
| CITIBANK N A 0908 | ATTN EVENTS CREATION OR REORG MGR | 3800 CITIBANK CENTER B3 12 | | TAMPA | FL | 33610 | |
| CITIBANK N A 0908 | ATTN SANDRA HERNANDEZ OR REORG MGR | 3800 CITIBANK CENTER B3 12 | | TAMPA | FL | 33610 | |
| CITIBANK N A 0908 | ATTN SHERIDA SINANAN OR REORG MGR | 3800 CITIBANK CENTER | B 3RD FLOOR ZONE 12 | TAMPA | FL | 33610 | |
| CITIGROUP GLOBAL MARKETS 0418 0505 | ATTN ROSE MARIE YODICE OR REORG MGR | 388 GREENWHICH STREET 11TH FLOOR | | NEW YORK | NY | 10013 | |
| CITIGROUP MKTS SALOMON 0418 0505 | ATTN MANETH CHAP OR REORG MGR | 3800 CITIBANK CENTER B3 12 | | TAMPA | FL | 33610 | |
| COMERICA BANK 2108 | ATTN LEWIS WISOTSKY OR REORG MGR | 411 WEST LAFAYETTE | MAIL CODE 3530 | DETROIT | MI | 48226 | |
| COR LLC 0052 | ATTN LUKE HOLLAND OR REORG MGR | 1200 LANDMARK CENTER | SUITE 800 | OMAHA | NE | 68102 | |
| CREDENTIAL SECURITIES INC CDS 5083 | ATTN REORG DEPARTMENT | 700 1111 WEST GEORGIA ST | | VANCOUVER | BC | V6E4T6 | CA |
| CREDIT SUISSE SECURITIES 0355 | ATTN ASHWINEE SAWH OR REORG MGR | 11 MADISON AVENUE | 23RD FLOOR | NEW YORK | NY | 10010 | |
| CREDIT SUISSE SECURITIES USA 0355 | ATTN TIM JOHNSON OR REORG MGR | 7033 LOUIS STEPHENS DRIVE | | RESEARCH TRIANGLE | NC | 27709 | |
| CREDIT SUISSE SECURITIES USA 0355 | ATTN ANTHONY MILO OR REORG MGR | 7033 LOUIS STEPHENS DRIVE | GLOBAL PROXY SERVICES | RESEARCH TRIANGLE | NC | 27709 | |
| CREDIT SUISSE SECURITIES USA 0355 | ATTN SARAH CHANDRIKA OR REORG MGR | ONE MADISON AVE | | NEW YORK | NY | 10010 | |
| CREST INTL NOMINEES LIMITED 2012 | ATTN JASON MURKIN OR REORG MGR | 33 CANNON ST | | LONDON | UK | EC4M 5SB | UK |
| CREST INTL NOMINEES LIMITED 2012 | ATTN NATHAN ASHWORTH OR REORG MGR | 33 CANNON ST | | LONDON | UK | UK EC4M 5SB | UK |
| D A DAVIDSON & CO 0361 | ATTN RITA LINSKEY OR REORG MGR | 8 THIRD STREET NORTH | | GREAT FALLS | MT | 59403 | |
| D.A. DAVIDSON & CO. (0361) | ATTN: RITA LINSKEY OR REORG MGR | P.O. BOX 5015 | | GREAT FALLS | MT | 59403 | |
| DAVENPORT & COMPANY LLC 0715 | ATTN KIM NIEDING OR REORG DEPT | 901 EAST CARY ST 11TH FLOOR | | RICHMOND | VA | 23219 | |
| DESJARDINS SECURITIES INC 5028 | ATTN REORG DEPT MTL 1060 1ER E | 1253 MCGILL COLLEGE AVENUE | 10TH FLOOR | MONTREAL | QC | H3B2Y5 | CA |
| DEUTSCHE BANK SECURITIES 0573 | ATTN REORG MGR | 5022 GATE PARKWAY | SUITE 200 | JACKSONVILLE | FL | 32256 | |
| E TRADE CLEARING LLC 0385 | ATTN VICTOR LAU OR | 34 EXCHANGE PLACE | PLAZA II | JERSEY CITY | NJ | 07311-0000 | |
| E TRADE RIDGE CLEARING 0158 | ATTN BRIAN DARBY OR REORG MGR | ONE DALLAS CENTER | 350 M ST PAUL SUITE 1300 | DALLAS | TX | 75201 | |

Exhibit K

Equity Nominees Service List

Served via Overnight Mail or Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|
| E TRADE RIDGE CLEARING 0158 | ATTN BILIANA STOIMENOVA OR REORG MGR | 1700 PACIFIC AVENUE SUITE 1400 | | DALLAS | TX | 75201 | |
| E TRANSACTION CLEARING 0873 | ATTN JANE BUHAIN OR REORG MGR | 660 S FIGUEROA ST | SUITE 1450 | LOS ANGELES | CA | 90017 | |
| EDWARD JONES 0057 | ATTN GERRI KAEMPFE OR REORG MGR | CORPORATE ACTIONS & DISTRIBUTION | 12555 MANCHESTER ROAD | ST LOUIS | MO | 63131 | |
| EDWARD JONES 0057 | ATTN REORG MGR | CORPORATE ACTIONS & DISTRIBUTION | 201 PROGRESS PARKWAY | MARYLAND HEIGHTS | MO | 63043 | |
| EDWARD JONES 0057 | ATTN DEREK ADAMS OR REORG MGR | CORPORATE ACTIONS & DISTRIBUTION | 12555 MANCHESTER ROAD | ST LOUIS | MO | 63131 | |
| EDWARD JONES CDS 5012 | ATTN NICK HUMMELL OR REORG MGR | 700 MARYVILLE CENTRE DRIVE | | ST LOUIS | MO | 63141 | |
| EDWARD JONES CDS 5012 | ATTN KENNIQUE MEALS OR REORG MGR | 700 MARYVILLE CENTRE DRIVE | | ST LOUIS | MO | 63141 | |
| EDWARD JONES CDS 5012 | ATTN DIANE YOUNG | 1255 MANCHESTER ROAD | | ST LOUIS | MO | 63141 | |
| EDWARD JONES CDS 5012 | ATTN KENNIQUE MEALS | CORP ACTION AND DISTRIBUTION | 12555 MANCHESTER ROAD | ST LOUIS | MO | 63131 | |
| FIDUCIARY SSB 0987 | ATTN MIKE FEELEY ROB RAY OR PREORG | MGR CORP ACTIONS JABSE 1776 | HERITAGE DRIVE NORTH | QUINCY | MA | 02171-0000 | |
| FIRST CLEARING 0141 | ATTN FINESSA ROSSON OR REORG DEPT | 1 NORTH JEFFERSON 9 F | | ST LOUIS | MO | 63103 | |
| FIRST CLEARING LLC 0141 | ATTN MATT BUETTNER OR REORG DEPT | 2801 MARKET STREET | H0006 09B | ST LOUIS | MO | 63103 | |
| FOLIO FN INVESTMENTS INC 0728 | ATTN ASHLEY THEOBALD OR REORG MGR | 8180 GREENSBORO DRIVE 8TH FLOOR | | MCLEAN | VA | 22102 | |
| FORTIS CLEARING AMERICAS LLC 0695 | ATTN SUE NOWLICKI OR REORG MGR | 175 W JACKSON BLVD SUITE 400 | | CHICAGO | IL | 60605 | |
| GLENMEDE TRUST CO 2139 | ATTN DARLENE WARREN OR REORG MGR | ONE LIBERTY PLACE SUITE 1200 | 1650 MARKET STREET | PHILADELPHIA | PA | 19103 | |
| GLENMEDE TRUST CO 2139 | ATTN LINDA BELLICINI OR REORG MGR | ONE LIBERTY PLACE SUITE 1200 | 1650 MARKET STREET | PHILADELPHIA | PA | 19103 | |
| GMP SECURITIES L P S016 | ATTN TERRY YOUNG OR REORG MGR | 145 KING STREET WEST SUITE 1100 | | TORONTO | ON | M5H 1J8 | CA |
| GMP SECURITIES L P S016 | ATTN MARINO MEGGETTO | 145 KING STREET WEST | SUITE 300 | TORONTO | ON | M5H 1J8 | CA |
| GOLDMAN SACHS & CO 0005 | ATTN ALEX MUCHNIK OR REORG MGR | 30 HUDSON ST | PROXY DEPARTMENT | JERSEY CITY | NJ | 07302-0000 | |
| GOLDMAN SACHS 0005 5208 2941 | ATTN ALEXANDER MUCHNIK OR REORG MGR | 30 HUDSON STREET | | JERSEY CITY | NJ | 07302-0000 | |
| HSBC CLEAR 8396 | ATTN BARBARA SKELLY | 545 WASHINGTON BLVD | | JERSEY CITY | NJ | 07310-0000 | |
| INTERACTIVE BROKERS 0549 0534 0017 | ATTN KARIN MCCARTHY OR REORG MGR | 2 GREENWICH OFFICE PARK | 2ND FLOOR BUILDING 8 | GREENWICH | CT | 06830-0000 | |
| INTERACTIVE BROKERS RETAIL 534 | MARIA TARDIO OR REORG DEPT | 1 PICKWICK PLAZA | | GREENWICH | CT | 06830-0000 | |
| INTERACTIVE BROKERS TH 0534 | ATTN KARIN MCCARTHY OR REORG MGR | 8 GREENWICH OFFICE PARK | | GREENWICH | CT | 06831-0000 | |
| INTL FCSTONE INC STERNE AGEE 0750 | ATTN KEN SIMPSON OR REORG MGR | 2 PERIMETER PARK SOUTH STE 100 W | | BIRMINGHAM | AL | 35243 | |
| J P MORGAN CLEARING CORP 0352 | ATTN ERIC OSZUSTOQICZ OR REORG MGR | 3 CHASE METROTECH CENTER | PROXY DEPT NY1 H034 | BROOKLYN | NY | 11245-0001 | |
| J P MORGAN CLEARING CORP 0352 | ATTN ABHISHEK KUMAR OR REORG MGR | 500 STANTON CHRISTIANA ROAD | 3RD FLOOR | NEWARK | DE | 19713 | |
| J P MORGAN CLEARING CORP 0352 | ATTN BRODERICK WALKER OR REORG MGR | DEPT C CASHIERS DEPT ONE METROTECH | CENTER NORTH REORG DEPT 4TH | BROOKLYN | NY | 11201-3862 | |
| JANNEY MONTGOMERY SCOTT INC 0374 | ATTN REGINA LUTZ OR REORG MGR | 1801 MARKET STREET | 9TH FLOOR | PHILADELPHIA | PA | 19103-1675 | |
| JANNEY MONTGOMERY SCOTT INC 0374 | ATTN BOB MARTIN OR REORG MGR | 1801 MARKET STREET | 9TH FLOOR | PHILADELPHIA | PA | 19103-1675 | |
| JEFFERIES & COMPANY INC 0019 | ATTN RAY DESOUZA OR REORG MGR | HARBORSIDE FINANCIAL CENTER | 705 PLAZA 3 | JERSEY CITY | NJ | 07311-0000 | |
| JEFFERIES & COMPANY INC 0019 | ATTN REORG MGR | 34 EXCHANGE PLACE | | JERSEY CITY | NJ | 07311-0000 | |
| JPMC EURO 1970 | ATTN Proxy Dept | 4 METROTECH CENTER 3RD FLOOR | | BROOKLYN | NY | 11245 | |
| JPMCH CTC 0902 | Attn Jeff Lazarus | 4 Chase Metrotech Plaza | 3rd Floor | Brooklyn | NY | 11245 | |
| JPMORGAN CHASE BANK IA 2357 | ATTN SUSHIL PATEL OR REORG MGR | 14201 DALLAS PARKWAY SUITE 121 | | DALLAS | TX | 75254 | |
| JPMORGAN CHASE BANK NA 0902 2164 | Attn Jeff Lazarus or Corporate | Actions Mgr 4 Chase Metrotech Cnt | 3rd Fl    NY1 – C094 | Brooklyn | NY | 11245-0001 | |
| JPMORGAN CHASE PUBLIC EMPL 2975 | ATTN REORG MGR | PARADIGM B WING FLOOR 6 | MINDSPACE MALAD | MUMBAI | | 400 064 I00000 | IN |
| KNIGHT CLEARING SERVICES LLC 0295 | ATTN JANICA BRINK OR REORG MGR | 545 WASHINGTON BLVD | | JERSEY CITY | NJ | 07310-0000 | |
| LEK SECURITIES CORPORATION 0512 | ATTN DANIEL HANUKA OR REORG MGR | 1 LIBERTY PLAZA 52ND FLOOR | | NEW YORK | NY | 10006 | |
| LPL FINANCIAL CORPORATION 0075 | ATTN CORPORATE ACTIONS | 1055 LPL WAY | | FORT MILL | SC | 29715 | |
| M&I MARSHALL & ILSLEY BANK 0992 | ATTN REORG MGR | 111 W MONROE ST | | CHICAGO | IL | 60603 | |
| MACKIE RESEARCH S029 | ATTN TONY RODRIGUES OR REORG MGR | 199 BAY STREET COMMERCE COURT | WEST SUITE 4600 | TORONTO | ON | M5L 1G2 | CA |
| MANUFACTURERS AND TRADERS 0990 | ATTN DON SCHMIDT OR REORG MGR | ONE M&T PLAZA | 8TH FLOOR | BUFFALO | NY | 14240 | |
| MANULIFE SECURITIES CDS 5047 | ATTN REORG MGR | 85 RICHMOND STREET WEST | | TORONTO | ON | M5H 2C9 | CA |
| MANULIFE SECURITIES CDS 5047 | ATTN REORG MGR | 100 ADELAIDE St WEST | 3RD FLOOR | TORONTO | ON | M5H 1S3 | CA |
| MANULIFE SECURITIES INC /CDS (5047) | ATTN:  BARBARA MORGAN | PO BOX 5083 | | BURLINGTON | ON | | L7R OA8 | CA |
| MANULIFE SECURITIES INC CDS 5047 | ATTN BARBARA MORGAN | 1375 KERNS ROAD | | BURLINGTON | ON | | L7R OA8 | CA |
| MERRILL LYNCH 0161 5198 | ATTN KASIA BANACH OR CORP ACTIONS | NOT 4804 DEAR LAKE DR E | | JACKSONVILLE | FL | 32246 | |
| MERRILL LYNCH 5143 | ATTN EARL WEEKS OR REORG MGR | 4804 DEER LAKE DR E | | JACKSONVILLE | FL | 32246 | |
| MERRILL LYNCH PIERCE FEN 0161 8862 | ATTN EARL WEEKS OR REORG MGR | 4804 DEER LAKE DR E | | JACKSONVILLE | FL | 32246 | |
| MORGAN STANLEY & CO  INTL PLC 7309 | ATTN DAN SPADACCINI OR REORG MGR | 901 SOUTH BOND ST 6TH FL | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY & CO  INTL PLC 7309 | ATTN BRIAN O'DOWD OR REORG MGR | 901 SOUTH BOND STREET 6TH FLOOR | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY & CO  INTL PLC 7309 | ATTN GREGORY CONTALDI OR REORG MGR | 901 SOUTH BOND STREET 6TH FLOOR | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY & CO 0050 | ATTN IRVING CORUJO OR REORG MGR | ONE NEW YORK PLAZA | 7TH FLOOR | NEW YORK | NY | 10004 | |
| MORGAN STANLEY & CO 0050 | ATTN KENNETH EWING OR REORG MGR | 1300 THAMES STREET WHARF 7TH FLOOR | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY & CO 0050 | ATTN RAQUEL DEL MONTE OR REORG MGR | ONE NEW YORK PLAZA 7TH FLOOR | | NEW YORK | NY | 10004 | |
| MORGAN STANLEY & CO LLC 0050 | ATTN MICHELLE FORD | 901 SOUTH BOND ST 6TH FL | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY & CO LLC 0050 | ATTN JONATHAN GOLDMAN OR REORG MGR | 1300 THAMES STREET WHARF 7TH FLOOR | | BALTIMORE | MD | 21231 | |

Exhibit K
Equity Nominees Service List
Served via Overnight Mail or Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|
| MORGAN STANLEY SMITH BARNEY 0015 | ATTN JOHN BARRY OR REORG MGR | 1300 THAMES STREET WHARF | | BALTIMORE | MD | 21231 | |
| NATIONAL FINANCIAL SERVICES 0226 | ATTN SEAN COLE OR REORG MGR | 499 WASHINGTON BLVD | 5TH FLOOR | JERSEY CITY | NJ | 07310-0000 | |
| NATIONAL FINANCIAL SERVICES 0226 | ATTN KARL BAKER OR REORG MGR | 499 WASHINGTON BLVD | 5TH FLOOR | JERSEY CITY | NJ | 07310-0000 | |
| NBCN INC CDS 5008 | ATTN BENOIT HENAULT OR REORG MGR | 1010 RUE DE LA GAUCHETIERE ST WEST | SUITE 1925 | MONTREAL | QC | H3B 5J2 | CA |
| NOMURA SECURITIES 0180 7507 7584 | ISSUER SERVICES | 309 WEST 49TH STREET | 10TH FLOOR | NEW YORK | NY | 10019-7316 | |
| NOMURA SECURITIES 0180 7507 7584 | ATTN ADRIAN ROCCO | 309 WEST 49TH STREET | 10TH FLOOR | NEW YORK | NY | 10019-7316 | |
| NOMURA SECURITIES 0180 7507 7584 | ATTN HERNAN SANCHEZ OR REORG MGR | 309 WEST 49TH STREET | WORLDWIDE PLAZA 10TH FLOOR | NEW YORK | NY | 10019 | |
| NORTHERN TRUST CO 2669 | ATTN ROBERT VALENTIN OR REORG MGR | 801 S CANAL STREET | FLOOR C1N | CHICAGO | IL | 60607 | |
| NORTHERN TRUST CO 2669 | ATTN ANDREW LUSSEN OR REORG MGR | 801 S CANAL STREET | FLOOR C1N | CHICAGO | IL | 60607 | |
| OPPENHEIMER & CO INC 0571 | ATTN OSCAR MAZARIO OR REORG MGR | 85 BROAD STREET | 4TH FLOOR | NEW YORK | NY | 10004 | |
| OPPENHEIMER & CO INC 0571 | ATTN COLIN SANDY OR REORG MGR | 125 BROAD STREET | 15TH FLOOR | NEW YORK | NY | 10004 | |
| PERSHING LLC 0443 | ATTN SILVY RODRIGUEZ OR REORG MGR | SECURITIES CORPORATION | 1 PERSHING PLAZA 7TH FLOOR | JERSEY CITY | NJ | 07399-0000 | |
| PERSHING LLC 0443 | ATTN AL HERNANDEZ OR REORG MGR | SECURITIES CORPORATION 1 PERSHING | PLAZA  7TH FLOOR PERSHING | JERSEY CITY | NJ | 07399-0000 | |
| PERSHING LLC 0443 | ATTN JOSEPH LAVARA OR REORG MGR | 1 PERSHING PLAZA | | JERSEY CITY | NJ | 07399-0000 | |
| PHILLIP CAPITAL INC 8460 | ATTN REORG MGR | 141 W Jackson Blvd Suite 1531A | | CHICAGO | IL | 60604 | |
| PI FINANCIAL CORP CDS 5075 | ATTN ROB MCNEIL OR REORG MGR | 666 BURRARD ST | SUITE 1900 | VANCOUVER | BC | V6C 2G3 | CA |
| PNC BANK N A 2616 | ATTN JANET CLEARY OR REORG MGR | 8800 TINICUM BLVD | MS F6 F266 02 2 | PHILADELPHIA | PA | 19153 | |
| PRIMEVEST FINANCIAL SERVICES 0701 | ATTN MARK SCHOUVILLER OR REORG MGR | 400 1ST STREET SOUTH | | ST  CLOUD | MN | 56301 | |
| QTRADE SECURITIES INC 5084 | ATTN MARY KORAC OR REORG MGR | 505 BURRARD STREET SUITE 1920 | | VANCOUVER | BC | V7X 1M6 | CA |
| QUESTRADE INC 5084 | ATTN MAURIZIO ARANI OR REORG MGR | 5650 YONGE STREET SUITE 1700 | | TORONTO | ON | M2M 4G3 | CA |
| RAYMOND JAMES & ASSOCIATES 0725 | ATTN ROBERTA GREEN OR REORG MGR | 880 CARILION PARKWAY TOWER 2 | 4TH FLOOR | ST  PETERSBURG | FL | 33716 | |
| RAYMOND JAMES LTD CDS 5076 | ATTN REORG MGR | 2100 – 925 WEST | GEORGIA STREET | VANCOUVER | BC | V6C 3L2 | CA |
| RBC CAPITAL MARKETS 0235 | ATTN STEVE SCHAFER OR REORG MGR | 60 SOUTH 6TH STREET | | MINNEAPOLIS | MN | 55402 | |
| RBC DOMINION CDS 5002 | ATTN KAREN OLIVERES OR REORG MGR | 200 BAY STREET 6TH FLOOR | ROYAL BANK PLAZA NORTH TOWER | TORONTO | ON | M5J 2W7 | CA |
| ROBERT W BAIRD & CO 0547 | ATTN JAN SUDFELD OR REORG MGR | 777 E WISCONSIN AVENUE | 19TH FLOOR | MILWAUKEE | WI | 53202 | |
| ROBERT W BAIRD & CO 0547 | ATTN TRACY TRENSCH OR REORG MGR | 777 E WISCONSIN AVENUE | | MILWAUKEE | WI | 53202 | |
| SCOTIA CAPITAL INC CDS 5011 | ATTN NORMITA RAMIREZ CORP ACTIONS | DEPT 40 KING STREET WEST | | TORONTO | ON | M5H 1H1 | CA |
| SEI PRIVATE TRUST COMPANY 2663 | ATTN MELVIN ALLISON OR REORG MGR | ONE FREEDOM VALLEY DR | | OAKS | PA | 19456 | |
| SG AMERICAS SECURITIES LLC 0286 | ATTN CHARLES HUGHES OR REORG MGR | 245 PARK AVE | | NEW YORK | NY | 10167 | |
| SOUTHWEST SECURITIES INC 0279 | ATTN DORIS KRAJC OR REORG MGR | 1201 ELM STREET | SUITE 3700 | DALLAS | TX | 75270 | |
| SOUTHWEST SECURITIES INC 0279 | ATTN CHRISTINA FINZEN OR RORG MGR | 1201 ELM STREET | SUITE 3700 | DALLAS | TX | 75270 | |
| SOUTHWEST SECURITIES INC 0279 | ATTN RHONDA JACKSON OR REORG MGR | 1201 ELM STREET | SUITE 3500 | DALLAS | TX | 75270 | |
| SSB BLACKROCK TRUST 2767 | ATTN TRINA ESTREMERA OR REORG MGR | 1776 HERITAGE DRIVE NORTH | | QUINCY | MA | 02171-0000 | |
| SSB FRANK 2399 | ATTN DUSTIN TOPJIAN OR REORG MGR | CORPORATE ACTIONS | 1776 HERITAGE DRIVE | NORTH QUINCY | MA | 02171-0000 | |
| SSB IBT BGI 2767 | ATTN TOM BRODERICK OR REORG MGR | 1776 HERITAGE DRIVE NORTH | | QUINCY | MA | 02171-0000 | |
| SSB&T CO CLIENT CUSTODY SERV 2678 | ATTN MYRIAM PIERVIL OR REORG MGR | 1776 HERITAGE DRIVE NORTH | | QUINCY | MA | 02171-0000 | |
| STATE STREET BANK & TRUST 0997 2319 | ATTN CHRISTINE SULLIVAN OR REORG | MGR CORP ACTIONS JAB5E | 1776 HERITAGE DRIVE | NORTH QUINCY | MA | 02171-0000 | |
| STATE STREET BANK & TRUST 0997 2319 | ATTN MIKE FEELEY ROB RAY OR REORG | MGR CORP ACTIONS JAB5E | 1776 HERITAGE DRIVE | NORTH QUINCY | MA | 02171-0000 | |
| STATE STREET BANK & TRUST ETF 2950 | ATTN MIKE FEELEY ROB RAY OR REORG | MGR CORP ACTIONS JAB5E 1776 | HERITAGE  DRIVE NORTH | QUINCY | MA | 02171-0000 | |
| STIFEL NICOLAUS & CO 0793 | ATTN CHRIS WIEGAND OR REORG MGR | 501 N BROADWAY | 7TH FLOOR STOCK RECORD DEPT | ST  LOUIS | MO | 63102 | |
| STIFEL NICOLAUS & CO 0793 | ATTN CRAIG MCINTOSH OR REORG MGR | 501 N BROADWAY | REORG DEPT | ST  LOUIS | MO | 63102 | |
| STOCKCROSS FINANCIAL 0445 | ATTN ELEANOR PIMENTEL OR REORG MGR | 77 SUMMER STREET 2ND FLOOR | | BOSTON | MA | 02210-0000 | |
| TD AMERITRADE CLEARING INC 0188 | ATTN MANDI FOSTER OR REORG MGR | 1005 NORTH AMERITRADE PLACE | | BELLEVUE | NE | 68005 | |
| TD AMERITRADE CLEARING INC 0188 | ATTN GARY SWAIN OR REORG MGR | 1005 NORTH AMERITRADE PLACE | | BELLEVUE | NE | 68005 | |
| TD WATERHOUSE CDS 5036 | ATTN REORG MANAGER | 77 BLOOR STREET WEST 3RD FLOOR | | TORONTO | ON | M5S 1M2 | CA |
| TEXAS TREASURY SAFEKEEPING 2622 | ATTN JANIE DOMINGUEZ OR REORG MGR | 208 E 10TH ST | ROOM 410 | AUSTIN | TX | 78701 | |
| THE BANK OF NEW YORK MELLON 0901 | ATTN JENNIFER MAY OR REORG MGR | 525 WILLIAM PENN PLACE | SUITE 153 0400 | PITTSBURGH | PA | 15259 | |
| TRADESTATION 0271 | ATTN RICK GORDON OR REORG MGR | CORPORATE ACTIONS DEPARTMENT | 8050 SW 10TH ST SUITE 2000 | PLANTATION | FL | 33324 | |
| U S BANK N A 2803 | ATTN PAUL KUXHAUS OR REORG MGR | 1555 N RIVER CENTER DRIVE SUITE 302 | | MILWAUKEE | WI | 53212 | |
| UBS AG STAMFORD UBS AG LONDON 2507 | ATTN JOSEPH POZOLANTE OR REORG MGR | 315 DEADERICK STREET | | NASHVILLE | TN | 37238 | |
| UBS FINANCIAL SERVICES LLC 0221 | ATTN NEHA SOOD OR REORG MGR | 315 DEADERICK STREET | 5TH FLOOR | NASHVILLE | TN | 37238 | |
| UBS SECURITIES LLC 0642 | ATTN JOSEPH POZOLANTE OR REORG MGR | 315 DEADERICK STREET | | NASHVILLE | TN | 37238 | |
| UBS SECURITIES LLC 0642 | ATTN GREGORY CONTALDI OR REORG MGR | 315 DEADERICK STREET | | NASHVILLE | TN | 37238 | |
| UBS SECURITIES SECURITIES LEN 5284 | ATTN JOSEPH SOMMA OR REORG MGR | 677 WASHINGTON BLVD | | STAMFORD | CT | 06902 0000 | |
| US BANCORP INVESTMENTS INC 0280 | ATTN KEVIN BROWN OR REORG MGR | 60 LIVINGSTON AVENUE | | ST  PAUL | MN | 55107 | |
| VANGUARD 0062 | ATTN CORPORATE ACTION | 100 VANGUARD BLVD | | MALVERN | PA | 19355 | |
| VANGUARD 0062 | ATTN BRANDON R MITCHAM | OR CORPORATE ACTION | 14321 N NORTHSIGHT BLVD | SCOTTSDALE | AZ | 85260 | |
| VISION FINANCIAL MARKETS LLC 0595 | ATTN ANA MARTINEZ MARVIN MONZON | 120 LONG RIDGE ROAD | 3 NORTH | STAMFORD | CT | 06902-0000 | |

Exhibit K
Equity Nominees Service List
Served via Overnight Mail or Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | Postal Code | Country |
|---|---|---|---|---|---|---|---|
| WEDBUSH MORGAN SECURITIES 0103 | ATTN ALAN P FERREIRA OR REORG MGR | 1000 WILSHIRE BLVD | | LOS ANGELES | CA | 90017 | |
| WEDBUSH STOCK LOAN 5166 8199 | ATTN ALAN FERREIRA ORREORG MGR | 1000 WILSHIRE BLVD | SUITE 850 | LOS ANGELES | CA | 90017 | |
| WELLS BANK 2027 | ATTN LORA DAHLE OR REORG MGR | 733 MARQUETTE AVE | MAC N9306 057 5TH FLOOR | MINNEAPOLIS | MN | 55479 | |
| WELLS FARGO BANK N A SIG 2072 | ATTN SCOTT NELLIS OR REORG MGR | 1525 W T HARRIS BLVD | 1ST FLOOR | CHARLOTTE | NC | 28262-8522 | |
| WELLS FARGO SECURITIES 2480 | ATTN STEVE TURNER OR REORG MGR | CORP ACTIONS NC0675 1525 WEST | W T HARRIS BLVD 1B1 | CHARLOTTE | NC | 28262 | |
| WELLS FARGO SECURITIES LLC 0250 | ATTN SCOTT NELLIS OR REORG MGR | CORP ACTIONS MAC D109 010 1525 WST | W T HARRIS BLVD 1B1 | CHARLOTTE | NC | 28262 | |
| WELLS FARGO SECURITIES LLC 0250 | ATTN STEVE TURNER OR REORG MGR | CORP ACTIONS NC0675 1525 WEST | W T HARRIS BLVD 1B1 | CHARLOTTE | NC | 28262 | |
| WELLS FARGO SECURITIES LLC 0250 | ATTN ROBERT MATERA OR REORG MGR | CORP ACTIONS NC0675 1525 WEST | W T HARRIS BLVD 1B1 | CHARLOTTE | NC | 28262 | |

**Exhibit L**

Exhibit L
Registered Holders Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE |
|---|---|---|---|---|---|---|---|
| 10687912 | A CHRIS COATS | ADDRESS ON FILE | | | | | |
| 10688003 | A COLIN ARMSTRONG | ADDRESS ON FILE | | | | | |
| 10687832 | A M BODFORD | ADDRESS ON FILE | | | | | |
| 10687858 | A VIETZE | ADDRESS ON FILE | | | | | |
| 10688156 | A VIETZE | ADDRESS ON FILE | | | | | |
| 10688303 | A WOOLCOCK | ADDRESS ON FILE | | | | | |
| 10688179 | ALEXANDER J ESPOSITO & LINDA C ESPOSITO JT TEN | ADDRESS ON FILE | | | | | |
| 10687839 | ALEXANDER TAIT | ADDRESS ON FILE | | | | | |
| 10687979 | ALEXANDRE STROHSCHOEN | ADDRESS ON FILE | | | | | |
| 10687987 | ALEXANDRE STROHSCHOEN | ADDRESS ON FILE | | | | | |
| 10687880 | ALICE D FREEMAN CUST | ADDRESS ON FILE | | | | | |
| 10687919 | ALICE D FREEMAN CUST | ADDRESS ON FILE | | | | | |
| 10688083 | ALICE P WILLIS | ADDRESS ON FILE | | | | | |
| 10687893 | ALLEN T JONES | ADDRESS ON FILE | | | | | |
| 10687886 | ALLEN W WILLIAMS | ADDRESS ON FILE | | | | | |
| 10688182 | ALLEN W WILLIAMS | ADDRESS ON FILE | | | | | |
| 10688275 | ALLENE T MORTON | ADDRESS ON FILE | | | | | |
| 10688148 | AMBROSE BOLLING | ADDRESS ON FILE | | | | | |
| 10688169 | AMIR GEHL | ADDRESS ON FILE | | | | | |
| 10688200 | ANDREW DAVID BROWNE | ADDRESS ON FILE | | | | | |
| 10688326 | ANN T GUPTON | ADDRESS ON FILE | | | | | |
| 10688133 | ANN W ROGERS | ADDRESS ON FILE | | | | | |
| 10688259 | ANNA O RUFFIN | ADDRESS ON FILE | | | | | |
| 10688060 | ANNE M FIELDS | ADDRESS ON FILE | | | | | |
| 10688144 | ANNI BRANDT RISUM | ADDRESS ON FILE | | | | | |
| 10688073 | ANTHONY JOHN KINGSTON | ADDRESS ON FILE | | | | | |
| 10688122 | ANTHONY WILLIAM DILLON | ADDRESS ON FILE | | | | | |
| 10688048 | ANTORRYA B CALDERON | ADDRESS ON FILE | | | | | |
| 10688125 | ARTHUR DAVID HODGES | ADDRESS ON FILE | | | | | |
| 10687834 | B JOHNSON-HILL | ADDRESS ON FILE | | | | | |
| 10688079 | BAKERY CONFECTIONERY & TOBACCO WORKERS INTERNATIONAL UNION | ADDRESS ON FILE | | | | | |
| 10687945 | BARBARA WINN FREEZE | ADDRESS ON FILE | | | | | |
| 10688229 | BARRY R LERNER & KIM B LERNER JT TEN | ADDRESS ON FILE | | | | | |
| 10687905 | BELINDA BAKER | ADDRESS ON FILE | | | | | |
| 10688209 | BELINDA BAKER | ADDRESS ON FILE | | | | | |
| 10687997 | BENJAMIN HOLT WARD | ADDRESS ON FILE | | | | | |
| 10688074 | BENNY RAY GUILL | ADDRESS ON FILE | | | | | |
| 10687884 | BENTON F TUCK | ADDRESS ON FILE | | | | | |
| 10688212 | BETTY BURNSIDE | ADDRESS ON FILE | | | | | |
| 10687974 | BEULAH M PRITCHETT | ADDRESS ON FILE | | | | | |
| 10688325 | BEVERLEY S DOJONOVIC | ADDRESS ON FILE | | | | | |
| 10687960 | BEVERLY GRANT | ADDRESS ON FILE | | | | | |
| 10688327 | BILLY E GUPTON | ADDRESS ON FILE | | | | | |
| 10687891 | BILLY G STONE | ADDRESS ON FILE | | | | | |
| 10687968 | BILLY T PARRISH | ADDRESS ON FILE | | | | | |
| 10688257 | BOBBY DALE WELLS | ADDRESS ON FILE | | | | | |
| 10688049 | BONITA L FINNEY | ADDRESS ON FILE | | | | | |
| 10688084 | BRENDA C CLINE | ADDRESS ON FILE | | | | | |
| 10687944 | BRENDA G ADKINS | ADDRESS ON FILE | | | | | |
| 10688129 | BRENDA J MABE | ADDRESS ON FILE | | | | | |
| 10688107 | BRENDA W ERICKSON | ADDRESS ON FILE | | | | | |
| 10688217 | BRIAN HARKER | ADDRESS ON FILE | | | | | |
| 10688289 | BRIAN MICHAEL CLARK | ADDRESS ON FILE | | | | | |
| 10688121 | BRIAN PETER COWMAN | ADDRESS ON FILE | | | | | |
| 10688521 | BRIGHTLEAF TOBACCO CO | ADDRESS ON FILE | | | | | |
| 10688035 | BRUCE L MORRISON | ADDRESS ON FILE | | | | | |
| 10687920 | C PHILLIP WELLS III | ADDRESS ON FILE | | | | | |
| 10688266 | CARL GRAHAM NORTH | ADDRESS ON FILE | | | | | |
| 10688050 | CAROLYN F ANDERSON | ADDRESS ON FILE | | | | | |
| 10687869 | CATHERINE M GREEN | ADDRESS ON FILE | | | | | |
| 10687870 | CATHERINE M GREEN | ADDRESS ON FILE | | | | | |
| 10688171 | CATHERINE M GREEN | ADDRESS ON FILE | | | | | |

Exhibit L
Registered Holders Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE |
|-------|------|-----------|-----------|-----------|-----------|------|-------|
| 10688172 | CATHERINE M GREEN | ADDRESS ON FILE | | | | | |
| 10688314 | CATHERINE M GREEN | ADDRESS ON FILE | | | | | |
| 10687850 | CHAMPION PROPERTIES INC | ADDRESS ON FILE | | | | | |
| 10688072 | CHARLENE TEIPNER | ADDRESS ON FILE | | | | | |
| 10688149 | CHARLES A BORGERT | ADDRESS ON FILE | | | | | |
| 10687934 | CHARLES CHRISTOPHER MAYHEW & MARYBETH S MAYHEW TEN COM | ADDRESS ON FILE | | | | | |
| 10687928 | CHARLES CHRISTOPHER MAYHEW JR | ADDRESS ON FILE | | | | | |
| 10687902 | CHARLES E GOODAKER | ADDRESS ON FILE | | | | | |
| 10688078 | CHARLES ESTES MCDOWELL | ADDRESS ON FILE | | | | | |
| 10688187 | CHARLES PRESTON MCELHENEY JR | ADDRESS ON FILE | | | | | |
| 10687942 | CHARLES R VANDIFORD | ADDRESS ON FILE | | | | | |
| 10688216 | CHRIS WHITFIELD | ADDRESS ON FILE | | | | | |
| 10687981 | CHRISTIAN CYPHER III | ADDRESS ON FILE | | | | | |
| 10688306 | CHRISTIE B BAILEY | ADDRESS ON FILE | | | | | |
| 10688033 | CHRISTOPHER DUNN | ADDRESS ON FILE | | | | | |
| 10688057 | CHRISTOPHER R CASTLE | ADDRESS ON FILE | | | | | |
| 10688310 | CHRISTOPHER VERDEN FEWINGS | ADDRESS ON FILE | | | | | |
| 10688225 | CINDY B WOOLARD | ADDRESS ON FILE | | | | | |
| 10688051 | CITY WAUPUN | ADDRESS ON FILE | | | | | |
| 10687846 | CLARA C BOBBITT | ADDRESS ON FILE | | | | | |
| 10687913 | CLARA M HERNDON | ADDRESS ON FILE | | | | | |
| 10688095 | CLARENCE COVELL | ADDRESS ON FILE | | | | | |
| 10688292 | CLARENCE LEWIS DICKERSON | ADDRESS ON FILE | | | | | |
| 10688087 | CLARENCE THOMAS WILLIFORD JR TTEE | ADDRESS ON FILE | | | | | |
| 10688031 | CLAUDE B ELAM | ADDRESS ON FILE | | | | | |
| 10688108 | COLIN ARCHIBALD | ADDRESS ON FILE | | | | | |
| 10687996 | COLIN ARCHIBALD | ADDRESS ON FILE | | | | | |
| 10688302 | CONSTANTIN VON ESEBECK | ADDRESS ON FILE | | | | | |
| 10688236 | CORNELIUS JOHANNES MANS | ADDRESS ON FILE | | | | | |
| 10687906 | CURTIS E BROOKS | ADDRESS ON FILE | | | | | |
| 10688026 | CYNTHIA ALLEN BARNETT | ADDRESS ON FILE | | | | | |
| 10687938 | CYNTHIA RAE WARNKE | ADDRESS ON FILE | | | | | |
| 10687837 | D C BLUNT | ADDRESS ON FILE | | | | | |
| 10688268 | DAN W ROBBINS | ADDRESS ON FILE | | | | | |
| 10688019 | DANIEL B SMITH | ADDRESS ON FILE | | | | | |
| 10688124 | DAVID ALLAN HIRD | ADDRESS ON FILE | | | | | |
| 10688311 | DAVID B JAY CUST | ADDRESS ON FILE | | | | | |
| 10688227 | DAVID GOLD | ADDRESS ON FILE | | | | | |
| 10688242 | DAVID JAMES ROBINSON SR | ADDRESS ON FILE | | | | | |
| 10688234 | DAVID KAY | ADDRESS ON FILE | | | | | |
| 10688178 | DAVID R EAGLE | ADDRESS ON FILE | | | | | |
| 10687901 | DAVID W GAYK | ADDRESS ON FILE | | | | | |
| 10688232 | DEBBIE MCCANN | ADDRESS ON FILE | | | | | |
| 10688065 | DEE C OWEN | ADDRESS ON FILE | | | | | |
| 10687970 | DELBERT V RHODES & LAVERNE W RHODES JT TEN | ADDRESS ON FILE | | | | | |
| 10688158 | DENNIS A WALLACE | ADDRESS ON FILE | | | | | |
| 10688300 | DENNIS M BRYANT CUST | ADDRESS ON FILE | | | | | |
| 10688123 | DEON RYAN HAIGH | ADDRESS ON FILE | | | | | |
| 10688309 | DIMITRIOS VASSILIOS FESSAS | ADDRESS ON FILE | | | | | |
| 10688207 | DINNA M HAMILTON | ADDRESS ON FILE | | | | | |
| 10688058 | DOLORES D MOORE | ADDRESS ON FILE | | | | | |
| 10687851 | DONALD T WILLIAMS | ADDRESS ON FILE | | | | | |
| 10688110 | DONALD W BERRIER | ADDRESS ON FILE | | | | | |
| 10688138 | DONNA L VICK | ADDRESS ON FILE | | | | | |
| 10688215 | DOUGLAS CONRAN | ADDRESS ON FILE | | | | | |
| 10688132 | DOUGLAS J CONRAN | ADDRESS ON FILE | | | | | |
| 10688276 | DOUGLAS M MUNRO | ADDRESS ON FILE | | | | | |
| 10687857 | DUNCAN MEECH | ADDRESS ON FILE | | | | | |
| 10688180 | EARL B FORBES | ADDRESS ON FILE | | | | | |
| 10687993 | EDUARDO RENNER | ADDRESS ON FILE | | | | | |
| 10688323 | EDWARD J COZART | ADDRESS ON FILE | | | | | |
| 10688099 | EDWARD LANG HUNTER | ADDRESS ON FILE | | | | | |

Exhibit L
Registered Holders Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE |
|---|---|---|---|---|---|---|---|
| 10688140 | EDWARD M KENNEY JR | ADDRESS ON FILE | | | | | |
| 10688324 | EDWARD T DANCY IV | ADDRESS ON FILE | | | | | |
| 10688009 | EKKHARD BEUTHNER | ADDRESS ON FILE | | | | | |
| 10688092 | ELEANOR MARCUS | ADDRESS ON FILE | | | | | |
| 10687925 | ELIZABETH BECK TURNER | ADDRESS ON FILE | | | | | |
| 10687967 | ELIZABETH D STONE | ADDRESS ON FILE | | | | | |
| 10687903 | ELIZABETH HARRIS | ADDRESS ON FILE | | | | | |
| 10687926 | ELIZABETH LYNN MAYHEW | ADDRESS ON FILE | | | | | |
| 10688022 | ELIZABETH M POWELL | ADDRESS ON FILE | | | | | |
| 10688096 | ELLEN S WHITE | ADDRESS ON FILE | | | | | |
| 10688077 | ELLEN W POWELL | ADDRESS ON FILE | | | | | |
| 10688088 | ELSIE M LOVELACE | ADDRESS ON FILE | | | | | |
| 10688170 | EREZ GEHL | ADDRESS ON FILE | | | | | |
| 10687939 | ERICA WARREN THOMSON | ADDRESS ON FILE | | | | | |
| 10688262 | ERWIN SADLER | ADDRESS ON FILE | | | | | |
| 10688199 | ETTA G BROWN | ADDRESS ON FILE | | | | | |
| 10688130 | FIONA K CAMPBELL & COLIN D CAMPBELL JT TEN | ADDRESS ON FILE | | | | | |
| 10688297 | FRANCES SANDRA BARNHILL | ADDRESS ON FILE | | | | | |
| 10688001 | FRANCES T WEATHERFORD | ADDRESS ON FILE | | | | | |
| 10687831 | FRANCIS J TRUNZO III | ADDRESS ON FILE | | | | | |
| 10687894 | FRANKIE W KENDALL | ADDRESS ON FILE | | | | | |
| 10688161 | FRANZ DEMEULEMEESTER | ADDRESS ON FILE | | | | | |
| 10687929 | FRED HUNTER | ADDRESS ON FILE | | | | | |
| 10687907 | G TERRELL CONNELLY JR | ADDRESS ON FILE | | | | | |
| 10687852 | GARY D STEINER | ADDRESS ON FILE | | | | | |
| 10687898 | GARY L MOOREFIELD & MYRA S MOOREFIELD JT TEN | ADDRESS ON FILE | | | | | |
| 10688188 | GARY L MOOREFIELD & MYRA S MOOREFIELD JT TEN | ADDRESS ON FILE | | | | | |
| 10688239 | GEOFFREY M STOOKE | ADDRESS ON FILE | | | | | |
| 10688258 | GEORGE B WHITAKER III | ADDRESS ON FILE | | | | | |
| 10688315 | GEORGE C KOCHMAN JR CUST | ADDRESS ON FILE | | | | | |
| 10688224 | GEORGE W MOORE | ADDRESS ON FILE | | | | | |
| 10688166 | GEORGE W NEAL JR | ADDRESS ON FILE | | | | | |
| 10687985 | GERHARD LUTZ | ADDRESS ON FILE | | | | | |
| 10687988 | GERHARD LUTZ | ADDRESS ON FILE | | | | | |
| 10687845 | GERRY COLLINS | ADDRESS ON FILE | | | | | |
| 10688305 | GIOVANNI C ALIBERTI | ADDRESS ON FILE | | | | | |
| 10688201 | GLENDA J COATS | ADDRESS ON FILE | | | | | |
| 10687859 | GLORIA DENICE WARNER | ADDRESS ON FILE | | | | | |
| 10688127 | GLORIA DENICE WARNER | ADDRESS ON FILE | | | | | |
| 10687958 | GRAEME D F PATTINSON ESQ | ADDRESS ON FILE | | | | | |
| 10688152 | GRAHAM JOHN KAYES | ADDRESS ON FILE | | | | | |
| 10687853 | GREAT LAKES & GULF COAST PROPERTIES IN | ADDRESS ON FILE | | | | | |
| 10688221 | GREGG LUGVIEL | ADDRESS ON FILE | | | | | |
| 10688253 | GREGORY S SYNDER | ADDRESS ON FILE | | | | | |
| 10687940 | GREGORY SAMUEL SNYDER | ADDRESS ON FILE | | | | | |
| 10688006 | GREIG CHANNON | ADDRESS ON FILE | | | | | |
| 10688011 | GUILHERME STEFFEN | ADDRESS ON FILE | | | | | |
| 10687856 | GUNTER DIEDERICHS | ADDRESS ON FILE | | | | | |
| 10688043 | GUY FRANKLIN SURTEES | ADDRESS ON FILE | | | | | |
| 10687992 | GWENDOLYN GILLIAM | ADDRESS ON FILE | | | | | |
| 10688135 | H F SAUNDERS | ADDRESS ON FILE | | | | | |
| 10688002 | H PEYTON GREEN III | ADDRESS ON FILE | | | | | |
| 10687844 | H PLEIMANN | ADDRESS ON FILE | | | | | |
| 10688150 | HAIL & COTTON INC | ADDRESS ON FILE | | | | | |
| 10688142 | HAMPTON R POOLE JR | ADDRESS ON FILE | | | | | |
| 10688145 | HANS HENRIK BAARK | ADDRESS ON FILE | | | | | |
| 10688013 | HARRY R WELLS | ADDRESS ON FILE | | | | | |
| 10688261 | HARVEY B RUFFIN | ADDRESS ON FILE | | | | | |
| 10688260 | HARVEY B RUFFIN III | ADDRESS ON FILE | | | | | |
| 10688119 | HENRY C BABB | ADDRESS ON FILE | | | | | |
| 10688007 | HERMAN VAN LIERDE | ADDRESS ON FILE | | | | | |
| 10688015 | HERMINIA L SANTOS | ADDRESS ON FILE | | | | | |

Exhibit L
Registered Holders Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE |
|---|---|---|---|---|---|---|---|
| 10688206 | HORACE L GUILL SR | ADDRESS ON FILE | | | | | |
| 10688295 | HORACE M BAKER JR | ADDRESS ON FILE | | | | | |
| 10688219 | HOWARD C CORUM | ADDRESS ON FILE | | | | | |
| 10688308 | HUGH M ENSOR | ADDRESS ON FILE | | | | | |
| 10688004 | HYON-JU SHIN | ADDRESS ON FILE | | | | | |
| 10688094 | IAN ADAMSON | ADDRESS ON FILE | | | | | |
| 10688222 | INES M CALDERON | ADDRESS ON FILE | | | | | |
| 10687862 | INEZ ROEDIGER TR | ADDRESS ON FILE | | | | | |
| 10687977 | IRNO L MALLMANN | ADDRESS ON FILE | | | | | |
| 10687986 | IRNO L MALLMANN | ADDRESS ON FILE | | | | | |
| 10688330 | J BOBBY RASCOE | ADDRESS ON FILE | | | | | |
| 10688168 | J CARL PARSONS | ADDRESS ON FILE | | | | | |
| 10687910 | J L F DE MEYERE | ADDRESS ON FILE | | | | | |
| 10688193 | J L F DE MEYERE | ADDRESS ON FILE | | | | | |
| 10688254 | J M THRESHIE | ADDRESS ON FILE | | | | | |
| 10688070 | J PIETER SIKKEL | ADDRESS ON FILE | | | | | |
| 10687861 | J RICHARD JAMIESON | ADDRESS ON FILE | | | | | |
| 10688250 | J TERRANCE WRIGHT | ADDRESS ON FILE | | | | | |
| 10688291 | JACQUES DELAR | ADDRESS ON FILE | | | | | |
| 10688312 | JAG MURRAY | ADDRESS ON FILE | | | | | |
| 10688184 | JAMES A COOLEY | ADDRESS ON FILE | | | | | |
| 10688081 | JAMES A MOTLEY | ADDRESS ON FILE | | | | | |
| 10688147 | JAMES B BLACKBURN | ADDRESS ON FILE | | | | | |
| 10688196 | JAMES B LEWIS JR | ADDRESS ON FILE | | | | | |
| 10688137 | JAMES DAVID TURQUAND-YOUNG | ADDRESS ON FILE | | | | | |
| 10688139 | JAMES E HARDISON | ADDRESS ON FILE | | | | | |
| 10688175 | JAMES H BROWN JR | ADDRESS ON FILE | | | | | |
| 10688068 | JAMES L THOMAS & LEVON R THOMAS JT TEN | ADDRESS ON FILE | | | | | |
| 10687875 | JAMES S ADKINS | ADDRESS ON FILE | | | | | |
| 10688294 | JAN PETER ECKSTEIN | ADDRESS ON FILE | | | | | |
| 10687969 | JANE M BLOOMER | ADDRESS ON FILE | | | | | |
| 10688287 | JANELLA ELIZABETH CATHERINE GLOVER | ADDRESS ON FILE | | | | | |
| 10688204 | JANIE N DAY | ADDRESS ON FILE | | | | | |
| 10688028 | JASON W TATE | ADDRESS ON FILE | | | | | |
| 10688029 | JASON W TATE | ADDRESS ON FILE | | | | | |
| 10687892 | JASON W TATE JR | ADDRESS ON FILE | | | | | |
| 10688191 | JASON W TATE JR | ADDRESS ON FILE | | | | | |
| 10687881 | JASON W TATE JR CUST | ADDRESS ON FILE | | | | | |
| 10687882 | JASON W TATE JR CUST | ADDRESS ON FILE | | | | | |
| 10688181 | JASON W TATE JR CUST | ADDRESS ON FILE | | | | | |
| 10688192 | JASON W TATE JR CUST | ADDRESS ON FILE | | | | | |
| 10687973 | JEAN P WARE | ADDRESS ON FILE | | | | | |
| 10688237 | JEAN-MARIE RABEISEN | ADDRESS ON FILE | | | | | |
| 10688246 | JEAN-RENE D'ABBADIE | ADDRESS ON FILE | | | | | |
| 10688021 | JEFFREY A SILVER | ADDRESS ON FILE | | | | | |
| 10688177 | JEFFREY K CONYERS | ADDRESS ON FILE | | | | | |
| 10687953 | JEFFREY L MILAM | ADDRESS ON FILE | | | | | |
| 10688064 | JERRY M FRANK | ADDRESS ON FILE | | | | | |
| 10688277 | JERRY W HOWELL | ADDRESS ON FILE | | | | | |
| 10687931 | JERRYE E MAYHEW | ADDRESS ON FILE | | | | | |
| 10688066 | JESSE EARLE OWEN | ADDRESS ON FILE | | | | | |
| 10687932 | JESSE W MAYHEW | ADDRESS ON FILE | | | | | |
| 10688090 | JESSIE BURTON | ADDRESS ON FILE | | | | | |
| 10687933 | JESSIE W MAYHEW JR | ADDRESS ON FILE | | | | | |
| 10688046 | JIMMY L THOMAS & JANINE D THOMAS JT TEN | ADDRESS ON FILE | | | | | |
| 10688010 | JIN WANG | ADDRESS ON FILE | | | | | |
| 10687959 | JODY EDWARD TATE | ADDRESS ON FILE | | | | | |
| 10688045 | JOEL L THOMAS | ADDRESS ON FILE | | | | | |
| 10688163 | JOHN B LUCAS | ADDRESS ON FILE | | | | | |
| 10688134 | JOHN B ROYLE | ADDRESS ON FILE | | | | | |
| 10687888 | JOHN G NAPIER | ADDRESS ON FILE | | | | | |
| 10688318 | JOHN L BESANTE JR | ADDRESS ON FILE | | | | | |

Exhibit L
Registered Holders Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE |
|---|---|---|---|---|---|---|---|
| 10687956 | JOHN L COLE & SHELIA A COLE JT TEN | ADDRESS ON FILE | | | | | |
| 10688128 | JOHN L WHITLEY | ADDRESS ON FILE | | | | | |
| 10688039 | JOHN LUBBERTS | ADDRESS ON FILE | | | | | |
| 10688076 | JOHN M GILBERT | ADDRESS ON FILE | | | | | |
| 10688211 | JOHN M HINES | ADDRESS ON FILE | | | | | |
| 10688055 | JOHN M KIRSCH & CHARLOTTE L KIRSCH JT TEN | ADDRESS ON FILE | | | | | |
| 10688024 | JOHN MARSHALL THOMAS | ADDRESS ON FILE | | | | | |
| 10688093 | JOHN MILLER | ADDRESS ON FILE | | | | | |
| 10687978 | JOHN RYAN | ADDRESS ON FILE | | | | | |
| 10688080 | JOHN V HUNTER III | ADDRESS ON FILE | | | | | |
| 10688041 | JOHN W ALDERSON | ADDRESS ON FILE | | | | | |
| 10688146 | JOHN W BEEM | ADDRESS ON FILE | | | | | |
| 10688238 | JOHN WARWICK SALTER | ADDRESS ON FILE | | | | | |
| 10687909 | JON DAVEY & ELIZABETH DAVEY JT TEN | ADDRESS ON FILE | | | | | |
| 10688283 | JONAH S ELLIS | ADDRESS ON FILE | | | | | |
| 10687911 | JONATHAN AVERY GROSE | ADDRESS ON FILE | | | | | |
| 10688105 | JOSEPH L LANIER JR | ADDRESS ON FILE | | | | | |
| 10688240 | JOSEPH L MORRISON | ADDRESS ON FILE | | | | | |
| 10688198 | JOSEPH S LUNSFORD | ADDRESS ON FILE | | | | | |
| 10688176 | JOYCE BOATWRIGHT COLE | ADDRESS ON FILE | | | | | |
| 10688286 | JOYSA WOOD GILBREATH | ADDRESS ON FILE | | | | | |
| 10687915 | JUDITH T WOODELL | ADDRESS ON FILE | | | | | |
| 10687964 | JUDY H CLEATON | ADDRESS ON FILE | | | | | |
| 10688053 | JULIANA IRINA SPIES PERMINOW | ADDRESS ON FILE | | | | | |
| 10688151 | JURGEN W JOHANSSEN | ADDRESS ON FILE | | | | | |
| 10688264 | K GLENN STANLEY | ADDRESS ON FILE | | | | | |
| 10688159 | KAREN GILES WALLACE | ADDRESS ON FILE | | | | | |
| 10687998 | KARL E ANDERSEN JR | ADDRESS ON FILE | | | | | |
| 10687975 | KARON AKERS KETTERMAN | ADDRESS ON FILE | | | | | |
| 10687885 | KATHERINE M TURNER | ADDRESS ON FILE | | | | | |
| 10688063 | KATHRYN BENTON WYATT | ADDRESS ON FILE | | | | | |
| 10688030 | KATHY T SURGES | ADDRESS ON FILE | | | | | |
| 10688023 | KEITH H MERRICK | ADDRESS ON FILE | | | | | |
| 10688220 | KELVIN R LAFAYETTE | ADDRESS ON FILE | | | | | |
| 10687980 | KEN LANGLEY | ADDRESS ON FILE | | | | | |
| 10688235 | KENELM MARK JOHNSON-HILL | ADDRESS ON FILE | | | | | |
| 10687946 | KENELM MARK JOHNSON-HILL | ADDRESS ON FILE | | | | | |
| 10688195 | KENNETH FORD | ADDRESS ON FILE | | | | | |
| 10687864 | KENNETH R WILKERSON CUST | ADDRESS ON FILE | | | | | |
| 10687830 | KEVIN M ZIELINSKI | ADDRESS ON FILE | | | | | |
| 10687855 | KEVIN MARTIN | ADDRESS ON FILE | | | | | |
| 10687923 | KEVIN MEURET | ADDRESS ON FILE | | | | | |
| 10688280 | KEVIN R MCLEAN | ADDRESS ON FILE | | | | | |
| 10688281 | KEVIN R MCLEAN | ADDRESS ON FILE | | | | | |
| 10687983 | KIM BATCHELER | ADDRESS ON FILE | | | | | |
| 10688320 | KIMBERLY COATS ADAMS | ADDRESS ON FILE | | | | | |
| 10688025 | KIPPY CASSELL CUST | ADDRESS ON FILE | | | | | |
| 10687840 | KIRK THOMAS MILAM | ADDRESS ON FILE | | | | | |
| 10688299 | L BOOYSEN | ADDRESS ON FILE | | | | | |
| 10688183 | L D WORTHINGTON III | ADDRESS ON FILE | | | | | |
| 10688244 | L WAYNE CRAWFORD | ADDRESS ON FILE | | | | | |
| 10688296 | LANETTE W BAKER | ADDRESS ON FILE | | | | | |
| 10688288 | LARRY H GLOVER | ADDRESS ON FILE | | | | | |
| 10688278 | LARRY KENN HUDSON | ADDRESS ON FILE | | | | | |
| 10687947 | LARRY S WOOD | ADDRESS ON FILE | | | | | |
| 10688037 | LARRY W SHARP & HELEN P SHARP JT TEN | ADDRESS ON FILE | | | | | |
| 10688282 | LAURA J MCLEAN | ADDRESS ON FILE | | | | | |
| 10688062 | LAURA JONES | ADDRESS ON FILE | | | | | |
| 10688271 | LAURA MCLEAN CUST | ADDRESS ON FILE | | | | | |
| 10688273 | LAURA MCLEAN CUST | ADDRESS ON FILE | | | | | |
| 10687854 | LAWRENCE FALATER & DELPHINE FALATER JT TEN | ADDRESS ON FILE | | | | | |
| 10688097 | LAWRENCE FALATER & DELPHINE FALATER JT TEN | ADDRESS ON FILE | | | | | |

Exhibit L
Registered Holders Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE |
|---|---|---|---|---|---|---|---|
| 10688285 | LAWRENCE P FLEMING JR | ADDRESS ON FILE | | | | | |
| 10687900 | LEAH ANN FITZGERALD | ADDRESS ON FILE | | | | | |
| 10688194 | LEAH ANN FITZGERALD | ADDRESS ON FILE | | | | | |
| 10688186 | LEIGH ANNE BRAY | ADDRESS ON FILE | | | | | |
| 10687863 | LEWIS C REESE | ADDRESS ON FILE | | | | | |
| 10688020 | LINDA J VERNON | ADDRESS ON FILE | | | | | |
| 10687848 | LIONEL H SMALL | ADDRESS ON FILE | | | | | |
| 10688252 | LLOYD B MARTIN JR | ADDRESS ON FILE | | | | | |
| 10688113 | LLOYD WILLIAMS | ADDRESS ON FILE | | | | | |
| 10687876 | LOIS M DAVIS & RONALD E DAVIS JT TEN | ADDRESS ON FILE | | | | | |
| 10687994 | LORENZO TONELLI | ADDRESS ON FILE | | | | | |
| 10688059 | LOUIS E SHARP | ADDRESS ON FILE | | | | | |
| 10688141 | LOUIS G ONEAL | ADDRESS ON FILE | | | | | |
| 10687982 | LUIS DE AZUA | ADDRESS ON FILE | | | | | |
| 10688098 | MADGE P JERNIGAN | ADDRESS ON FILE | | | | | |
| 10688230 | MARGARET LAURA LOWE | ADDRESS ON FILE | | | | | |
| 10687836 | MARK KEHAYA TRUSTEE | ADDRESS ON FILE | | | | | |
| 10687847 | MARK MOULTON | ADDRESS ON FILE | | | | | |
| 10688091 | MARK MOULTON | ADDRESS ON FILE | | | | | |
| 10687868 | MARK W KEHAYA | ADDRESS ON FILE | | | | | |
| 10688101 | MARK WRIGHT | ADDRESS ON FILE | | | | | |
| 10687924 | MARSHALL WOLF | ADDRESS ON FILE | | | | | |
| 10687908 | MARTIN C DANIEL | ADDRESS ON FILE | | | | | |
| 10687995 | MARTIN R WADE III | ADDRESS ON FILE | | | | | |
| 10687936 | MARY A WILLIAMS EXECUTOR | ADDRESS ON FILE | | | | | |
| 10688279 | MARY BALL MASSEY | ADDRESS ON FILE | | | | | |
| 10688016 | MARY E BUCZKOWSKI | ADDRESS ON FILE | | | | | |
| 10688120 | MARY E BURKS | ADDRESS ON FILE | | | | | |
| 10688056 | MARY R MARSHALL | ADDRESS ON FILE | | | | | |
| 10687871 | MASON KENT HARRIS & WESTER GERALD | ADDRESS ON FILE | | | | | |
| 10688173 | MASON KENT HARRIS & WESTER GERALD | ADDRESS ON FILE | | | | | |
| 10688197 | MATTHEW V LILES | ADDRESS ON FILE | | | | | |
| 10688245 | MAURICE G WHITLOW | ADDRESS ON FILE | | | | | |
| 10688034 | MAZIE MATTHEWS LAURENCE | ADDRESS ON FILE | | | | | |
| 10687966 | MELVIN T WILSON & BILLY J WILSON JT TEN | ADDRESS ON FILE | | | | | |
| 10687860 | MEREDITH ANNE INGRAM | ADDRESS ON FILE | | | | | |
| 10687935 | MIAL B WOODARD | ADDRESS ON FILE | | | | | |
| 10688248 | MIAL B WOODARD | ADDRESS ON FILE | | | | | |
| 10688329 | MICHAEL E POOLE | ADDRESS ON FILE | | | | | |
| 10688106 | MICHAEL T FLEMING & BARBARA R FLEMING TTEES | ADDRESS ON FILE | | | | | |
| 10687971 | MICHEL JEAN FERAT & ANNE MARIE FERAT JT TEN | ADDRESS ON FILE | | | | | |
| 10688085 | MIKE ROBERTS | ADDRESS ON FILE | | | | | |
| 10688228 | MORGAN SMITH FINANCIAL SERVICE | ADDRESS ON FILE | | | | | |
| 10688012 | MRS HELEN JANE ARMSTRONG | ADDRESS ON FILE | | | | | |
| 10687833 | NAN DAVIDSON | ADDRESS ON FILE | | | | | |
| 10688036 | NANCY ELLEN ZIMMERMAN | ADDRESS ON FILE | | | | | |
| 10687899 | NANCY F FELIX | ADDRESS ON FILE | | | | | |
| 10687943 | NANCY KATHERINE ANDERSON LINDQUIST | ADDRESS ON FILE | | | | | |
| 10688114 | NICK TRATARIS | ADDRESS ON FILE | | | | | |
| 10688109 | NICOLE R HOLLEY | ADDRESS ON FILE | | | | | |
| 10687984 | NINOS HADJIGERIOU | ADDRESS ON FILE | | | | | |
| 10687828 | OLD DOMINION & CO | ADDRESS ON FILE | | | | | |
| 10688272 | OLIVIA M MCLEAN | ADDRESS ON FILE | | | | | |
| 10687667 | P C DOM | ADDRESS ON FILE | | | | | |
| 10688162 | P C DOM | ADDRESS ON FILE | | | | | |
| 10688153 | P KIEWERT | ADDRESS ON FILE | | | | | |
| 10687999 | PAMELA SHIELDS | ADDRESS ON FILE | | | | | |
| 10687916 | PATRICIA M ALLEN & DON R ALLEN JT TEN | ADDRESS ON FILE | | | | | |
| 10688071 | PATRICIA P BURTON | ADDRESS ON FILE | | | | | |
| 10687843 | PAUL H BICQUE | ADDRESS ON FILE | | | | | |
| 10688223 | PAUL LA MONACA | ADDRESS ON FILE | | | | | |
| 10687872 | PAUL MOSCHLER | ADDRESS ON FILE | | | | | |

Exhibit L
Registered Holders Service List
Served via First Class Mail

| MMLID | NAME | ADDRESS 1 | ADDRESS 2 | ADDRESS 3 | ADDRESS 4 | CITY | STATE |
|---|---|---|---|---|---|---|---|
| 10688214 | PAUL TABERER | ADDRESS ON FILE | | | | | |
| 10688112 | PAULETTE KANKHWENDE | ADDRESS ON FILE | | | | | |
| 10688069 | PEGGY B WILSON | ADDRESS ON FILE | | | | | |
| 10687849 | PENNY HALL JARRELL EXEC | ADDRESS ON FILE | | | | | |
| 10688265 | PETER A MUNRO | ADDRESS ON FILE | | | | | |
| 10688251 | PETER DOROSHUK | ADDRESS ON FILE | | | | | |
| 10687941 | PHILLIP F PROPST | ADDRESS ON FILE | | | | | |
| 10687918 | PHILLIP HAIRSTON | ADDRESS ON FILE | | | | | |
| 10688104 | PHYLLIS P RAINES | ADDRESS ON FILE | | | | | |
| 10687889 | POQUOSON TRIBE 124 | ADDRESS ON FILE | | | | | |
| 10687921 | R ROBINSON & C ROBINSON TR UA 05/28/05 | ADDRESS ON FILE | | | | | |
| 10688210 | R WAYNE BRAY | ADDRESS ON FILE | | | | | |
| 10688067 | RALPH S GIBSON | ADDRESS ON FILE | | | | | |
| 10688040 | RAY FAASEN | ADDRESS ON FILE | | | | | |
| 10687927 | REBECCA CELESTE MAYHEW | ADDRESS ON FILE | | | | | |
| 10688322 | REGINA V CALVERT | ADDRESS ON FILE | | | | | |
| 10687866 | REUBEN E. MATHEWS & DONNA G. MATHEWS JT TEN | ADDRESS ON FILE | | | | | |
| 10688190 | RHONDA W SEAMSTER | ADDRESS ON FILE | | | | | |
| 10687950 | RICHARD C GREEN | ADDRESS ON FILE | | | | | |
| 10687951 | RICHARD C GREEN & PAMELA C GREEN JT TEN | ADDRESS ON FILE | | | | | |
| 10687989 | RICHARD D HARRIS JR | ADDRESS ON FILE | | | | | |
| 10688014 | RICHARD KATZ & BETTY KATZ JT TEN | ADDRESS ON FILE | | | | | |

**<u>Exhibit M</u>**

Exhibit M
Nominees and Depository Service List
Served via Email

| Name | Email |
|---|---|
| Broadridge | BBTRProxyOps@broadridge.com; BankruptcyJobs@broadridge.com |
| Clearstream | nathalie.chataigner@clearstream.com; cherifa.maameri@clearstream.com; CA_Luxembourg@clearstream.com; david.mccauley@clearstream.com; ca_mandatory.events@clearstream.com; hulya.din@clearstream.com |
| DTC | mandatoryprocessing@morganstanley.com; voluntaryreorgannouncements@dtcc.com; LegalAndTaxNotices@dtcc.com; rgiordano@dtcc.com |
| Euro Clear | eb.ca@euroclear.com; 'JPMorganInformation.Services@jpmorgan.com' |
| Mediant | documents@mediantonline.com; mkoester@mediantonline.com; mhamdan@mediantonline.com; darchangel@mediantonline.com; mtaylor@mediantonline.com; mdickens@mediantonline.com |
| SIS | ca.notices@six-securities-services.com |

**Exhibit N**

Exhibit N

Supplemental Nominee Service List

Served via Overnight Mail and Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | ZipCode | Country |
|---|---|---|---|---|---|---|---|
| BROADRIDGE | JOBS: Z77789/Z77790 | 51 MERCEDES WAY | | EDGEWOOD | NY | 11717 | |
| AMERICAN ENTERPRISE 0216 0756 2146 | ATTN ERIN M STIELER | 682 AMP FINANCIAL CENTER | | MINNEAPOLIS | MN | 55474 | |
| APEX CLEARING CORPORATION (0158) | ATTN: BRIAN DARBY | 350 M. ST. PAUL SUITE 1300 | | DALLAS | TX | 75201 | |
| APEX CLEARING CORPORATION (0158) | ATTN: SHERRY MUSMAR | 350 N ST. PAUL STREET | SUITE 1300 | DALLAS | TX | 75201 | |
| BAIRD CO INCORPORATED 0547 | ATTN JAN  SUDFELD | 777 E  WISCONSIN AVENUE | 19TH FLOOR | MILWAUKEE | WI | 53202 | |
| BAIRD CO INCORPORATED 0547 | ATTN JANE ERBE OR PROXY MGR | 777 E  WISCONSIN AVENUE | | MILWAUKEE | WI | 53202 | |
| BANC OF AMERICA SECURITIES LLC 0773 | ATTN EARL WEEKS OR PROXY MGR | 4804 DEAR LAKE DR E | | JACKSONVILLE | FL | 32246 | |
| BANC OF AMERICA SECURITIES LLC 0773 | ATTN JOHN DOLAN OR PROXY MGR | 100 W  33RD STREET 3RD FLOOR | | NEW YORK | NY | 10001 | |
| BANK OF AMERIC LASALLE BNK NA 2251 | ATTN RICK LEDENBACH OR PROXY MGR | 135 SOUTH LASALLE STREET SUITE 1811 | | CHICAGO | IL | 60603 | |
| BANK OF AMERICA NA GWI M 0955 | ATTN SHARON BROWN OR PROXY MGR | 1201 MAIN STREET | 9TH FLOOR | DALLAS | TX | 75202 | |
| BARCLAY CAP 229 7256 7254 8455 7263 | ATTN Anthony Sciaraffo or Proxy Mgr | 745 SEVENTH AVENUE | 16TH FLOOR | NEW YORK | NY | 10019 | |
| BARCLAY CAPITAL (0229/7256/7254/8455/7263) | ATTN: Anthony Sciaraffo or Proxy Mgr | 745 SEVENTH AVENUE | 16TH FLOOR | NEW YORK | NY | 10019 | |
| BB T SECURITIES 0702 | ATTN Proxy Dept | 8006 Discovery Drive | Suite 200 | Richmond | VA | 23229 | |
| BMO NESBITT BURNS INC CDS 5043 | ATTN LOUISE TORANGEAU | 1  FIRST CANADIAN PLACE | 38th FLOOR  P O  BOX 150 | TORONTO | ON | M5X 1H3 | CA |
| BMO NESBITT BURNS INC CDS 5043 | ATTN PHUTHORN PENKET DINA FERNANDS | BMO FINANCIAL GROUP | 250 YONGE ST  8TH FLOOR | TORONTO | ON | M5B 2M8 | CA |
| BNY MELLON NEW ENGLAND 0954 | ATTN EVENT CREATION DEPARTMENT | 500 GRANT STREET | ROOM 151-2700 | PITTSBURGH | PA | 15258 | |
| BROWN BROTHERS HARRIMAN & CO. (0010) | ATTN: JERRY TRAVERS | 525 WASHINGTON BLVD | | JERSEY CITY | NJ | 07310 | |
| BROWN BROTHERS HARRIMAN & CO. (0010) | ATTN: PAUL NONNON OR PROXY MGR | 525 WASHINGTON BLVD. NEW PORT TOWERS | | JERSEY CITY | NJ | 07310-1607 | |
| BROWN BROTHERS HARRIMAN & CO. (0010) | ATTN: ANTHONY BONACETO | 50 POST OFFICE SQUARE | | BOSTON | MA | 02110 | |
| BROWN BROTHERS HARRIMAN & CO. (0010) | ATTN: PAUL NONNON OR REORG MGR. | HARBORSIDE FINANCIAL CENTER | 185 HUDSON STREET | JERSEY CITY | NJ | 07311-0000 | |
| CHARLES SCHWAB CO INC 0164 | ATTN CHRISTINA  YOUNG | 2423 E LINCOLN DRIVE | | PHOENIX | AZ | 85016-1215 | |
| CHARLES SCHWAB CO INC 0164 | ATTN JANA TONGSON OR PROXY MGR | 2423 EAST LINCOLN DRIVE | PHXPEAK-01-1B571A | PHOENIX | AZ | 85016 | |
| CIBC WORLD MARKETS INC CDS 5030 | ATTN NICASTRO JERRY OR PROXY MGR | 161 BAY ST 10TH FL | | TORONTO | ON | M5J 2S8 | CA |
| CIBC WORLD MARKETS INC CDS 5030 | ATTN REED JON | CANADIAN IMPERIAL BANK OF COMMERCE | 22 FRONT ST  W 7TH FL  ATTN  CORP ACT | TORONTO | ON | M5J  2W5 | CA |
| CIBC WORLD MARKETS INC CDS 5030 | ATTN HENRY H LIANG | 22 FRONT ST  W | 7TH FLOOR | TORONTO | ON | M5J  2W5 | CA |
| CITIBANK N A 0908 | ATTN PAUL WATTERS | 3801 CITIBANK CENTER | B 3RD FLOOR ZONE 12 | TAMPA | FL | 33610 | |
| CITIBANK N A 0908 | ATTN CAROLYN TREBUS OR PROXY MGR | 3800 CITIBANK CENTER B3-12 | | TAMPA | FL | 33610 | |
| COR LLC 0052 | ATTN CORPORATE ACTION | 1299 FARNAM STREET | SUITE 800 | OMAHA | NE | 68102 | |
| COR LLC 0052 | ATTN LUKE HOLLAND | 1299 FARNAM STREET | SUITE 800 | OMAHA | NE | 68102 | |
| COR LLC 0052 | ATTN ANN MECHALS | 1299 FARNAM STREET | SUITE 800 | OMAHA | NE | 68102 | |
| COR LLC 0052 | ISSUER SERVICES | 1299 FARNAM STREET | SUITE 800 | OMAHA | NC | 68102 | |
| COR LLC 0052 | ATTN AMBRA MOORE OR PROXY MGR | 1299 FARNAM STREET | SUITE 800 | OMAHA | NC | 68102 | |
| CREDIT SUISSE SECURITIES (0355) | ATTN: ANTHONY MILO | 7033 LOUIS STEVENS DRIVE | GLOBAL PROXY SERVICES | RESEARCH TRIANGLE PARK | NC | 27560 | |
| CREDIT SUISSE SECURITIES (0355) | ATTN: ASHWINEE SAWH OR PROXY MGR | 11 MADISON AVENUE | 23RD FLOOR | NEW YORK | NY | 10010 | |
| D.A. DAVIDSON & CO. (0361) | ATTN: RITA LINSKEY OR PROXY MGR | 8 THIRD STREET NORTH P.O. BOX 5015 | | GREAT FALLS | MT | 59403 | |
| DAVENPORT COMPANY LLC 0715 | ATTN: KIM NIEDING OR PROXY MGR | 901 EAST CARY ST 11TH FLOOR | | RICHMOND | VA | 23219 | |
| E*TRADE CLEARING LLC 0385 | ATTN VICTOR LAU OR PROXY MGR | 34 EXCHANGE PLACE | PLAZA II | JERSEY CITY | NJ | 7311 | |
| EDWARD D JONES CO 0057 | ATTN ELIZABETH ROLWES | 201 PROGRESS PARKWAY | | MARYLAND HEIGHTS | MO | 63043-3042 | |
| EDWARD D JONES CO 0057 | ATTN A J MAYTAS OR PXY MGR | CORPORATE ACTIONS  DISTRIBUTION | 12555 MANCHESTER ROAD | ST  LOUIS | MO | 63141 | |
| FIRST CLEARING LLC 0141 | ATTN PROXY DEPARTMENT | 2801 MARKET STREET | H0006-08N | ST  LOUIS | MO | 63103 | |
| FIRST CLEARING LLC 0141 | ATTN FINESSA ROSSON OR PROXY MGR | ONE NORTH JEFFERSON STREET 9-F | | ST  LOUIS | MO | 63103 | |
| GLENMEDE TRUST CO 2139 | ATTN DARLENE WARREN OR PROXY MGR | ONE LIBERTY PLACE SUITE 1200 | 1650 MARKET STREET | PHILADELPHIA | PA | 19103 | |
| GLENMEDE TRUST CO 2139 | ATTN LINDA BELLICINI OR PROXY MGR | ONE LIBERTY PLACE SUITE 1200 | 1650 MARKET STREET | PHILADELPHIA | PA | 19103 | |
| GOLDMAN SACHS CO 0005 | ATTN DEVIN GEIMAN OR PROXY MGR | 30 HUDSON STREET PROXY DEPARTMENT | | JERSEY CITY | NJ | 07302-0000 | |
| INGALLS SNYDER L L C 0124 | ATTN LES BIANCO OR PROXY MGR | 1325 AVENUE OF THE AMERICAS | | NEW YORK | NY | 10019 | |
| INTERACTIVE BROKERS 0017 0534 | ATTN KARIN MCCARTHY | 8 GREENWICH OFFICE PARK  2ND FLOOR | | GREENWICH | CT | 06831-0000 | |
| INTL FCSTONE INC f k a STNE AG 0750 | ATTN KEN SIMPSON OR PROXY MGR | 2 PERIMETER PARK SOUTH  STE 100 W | | BIRMINGHAM | AL | 35243 | |
| J P MORGAN CLEARING CORP 0352 | ATTN BRODERICK WALKER OR PROXY MGR | DEPT C CASHIERS DEP ONE METROTECH | CENTER NORTH REORG DEPT 4TH FLOOR | BROOKLYN | NY | 11201-3862 | |
| J.P. MORGAN SECURITIES INC. (0187) | ATTN: MICHAEL PELLEGRINO | 500 STANTON CHRISTIANA ROAD | CORP ACTIONS 3RD FL | NEWARK | DE | 19713-2107 | |
| J.P. MORGAN SECURITIES INC. (0187) | ATTN: JOHN HALLORAN OR PROXY MGR | 500 STANTON CHRISTIANA ROAD CORP ACTIONS 3RD FL | | NEWARK | DE | 19713-2107 | |
| JANNEY MONTGOMERY SCOTT INC 0374 | ATTN BOB MARTIN OR PROXY MGR | 1801 MARKET STREET 9TH FLOOR | | PHILADELPHIA | PA | 19103-1675 | |
| JEFFERIES COMPANY INC 0019 | ATTN ROBERT MARANZANO | 34 EXCHANGE PL | | JERSEY CITY | NJ | 07311-0000 | |
| JEFFERIES COMPANY INC 0019 | ATTN RAY DESOUZA OR PXY MGR | HARBORSIDE FINANCIAL CENTER | 705 PLAZA 3 | JERSEY CITY | NJ | 07311-0000 | |
| JMS LLC 0374 | ATTN MARK F  GRESS | C O MEDIANT COMMUNICATIONS INC | 200 REGENCY FOREST DRIVE | CARY | NC | 27518 | |
| JPMC EURO 1970 | ATTN Proxy Dept | 4 METROTECH CENTER 3RD FLOOR | | BROOKLYN | NY | 11245 | |
| JPMORGAN CHASE BANK N A 0902 | ATTN PROXY MGR | PARADIGM  B WING  FLOOR 6 | MINDSPACE  MALAD  W | MUMBAI | INDIA | 400 064 I00000 | ID |
| JPMORGAN CHASE BANK NA 0902 | ATTN SACHIN GOYAL | 500 STANTON CHRISTIANA ROAD  OPS 4 | FLOOR 02 | NEWARK | DE | 19713-2107 | |
| JPMORGAN CHASE BANK NA 0902 | ATTN JACOB BACK OR PROXY MGR | 14201 DALLAS PARKWAY 12TH FLOOR | | DALLAS | TX | 75254 | |
| JPMORGAN CHASE BANK NA 0902 | ATTN ARMANDO MORALES OR PROXY MGR | 14201 DALLAS PARKWAY 12TH FLOOR | | DALLAS | TX | 75254 | |
| JPMORGAN CHASE BANK NA 0902 | ATTN MARVIN KINES OR PROXY MGR | 14201 DALLAS PARKWAY 12TH FLOOR | | DALLAS | TX | 75254 | |

Exhibit N

Supplemental Nominee Service List

Served via Overnight Mail and Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | ZipCode | Country |
|---|---|---|---|---|---|---|---|
| JPMS JPMC 0352 | ATTN JOHN FAY | 500 STANTON CHRISTIANA ROAD  OPS 4 | FLOOR  03 | NEWARK | DE | 19713-2107 | |
| LAURENTIAN BANK OF CANADA CDS 5001 | ATTN ESTELLE COLLE OR PROXY MGR | 1981 MCGILL COLLEGE AVE SUITE 100 | | MONTREAL | QC | H3A 3K3 | CA |
| LAURENTIAN BANK OF CANADA CDS 5001 | ATTN FRANCESCA  MAIORINO | 1360 Rene-levesque Bldw  West | Suite 620 | Montreal | QC | H3G 0E8 | CA |
| LAURENTIAN BANK OF CANADA CDS 5001 | ATTN FRANCESCA  MAIORINO | 1981 MCGILL COLLEGE AVE | SUITE 100 | MONTREAL | QC | H3A 3K3 | CA |
| LAURENTIAN BANK OF CANADA** 5001 | ATTN SARAH QUESNEL OR PROXY MGR | 1981 MCGILL COLLEGE AVE SUITE 100 | | MONTREAL | QC | H3A 3K3 | CA |
| LEEDE FINANCIAL MARKETS 5071 | ATTN CRAIG GOODWIN OR PROXY MGR | FIRST ALBERTA PLACE | 777 8TH AVENUE SW  SUITE 2300 | CALGARY | AB | T2P 3R5 | CA |
| LEEDE FINANCIAL MARKETS 5071 | ATTN BARB MORIN | 777 8 AVENUE S W | SUITE 2300 | CALGARY | AB | T2P 3R5 | CA |
| LPL FINANCIAL CORPORATION 0075 | Attn Corporate Actions Dept | 1055 LPL Way | | FORT MILL | SC | 29715 | |
| LPL FINANCIAL CORPORATION 0075 | ATTN KRISTIN KENNEDY | 9785 TOWNE CENTER DRIVE | SAN DIEGO | CA | | 92121-1968 | |
| LPL FINANCIAL CORPORATION 0075 | ATTN MARTHA LANG | 4828 PARKWAY PLAZA BLVD | | CHARLOTTE | NC | 28217 | |
| LPL FINANCIAL CORPORATION 0075 | ATTN CORPORATE ACTIONS | 4707 EXECUTIVE DRIVE | | SAN DIEGO | CA | 92121 | |
| MERRILL LYNCH 5198 | ATTN EARL WEEKS OR PROXY MGR | 4804 DEER LAKE DR E | | JACKSONVILLE | FL | 32246 | |
| MERRILL LYNCH PIERCE FENR 0161 8862 | ATTN EARL WEEKS OR PROXY MGR | 4804 DEER LAKE DR E | | JACKSONVILLE | FL | 32246 | |
| MORGAN STANLEY CO LLC 0050 | ATTN KENNETH EWING OR PROXY MGR | 1300 THAMES STREET WHARF 7TH FLOOR | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY CO LLC 0050 | ATTN RAQUEL DEL MONTE OR PROXY MGR | ONE NEW YORK PLAZA 7TH FLOOR | | NEW YORK | NY | 10004 | |
| MORGAN STANLEY CO LLC 0050 | ATTN MICHELLE FORD | 901 SOUTH BOND ST  6TH FL | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY CO LLC 0050 | ATTN JONATHAN GOLDMAN OR PROXY MGR | 1300 THAMES STREET WHARF 7TH FLOOR | | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY SMITH BARN LLC 0015 | ATTN JOHN BARRY OR PROXY MGR | 1300 THAMES STREET | 6TH FLOOR | BALTIMORE | MD | 21231 | |
| MORGAN STANLEY SMITH BARN LLC 0015 | ATTN PROXY Reorg MGR | 1 New York Plaza | 41st Floor | New York | NY | 10004 | |
| NATIONAL FINANCIAL SERV LLC 0226 | ATTN PROXY MANAGER | 499 WASHINGTON BLVD  5TH FL | | JERSEY CITY | NJ | 7310 | |
| NATIONAL FINANCIAL SERV LLC 0226 | ATTN JOANNE  PADARATHSINGH | 499 WASHINGTON BLVD | | JERSEY CITY | NJ | | 7310 |
| NATIONAL FINANCIAL SERV LLC 0226 | ATTN SEAN COLE OR PROXY MGR | 499 WASHINGTON BLVD | | JERSEY CITY | NJ | 07310 | |
| NBCN INC CDS 5008 | ATTN GESTION DE l'INFORM– TR 5609-1 | 1010 RUE DE LA GAUCHETIERE OUEST | 17e étage | MONTREAL | QC | H3B 5J2 | CA |
| NOMURA SECURITIES 0180 7507 7584 | ISSUER SERVICES | 309 WEST 49TH STREET | 10TH FLOOR | NEW YORK | NY | 10019-7316 | |
| OPPENHEIMER CO INC 0571 0303 | ATTN OSCAR MAZARIO OR PROXY MGR | 85 BROAD STREET  4TH FL | | NEW YORK | NY | 10004 | |
| PERSHING LLC 0443 | ATTN JOSEPH LAVARA | ONE PERSHING PLAZA | | JERSEY CITY | NJ | 07399-0000 | |
| PERSHING LLC 0443 | ATTN AL HERNANDEZ OR PROXY MGR | SECURITIES CORPORATION | 1 PERSHING PLAZA 7TH FLOOR -REORG | JERSEY CITY | NJ | 07399-0000 | |
| PRIMEVEST 0701 | ATTN ANGELA HANDELAND OR PROXY MGR | 400 1ST STREET SOUTH SUITE 300 ST | | CLOUD | MN | 56301 | |
| PRIMEVEST 0701 | ATTN MARK SCHOUVILLER OR PROXY MGR | 400 1ST STREET SOUTH SUITE 300 ST | | CLOUD | MN | 56301 | |
| QUESTRADE INC 5084 | ATTN MAURIZIO ARANI OR PROXY MGR | 5650 YONGE STREET  SUITE 1700 | | TORONTO | ON | M2M 4G3 | CA |
| RAYMOND JAMES ASSOCIATES INC 0725 | ATTN ROBERTA GREEN | 880 CARILION PARKWAY | | ST PETERSBURG | FL | 33716 | |
| RAYMOND JAMES ASSOCIATES INC 0725 | ATTN ROBERTA GREEN OR PXY MGR | 880 CARILION PARKWAY TOWER 2 | 4TH FLOOR | ST PETERSBURG | FL | 33716 | |
| RBC CAPITAL MARKETS CORP 0235 | ATTN STEVE SCHAFER | 60 S 6TH ST - P09 | | MINNEAPOLIS | MN | 55402-4400 | |
| RBC CAPITAL MARKETS CORP 0235 | ATTN STEVE SCHAFER OR PROXY MGR | 510 MARQUETTE AVE SOUTH | | MINNEAPOLIS | MN | 55402 | |
| RBC INVESTOR SERVICES 0901 | ATTN EMMA SATTAR OR PROXY MGR | 155 WELLINGTON ST W  3RD FLOOR | | TORONTO | ON | M5V 3L3 | CA |
| SAFRA SECURITIES LLC 8457 | ATTN PROXY DEPARTMENT | 3050 AVENTURA BLVD | | AVENTURA | FL | 33180 | |
| SCOTIA CAPITAL INC 0096 | ATTN JOE LAPORTA OR PROXY MGR | 250 ZESEY STREET | | NEW YORK | NY | 10281 | |
| SCOTIA CAPITAL INC CDS 5011 | ATTN CAROL ANDERSON | 40 KING STREET WEST | | TORONTO | ON | M5H 1H1 | CA |
| SCOTIA CAPITAL INC CDS 5011 | ATTN NORMITA RAMIREZ CORP ACT DEPT | 40 KING STREET WEST | | TORONTO | ON | M5H 1H1 | CA |
| SEI PRIVATE TRUST COMPANY 2039 2663 | ATTN MELVIN ALLISON OR PROXY MGR | ONE FREEDOM VALLEY DRIVE | | OAKS | PA | 19456 | |
| SEI PRIVATE TRUST COMPANY 2039 2663 | ATTN ERIC GREENE OR PROXY MGR | ONE FREEDOM VALLEY DRIVE | | OAKS | PA | 19456 | |
| SG AMERICAS SECURITIES LLC 0286 | ATTN CHARLES HUGHES OR PROXY MGR | 245 PARK AVE | | NEW YORK | NY | 10167 | |
| SOUTHWEST SECURITIES INC 0279 | ATTN RHONDA JACKSON | 1201 ELM STREET SUITE 3500 | | DALLAS | TX | 75270 | |
| SOUTHWEST SECURITIES INC 0279 | ATTN CHRISTINA FINZEN OR PROXY MGR | 1201 ELM STREET SUITE 3700 | | DALLAS | TX | 75270 | |
| SSB- IBT BGI 2767 | ATTN TOM BRODERICK OR PROXY MGR | 1776 HERITAGE DRIVE NORTH | | QUINCY | MA | 02171-0000 | |
| SSB-TRUST CUSTODY 2319 | ATTN MANNY PINA OR PROXY MGR | 1200 CROWN COLONY DRIVE | | QUINCY | MA | 02169-0000 | |
| STATE ST BNK TRST S ST TOT ETF 2950 | ATTN MIKE FEELEY ROB RAY OR PXY MGR | CORP ACTIONS - JABSE | 1776 HERITAGE DRIVE NORTH | QUINCY | MA | 02171-0000 | |
| STATE ST BNK TRST S ST TOT ETF 2950 | ATTN JOSEPH J CALLAHAN | GLOBAL CORP ACTION DEPT JABSW | P O  BOX 1631 | BOSTON | MA | 02105-1631 | |
| STATE STREET 0997 | ATTN CHRISTINE SULLIVAN | 1776 HERITAGE DR | | NORTH QUINCY | MA | 02171-0000 | |
| STATE STREET 0997 | ATTN MIKE FEELEY ROB RAY OR PXY MGR | CORP ACTIONS - JABSE | 1776 HERITAGE DRIVE NORTH | QUINCY | MA | 02171-0000 | |
| STERNE AGEE LEACH INC 0750 | ATTN JAMES MEZRANO | 2 PERIMETER PARK | SUITE 100W | BIRMINGHAM | AL | 35209 | |
| STERNE AGEE LEACH INC 0750 | ATTN WENDY FLETCHER OR PROXY MGR | 813 SHADES CREEK PARKWAY | SUITE 100-B | BIRMINGHAM | AL | 35209 | |
| STIFEL NICOLAUS CO 0793 | ATTN CHRIS WIEGAND | C O MEDIANT COMMUNICATIONS INC | 200 REGENCY FOREST DRIVE | CARY | NC | 27518 | |
| STIFEL NICOLAUS CO 0793 | ATTN CHRIS WIEGAND OR PROXY MGR | 501 N  BROADWAY 7TH FL | STOCK RECORD DEPT | ST  LOUIS | MO | 63102 | |
| TD AMERITRADE CLEARING INC 0188 | ATTN MANDI FOSTER | 1005 N  AMERITRADE PLACE | | BELLEVUE | NE | 68005 | |
| TD AMERITRADE CLEARING INC 0188 | ATTN GARY SWAIN OR PROXY MGR | 1005 AMERITRADE PLACE | | BELLEVUE | NE | 68005 | |
| TD WATERHOUSE CANADA INC CDS 5036 | ATTN YOUSEF AHMED | 77 BLOOR STREET WEST | 3RD FLOOR | TORONTO | ON | M4Y 2T1 | CA |
| TD WATERHOUSE CANADA INC CDS 5036 | ATTN PROXY MANAGER | 77 BLOOR STREET WEST 3RD FLOOR | | TORONTO | ON | M5S 1M2 | CA |
| THE BANK OF NY MELLON 901 2510 2209 | ATTN JENNIFER MAY | 525 WILLIAM PENN PLACE SUITE 153-0400 | | PITTSBURGH | PA | 15259 | |
| THE NORTHERN TRUST COMPANY 2669 | ATTN ANDREW LUSSEN CAP STRUCT-C1N | 801 S CANAL STREET | | CHICAGO | IL | 60607 | |

Exhibit N
Supplemental Nominee Service List
Served via Overnight Mail and Next Day Business Service

| Name | Address 1 | Address 2 | Address 3 | City | State | ZipCode | Country |
|---|---|---|---|---|---|---|---|
| THE NORTHERN TRUST COMPANY 2669 | ATTN ROBERT VALENTIN OR PROXY MGR | 801 S CANAL STREET REORG DEPT | FLOOR C1N | CHICAGO | IL | 60607 | |
| TRADESTATION 0271 | ATTN PROXY MGR | 8050 SW 10th Street | | Plantation | FL | 33324 | |
| U S BANK N A 2803 | ATTN STEPHANIE KAPTA | 1555 N RIVERCENTER DRIVE SUITE 302 | | MILWAUKEE | WI | 53212 | |
| U S BANK N A 2803 | ATTN PAUL KUXHAUS OR PROXY MGR | 1555 N RIVER CENTR DRIVE SUITE 302 | | MILWAUKEE | WI | 53212 | |
| UBS FINANCIAL SERVICES LLC 0221 | ATTN JANE FLOOD OR PROXY MGR | 1000 HARBOR BLVD | | WEEHAWKEN | NJ | 07086-0000 | |
| UBS SECURITIES LLC 0642 | ATTN GREG CONTALDI OR PROXY MGR | 1000 HARBOR BLVD | 5TH FLOOR | WEEHAWKEN | NJ | 07086 | |
| UBS SECURITIES LLC 0642 | ATTN MICHAEL HALLETT | 315 DEADERICK STREET | | NASHVILLE | TN | 37238 | |
| VANGUARD 0062 | ATTN BEN BEGUIN OR CORPORATE ACTION | 14321 N NORTHSIGHT BLVD | | SCOTTSDALE | AZ | 85260 | |
| VANGUARD MARKETING CORPORATION 0062 | ATTN CORPORATE ACTIONS | 100 VANGUARD BOULEVARD | | MALVERN | PA | 19355 | |
| WELLS FARGO SECURITIES LLC 0250 | ATTN SCOTT NELLIS OR PROXY MGR | CORP ACTIONS - MAC D109-010 | 1525 WEST W T HARRIS BLVD 1B1 | CHARLOTTE | NC | 28262 | |
| WELLS FARGO SECURITIES LLC 0250 | ATTN STEVE TURNER OR PROXY MGR | CORP ACTIONS - NC0675 | 1525 WEST W T HARRIS BLVD 1B1 | CHARLOTTE | NC | 28262 | |
| WELLS FARGO SECURITIES LLC 0250 | ATTN ROBERT MATERA OR PROXY MGR | CORP ACTIONS - NC0675 | 1525 WEST W T HARRIS BLVD 1B1 | CHARLOTTE | NC | 28262 | |