# Exhibit 1

# Proposed Order

26493512.11

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § § § | Case No. 20-11570 (LSS) |
| Debtors. | § § § § § | (Jointly Administered) **Ref: Docket No. ___** |

**ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN ERNST & YOUNG LLP AS ACCOUNTING, VALUATION, TAX AND INTERNAL AUDIT PROVIDER, EFFECTIVE AS OF THE PETITION DATE**

Upon the Debtors' application (the "*Application*")[2] for entry of an order (this "*Order*") authorizing the employment and retention by the Debtors of Ernst & Young LLP ("*EY LLP*") as an accounting, valuation, tax and internal audit provider, effective as of Petition Date, as more fully described in the Application; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not defined in this Order shall have the meanings given to them in the Application.

Court under 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the Application and the Gerring Declaration; and the Court having found and determined that (a) EY LLP does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed, (b) EY LLP is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (c) employment of EY LLP is necessary and in the best interests of the Debtors' estates, creditors and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(a) and Local Rules 2014-1 and 2016-2, to employ and retain EY LLP as the Debtors' accounting, valuation, tax and internal audit provider, effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Letters, which are hereby approved as provided for in this Order.

3. Consistent with, and subject to, the terms of the Engagement Letters and this Order, EY LLP shall be authorized to perform the services provided for in the Engagement Letters.

4. EY LLP shall be compensated and reimbursed pursuant to section 330 and 331 of the Bankruptcy Code in accordance with the terms and conditions of the Engagement Letters and any applicable orders of the Court. EY LLP shall file interim and final fee applications for allowance of its compensation and reimbursement of its expenses with respect to services rendered in these Chapter 11 Cases with the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any interim or final compensation procedures established by order of this Court.

5. The Indemnification Provisions included in the Engagement Letters are approved, subject to the provisions of the subparagraphs below:

(a) EY LLP shall not be entitled to indemnification or reimbursement of expenses pursuant to the Engagement Letters unless such indemnification or reimbursement of expenses are approved by this Court;

(b) Notwithstanding any provision of the Engagement Letters to the contrary, the Debtors shall have no obligation to indemnify or provide reimbursement of expenses to EY LLP for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from EY LLP's gross negligence or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of EY LLP's contractual obligations, unless this Court determines that indemnification or reimbursement of expenses would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003) or (iii) settled prior to a judicial determination as to EY LLP's gross negligence or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which EY LLP should not receive indemnity or reimbursement of expenses under the terms of the Engagement Letters, as modified by the Proposed Order; and

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these Chapter 11 Cases, EY LLP believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification or expense reimbursement obligations under the Engagement Letters, including without limitation any advancement of defense costs, EY LLP must file an application therefor with this Court, and the Debtors may not pay any such amounts to EY LLP before the entry of an order by this Court approving any such payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request by EY LLP for indemnification or reimbursement of expenses, and is not intended to limit the duration of the Debtors' obligations to indemnify or reimburse expenses of EY LLP.

6. The Debtors are authorized to pay EY LLP's fees and to reimburse EY LLP for its reasonable and documented out-of-pocket costs and expenses, effective as of the Petition Date, including, but not limited to the reasonable, actual, documented, out-of-pocket costs, fees,

26493512.11

3

disbursements and other charges of EY LLP's external legal counsel (without the need for such legal counsel to be retained as a professional in these Chapter 11 Cases and without regard to whether such legal counsel's services satisfy section 330(a)(3)(C) of the Bankruptcy Code). In the event that EY LLP seeks reimbursement from the Debtors for attorneys' fees and expenses pursuant to the Engagement Letters, the invoices and supporting time records for the attorneys' fees and expenses shall be included in EY LLP's own applications, both interim and final, and these invoices and time records shall be in compliance with the Local Bankruptcy Rules and shall be subject to the U.S. Trustee Guidelines and the approval of the Bankruptcy Court pursuant to sections 330 and 331 of the Bankruptcy Code, but without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. EY LLP shall not seek reimbursement of any attorneys' fees or costs arising from the defense of any of EY LLP's applications for allowance of compensation and reimbursement of expenses.

7. To the extent that during the pendency of these Chapter 11 Cases, the Debtors require EY LLP to perform professional services other than (a) those set forth in the Engagement Letters and (b) services related to those set forth in the Engagement Letters, the following procedures shall apply:

    (a) The Debtors shall file with this Court a notice of the proposed expansion of EY LLP's services (the "*Expansion Notice*"), which shall include the executed engagement letter or amendment that describes the additional services and the terms and conditions related to such services and a proposed form of order approving the proposed expansion;

    (b) The Expansion Notice shall state any objections are due within ten (10) days of service. The Expansion Notice shall be served upon the U.S. Trustee, counsel to any committee. and counsel to any party that requests service pursuant to Bankruptcy Rule 2002; and

      (c)      If no objection is filed and served within the ten (10)-day period, the Debtors may submit a certification of counsel that no objections were raised or that any objections were resolved, and this Court may enter the Proposed Expansion Order. If any objection is filed and is not resolved, the matter will be scheduled for the next omnibus hearing date.

      (d)      The foregoing procedures does not affect the Debtors' right to file a retention application seeking an expansion of EY LLP's services if they deem it appropriate to do so.

8. During the pendency of the Chapter 11 Cases, the limitations of liability set forth in paragraphs 16 and 17 of the General Terms and Conditions attached to the Master Services Agreement (Exhibit A-14) shall have no force or effect.

9. To the extent that the express provisions of this Order are inconsistent with the provisions of the Engagement Letters, the Application, or the Gerring Declaration, the express provisions of this Order shall govern.

10. The Debtors and EY LLP are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

11. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order