**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § § § | |
| Debtors. | § § § | Case No.  20-11570 (LSS) |
| | § § | (Jointly Administered) |
| | § § § | **Hearing Date: July 27, 2020 at 11:00 a.m. (ET)**<br>**Objection Deadline: July 20, 2020 at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (I) AUTHORIZING
THE RETENTION AND EMPLOYMENT OF DELOITTE & TOUCHE LLP AS
INDEPENDENT AUDITOR, PURSUANT TO 11 U.S.C. §§ 327(a)
AND 330, EFFECTIVE AS OF THE PETITION DATE AND
(II) GRANTING RELATED RELIEF**

Pyxus International, Inc. ("*Pyxus*") and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*") respectfully submit this application (this "*Application*") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "*Proposed Order*"), pursuant to sections 327(a) and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), (i) authorizing the retention and employment of Deloitte & Touche LLP ("*Deloitte & Touche*") to provide independent audit services, effective as of the Petition Date (defined below), pursuant to the terms and conditions set forth in that certain

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

engagement letter, dated August 2, 2019, and subsequent addendum to the engagement letter, dated January 20, 2020 (together, the "***Engagement Letter***"), attached hereto as **Exhibit B**, and (ii) granting related relief.  In support of this Application, the Debtors submit the declaration of Jeffrey G. Schwartz, a partner in Deloitte & Touche (the "***Schwartz Declaration***"), attached hereto as **Exhibit C**, and incorporated herein by reference.  In further support of this Application, the Debtors respectfully state as follows:

## BACKGROUND

1.        On June 15, 2020 (the "***Petition Date***"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "***Court***").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No official committees have been appointed in these Chapter 11 Cases and no request has been made for the appointment of a trustee or examiner.

2.        Additional information regarding the Debtors' businesses, capital structure and the events leading up to the Petition Date is set forth in the *Declaration of Joel Thomas, Executive Vice President and Chief Financial Officer of Debtor Pyxus International, Inc., in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] filed on the Petition Date.

## JURISDICTION AND VENUE

3.        This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, under Local Rule 9013-1(f), the Debtors consent to the entry

26494603.6

of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of these Chapter 11 Cases and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief sought herein are sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1.

## RELIEF REQUESTED

4.      By this Application, the Debtors request entry of the Proposed Order authorizing the Debtors to employ and retain Deloitte & Touche to provide independent audit services for the Debtors in these Chapter 11 Cases, effective as of the Petition Date, pursuant to the terms and conditions contained in the Engagement Letter.[2]

## DELOITTE & TOUCHE'S QUALIFICATIONS

5.      Deloitte & Touche is a public accounting firm with offices across the United States.  Deloitte & Touche has significant experience in performing independent audit services and has performed such services in large and complex chapter 11 cases on behalf of debtors throughout the United States.  Such experience renders Deloitte & Touche well-qualified and able to provide services to the Debtors during the pendency of these Chapter 11 Cases in a cost effective, efficient and timely manner. Deloitte & Touche's services fulfill an important need and are not provided by any of the Debtors' other professionals.

6.      Since approximately September 2005, Deloitte & Touche has provided certain professional services to the Debtors.  In providing such prepetition professional services to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Engagement Letter.

26494603.6

the Debtors, Deloitte & Touche has become familiar with the Debtors and their businesses, including the Debtors' financial affairs, debt structure, business operations and related matters. Having worked with the Debtors' management and their other advisors, Deloitte & Touche has developed relevant experience and knowledge regarding the Debtors that will assist Deloitte & Touche in providing effective and efficient services during these Chapter 11 Cases. Accordingly, Deloitte & Touche is both well-qualified and able to provide audit services for the Debtors during these Chapter 11 Cases in an efficient and effective manner.

### SCOPE OF SERVICES[3]

7.       The terms and conditions of the Engagement Letter were negotiated between the Debtors and Deloitte & Touche and reflect the parties' mutual agreement as to the services Deloitte & Touche will provide and the other terms of Deloitte & Touche's engagement. As set forth more fully in the Engagement Letter, Deloitte & Touche will perform an audit for Pyxus in accordance with the standards of the Public Company Accounting Oversight Board (the "*PCAOB Standards*"), and express an opinion on (i) the fairness of the presentation of Pyxus' financial statements for the year ending March 31, 2020, in conformity with accounting principles generally accepted in the United States of America, and (ii) the effectiveness of Pyxus' internal control over financial reporting as of March 31, 2020, based on the criteria established in *Internal Control-Integrated Framework* issued by the Committee of Sponsoring Organizations of the Treadway Commission. Deloitte and Touche will also perform a review of Pyxus' condensed interim financial information in accordance with the PCAOB Standards for each of the quarters in

---

[3] To the extent this Application and the terms of the Engagement Letter are inconsistent, the terms of the Engagement Letter (as modified by the Proposed Order) shall control.

26494603.6

4

the year ending March 31, 2020, prepared for submission to the Securities and Exchange Commission.

8.       Additionally, pursuant to the Engagement Letter, Deloitte and Touche may provide audit services and conduct procedures associated with the services described above that are beyond the scope of procedures that were anticipated to be performed at the time the Engagement Letter was signed (collectively, the "*Out of Scope Services*").

9.       Deloitte & Touche understands that the services performed by Deloitte & Touche will not unnecessarily duplicate or overlap with the other services performed by the Debtors' other retained consultants and advisors.  Deloitte & Touche understands that the Debtors have retained and may retain additional professionals during the respective terms of the Engagement Letter, and Deloitte & Touche has agreed to work cooperatively with the Debtors to avoid unnecessary duplication of services.

10.       Deloitte & Touche respectfully requests that its retention be made effective as of the Petition Date so that Deloitte & Touche may be compensated for the professional services it has provided before the Application is reviewed and approved by the Court.  Deloitte & Touche has provided services to the Debtors in advance of the submission of this Application in anticipation that its retention would be approved effective as of the Petition Date.  Deloitte & Touche submits that these circumstances are of a nature warranting retroactive approval.

## **PROFESSIONAL COMPENSATION**

11.       Deloitte & Touche's retention by the Debtors is conditioned upon its ability to be retained in accordance with its terms and conditions of employment, including the proposed compensation arrangements set forth in the Engagement Letter.

26494603.6

12.      Deloitte & Touche and the Debtors agreed that for any services, including the Out-of-Scope Services, performed by Deloitte & Touche under the Engagement Letter, the Debtors shall pay Deloitte & Touche at the following hourly rates:

| Professional Level | Hourly Rates |
|---|---|
| Principal / Partner / Managing Director | $275 – $315 |
| Senior Manager | $240 – $266 |
| Manager | $210 – $233 |
| Senior | $175 |
| Consultant / Staff | $61 – $139 |

13.      As of the Petition Date, Deloitte & Touche estimates that not to exceed $100,000 in fees, exclusive of expenses and the Out-of-Scope Services, remains to be billed to the Debtors for the services described in the Engagement Letter.

14.      In the normal course of business, Deloitte & Touche revises its rates to reflect changes in responsibilities, increased experience, geographic differentials and increased costs of doing business.

15.      In addition, reasonable expenses, including travel, report production, delivery services and other expenses incurred in providing Deloitte & Touche's services, will be included in the total amount billed.

16.      The Debtors are advised that Deloitte & Touche intends to apply to the Court for allowance of compensation and reimbursement of expenses consistent with the terms of the Engagement Letter, the Application, the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and applicable orders of the Court.

26494603.6

17.    Prior to the Petition Date, Deloitte & Touche provided professional services to the Debtors.  In the ninety (90) days prior to the Petition Date, the Debtors paid Deloitte & Touche approximately $2,734,000 on account of invoices issued by Deloitte & Touche.  Of this amount, Deloitte & Touche received an $80,000 advanced payment from the Debtors, which Deloitte & Touche is currently holding and will apply to its post-petition invoices.  As of the Petition Date, no amounts were outstanding with respect to the invoice(s) issued by Deloitte & Touche prior to such date.

18.    Some services incidental to the tasks to be performed by Deloitte & Touche in these Chapter 11 Cases may be performed by personnel now employed by or associated with affiliates of Deloitte & Touche, such as Deloitte Financial Advisory Services LLP, Deloitte Transactions and Business Analytics LLP and Deloitte Consulting, or their respective subsidiaries, including subsidiaries located outside of the United States.

19.    The Debtors are advised that Deloitte & Touche has received no promises regarding compensation in these Chapter 11 Cases other than in accordance with the Bankruptcy Code and as set forth in the Schwartz Declaration.  Deloitte & Touche has no agreement with any nonaffiliated or unrelated entity to share any compensation earned in these Chapter 11 Cases.

## DISINTERESTEDNESS

20.    To the best of the Debtors' knowledge and except to the extent disclosed herein and in the Schwartz Declaration: (a) Deloitte & Touche is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest materially adverse to the Debtors with respect to the matters on which Deloitte & Touche is to be retained and (b) Deloitte & Touche has

26494603.6

no connection to the Debtors, their significant creditors or other significant parties in interest in these Chapter 11 Cases.

21.    As set forth in the Schwartz Declaration, Deloitte & Touche does not believe there is any connection between the personnel of Deloitte & Touche or its affiliates who are anticipated to provide services to the Debtors and the United States Bankruptcy Judge presiding in these Chapter 11 Cases, the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"), the assistant U.S. Trustee and the attorney therefor assigned to these Chapter 11 Cases.

22.    As set forth in further detail in the Schwartz Declaration, Deloitte & Touche has certain connections with creditors and other parties in interest in these Chapter 11 Cases. All of these matters, however, are unrelated to these Chapter 11 Cases. Deloitte & Touche does not believe that any of these matters represent an interest materially adverse to the Debtors' estates or otherwise create a conflict of interest regarding the work to be performed by Deloitte & Touche for the Debtors in these Chapter 11 Cases.

23.    To the extent that any new relevant facts or relationships bearing on the matters described herein during the period of Deloitte & Touche's retention are discovered or arise, Deloitte & Touche will use reasonable efforts to file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

### BASIS FOR RELIEF

I.    **Retention and Employment of Deloitte & Touche is Permitted Pursuant to Sections 327(a) and 330 of the Bankruptcy Code.**

24.    The Debtors seek approval of the retention and employment of Deloitte & Touche pursuant to sections 327(a) and 330 of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides that a debtor "may employ one or more attorneys, accountants,

26494603.6

8

appraisers, auctioneers, or other professional persons, that do not hold or represent an interest

adverse to the estate, and that are disinterested persons, to represent or assist" the debtor in carrying

out its duties.  11 U.S.C. § 327(a).

25.     Bankruptcy Rule 2014 requires that an application for retention of a

professional person include:

> [S]pecific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

26.     Additionally, Local Rule 2014-1 requires an entity seeking approval of

employment under section 327(a) of the Bankruptcy Code to file a motion, supporting affidavit

and proposed order, all of which have been satisfied by this Application, the Schwartz Declaration

and the Proposed Order.  Further, in accordance with Local Rule 2014-1, Deloitte & Touche

acknowledges its continuing duty to supplement the Schwartz Declaration with additional material

information relating to the employment of Deloitte & Touche, if necessary.

27.     The Debtors respectfully submit that section 327(a) of the Bankruptcy Code

permits them to hire a professional firm like Deloitte & Touche to provide independent audit

services to the Debtors in these Chapter 11 Cases.  Furthermore, the requirements set forth by

Bankruptcy Rule 2014 are satisfied by this Application.  The retention of Deloitte & Touche as

independent auditor in these Chapter 11 Cases is in the best interest of the Debtors' estates,

creditors and other parties in interest.

## II.     Retroactive Relief is Appropriate.

26494603.6

28.    Pursuant to the Debtors' request, Deloitte & Touche has agreed to serve as independent auditor on and after the Petition Date with assurances that the Debtors would seek approval of its employment and retention, effective as of the Petition Date, so that Deloitte & Touche may be compensated for its pre-application services. The Debtors believe that no party in interest will be prejudiced by the granting of the retroactive employment, as provided in this Application, because Deloitte & Touche has provided and continues to provide valuable services to the Debtors' estates in the interim period.

## NOTICE

29.    Notice of this Application will be given by first-class mail to:  (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) the United States Attorney's Office for the District of Delaware; (iv) the attorneys general for the states in which the Debtors conduct business; (v) counsel to the Ad Hoc Group of First Lien Only Noteholders; (vi) counsel to the Ad Hoc Crossholder Group; (vii) the ABL Agent and counsel thereto; (viii) the DIP Agent and counsel thereto; (ix) the Internal Revenue Service; (x) the Securities and Exchange Commission; and (xi) all parties that, as of the filing of this Application, have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  A copy of this Application is also available on the Debtors' case website at http://www.primeclerk.com/Pyxus. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

26494603.6

**WHEREFORE**, the Debtors request entry of the Proposed Order, substantially in

the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as

is just and proper.

Dated:  July 6, 2020

Pyxus International, Inc., *et al.*, Debtors and
Debtors in Possession


By: */s/ William L. O'Quinn, Jr.*
Name: William L. O'Quinn, Jr.
Title: Senior Vice President, Chief Legal Officer
    and Secretary

26494603.6

11