**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

In re **PYXUS INTERNATIONAL, INC.** *et al.*                     Case No. **20-11570 (LSS)**
       **Debtor**

**INITIAL MONTHLY OPERATING REPORT**
**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation. Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession." Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection  (Form IR-1)** | X | |
| **Certificates of Insurance:** | | |
|    Workers Compensation | X | |
|    Property | X | |
|    General/Umbrella/Excess Liability | X | |
|    International General Liability | X | |
|    Vehicle | X | |
|    Marine Stock | X | |
|    Directors and Officers | X | |
|    Excess D&O | X | |
|    Fiduciary Liability | X | |
|    Crime | X | |
|    Media, Cyber and Technology | X | |
|    Forestry in Malawi | X | |
|    Non Owned Aircraft Liability | X | |
|    Corporate Counsel E&O | X | |
|    Lead Side A - Excess D&O Liability | | X |
|    1st Excess Side A D&O Liability | | X |
|    Special Contingency | | X |
|    Aircraft Hull | | X |
|    Political Risk | | X |
|    Identify areas of self-insurance w/liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | Cash Management Order Attached | |
|    Tax Escrow Account | | |
|    General Operating Account | | |
|    Money Market Account pursuant to Local Rule 4001-3 for the | | |
|    District of Delaware only.  Refer to: | | |
|    http://www.deb.uscourts.gov/ | | |
|    Other:_____ | | |
| **Retainers Paid (Form IR-2)** | X | |
| | | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached are true and correct to the best of my knowledge and belief.

_____
Signature of Debtor                              Date

_____
Signature of Joint Debtor                        Date

*/s/ Joel Thomas*                         July 10, 2020
Signature of Authorized Individual*         Date

Joel Thomas                         Chief Financial Officer
Printed Name of Authorized Individual      Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor is a partnership; a manager or member if debtor is a limited liability company.

**In re PYXUS INTERNATIONAL, INC.** *et al.*                    Case No. **20-11570 (LSS)**
          **Debtor**

**12-MONTH CASH FLOW PROJECTION (FORM IR-1)**

**In re PYXUS INTERNATIONAL, INC.** *et al.*
      **Debtor**

**Case No. 20-11570 (LSS)**

**Pyxus International, Inc**
*DIP Budget*

| ($,millions) | 6/19 | 6/26 | 7/3 | 7/10 | 7/17 | 7/24 | 7/31 | 8/7 | 8/14 | 8/21 | 8/28 | 9/4 | 9/11 | 13w Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Total Receipts | $8.3 | $8.1 | $15.7 | $26.1 | $17.7 | $17.7 | $17.8 | $59.8 | $23.1 | $25.1 | $16.6 | $16.4 | $22.3 | $274.8 |
| Total Disbursements | (51.9) | (22.6) | (40.5) | (24.8) | (16.6) | (52.3) | (56.7) | (31.0) | (53.7) | (15.1) | (25.4) | (19.4) | (32.3) | (442.3) |
| Operating Cash Flow | (43.6) | (14.5) | (24.8) | 1.3 | 1.1 | (34.6) | (38.9) | 28.8 | (30.6) | 10.0 | (8.7) | (3.0) | (10.0) | (167.5) |
| Capex & Adjustments | (0.5) | (0.5) | (0.2) | (0.8) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (3.7) |
| Adjusted Operating Cash Flow | (44.1) | (14.9) | (25.0) | 0.5 | 0.9 | (34.8) | (39.1) | 28.6 | (30.8) | 9.8 | (8.9) | (3.3) | (10.2) | (171.2) |
| US Debt Service (ABL, 1L, Exit Facili | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Tax, Internal Audit Professionals | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (0.2) | (2.8) |
| Restructuring Professional Fees | (4.1) | - | - | - | - | - | - | (2.1) | - | - | - | - | (3.4) | (9.6) |
| Utility Deposit | (0.3) | - | - | - | - | - | - | - | - | - | - | - | - | (0.3) |
| Accumulated Interest (Current 1Ls) | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| DIP Financing Costs | - | - | (0.5) | - | - | - | - | (1.9) | - | - | - | (1.9) | - | (4.3) |
| Cash RSAs | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| US Trustee | - | - | - | (1.0) | - | - | - | - | - | - | - | - | - | (1.0) |
| 2L Cash Out Option | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Existing Equity Cash Pool | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Net Cash Flow | (48.7) | (15.1) | (25.7) | (0.7) | 0.7 | (35.0) | (39.3) | 24.4 | (31.0) | 9.6 | (9.1) | (5.4) | (13.9) | (189.2) |
| Beginning Cash | $47.0 | $37.4 | $22.3 | $37.6 | $36.8 | $37.6 | $77.6 | $38.2 | $62.6 | $31.7 | $41.3 | $32.1 | $26.8 | $47.0 |
| Net Cash Flow | (48.7) | (15.1) | (25.7) | (0.7) | 0.7 | (35.0) | (39.3) | 24.4 | (31.0) | 9.6 | (9.1) | (5.4) | (13.9) | (189.2) |
| Revolver Draw (Repayment) | (44.9) | - | - | - | - | - | - | - | - | - | - | - | - | (44.9) |
| DIP Draw (Repayment) | 84.0 | - | 41.0 | - | - | 75.0 | - | - | - | - | - | - | - | 200.0 |
| Exit Financing | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Ending Cash** | **$37.4** | **$22.3** | **$37.6** | **$36.8** | **$37.6** | **$77.6** | **$38.2** | **$62.6** | **$31.7** | **$41.3** | **$32.1** | **$26.8** | **$12.9** | **$12.9** |

**DIP Financing**

| | 6/19 | 6/26 | 7/3 | 7/10 | 7/17 | 7/24 | 7/31 | 8/7 | 8/14 | 8/21 | 8/28 | 9/4 | 9/11 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Balance | $ - | $ 84.0 | $ 84.0 | $ 125.0 | $ 125.0 | $ 125.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | |
| Draw (Repayment) | 84.0 | - | 41.0 | - | - | 75.0 | - | - | - | - | - | - | - | |
| Ending Balance | $ 84.0 | $ 84.0 | $ 125.0 | $ 125.0 | $ 125.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | $ 200.0 | |

**Aggregate Seasonal Foreign Lines**

| | 6/19 | 6/26 | 7/3 | 7/10 | 7/17 | 7/24 | 7/31 | 8/7 | 8/14 | 8/21 | 8/28 | 9/4 | 9/11 | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Outstanding | $ 549.2 | $ 550.2 | $ 541.9 | $ 542.7 | $ 548.0 | $ 521.8 | $ 485.8 | $ 521.6 | $ 489.2 | $ 506.4 | $ 493.0 | $ 506.4 | $ 509.4 | |

**In re PYXUS INTERNATIONAL, INC.** *et al.*                              Case No. **20-11570 (LSS)**
                    **Debtor**

**CERTIFICATES OF INSURANCE - DOCUMENTS**



# EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

DATE (MM/DD/YY)
**06/19/2020**

THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE ADDITIONAL INTEREST NAMED BELOW. THIS EVIDENCE OF COMMERCIAL PROPERTY INSURANCE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | PHONE 212-915-8315 (A/C, No. Ext): | COMPANY NAME AND ADDRESS | NAIC NO: |
|---|---|---|---|
| Willis of New York, Inc. One World Financial Center New York, N.Y. 10281 Attn: Bartsch | | Travelers Property Casualty Company as Primary lead with various other US insurers London Underwriters-Excess Inventory | |

| FAX (A/C, No):212-915-8315 | E-MAIL ADDRESS:Robert.Bartsch@willis.com | IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH |
|---|---|---|

| CODE: | SUB-CODE: | POLICY TYPE Transit and stock anywhere in the world |
|---|---|---|

| AGENCY CUSTOMER ID #: | | |
|---|---|---|

| NAMED INSURED AND ADDRESS **Pyxus International and /or Alliance One International** | LOAN NUMBER XX | POLICY NUMBER Page 2 |
|---|---|---|

| 8001 Aerial Center Pkwy, Morrisville, NC 27560 | EFFECTIVE DATE May 24, 2020 | EXPIRATION DATE May 24, 2021 | ☒ CONTINUED UNTIL TERMINATED IF CHECKED |
|---|---|---|---|

| ADDITIONAL NAMED INSURED **All worldwide affiliated, subsidiary and associated companies** | THIS REPLACES PRIOR EVIDENCE DATED: |
|---|---|

**PROPERTY INFORMATION** (Use REMARKS on page 2, if more space is required)  ☐ BUILDING OR  ☐ BUSINESS PERSONAL PROPERTY

LOCATION/DESCRIPTION
COVERING ALL GOODS AND/OR MERCHANDISE OF EVERY DESCRIPTION INCIDENTAL TO THE BUSINESS OF THE ASSURED CONSISTING OF TOBACCO.
**SPECIFICALLY COVERING STOCK AT LOCATIONS ON FILE WITH INSURERS AND WORLDWIDE TRANSIT.**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS EVIDENCE OF PROPERTY INSURANCE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

**COVERAGE INFORMATION**    PERILS INSURED  ☐ BASIC  ☐ BROAD  ☒ SPECIAL  ☐

| COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE:  $ | | | | DED: |
|---|---|---|---|---|
| | YES | NO | N/A | |
| ☐ BUSINESS INCOME  ☐ RENTAL VALUE | | | X | IF YES, LIMIT: Actual Loss Sustained; # of months |
| BLANKET COVERAGE | | | X | If YES, indicate value(s) reported on property identified above: $ |
| TERRORISM COVERAGE | | | | Attached Disclosure Notice / DEC |
|    IS THERE A TERRORISM-SPECIFIC EXCLUSION? | x | | | |
|    IS DOMESTIC TERRORISM EXCLUDED? | x | | | |
| LIMITED FUNGUS COVERAGE | | | x | IF YES, LIMIT: DED: |
| FUNGUS EXCLUSION (If "YES", specify organization's form used) | | | X | |
| REPLACEMENT COST | | X | | See back |
| AGREED VALUE | | | x | |
| COINSURANCE (If Applicable) | | | x | IF YES,  % |
| EQUIPMENT BREAKDOWN (If Applicable) | | | X | IF YES, LIMIT: DED: |
| ORDINANCE OR LAW  - Coverage for loss to undamaged portion of bldg | | | x | |
|    - Demolition Costs | | | x | IF YES, LIMIT: DED: |
|    - Incr. Cost of Construction | | | x | IF YES, LIMIT: DED: |
| EARTH MOVEMENT (If Applicable) | x | | | IF YES, LIMIT: See Back DED: |
| FLOOD (If Applicable) | x | | | IF YES, LIMIT: DED: |
| WIND / HAIL (If Subject to Different Provisions) | x | | | IF YES, LIMIT: DED: |
| PERMISSION TO WAIVE SUBROGATION IN FAVOR OF MORTGAGE HOLDER PRIOR TO LOSS | X | | | |

**CANCELLATION**

SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL ___30___ DAYS WRITTEN NOTICE TO THE ADDITIONAL INTEREST NAMED BELOW, BUT FAILURE TO MAIL SUCH NOTICE SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.

| ADDITIONAL INTEREST | |
|---|---|
| ☐ MORTGAGEE  ☐ CONTRACT OF SALE x☐LENDERS LOSS PAYABLE  LOSS PAYEE | LENDER SERVICING AGENT NAME AND ADDRESSS |
| NAME AND ADDRESS **United States Trustee** U.S. Department of Justice Office of the United States Trustee District of Delaware 844 King Street, Suite 2207 Wilmington, DE 19801 | |
| | AUTHORIZED REPRESENTATIVE Robert Bartsch |

**EVIDENCE OF COMMERCIAL PROPERTY INSURANCE REMARKS – including Special Conditions (Use only if more space is required)**

COVERAGE IS "ALL RISK OF PHYSICAL LOSS OR DAMAGE FROM ANY EXTERNAL CAUSE"

COVERAGE FOR LOSS OR DAMAGE TO TOBACCO (INCLUDING PACKED TOBACCO) WHILE UNDER THE CARE, CUSTODY AND CONTROL OF AOI OR AOTCI AT AMOUNT OF INVOICE INCLUDING ALL CHARGES THEREIN, INCLUDING  ANY PREPAID AND/OR ADVANCED AND/OR GUARANTEED FREIGHT PLUS 10%.

**Policy Numbers**
Travelers Primary: ZOC41M77743
1ST Excess Storage (30 xs 20)     Ref: B080117227M20
2nd Excess Storage (50 xs 50)     Ref: B080122374M20
3rd Excess Storage (100 xs 100)   Ref: B080121640M20

**Limits Of Liability**

Transit: $20,000,000 any one conveyance

Stock Primary: Named Locations subject to a limit of liability of $20,000,000.(Also annual aggregate for Earthquake, Windstorm and Flood)
Stock Excess: Named Locations subject to a limit of liability of $180 million excess $20,000,000. (Also annual aggregate for Earthquake, Windstorm and Flood)

Subject to locations on file with insurers

**Transit Deductible:** $25,000 Per occurrence;

**Storage Deductible:**
$1,000,000 Per occurrence shall apply, except $50,000 per occurrence shall apply for storage in tents outside

Inclusive of Transit, Warehousing, War Risk and S.R. & C.C.
Subject to full Willis/Travelers Marine agreed policy form
Economic Trade and Sanctions Endorsement/ TRIA" RACE- extended 2003 clause
Chemical, Biological, Bio-Chemical, and Electromagnetic Exclusion Clause



Page 1 of 1

# CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
06/24/2020

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME: Willis Towers Watson Certificate Center | | |
|---|---|---|---|
| Willis Towers Watson Northeast, Inc. | PHONE (A/C, No, Ext): 1-877-945-7378 | | FAX (A/C, No): 1-888-467-2378 |
| c/o 26 Century Blvd | E-MAIL ADDRESS: certificates@willis.com | | |
| P.O. Box 305191 | | | |
| Nashville, TN  372305191  USA | **INSURER(S) AFFORDING COVERAGE** | | NAIC # |
| | INSURER A: Great American Insurance Company | | 16691 |
| **INSURED** | INSURER B: | | |
| Pyxus International, Inc. | INSURER C: | | |
| Attn: Risk Management | INSURER D: | | |
| 8001 Aerial Center Pkwy | INSURER E: | | |
| P.O. Box 2009 | INSURER F: | | |
| Morrisville, NC 27560 | | | |

## COVERAGES     CERTIFICATE NUMBER: W16914639     REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| | **COMMERCIAL GENERAL LIABILITY** ☐ CLAIMS-MADE ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | | MED EXP (Any one person) | $ |
| | | | | | | | PERSONAL & ADV INJURY | $ |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | GENERAL AGGREGATE | $ |
| | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | OTHER: | | | | | | | $ |
| | **AUTOMOBILE LIABILITY** | | | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | ☐ ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| | ☐ **UMBRELLA LIAB** ☐ OCCUR | | | | | | EACH OCCURRENCE | $ |
| | ☐ **EXCESS LIAB** ☐ CLAIMS-MADE | | | | | | AGGREGATE | $ |
| | ☐ DED ☐ RETENTION $ | | | | | | | $ |
| | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N ANYPROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below | N/A | | | | | ☐ PER STATUTE ☐ OTHER | |
| | | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | Crime | | | SAA E498050 00 00 | 08/13/2019 | 08/13/2020 | Limit: | $10,000,000 |
| | | | | | | | Retention | $500,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| U.S. Department of Justice Office of the United States Trustee District of Delaware 844 King Street, Suite 2207 Wilmington, DE 19801 | **AUTHORIZED REPRESENTATIVE** |

© 1988-2016 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)     The ACORD name and logo are registered marks of ACORD

# INSURER CANCELLATION TERMS

| NAMED INSURED | POLICY NO. |
|---|---|
| **Pyxus International, Inc.**<br>**Attn: Risk Management**<br>**8001 Aerial Center Pkwy**<br>**P.O. Box 2009**<br>**Morrisville, NC 27560** | SAA E498050 00 00 |
| | EFFECTIVE DATE    SEE PAGE 1 |

**Holder Name:**  U.S. Department of Justice Office of the United States Trustee District of Delaware

**Cancellation Terms:**

Should any of the above described policies be cancelled before the expiration date thereof, the insurer will send 30 days notice of cancellation to the Certificate Holder, but failure to do so shall impose no obligation or liability of any kind upon the insurer, its agents or representatives.

**Cancellation Terms Apply to the Following Coverages:**

 Crime

**ENDORSEMENT#** *22*

This endorsement, effective *12:01 AM    June 15, 2020*        forms a part of
policy number    *01-803-26-41*
issued to *Pyxus International, Inc.*

by    *National Union Fire Insurance Company of Pittsburgh, Pa.*

## CANCELLATION AMENDATORY
## (LIMITED ADVICE OF CANCELLATION TO LISTED THIRD-PARTY)

Wherever used herein: (1) "Policy" means the policy or bond to which this endorsement or rider is made part of; (2) "Insurer" means the "Insurer," "Underwriter," "Company" or other name specifically ascribed in this Policy as the insurance company or underwriter for this Policy; and (3) "Named Entity" means the "Named Entity," "Named Corporation," Named Organization," "Named Sponsor," "Named Insured," "First Named Insured," "Insured's Representative," "Policyholder" or equivalent term stated in Item 1 of the Declarations.

In consideration of the premium charged, it is hereby understood and agreed that notwithstanding anything to the contrary in any CANCELLATION or TERMINATION clause of this Policy (and any endorsement or rider amending such cancellation or termination clause, including but not limited to any state cancellation/non-renewal amendatory attached to this Policy), if this Policy shall be canceled by the Insurer for any reason other than for non-payment of premium, the Insurer will provide advice of cancellation ("Advice") to the entity at the address listed below within *30* days following the date of the Insurer's notice of cancellation to the Named Entity; provided, however, that if a specific number of days is not stated above, then the Advice will be provided to such entity as soon as reasonably practicable following such date. Proof of mailing of the Advice to the address below will serve as proof that the Insurer has fully satisfied its obligations hereunder.

*U.S. Trustee*
*Office of the United States Trustee*
*844 King Street, Suite 2207*

*Wilmington, DE 19881*

Any failure to provide the Advice to such entity shall not impair or delay the effectiveness of any such cancellation. This Cancellation Amendatory does not affect, in any way, coverage provided under this Policy or the cancellation of this Policy or the effective date thereof, nor shall this Cancellation Amendatory invest any rights in any entity not insured under this Policy.

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.

_____
AUTHORIZED REPRESENTATIVE

© All rights reserved.

*END 022*

**ENDORSEMENT NO.: 11**

**This endorsement, effective 12:01 am, June 15, 2020**

**Forms part of policy number: IS18DOL603080IV**

**Issued to: Pyxus International, Inc.**

**By: Navigators Insurance Company**

### AMEND SECTION IV. GENERAL CONDITIONS
### (Bankruptcy Trustee Notice)

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

In consideration of the premium charged, it is understood and agreed that **Section IV. General Conditions** is amended by adding the following:

(1)     Notwithstanding anything to the contrary in any cancellation or termination provision contained in the **Followed Policy**, should this Policy be cancelled by the Underwriters, the Underwriters will endeavor to give thirty (30) days (fifteen (15) days for nonpayment of premium) advance notice to the entity listed in the SCHEDULE below, but failure to provide such notice shall not impair, delay or negate the effectiveness of such cancellation, nor shall it impose any obligation or liability of any kind on the Underwriters.

SCHEDULE:

U.S. Trustee
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19881

(2)     The Underwriters shall have no obligations to the entity listed in the Schedule above, nor shall the Underwriters be held liable in any way for any failure to provide notice as described in paragraph (1) of this endorsement.

All other terms and conditions of the Policy remain unchanged.

# ENDORSEMENT

| | | | |
|---|---|---|---|
| **Named Insured**: | Pyxus International, Inc. | Policy Number: | DOX10003959105 |

| | | | |
|---|---|---|---|
| Endorsement Effective Date: | June 15, 2020 | Endorsement Number: | 9 |
| | 12:01 AM Standard Time at the address of the **Named Insured** as shown in the Declarations. | | |

## FOLLOW SPECIFIC ENDORSEMENT OF THE FOLLOWED FORM

It is agreed that:

Notwithstanding any provision in this Policy to the contrary, this Policy shall provide excess insurance coverage in conformance with Endorsement/Rider No. 56 – Notice Endorsement of the **Followed Form**, and such endorsement shall apply to this Policy to the same extent that it applies to the **Followed Form**.

_____
Authorized Representative

This endorsement does not change any other provision of the Policy. The title and any headings in this endorsement are solely for convenience and do not affect its meaning.



| Endorsement No. | Effective Date of Endorsement | Policy Number | Additional  Premium |
|---|---|---|---|
| 8 | 12:01 a.m. on July 1, 2020 | MNN717230/01/2018 | N/A |

# NOTICE OF CANCELLATION TO THIRD PARTY ENDORSEMENT

It is agreed that:

If this policy is cancelled, the Insurer will give written notice of cancellation to each entity scheduled below at the stated address. If the Insurer cancels, the Insurer will send such notice within the number of days stated below, if any, prior to the effective date of cancellation. The failure of the third party to receive such notice within the time specified shall not delay the effective date of cancellation. This endorsement does not apply to any third party who is a mortgage holder, pledgee or other person shown in this policy to have an interest in any loss which may occur under this policy, and who, by law, is entitled to a statutory notice of cancellation.

| Entity | Days |
|---|---|
| U.S. Department of Justice<br>Office of the United States Trustee<br>District of Delaware<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 | 30 |

All other provisions of the Policy remain unchanged.

*This Endorsement Changes the Policy.  Please Read It Carefully.*

**ENDORSEMENT NO. 8**

**Cancellation Notice - MODIFIED**

This endorsement modifies coverage provided under the following:

XS Pact, Follow Form Insurance Policy

In consideration of payment of the premium, it is hereby understood that the Policy is amended as follows:

The **Insurer** shall cancel this Policy only for nonpayment of premium by delivering or mailing written notice of cancellation to the Named **Insured** and the entity listed in the Schedule below at the last known address not less than thirty (30) days prior to the effective date of cancellation. The notice of cancellation shall also be mailed or delivered to any designated mortgagee or loss payee, if applicable, at the last known address. A copy of the notice shall also be sent to the Named **Insured**'s agent or broker of record, if applicable. The notice shall state the reason for cancellation. Cancellation for nonpayment of premium shall not be effective if the amount due is paid before the effective date set forth in the notice of cancellation.

Schedule:

U.S. Trustee
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19881

All other terms and conditions of the Policy remain unchanged.

| | |
|---|---|
| **This endorsement forms a part of**<br>**Policy Number:** EXN CUAI0080-00 | **Effective Date:** June 15, 2020<br>**12:01am** |
| **Named Insured:** Pyxus International, Inc. | |
| **By:** State National Insurance Company, Inc. | |

# CERTIFICATE OF INSURANCE

**THIS IS TO CERTIFY TO:**
U.S. Department of Justice
Office of the United States Trustee
District of Delaware
844 King Street, Suite 2207
Wilmington, DE 19801

**THAT THE FOLLOWING POLICY OF INSURANCE HAS BEEN ISSUED TO:**
Alliance One International, Inc.
8001 Aerial Center Parkway
Morrisville, NC 27560

**POLICY NUMBER:**       NAN6019058
**POLICY PERIOD:**       From September 1, 2018 To September 1, 2019
**INSURANCE COMPANY:**   Endurance Risk Solutions Assurance Co.

**DESCRIPTION OF COVERAGES AND LIMITS OF LIABILITY:**

**LIMIT OF INSURANCE:**

Single Limit Bodily Injury & Property Damage Liability Including Passengers $25,000,000 each occurrence

Medical Payments $10,000 each passenger

**AIRCRAFT:**

Aircraft having a seating capacity not to exceed 50 total seats

This certificate is issued as Evidence of Coverage only.

Subject to Date Change Recognition Endorsement.

Data included in this Certificate valid as of July 2, 2020.

This certificate of insurance is not an insurance policy and does not amend, extend or alter the coverage afforded by the policy listed herein.  Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate of insurance may be issued or may pertain, the insurance afforded by the policy described herein is subject to all the terms, exclusions and conditions of such policies.

Should the described policy be cancelled before the expiration date hereof, the issuing company will endeavor to give 30 days (10 days for non-payment) notice to the certificate holder named herein. However, failure to mail such notice shall not impose any obligation nor any liability of any kind upon the Company, its representatives or agents.

By: _____                Date of Issue:  March 29, 2017
                W. Brown & Associates Insurance Services              Certificate No.:  _1_



**POLICY NUMBER:** 10 AB S47102          **EFFECTIVE DATE:** 09/01/2019

**NAMED INSURED AND ADDRESS:** PYXUS INTERNATIONAL, INC.
8001 AERIAL CENTER PARKWAY
MORRISVILLE, NC 27560

**ENDORSEMENT
NO.**          35

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

ITEM 1. - POLICY CHANGE, EFFECTIVE

06/15/2020

ITEM 2. - ENDORSEMENT MADE A PART OF THE POLICY AS OF THE DATE SHOWN IN ITEM 1.
ABOVE.

36. IH 03 15 06 11 NOTICE OF CANCELLATION TO DESIGNATED CERTIFICATE
HOLDER

ITEM 3. - PREMIUM

NO CHANGE

**Form IH 12 00 11 85**

**POLICY NUMBER:** 10 AB S47102



**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NOTICE OF CANCELLATION
# TO DESIGNATED CERTIFICATE HOLDER

**SCHEDULE**

**Number of Days Notice:**

Part A: _30_

Part B: _10_

Part C: _30_

**Name of Certificate Holder:**
U.S. Department of Justice
Office of the United States Trustee
District of Delaware
**Mailing Address:**
844 King Street, Suite 2207
Wilmington, DE 19801

This policy is subject to the following additional Conditions when a number of days are shown in the Schedule for any of the above Parts.

**A.** If this policy is cancelled by the Company, other than for nonpayment of premium, notice of such cancellation will be provided to the certificate holder in the Schedule, at least the number of days in advance of the cancellation effective date, as shown in Part A.

**B.** If this policy is cancelled by the Company for nonpayment of premium, notice of such cancellation will be provided to the certificate holder in the Schedule within the number of days notice of the cancellation effective date, as shown in Part B.

**C.** If this policy is cancelled by the insured, notice of such cancellation will be provided to the certificate holder in the Schedule, within the number of days notice of the cancellation effective date, as shown in Part C.

If notice is mailed, proof of mailing notice to the certificate holder's mailing address as shown in the Schedule will be sufficient proof of notice. If the number of days notice in the schedule for any Part is left blank or is shown as zero, no notice will be provided to the Scheduled certificate holder under that Part.

Any notification rights provided by this endorsement apply only to active certificate holder(s) who were issued a certificate of insurance applicable to this policy's term

Failure to provide such notice to the certificate holder(s) will not amend or extend the date the cancellation becomes effective, nor will it negate cancellation of the policy.  Failure to send notice shall impose no liability of any kind upon the Company or its agents or representatives.

© 2011, The Hartford

# CyberRiskConnect
## Privacy, Security and Technology Insurance

## Endorsement #017

This endorsement:

effective 12:01 a.m., June 19, 2020,

forms a part of Policy No. MTP903439603,

issued to PYXUS INTERNATIONAL, INC.,

by Indian Harbor Insurance Company.

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### NOTICE OF CANCELLATION NOTIFICATION ENDORSEMENT

In consideration of the premium charged, it is agreed that Section VII. Cancellation and Non-Renewal is amended to include the following new paragraph:

In the event coverage is cancelled by the Named Insured or the Insurer for any statutorily permitted reason, or coverage is non-renewed by the Insurer, an endeavor on the part of the Insurer will be made to provide advanced written notice which will be mailed or delivered to the person(s) or entity(ies) according to the notification schedule below no more than thirty (30) days after such notice of cancellation or nonrenewal is provided to the Named Insured:

| NOTIFICATION SCHEDULE | |
| --- | --- |
| NAME OF PERSON(S) OR ENTITY(IES) | MAILING ADDRESS |
| U.S. Department of Justice<br>Office of the United States Trustee<br>District of Delaware | 844 King Street, Suite 2207<br>Wilmington, DE 19801 |

All other terms and conditions of this Policy shall remain the same.

TRD 544 0118

© 2018 X.L. America, Inc.  All Rights Reserved.  May not be copied without permission.

JLEN  06/22/2020

**ENDORSEMENT/RIDER**

Effective date of
this endorsement/rider: June 15, 2020

Federal Insurance Company

Endorsement/Rider No. 56

To be attached to and
form a part of Policy No. 8242-7505

Issued to:  PYXUS INTERNATIONAL, INC.

---

NOTICE ENDORSEMENT

In consideration of the premium charged, it is agreed that:

(1)      Should this Policy be cancelled by the Company, the Company will endeavor to give thirty (30) days
         advance notice to the entity listed in the SCHEDULE below, but failure to provide such notice shall
         not impair, delay or negate the effectiveness of such cancellation, nor shall it impose any obligation or
         liability of any kind on the Company.

SCHEDULE:

U.S. Trustee
Office of the United States Trustee
844 King Street, Suite 2207
Wilmington, DE 19881

(2)      The Company shall have no obligations to the entity listed in the Schedule above, nor shall the
         Company be held liable in any way for any failure to provide notice as described in paragraph (1) of
         this endorsement.

The title and any headings in this endorsement/rider are solely for convenience and form no part of the terms
and conditions of coverage.

All other terms, conditions and limitations of this Policy shall remain unchanged.

_____
Authorized Representative

POLICY NUMBER: NY19FXRZ02ZJKIV                    **COMMERCIAL EXCESS/UMBRELLA LIABILITY**
ENDORSEMENT NUMBER: 01

## THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

# AMENDMENT - FORMS AND ENDORSEMENTS

Effective 06/15/2020, and in consideration of an additional premium of $0.00, the following is   added:

AMENDMENT - CANCELLATION CONDITION                    NAV-FXS-363-NC (11/10)
NOTICE OF CANCELLATION TO OTHERS

All other terms of the policy remain unchanged.

Contains copyrighted material of the
Insurance Services Office, Inc. with its permission.

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# AMENDMENT - CANCELLATION CONDITION
# NOTICE OF CANCELLATION TO OTHERS

This endorsement modifies insurance provided under the following:

FOLLOW FORM EXCESS LIABILITY COVERAGE PART

SECTION IV  - CONDITIONS, 7. is deleted and replaced by the following:

We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation, at least 15 days before the effective date of cancellation for non-payment of premium, or 30 days in advance if we cancel for any other reason. If we cancel, return premium, if any, will be calculated on a pro rata basis, subject to any Minimum Earned Premium shown in the Declarations.

You may cancel this policy at any time after returning it to us or the Producer shown in the Declarations. If you cancel, a return premium, if any, will be calculated on a short rate basis, subject to any Minimum Earned Premium shown in the Declarations.

Notice of Cancellation will also be sent to:

U.S. Department of Justice
Office of the United States Trustee
District of Delaware
844 King Street, Suite 2207
Wilmington, DE 19801

All other terms of the policy remain unchanged.

Contains copyrighted material of the
Insurance Services Office, Inc. with its permission.

**ENDORSEMENT#** *12*

This endorsement, effective *12:01 am*    *June 15, 2020*        forms a part of
policy number    *01-701-43-67*
issued to *Pyxus International Inc.*


by    *National Union Fire Insurance Company of Pittsburgh, Pa.*

## CANCELLATION AMENDATORY
### (LIMITED ADVICE OF CANCELLATION TO LISTED THIRD-PARTY)

Wherever used herein: (1) "Policy" means the policy or bond to which this endorsement or rider is made part of; (2) "Insurer" means the "Insurer," "Underwriter," "Company" or other name specifically ascribed in this Policy as the insurance company or underwriter for this Policy; and (3) "Named Entity" means the "Named Entity," "Named Corporation," Named Organization," "Named Sponsor," "Named Insured," "First Named Insured," "Insured's Representative," "Policyholder" or equivalent term stated in Item 1 of the Declarations.

In consideration of the premium charged, it is hereby understood and agreed that notwithstanding anything to the contrary in any CANCELLATION or TERMINATION clause of this Policy (and any endorsement or rider amending such cancellation or termination clause, including but not limited to any state cancellation/non-renewal amendatory attached to this Policy), if this Policy shall be canceled by the Insurer for any reason other than for non-payment of premium, the Insurer will provide advice of cancellation ("Advice") to the entity at the address listed below within *30* days following the date of the Insurer's notice of cancellation to the Named Entity; provided, however, that if a specific number of days is not stated above, then the Advice will be provided to such entity as soon as reasonably practicable following such date. Proof of mailing of the Advice to the address below will serve as proof that the Insurer has fully satisfied its obligations hereunder.

*U.S. Trustee*
*Office of the United States Trustee*
*844 King Street, Suite 2207*

*Wilmington, DE 19881*

Any failure to provide the Advice to such entity shall not impair or delay the effectiveness of any such cancellation. This Cancellation Amendatory does not affect, in any way, coverage provided under this Policy or the cancellation of this Policy or the effective date thereof, nor shall this Cancellation Amendatory invest any rights in any entity not insured under this Policy.

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.


_____
AUTHORIZED REPRESENTATIVE


© All rights reserved.
### *END 012*

109058 (7/11)                    1

ENDORSEMENT# *16*

This endorsement, effective *12:01 am*    *June 15, 2020*    forms a part of
policy number   *01-686-20-75*
issued to *Pyxus International, Inc.*

by   *National Union Fire Insurance Company of Pittsburgh, Pa.*

## CANCELLATION AMENDATORY
### (LIMITED ADVICE OF CANCELLATION TO LISTED THIRD-PARTY)

Wherever used herein: (1) "Policy" means the policy or bond to which this endorsement or rider is made part of; (2) "Insurer" means the "Insurer," "Underwriter," "Company" or other name specifically ascribed in this Policy as the insurance company or underwriter for this Policy; and (3) "Named Entity" means the "Named Entity," "Named Corporation," "Named Organization," "Named Sponsor," "Named Insured," "First Named Insured," "Insured's Representative," "Policyholder" or equivalent term stated in Item 1 of the Declarations.

In consideration of the premium charged, it is hereby understood and agreed that notwithstanding anything to the contrary in any CANCELLATION or TERMINATION clause of this Policy (and any endorsement or rider amending such cancellation or termination clause, including but not limited to any state cancellation/non-renewal amendatory attached to this Policy), if this Policy shall be canceled by the Insurer for any reason other than for non-payment of premium, the Insurer will provide advice of cancellation ("Advice") to the entity at the address listed below within *30* days following the date of the Insurer's notice of cancellation to the Named Entity; provided, however, that if a specific number of days is not stated above, then the Advice will be provided to such entity as soon as reasonably practicable following such date. Proof of mailing of the Advice to the address below will serve as proof that the Insurer has fully satisfied its obligations hereunder.

*U.S. Trustee*
*Office of the United States Trustee*
*844 King Street, Suite 2207*

*Wilmington, DE 19881*

Any failure to provide the Advice to such entity shall not impair or delay the effectiveness of any such cancellation. This Cancellation Amendatory does not affect, in any way, coverage provided under this Policy or the cancellation of this Policy or the effective date thereof, nor shall this Cancellation Amendatory invest any rights in any entity not insured under this Policy.

ALL OTHER TERMS, CONDITIONS AND EXCLUSIONS REMAIN UNCHANGED.

_____
AUTHORIZED REPRESENTATIVE

© All rights reserved.

### *END 016*

109058 (7/11)                                    1

**Willis Limited**
**Risk and Analytics**

**WillisTowers Watson** I·I'I·I·I

# CONTRACT ENDORSEMENT

| | |
|---|---|
| **INSURED:** | Pyxus International, Inc. |
| **PERIOD:** | 9 June 2020 to 8 June 2021 |
| **TYPE:** | Forestry Insurance |
| **UNIQUE MARKET REFERENCE:** | 10005RA20 |
| **ENDORSEMENT REFERENCE:** | 0001 |

It is hereby understood and agreed that the amendment below is made to this policy with effect from the dates shown:

**NOTICE OF CANCELLATION**

In the event of cancellation, a 30-day notice of cancellation must be provided to the Office of the United States Trustee.

**Address:**       U.S. Department of Justice
Office of the United States Trustee
District of Delaware
844 King Street, Suite 2207
Wilmington, DE 19801

All other terms and conditions remain unaltered.

**EFFECTIVE DATE:**       9 June 2020 local standard time at the address of the Insured as stated in the contract.

**ADDITIONAL/**
**RETURN PREMIUM:**       Nil premium adjustment

**TAXES PAYABLE**       None
**BY (RE)INSURED**
**AND ADMINISTERED**
**BY (RE)INSURERS:**

**INFORMATION:**       N/A

**Willis Limited**
**Risk and Analytics**

**WillisTowersWatson I·I'I'I·I**

# CONTRACT ENDORSEMENT

**UNIQUE MARKET REFERENCE:**          10005RA20

**ENDORSEMENT REFERENCE:**          0001

---

### CONTRACT ADMINISTRATION AND ADVISORY SECTIONS

**SETTLEMENT**
**DUE DATE:**                                             N/A

In the absence of an insurer(s) specified Settlement Due Date, the Settlement Due Date will be calculated by applying the terms of trade for the inception premium to whichever is the later of either:

1)          the latest effective date of the subject matter of the contract endorsement; or
2)          the date on which the final reinsurer(s) agreement is obtained.

### AGREEMENT

| GENERAL UNDERWRITERS AGREEMENT (GUA) Each Underwriter's proportion is several not joint | | |
|---|---|---|
| **Slip Leader Only** | **Slip Leader And Agreement Parties** | **All Underwriters** |
|  | *Phillip L Cottle* |  |

Phil Cottle: Head of Forestry, Globe Underwriting Ltd.
22 June 2020

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**POLICY NUMBER:** 10 CSE S47101



**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# POLICY CHANGES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS-COMPLETED OPERATIONS LIABILITY COVERAGE PART
OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
RAILROAD PROTECTIVE LIABILITY COVERAGE PART

The following items(s):

| | |
|---|---|
| ☐ Insured's Name | ☐ Insured Mailing Address |
| ☐ Policy Number | ☐ Company |
| ☐ Effective/Expiration Date | ☐ Insured Legal Status/Business of Insured |
| ☐ Payment Plan | ☐ Premium Determination |
| ☐ Additional Interested Parties: | ☒ Coverage Forms and Endorsements |
| ☐ Limits/Exposures | ☐ Deductibles / SIR |
| ☐ Covered Property/Location Description | ☐ Classification Class Codes |
| ☐ Rates | ☐ Underlying Insurance |

is (are) changed to read:

```
ITEM 1. - POLICY CHANGE, EFFECTIVE

        06/15/2020

ITEM 2. - ENDORSEMENT MADE A PART OF THE POLICY AS OF THE DATE SHOWN IN ITEM 1.
        ABOVE.

        49. IH 03 15 06 11 NOTICE OF CANCELLATION TO DESIGNATED CERTIFICATE
                          HOLDER
```

The above amendments result in a change in the premium as follows:

| | | | |
|---|---|---|---|
| ☒ NO CHANGES | ☐ TO BE ADJUSTED<br>AT AUDIT | ADDITIONAL PREMIUM<br>$ | RETURN PREMIUM<br>$ |

*Susan L. Castaneda*
_____
Authorized Representative Signature

**POLICY NUMBER:**  10 CSE S47101



**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

# NOTICE OF CANCELLATION
# TO DESIGNATED CERTIFICATE HOLDER

<table>
<tr><td colspan="2" align="center"><strong>SCHEDULE</strong></td></tr>
<tr>
<td>

**Number of Days Notice**:

Part A:  30

Part B:  10

Part C:  30
</td>
<td>

**Name of Certificate Holder:**
U.S. Department of Justice
Office of the United States Trustee
District of Delaware
**Mailing Address:**
844 King Street, Suite 2207
Wilmington, DE 19801
</td>
</tr>
</table>

This policy is subject to the following additional Conditions when a number of days are shown in the Schedule for any of the above Parts.

**A.** If this policy is cancelled by the Company, other than for nonpayment of premium, notice of such cancellation will be provided to the certificate holder in the Schedule, at least the number of days in advance of the cancellation effective date, as shown in Part A.

**B.** If this policy is cancelled by the Company for nonpayment of premium, notice of such cancellation will be provided to the certificate holder in the Schedule within the number of days notice of the cancellation effective date, as shown in Part B.

**C.** If this policy is cancelled by the insured, notice of such cancellation will be provided to the certificate holder in the Schedule, within the number of days notice of the cancellation effective date, as shown in Part C.

If notice is mailed, proof of mailing notice to the certificate holder's mailing address as shown in the Schedule will be sufficient proof of notice. If the number of days notice in the schedule for any Part is left blank or is shown as zero, no notice will be provided to the Scheduled certificate holder under that Part.

Any notification rights provided by this endorsement apply only to active certificate holder(s) who were issued a certificate of insurance applicable to this policy's term

Failure to provide such notice to the certificate holder(s) will not amend or extend the date the cancellation becomes effective, nor will it negate cancellation of the policy.  Failure to send notice shall impose no liability of any kind upon the Company or its agents or representatives.

© 2011, The Hartford

# Policy Changes Endorsement



| Insureds Name | Policy Number | Effective  Date | Endorsement Number |
|---|---|---|---|
| Pyxus International,  Inc. | PPR-5747326-07 | 06/15/2020 | 05 |

| Producer Number | ☐ NO CHANGE IN PREMIUM | ADDITIONAL PREMIUM | RETURN PREMIUM |
|---|---|---|---|
| 18741000 | ☐ TO ADJUST PREMIUM  AT AUDIT | N/A | N/A |

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

This endorsement modifies insurance provided under your policy as indicated below. The modification(s) may result in a change in the premium as indicated above.

| Type(s) of Change(s) | | | |
|---|---|---|---|
| ☐ | Name of Insured | ☐ | Mailing Address of Insured |
| ☐ | Policy Number | ☐ | Company |
| ☐ | Effective/Expiration Date | ☐ | Legal Status of Insured/Business of Insured |
| ☐ | Payment Plan | ☐ | Premium Determination |
| x | Additional Interested Parties | ☐ | Coverage Forms and Endorsements |
| ☐ | Limits/Exposures | ☐ | Deductibles |
| ☐ | Covered Property/Location Description | ☐ | Classification/Class Codes |
| ☐ | Rates | ☐ | Underlying Insurance |

## CHANGE (S)

It is hereby understood that effective 06/15/2020, the following has been requested to have the current policy endorsed to provide 30 Days' Notice of Cancellation except for non-payment which is 10 days to the United States Trustee;

**U.S. Department of Justice**
**Office of the United States Trustee**
**District of Delaware**
**844 King Street, Suite 2207**
**Wilmington, DE 19801**

**All other terms, conditions and limitations of this Policy remain unchanged.**

| Signature of Authorized Representative |
|---|
| X |



# International Advantage

## Commercial Insurance Policy Endorsements

**INTRODUCTION**

This(ese) are your commercial insurance policy endorsements. They modify your coverage, please read them carefully.  They may also add coverages to your existing policy.

**You, Your, We, Us, and Our**

Throughout the policy and applicable endorsements, the terms "you" and "your" mean the person, people, or organization shown as the Named Insured in the Declarations.  "We," "us," and "our" mean the insurance company issuing this policy. Besides you, there may be other people "insured" under certain parts of the policy.

**Insured**

The word "insured" means any person or organization qualifying as such under the WHO IS AN INSURED sections of the coverage form in which they appear.

**Word in Quotation Marks**

Words and phrases that appear in quotation marks have the special meaning given to them in the Section - DEFINITIONS of the coverage form in which they appear.

By signing and delivering the endorsement(s) to you, we state that it is a valid contract when counter-signed by our authorized representative.

**ACE AMERICAN INSURANCE COMPANY**

REBECCA L. COLLINS, Secretary

JOHN J. LUPICA, President



**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

| Named Insured<br>Pyxus International, Inc. | | | Endorsement Number<br>036 |
|---|---|---|---|
| Policy Symbol<br>CXC | Policy Number<br>D38213593 004 | Policy Period<br>September 01, 2019 to September 01, 2020 | Effective Date of Endorsement<br>June 18, 2020 |
| Issued By (Name of Insurance Company)<br>ACE American Insurance Company | | | |

# NOTICE TO OTHERS ENDORSEMENT – SPECIFIC PARTIES

**This endorsement modifies coverage under the following:**

**INTERNATIONAL ADVANTAGE® COMMERCIAL INSURANCE POLICY**

**A.** If we cancel the Policy prior to its expiration date by notice to you or the first Named insured for any reason other than nonpayment of premium, we will endeavor, as set out below, to send written notice of cancellation, via such electronic or other form of notification as we determine, to the persons or organizations indicated in the schedule set out below (the "Schedule"). You or your representative must provide us with both the physical and e-mail address of such persons or organizations, and we will utilize such e-mail address or physical address that you or your representative provided to us on such Schedule.

**B.** We will endeavor to send or deliver such notice to the e-mail address or physical address corresponding to each person or organization indicated in the Schedule at least 30 days prior to the cancellation date applicable to the Policy.

**C.** The notice referenced in this endorsement is intended only to be a courtesy notification to the person(s) or organization(s) named in the Schedule in the event of a pending cancellation of coverage. We have no legal obligation of any kind to any such person(s) or organization(s). Our failure to provide advance notification of cancellation to the person(s) or organization(s) shown in the Schedule shall impose no obligation or liability of any kind upon us, our agents or representatives, will not extend any Policy cancellation date and will not negate any cancellation of the Policy.

**D.** We are not responsible for verifying any information provided to us in any Schedule, nor are we responsible for any incorrect information that you or your representative provide to us. If you or your representative does not provide us with the information necessary to complete the Schedule, we have no responsibility for taking any action under this endorsement. In addition, if neither you nor your representative provides us with e-mail and physical address information with respect to a particular person or organization, then we shall have no responsibility for taking action with regard to such person or entity under this endorsement.

**E.** We may arrange with your representative to send such notice in the event of any such cancellation.

**F.** You will cooperate with us in providing, or in causing your representative to provide, the e-mail address and physical address of the persons or organizations listed in the Schedule.

**G.** This endorsement does not apply in the event that you cancel the Policy.

**SCHEDULE**

| Name of Certificate Holder | E-Mail Address | Physical Address |
| --- | --- | --- |
| U.S. Department of Justice Office of the United States Trustee District of Delaware https://www.justice.gov/contact-us | | 844 King Street, Suite 2207 Wilmington, DE 19801 |

All other terms and conditions of this Policy remain unchanged.



## THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

## CHANGE IN INFORMATION PAGE

**Company:** HARTFORD UNDERWRITERS INSURANCE CO.
**Carrier Code:** 10456                                    **Endorsement**          **Policy Effective Date** 09/01/2019
**Policy Number:** 10 WN S47100                            **Number:** 69           **Policy Expiration Date** 09/01/2020
**Endt Effective Date:** 06/15/2020      Effective hour is the same as stated on the Information Page of the
policy.

**Named Insured and**      PYXUS INTERNATIONAL, INC.
**Address:**               8001 AERIAL CENTER PARKWAY
                           MORRISVILLE, NC 27560

**FEIN Number:** 54-1746567
**Producer:** WILLIS OF NEW YORK, INC.
**Producer Code:** 252185

The changes checked below apply to the policy.

☐ Item 1 is replaced by the following as indicated by specific entry:
The Insured: _____
(WC 89 06 01)
Mailing Address/Location: _____
(WC 89 06 05)
☐ Individual   ☐ Corporation   ☐ Partnership   ☐ Other: _____
☐ Item 2 is replaced by:  The Policy Period is   From _____ to _____
                                                        (WC 89 06 03)              (WC 89 06 04)
12:01 a.m., at the Insured's mailing address.

☐ Item 3A is changed to include the state or states of: _____

☐ Item 3C is replaced by the following:  Other State Insurance:  Part Three of the policy applies to the states, if any, listed here:
_____

☒ Item 3D is changed to add/delete endorsements listed here: ADD: ENDORSEMENT #70 - WC990528

☐ Item 4 is changed to:       ☐ Add/Delete the following Classification of Operations: _____
                              ☐ Show the following Premium Basis due to a recently completed audit _____
                              ☐ Show the following revised Rates for the classification indicated: _____
                              ☐ Other: _____
☐ Item 4 is replaced by the following:
4.    The Premium for this policy will be determined by our manuals of Rules, Classifications, Rates, and Rating Plans.  All information required
below is subject to verification and change by audit.

| Classifications | Code Number | Premium Basis Total Estimated Annual Remuneration | Rates Per $100 of Remuneration | Estimated Annual Premium |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
| Interstate/Intrastate ID No. |  |  |  |  |

|  |  |
|---|---|
| **Total Estimated Annual Premium** |  |
| Minimum Premium:          **Deposit Premium** |  |

**Audit Period:** ☒ Annual   ☐ Semi-Annual   ☐ Quarterly   ☐ Monthly
The additional or refund premium created by this endorsement is   NO CHANGE
                        ☐ 1st Anniversary                                    ☐ 2nd Anniversary

06/22/2020 ANM

Countersigned by _____
**Form WC 99 00 37 B**  Printed in U.S.A.                                    Authorized Representative



**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**

**NOTICE OF CANCELLATION TO DESIGNATED CERTIFICATE HOLDER**

**Policy Number:** 10 WN S47100                    **Endorsement Number:** 70
**Effective Date:** 06/15/2020    Effective hour is the same as stated on the Information Page of the policy.
**Named Insured and Address:** PYXUS INTERNATIONAL, INC.
                             8001 AERIAL CENTER PARKWAY
                             MORRISVILLE, NC 27560

This policy is subject to the following additional Conditions when a number of days are shown in the schedule for any of the below Parts:

A.  If this policy is cancelled by the Company, other than for non-payment of premium, notice of such cancellation will be provided to the certificate holder in the schedule, at least the number of days in advance of the cancellation effective date, as shown in Part A.

B.  If this policy is cancelled by the Company for non-payment of premium, notice of such cancellation will be provided to the certificate holder in the schedule within the number of days notice of the cancellation effective date, as shown in Part B.

C.  If this policy is cancelled by the insured, notice of such cancellation will be provided to the certificate holder in the schedule, within the number of days notice of the cancellation effective date, as shown in Part C.

If notice is mailed, proof of mailing notice to the certificate holder's mailing address as shown in the schedule will be sufficient proof of notice.  If the number of days notice in the schedule for any Part is left blank or is shown as zero, no notice will be provided to the scheduled certificate holder under that Part.

Any notification rights provided by this endorsement apply only to active certificate holder(s) who were issued a certificate of insurance applicable to this policy's term.

Failure to provide such notice to the certificate holder(s) will not amend or extend the date the cancellation becomes effective, nor will it negate cancellation of the policy.  Failure to send notice shall impose no liability of any kind upon the company or its agents or representatives.

**Schedule**

**Number of Days Notice:**

Part A:    30

Part B:    10

Part C:    30

**Name and Mailing Address of Certificate Holder**

U.S. Department of Justice
Office of the United States Trustee
District of Delaware
844 King Street, Suite 2207
Wilmington, DE 19801

**Form WC 99 05 28**   Printed in U.S.A.
**Process Date:**                                    **Policy Expiration Date:**
© 2011, The Hartford

**In re PYXUS INTERNATIONAL, INC.** *et al.*                                  **Case No. 20-11570 (LSS)**
         **Debtor**

**CERTIFICATES OF INSURANCE - EXPLANATIONS**

**In re PYXUS INTERNATIONAL, INC.** *et al.*
**Debtor**

Case No. 20-11570 (LSS)

| Coverage | Policy Period | Status of US Trustee Endorsement |
|---|---|---|
| Property (Global) | 5-1-20 to 5-1-21 | Attached |
| Special Contingency (Global) | 5-13-20 to 5-13-23 | Pending |
| Marine Stock throughput Policy (Global)  (Quota Shared) | 5-24-20 to 5-24-21 | Attached |
| Marine Cargo 1st  Excess (Quota Shared) | 5-24-20 to 5-24-21 | Attached |
| Marine Cargo 2nd   Excess (Quoted Shared) | 5-24-20 to 5-24-21 | Attached |
| Marine Cargo 3rd Excess (Quota Shared) | 5-24-20 to 5-24-21 | Attached |
| Aircraft Hull & Liability & War | 5-1-20 to 5-1-21 | Pending |
| Forestry Property in Malawi | 6-9-20 to 6-9-21 | Attached |
| Political Risk (Outside US) | 6-30-17 to 6-29-20 | N/A |
| Directors & Officers Liability | 8-13-19 to 10-1-20 | Attached |
| First Excess D&O Liability | 8-13-19 to 10-1-20 | Attached |
| Second Excess D&O Liability | 8-13-19 to 10-1-20 | Attached |
| Third Excess D&O Liability | 8-13-19 to 10-1-20 | Attached |
| Fourth Excess D&O Liability | 8-13-19 to 10-1-20 | Attached |
| Fifth Excess D&O Liability | 8-13-19 to 10-1-20 | Attached |
| Lead Side A- Excess D&O Liability | 8-13-19 to 10-1-20 | Pending |
| 1st Excess Side A D&O Liability | 8-13-19 to 10-1-20 | Pending |
| Fiduciary Liability | 8-13-19 to 8-13-20 | Attached |
| Crime (Global) | 8-13-19 to 8-13-20 | Attached |
| Commercial Auto Liability (US) | 9-1-19 to 9-1-20 | Attached |
| General Liability (US | 9-1-19 to 9-1-20 | Attached |
| WC & Employers Liability | 9-1-19 to 9-1-20 | Attached |
| Umbrella | 9-1-19 to 9-1-20 | Attached |
| Excess Liability | 9-1-19 to 9-1-20 | Attached |
| Media, Cyber and Technology (Global) | 9-1-19 to 9-1-20 | Attached |
| International General Liability (Outside US) | 9-1-19 to 9-1-20 | Attached |
| Non Owned Aircraft Liability | 9-1-19 to 9-1-20 | Attached |
| Corporate Counsel E&O | 9-21-19 to 9-21-20 | Attached |

**In re PYXUS INTERNATIONAL, INC.** *et al.*                    Case No. **20-11570 (LSS)**
        **Debtor**


**EVIDENCE OF DEBTOR IN POSSESSION BANK ACCOUNTS**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § § | Case No. 20-11570 (LSS) |
| Debtors. | § § | (Jointly Administered) |
|  | § § | **Ref: Docket No. 14** |
|  | § |  |

---

### INTERIM ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING CASH MANAGEMENT SYSTEM AND BANK ACCOUNTS, (II) WAIVING CERTAIN UNITED STATES TRUSTEE REQUIREMENTS, (III) AUTHORIZING CONTINUED PERFORMANCE OF INTERCOMPANY TRANSACTIONS, INCLUDING INTERCOMPANY LOANS, (IV) AUTHORIZING AN INTERIM SUSPENSION OF SECTION 345(B) DEPOSIT AND INVESTMENT REQUIREMENTS AND (V) GRANTING RELATED RELIEF

---

Upon the Debtors' motion (the "***Motion***")[2] for entry of an interim order (this "***Interim Order***") (i) authorizing the Debtors to continue to use their centralized cash management system (the "***Cash Management System***") and bank accounts; (ii) waiving certain bank account and related requirements of the Office of the United States Trustee for the District of Delaware (the "***U.S. Trustee***"); (iii) authorizing continued performance of Intercompany Transactions, including Intercompany Loans, and granting administrative expense status to Intercompany Claims; (iv) authorizing an interim suspension of the requirements of section 345(b) of the Bankruptcy Code; and (v) granting related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603).  The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not defined in this Interim Order have the meanings used in the Motion.

it appearing that no other or further notice need be provided; and the Court having jurisdiction to

consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the *Amended Standing Order of Reference* from the United States District Court for the District

of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief

requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having

authority to enter a final order consistent with Article III of the United States Constitution; and

venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having

been held to consider the relief requested in the Motion (the "**Hearing**"); and upon the First Day

Declaration and the record of the Hearing and all the proceedings before the Court; and the Court

having found such relief to be in the best interests of the Debtors, their estates and creditors and

any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing

having established just cause for the relief granted herein; and after due deliberation thereon and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "**Final Hearing**") on the Motion will be held on July

17, 2020, at 11:00 a.m. (Eastern Time). Any objections or responses to entry of a final order on

the Motion must be filed on or before 4:00 p.m. (Eastern Time) on July 10, 2020, and served on

the following parties: (i) the Office of the United States Trustee for the District of Delaware, J.

Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801

(Attn: David L. Buchbinder, Esq. (david.l.buchbinder@usdoj.gov)); (ii) Simpson Thacher &

Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Sandeep Qusba

(squsba@stblaw.com), Michael Torkin (michael.torkin@stblaw.com) and Nicholas Baker

(nbaker@stblaw.com)), proposed co-counsel for the Debtors; (iii) Young Conaway Stargatt &

Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com)), proposed co-counsel for the Debtors; (iv) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher Hansen, Esq. (khansen@stroock.com) and Jonathan Canfield, Esq. (jcanfield@stroock.com)), co-counsel to the Ad Hoc First Lien Group; (v) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and James E. O'Neill, Esq. (joneill@pszjlaw.com)), co-counsel to the Ad Hoc First Lien Group; (vi) Wachtell Lipton Rosen & Katz, 51 West 52nd Street, New York, New York 10019 (Attn: Joshua Feltman (jafeltman@wlrk.com) and Benjamin Arfa (bsarfa@wlrk.com)), co-counsel to the Ad Hoc Crossholder Group and the DIP Agent; (vii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801 (Attn. Derek C. Abbott (dabbott@mnat.com)), co-counsel to the Ad Hoc Crossholder Group and the DIP Agent; (viii) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Scott Greissman (sgreissman@whitecase.com) and Andrew Zatz (azatz@whitecase.com)), counsel to the ABL Agent; (ix) counsel to any committee appointed in these Chapter 11 Cases; and (x) any other party entitled to notice under Bankruptcy Rule 2002. In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

3.　　　Except as otherwise provided herein, the Debtors are authorized and empowered to continue to maintain and use their Cash Management System and bank accounts consistent with their prepetition practices.

4.      All existing deposit agreements between the Debtors and the depository and disbursement banks listed on **Exhibit E** to the Motion (collectively, the "***Banks***" and each a "***Bank***") shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect.  The Debtors and the Banks are authorized, without further order of this Court, to implement such changes to the Cash Management System and procedures in the ordinary course of business in accordance with the terms of the existing deposit and disbursement agreements, including opening any new bank accounts or closing any existing bank accounts, to the extent permitted by the Debtors' proposed postpetition secured debtor-in-possession financing ("***DIP Financing***") and subject to the notice requirements set forth in paragraph 17 of this Interim Order.  The Banks are authorized to honor the Debtors' requests to close existing bank accounts or open new bank accounts.

5.      The Debtors are authorized but not directed to (i) maintain and continue to use their existing bank accounts that are listed on the attached **Exhibit E** to the Motion (the "***Debtor Bank Accounts***"), in the same manner and with existing account numbers, styles and document forms as are currently employed; (ii) deposit funds in, and withdraw funds from, the Debtor Bank Accounts by usual means, including check, wire transfer, ACH transfer, draft, electronic fund transfer, centralized lockbox or other items presented, issued or drawn on the Debtor Bank Accounts; (iii) pay prepetition and ordinary-course bank fees for the Debtor Bank Accounts; (iv) perform their obligations under the Debtor Bank Accounts' governing documents and agreements; and (v) treat the Debtor Bank Accounts for all purposes as "debtor in possession" accounts ("***DIP Accounts***").

6.      Each Bank is authorized to continue to administer, service and maintain the Debtor Bank Accounts, as they were prepetition, without interruption and in the ordinary course, without further order of this Court, and to receive, process, honor and pay all checks, drafts, wires, ACH transfers, electronic fund transfers or other items presented, issued or drawn on the Debtor Bank Accounts (collectively, the "*Disbursements*") on account of any claim this Court has granted the Debtors approval to pay, whether arising before, on or after the Petition Date to the same extent the Debtors were responsible for such items prior to the Petition Date; *provided that* the applicable Debtor Bank Accounts contain sufficient funds.

7.      Notwithstanding any other provision of this Interim Order, no Bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors, (b) in good faith belief that this Court has authorized such prepetition check or item to be honored or (c) as the result of an innocent mistake made despite implementation of reasonable item-handling procedures, shall be deemed to be liable to the Debtors, their estates or any other party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order.

8.      Each Bank is authorized, without further order of this Court, to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (i) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof whether arising prepetition or postpetition; (ii) all checks or other items deposited in one of Debtor's accounts with such, whether arising prepetition or postpetition, which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was and/or is responsible for such items whether prepetition or postpetition; and (iii) all undisputed prepetition

amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System. The Debtors shall at all times maintain sufficient balances in the accounts at each Bank to secure their obligations to each Bank for the cash management and related services provided to the Debtors.

9.       Each of the Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of this Court and the Banks shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

10.      The Debtors are authorized to continue performing Intercompany Transactions arising from or related to the operation of their business in the ordinary course. Notwithstanding anything to the contrary set forth herein, the Debtors shall not, absent further order of this Court, (a) make cash payments constituting Intercompany Loans in excess of approximately $90 million in the aggregate, or (b) pay any capital contributions or dividends. Notwithstanding the foregoing, the Debtors shall not, during the pendency of these Chapter 11 Cases, undertake any Intercompany Transactions with FIGR Brands, Inc., FIGR Canada Holdings ULC, Canada's Island Gardens, Inc. or FIGR Norfolk Inc.

11.      All obligations of the Debtors on account of any authorized postpetition Intercompany Transactions are hereby accorded administrative expense priority under section 503(b) of the Bankruptcy Code, subject and junior to the claims, including adequate protection and superpriority claims, granted in connection with any order(s) of this Court approving the DIP Financing. Each entity using funds that flow through the Cash Management System shall continue to bear the ultimate payment responsibility for those ordinary-course transactions. In connection

with the Intercompany Transactions, the Debtors shall maintain records for all transfers of cash so that all transactions (including Intercompany Transactions) can be readily ascertained, traced, recorded properly and distinguished between prepetition and postpetition transactions.

12.     The relief granted in this Interim Order with respect to any Intercompany Transaction and/or Intercompany Claim shall not constitute a finding as to the validity, priority or status of such Intercompany Transaction and/or Intercompany Claim.  The rights of any party, including the Debtors, to contest the validity, priority or status of any Intercompany Transaction and/or Intercompany Claim are expressly reserved.

13.     The Debtors are authorized to continue using all checks, correspondence and other business forms, including, but not limited to, purchase orders, multicopy checks, letterhead, envelopes, promotional materials and other business forms, substantially as they existed immediately before the Petition Date without reference to the Debtors' status as debtors in possession; *provided that* once the Debtors' existing checks have been used, the Debtors will, when reordering checks, ensure that the designation "Debtor in Possession" and the corresponding bankruptcy case number are printed on all checks; *provided, further,* that, with respect to checks that the Debtors or their agents print themselves, the Debtors shall use commercially reasonable efforts to begin printing the "Debtor in Possession" legend and the lead bankruptcy case number on such checks within ten (10) days of the date of entry of this Interim Order.

14.     The requirements of section 345 of the Bankruptcy Code, to the extent the Debtor Bank Accounts do not strictly comply therewith, are waived on an interim basis for a period of up to forty-five (45) days after the Petition Date; *provided*, *however*, that nothing in this Interim Order shall affect the Debtors' ability to seek further extensions of such waiver.

15.     In each instance in which the Debtors hold Debtor Bank Accounts at Banks that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days after entry of this Interim Order the Debtors shall (a) contact the Banks, (b) provide the Banks with each of the Debtor's employer identification numbers and (c) identify their Debtor Bank Accounts held as being held by a debtor-in-possession in a bankruptcy case and provide the main case number.

16.     For banks at which the Debtors hold Debtor Bank Accounts that are not party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, the Debtors shall either (i) transfer funds to a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, or (ii) use their good-faith efforts to cause the banks at which such Debtor Bank Accounts exist to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

17.     To the extent the Debtors seek to open any new bank accounts or close any existing bank accounts as permitted under paragraph 4 of this Interim Order, the Debtors shall give notice to the U.S. Trustee, any statutory committee appointed in the Chapter 11 Cases, and the administrative agents under the DIP Financing within fifteen (15) days after opening a new bank account or closing an existing bank account; *provided* that the Debtors shall open any such new bank account at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank willing to immediately execute such an agreement.

18.    Nothing contained herein shall prevent any Bank from modifying or terminating any Bank Accounts or cash management services or related services in accordance with the agreements governing such accounts, programs or services, subject to providing no less than fifteen (15) calendar days advance notice.

19.    Despite the Debtors' use of a consolidated Cash Management System, the Debtors shall calculate any quarterly fees due under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which Debtor, or other entity, pays those disbursements.

20.    Within five (5) business days from the entry of this Interim Order, the Debtors shall (i) serve a copy of this Interim Order on each Bank and (ii) request that each Bank internally code each of the Debtor Bank Accounts as "debtor in possession" accounts.

21.    The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

22.    Nothing in the Motion or this Interim Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff or recoup any claim or assert any related rights, claims or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

23.    The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

24.     Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

25.     The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Interim Order.

26.     This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Interim Order.

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

26646432.3          **Dated: June 16th, 2020**
                    **Wilmington, Delaware**

**In re PYXUS INTERNATIONAL, INC. *et al.***                    Case No. **20-11570 (LSS)**
                **Debtor**

**RETAINERS PAID (FORM IR-2)**

**In re PYXUS INTERNATIONAL, INC.** *et al.*                                                    Case No. **20-11570 (LSS)**
             **Debtor**

### SCHEDULE OF RETAINERS PAID TO PROFESSIONALS

| Payee | Method of Payment | Name of Payor | Amount | Amount Applied to Date | Balance |
|---|---|---|---|---|---|
| Ernst & Young LLP | ACH | Pyxus International, Inc. | $798,248 | $0 | $798,248 |
| Deloitte & Touche LLP | ACH | Pyxus International, Inc. | $80,000 | $0 | $80,000 |
| Prime Clerk | Wire transfer | Pyxus International, Inc. | $50,000 | $0 | $50,000 |
| Robinson, Bradshaw & Hinson, P.A. | ACH | Pyxus International, Inc. | $50,000 | $0 | $50,000 |
| RPA Asset Management Services LLC | Wire transfer | Pyxus International, Inc. | $400,000 | $41,849 | $358,151 |
| Simpson Thacher & Bartlett LLP | Wire transfer | Pyxus International, Inc. | $1,750,000 | $971,839 | $778,161 |
| Young Conaway Stargatt & Taylor, LL | Wire transfer | Pyxus International, Inc. | $225,000 | $156,770 | $68,230 |