IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § § | Case No. 20-11570 (LSS) |
| Debtors. | § § § | (Jointly Administered) |
| | § | Ref. Docket No. 113 |

**CERTIFICATION OF COUNSEL REGARDING REVISED PROPOSED ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIMPSON THACHER & BARTLETT LLP AS COUNSEL TO THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 330 OF THE BANKRUPTCY CODE EFFECTIVE AS OF THE PETITION DATE**

On June 26, 2020, the above-captioned affiliated debtors and debtors-in-possession (collectively, the "***Debtors***") filed the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Simpson Thacher & Bartlett LLP as Counsel to the Debtors Pursuant to Sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 Effective as of the Petition Date* [Docket No. 113] (the "***Application***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***"). The deadline to file objections or respond to the Application was established as July 10, 2020 at 4:00 p.m. (ET) (the "***Objection Deadline***").

Prior to the Objection Deadline, the Debtors received informal comments to the Application from the Office of the United States Trustee for the District of Delaware (the "***United States Trustee***"). No other informal responses or objections to the Application were received.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

26748086.1

Following discussions with the United States Trustee, the Debtors have agreed to a revised form of order (the "***Revised Proposed Order***"), a copy of which is attached hereto as **Exhibit A**, which resolves the United States Trustee's concerns. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the form of order filed with the Application is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other than those described herein, and the United States Trustee does not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

[*Signature page follows*]

26748086.1

| | |
|---|---|
| Dated: July 13, 2020<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Ashley E. Jacobs*<br>Pauline K. Morgan (No. 3650)<br>Kara Hammond Coyle (No. 4410)<br>Ashley E. Jacobs (No. 5635)<br>Tara C. Pakrouh (No. 6192)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:  (302) 571-1253<br>Email:  pmorgan@ycst.com<br>  kcoyle@ycst.com<br>  ajacobs@ycst.com<br>  tpakrouh@ycst.com<br><br>- and -<br><br>**SIMPSON THACHER & BARTLETT LLP**<br><br>Sandeep Qusba (admitted *pro hac vice*)<br>Michael H. Torkin (admitted *pro hac vice*)<br>Kathrine A. McLendon (admitted *pro hac vice*)<br>Nicholas E. Baker (admitted *pro hac vice*)<br>Daniel L. Biller (admitted *pro hac vice*)<br>Jamie J. Fell (admitted *pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone:  (212) 455-2000<br>Facsimile:  (212) 455-2502<br>Email:  squsba@stblaw.com<br>  michael.torkin@stblaw.com<br>  kmclendon@stblaw.com<br>  nbaker@stblaw.com<br>  daniel.biller@stblaw.com<br>  jamie.fell@stblaw.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

26748086.1

# Exhibit A

## Revised Proposed Order

26748086.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | |
| | § | Case No. 20-11570 (LSS) |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | **Ref: Docket No. 113** |

### ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIMPSON THACHER & BARTLETT LLP AS COUNSEL TO THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 330 OF THE BANKRUPTCY CODE <u>EFFECTIVE AS OF THE PETITION DATE</u>

Upon the application (the "*Application*")[2] of the Debtors for the entry of an order authorizing the employment and retention of Simpson Thacher & Bartlett LLP ("*Simpson Thacher*") as counsel effective as of the Petition Date pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, pursuant to the terms set forth in the Engagement Letter; and upon consideration of the Declaration Sandeep Qusba (the "*Qusba Declaration*") and the *Declaration of William L. O'Quinn, Jr., Senior Vice President, Chief Legal Officer and Secretary, in Support of Retention Application* (the "*O'Quinn Declaration*"); and it appearing that no other or further notice of the Application is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that Simpson Thacher has the capability and experience to provide the services described in the Application and that Simpson Thacher does not hold an interest adverse to the Debtors or their estates regarding the matters upon which Simpson Thacher is to be engaged; and the Court finding that Simpson Thacher is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the employment of Simpson Thacher is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 to employ and retain Simpson Thacher as their co-counsel effective as of the Petition Date on the terms and conditions set forth in the Engagement Letter as modified by the provisions of this Order.

3. Consistent with, and subject to, the terms of the Engagement Letter and this Order, Simpson Thacher shall be authorized to perform the services provided for in the Engagement Letter.

4. Simpson Thacher shall file fee application(s) and be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by

order of this Court.

5. Simpson Thacher shall make a reasonable effort to comply with the Office of the United States Trustee's requests for information and additional disclosures as set forth in the *Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (in connection with both the Application and all applications for compensation and reimbursement of expenses filed by Simpson Thacher in the Chapter 11 Cases).

6. Simpson Thacher shall apply the retainer against its post-petition invoices.

7. To the extent that there is any inconsistency among the terms of the Engagement Letter, the Application, and the express terms of this Order, the express terms of this Order shall govern.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Qusba Declaration.

9. The terms of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

**Exhibit B**

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § § § § § § § § § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | | |
| | | Case No. 20-11570 (LSS) |
| Debtors. | | |
| | | (Jointly Administered) |
| | | **Ref: Docket No. —— 113** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF SIMPSON THACHER & BARTLETT LLP AS COUNSEL TO THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 330 OF THE BANKRUPTCY CODE EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "***Application***")[2] of the Debtors for the entry of an order authorizing the employment and retention of Simpson Thacher & Bartlett LLP ("***Simpson Thacher***") as counsel effective as of the Petition Date pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016 and Local Rules 2014-1 and 2016-1, pursuant to the terms set forth in the Engagement Letter; and upon consideration of the Declaration Sandeep Qusba (the "***Qusba Declaration***") and the *Declaration of William L. O'Quinn, Jr., Senior Vice President, Chief Legal Officer and Secretary, in Support of Retention Application* (the "***O'Quinn Declaration***"); and it appearing that no other or further notice of the Application is required; and it appearing that the Court has jurisdiction to consider the Application in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* of the United

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

States District Court for the District of Delaware, dated February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being satisfied that Simpson Thacher has the capability and experience to provide the services described in the Application and that Simpson Thacher does not hold an interest adverse to the Debtors or their estates regarding the matters upon which Simpson Thacher is to be engaged; and the Court finding that Simpson Thacher is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the employment of Simpson Thacher is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and sufficient cause appearing therefor; it is hereby **ORDERED** that:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 to employ and retain Simpson Thacher as their co-counsel effective as of the Petition Date on the terms and conditions set forth in the Engagement Letter as modified by the provisions of this Order.

3. Consistent with, and subject to, the terms of the Engagement Letter and this Order, Simpson Thacher shall be authorized to perform the services provided for in the Engagement Letter.

4. Simpson Thacher shall file fee application(s) and be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and any other such procedures as may be fixed by

order of this Court.

   5. Simpson Thacher shall make a reasonable effort to comply with the Office of the United States Trustee's requests for information and additional disclosures as set forth in the *Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (in connection with both the Application and all applications for compensation and reimbursement of expenses filed by Simpson Thacher in the Chapter 11 Cases).

   6. Simpson Thacher shall apply the retainer against its post-petition invoices.

   ~~6.~~7. To the extent that there is any inconsistency among the terms of the Engagement Letter, the Application, and the express terms of this Order, the express terms of this Order shall govern.

   ~~7.~~8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application and the Qusba Declaration.

   ~~8.~~9. The terms of this Order shall be immediately effective and enforceable upon its entry.

   ~~9.~~10. This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.