IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § § § | Case No. 20-11570 (LSS) |
| Debtors. | § § § § | (Jointly Administered) |
| | § | Ref. Docket No. 114 |

**CERTIFICATION OF COUNSEL REGARDING REVISED PROPOSED
ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY
CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE
DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

On June 26, 2020, the above-captioned affiliated debtors and debtors-in-possession (collectively, the "***Debtors***"), filed the *Debtors' Application for an Order, Pursuant to Section 327(a) of the Bankruptcy Code, Authorizing the Retention and Employment of Young Conaway Stargatt & Taylor, LLP as Co-Counsel to the Debtors, Effective as of the Petition Date* [Docket No. 114] (the "***Application***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***"). The deadline to file objections or respond to the Application was established as July 10, 2020 at 4:00 p.m. (ET) (the "***Objection Deadline***").

Prior to the Objection Deadline, the Debtors received informal comments from the Office of the United States Trustee for the District of Delaware (the "***United States Trustee***"). No other informal responses or objections to the Application were received.

Following discussions with the United States Trustee, the Debtors have agreed to a revised form of order (the "***Revised Proposed Order***"), a copy of which is attached hereto as

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

26748083.1

**Exhibit A**, which resolve the United States Trustee's concerns. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the form of order filed with the Application is attached hereto as **Exhibit B**.

WHEREFORE, as the Debtors did not receive any objections or responses other than those described herein, and the United States Trustee does not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

[*Signature page follows*]

| | |
|---|---|
| Dated: July 13, 2020<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Tara C. Pakrouh*<br>Pauline K. Morgan (No. 3650)<br>Kara Hammond Coyle (No. 4410)<br>Ashley E. Jacobs (No. 5635)<br>Tara C. Pakrouh (No. 6192)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone:  (302) 571-6600<br>Facsimile:   (302) 571-1253<br>Email:         pmorgan@ycst.com<br>                    kcoyle@ycst.com<br>                    ajacobs@ycst.com<br>                    tpakrouh@ycst.com<br><br>- and -<br><br>**SIMPSON THACHER & BARTLETT LLP**<br><br>Sandeep Qusba (admitted *pro hac vice*)<br>Michael H. Torkin (admitted *pro hac vice*)<br>Kathrine A. McLendon (admitted *pro hac vice*)<br>Nicholas E. Baker (admitted *pro hac vice*)<br>Daniel L. Biller (admitted *pro hac vice*)<br>Jamie J. Fell (admitted *pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone:  (212) 455-2000<br>Facsimile:   (212) 455-2502<br>Email:         squsba@stblaw.com<br>                    michael.torkin@stblaw.com<br>                    kmclendon@stblaw.com<br>                    nbaker@stblaw.com<br>                    daniel.biller@stblaw.com<br>                    jamie.fell@stblaw.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

## **Exhibit A**

**Revised Proposed Order**

26748083.1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | Case No. 20-11570 (LSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Ref: Docket No. 114** |
| | § | |

**ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY
CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE
DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "*Application*")[2] of the Debtors for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the retention and employment of Young Conaway as co-counsel to the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Morgan Declaration, the O'Quinn Declaration and the Rule 2016 Statement submitted in support of the Application, as well as the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application, and that such notice is adequate and no other or further notice need be given; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, because (i) Young Conaway has no connection with the Debtors, any creditors or other parties in interest, their respective attorneys and accountants or the U.S. Trustee or any of its employees, except as set forth in the Morgan Declaration; (ii) Young Conaway is not a creditor, equity security holder or insider of the Debtors; (iii) none of Young Conaway's partners or employees are or were, within two (2) years of the Petition Date, a director, officer or employee of the Debtors and (iv) Young Conaway does not hold, and has neither represented nor represents, an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in, the Debtors, or for any other reason; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

    1.    The Application is granted, as set forth herein.

    2.    In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Young Conaway as their co-counsel on the terms set forth

in the Application, the Morgan Declaration and the Engagement Agreement, effective as of the Petition Date.

3. Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct. Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in the Chapter 11 Cases).

4. Young Conaway shall apply any retainer remaining at the time of its final fee application in satisfaction of compensation and reimbursements awarded with respect to such application, and promptly pay to the Debtors' estates any retainer remaining after such application.

5. Young Conaway shall file the budgets approved by the Debtors for the applicable billing period with each quarterly interim fee application.

6. Young Conaway shall apply the Retainer against its post-petition invoices.

7. Young Conaway shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B-Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (in connection with both the Application and all applications for compensation and reimbursement of expenses filed by Young Conaway in the Chapter 11 Cases).

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4

9. This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

## Exhibit B

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | Case No. 20-11570 (LSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Ref: Docket No. ——114** |
| | § | |

**ORDER, PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY
CODE, AUTHORIZING THE RETENTION AND EMPLOYMENT OF
YOUNG CONAWAY STARGATT & TAYLOR, LLP AS CO-COUNSEL TO THE
DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "*Application*")[2] of the Debtors for entry of an order, pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, authorizing the retention and employment of Young Conaway as co-counsel to the Debtors, effective as of the Petition Date, as more fully set forth in the Application; and upon consideration of the Morgan Declaration, the O'Quinn Declaration and the Rule 2016 Statement submitted in support of the Application, as well as the First Day Declaration; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 1334(b) and 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and it appearing that venue of the Chapter 11 Cases and the Application in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that notice of the Application has been given as set forth in the Application, and that such notice is adequate and no other or further notice need be given; and this Court finding that Young Conaway is a "disinterested person," as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code, because (i) Young Conaway has no connection with the Debtors, any creditors or other parties in interest, their respective attorneys and accountants or the U.S. Trustee or any of its employees, except as set forth in the Morgan Declaration; (ii) Young Conaway is not a creditor, equity security holder or insider of the Debtors; (iii) none of Young Conaway's partners or employees are or were, within two (2) years of the Petition Date, a director, officer or employee of the Debtors and (iv) Young Conaway does not hold, and has neither represented nor represents, an interest materially adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with or interest in, the Debtors, or for any other reason; and this Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates, their creditors and all other parties in interest; and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted, as set forth herein.

2. In accordance with section 327(a) of the Bankruptcy Code, the Debtors are hereby authorized to retain and employ Young Conaway as their co-counsel on the terms set forth

in the Application, the Morgan Declaration and the Engagement Agreement, effective as of the Petition Date.

3.  Young Conaway shall be entitled to allowance of compensation and reimbursement of expenses upon the filing and approval of interim and final applications pursuant to the sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct.  Young Conaway intends to, and shall, make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the U.S. Trustee Guidelines (both in connection with this Application and the interim and final fee applications to be filed by Young Conaway in the Chapter 11 Cases).

4.  Young Conaway shall apply any retainer remaining at the time of its final fee application in satisfaction of compensation and reimbursements awarded with respect to such application, and promptly pay to the Debtors' estates any retainer remaining after such application.

5.  Young Conaway shall file the budgets approved by the Debtors for the applicable billing period with each quarterly interim fee application.

6.  Young Conaway shall apply the Retainer against its post-petition invoices.

7.  Young Conaway shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Appendix B- Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (in connection with both the Application and all applications for compensation and reimbursement of expenses filed by Young Conaway in the Chapter 11 Cases).

8.  6.The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

4

9. 7.This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

4

9. 7.This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.