IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | Case No. 20-11570 (LSS) |
| Debtors. | (Jointly Administered) |
|  | Ref. Docket Nos. 118 & 128 |

**CERTIFICATION OF COUNSEL REGARDING
REVISED PROPOSED ORDER AUTHORIZING THE EMPLOYMENT AND
RETENTION OF RPA ASSET MANAGEMENT SERVICES, LLC AS FINANCIAL
ADVISORS TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE**

On June 26, 2020, the above-captioned affiliated debtors and debtors-in-possession (collectively, the "***Debtors***") filed the *Debtors' Application for an Order Authorizing the Retention and Employment of RPA Asset Management Services as Financial Advisors to the Debtors, Effective as of the Petition Date* [Docket No. 118] (the "***Application***") with the United States Bankruptcy Court for the District of Delaware (the "***Court***"). The deadline to file objections or respond to the Application was established as July 10, 2020 at 4:00 p.m. (ET) (the "***Objection Deadline***").

Prior to the Objection Deadline, the Debtors received informal comments to the Application from the Office of the United States Trustee for the District of Delaware (the "***United States Trustee***"). No other informal responses or objections to the Application were received.

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

26748125.1

Following discussions with the United States Trustee, the Debtors have agreed to a revised form of order (the "**Revised Proposed Order**"), a copy of which is attached hereto as **Exhibit A**. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the form of order filed with the Application is attached hereto as **Exhibit B**.

In addition, at the request of the United States Trustee, the Debtors filed the *Supplemental Declaration of Chip Cummins in Support of Debtors' Application for an Order Authorizing the Retention and Employment of RPA Asset Management Services as Financial Advisors to the Debtors, Effective as of the Petition Date* [Docket No. 128] (the "**Supplemental Declaration**"). The Revised Proposed Order and the Supplemental Declaration resolve the United States Trustee's informal comments.

WHEREFORE, as the Debtors did not receive any objections or responses other than those described herein, and the United States Trustee does not object to entry of the Revised Proposed Order, the Debtors respectfully request that the Court enter the Revised Proposed Order without further notice or hearing at the Court's earliest convenience.

[*Signature page follows*]

| | |
|---|---|
| Dated: July 13, 2020<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP** |

*/s/ Ashley E. Jacobs*
Pauline K. Morgan (No. 3650)
Kara Hammond Coyle (No. 4410)
Ashley E. Jacobs (No. 5635)
Tara C. Pakrouh (No. 6192)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:    pmorgan@ycst.com
          kcoyle@ycst.com
          ajacobs@ycst.com
          tpakrouh@ycst.com

- and -

**SIMPSON THACHER & BARTLETT LLP**

Sandeep Qusba (admitted *pro hac vice*)
Michael H. Torkin (admitted *pro hac vice*)
Kathrine A. McLendon (admitted *pro hac vice*)
Nicholas E. Baker (admitted *pro hac vice*)
Daniel L. Biller (admitted *pro hac vice*)
Jamie J. Fell (admitted *pro hac vice*)
425 Lexington Avenue
New York, New York 10017
Telephone:    (212) 455-2000
Facsimile:    (212) 455-2502
Email:    squsba@stblaw.com
          michael.torkin@stblaw.com
          kmclendon@stblaw.com
          nbaker@stblaw.com
          daniel.biller@stblaw.com
          jamie.fell@stblaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

## Exhibit A

## Revised Proposed Order

26748125.1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § § § | Case No. 20-11570 (LSS) |
| Debtors. | § § § § § | (Jointly Administered) **Ref: Docket Nos. 118 & 128** |

ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
OF RPA ASSET MANAGEMENT SERVICES, LLC AS FINANCIAL ADVISORS TO
THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the Debtors' application (the "*Application*")[2] for entry of an order (this "*Order*") authorizing the employment and retention of RPA Asset Management Services, LLC ("*RPA*") as the Debtors' financial advisor, effective as of the Petition Date, as more fully described in the Application; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Application.

26722549.2

1408 and 1409; and the Court having reviewed the Application and the Cummins Declaration; and upon consideration of the *Supplemental Declaration of Chip Cummins in Support of Debtors' Application for an Order Authorizing the Employment and Retention of RPA Asset Management Services as Financial Advisors to the Debtors, Effective as of the Petition Date* [Docket No. 128]; and the Court having found and determined that (a) RPA does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed, (b) RPA is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (c) employment of RPA is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to employ and retain RPA as their financial advisor in accordance with the terms and conditions set forth in the Engagement Letter and Application, as modified by this Order, effective as of the Petition Date.

3. RPA shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, and Local Rules of this Court, and such procedures as may be fixed by order of this Court. RPA shall file interim and final fee applications, if and as appropriate, for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

26722549.2

4. The Indemnification Provisions included in the Engagement Letter are approved, subject to the provisions of the subparagraphs below:

(a) The Indemnified Persons shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either: (i) judicially determined (that determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct, fraud or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to any Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement; and

(d) Any limitation on liability pursuant to the terms of the Engagement Letter shall be eliminated.

26722549.2

3

5. In the event that, during the pendency of these Chapter 11 Cases, RPA seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in RPA's fee applications and such invoices and time records shall be in compliance with Local Rule 2016-2(f), and shall be subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C); *provided, however*, that RPA shall not seek reimbursement of any fees incurred defending any of RPA's fee applications in these Chapter 11 Cases.

6. RPA shall apply the Retainer against its post-petition invoices.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. To the extent there are any conflicts between this Order, the Application, the Engagement Letter or the Cummins Declaration, the terms of this Order shall govern.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Exhibit B**

**Blackline**

26748125.1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | |
| | § | Case No. 20-11570 (LSS) |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | **Ref: Docket Nos.** ──── 118 & 128 |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION
## OF RPA ASSET MANAGEMENT SERVICES, LLC AS FINANCIAL ADVISORS TO
## THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the Debtors' application (the "***Application***")[2] for entry of an order (this "***Order***") authorizing the employment and retention of RPA Asset Management Services, LLC ("***RPA***") as the Debtors' financial advisor, effective as of the Petition Date, as more fully described in the Application; and due and sufficient notice of the Application having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Application and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Application.

26722549.12

1408 and 1409; and the Court having reviewed the Application and the Cummins Declaration; and upon consideration of the *Supplemental Declaration of Chip Cummins in Support of Debtors' Application for an Order Authorizing the Employment and Retention of RPA Asset Management Services as Financial Advisors to the Debtors, Effective as of the Petition Date* [Docket No. 128]; and the Court having found and determined that (a) RPA does not hold or represent any interest adverse to the Debtors' estates with respect to the matters upon which it is to be employed, (b) RPA is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code and (c) employment of RPA is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Application is granted as set forth herein.

2.  The Debtors are authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, to employ and retain RPA as their financial advisor in accordance with the terms and conditions set forth in the Engagement Letter and Application, as modified by this Order, effective as of the Petition Date.

3.  RPA shall be compensated in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, and Local Rules of this Court, and such procedures as may be fixed by order of this Court. RPA shall file interim and final fee applications, if and as appropriate, for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any applicable orders of this Court.

26722549.12

4. The Indemnification Provisions included in the Engagement Letter are approved, subject to the provisions of the subparagraphs below:

(a) The Indemnified Persons shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Letter for services other than the services provided under the Engagement Letter, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

(b) Notwithstanding anything to the contrary in the Engagement Letter, the Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense to the extent it is either: (i) judicially determined (that determination having become final) to have arisen from an Indemnified Person's gross negligence, willful misconduct, fraud or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations unless the Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii) above, but determined by this Court, after notice and a hearing, to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter as modified by this Order;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these Chapter 11 Cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including the advancement of defense costs, the Indemnified Person must file an application therefor in this Court, and the Debtors may not pay any such amounts to any Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by the Indemnified Persons for indemnification, contribution or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify the Indemnified Persons. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, or reimbursement; and

(d) Any limitation on liability pursuant to the terms of the Engagement Letter shall be eliminated.

5.  In the event that, during the pendency of these Chapter 11 Cases, RPA seeks reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in RPA's fee applications and such invoices and time records shall be in compliance with Local Rule 2016-2(f), and shall be subject to approval of the Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C); *provided, however*, that RPA shall not seek reimbursement of any fees incurred defending any of RPA's fee applications in these Chapter 11 Cases.

6.  RPA shall apply the Retainer against its post-petition invoices.

~~6.~~7.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

~~7.~~8.  To the extent there are any conflicts between this Order, the Application, the Engagement Letter or the Cummins Declaration, the terms of this Order shall govern.

~~8.~~9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

26722549.~~1~~2