# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | |
| | § | Case No. 20-11570 (LSS) |
| Debtors. | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | **Re: Docket No. 6 & 70** |

## FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) PAY CERTAIN PREPETITION EMPLOYMENT OBLIGATIONS AND (B) MAINTAIN EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF

Upon the Debtors' motion (the "*Motion*")[2] for entry of a final order (this "*Final Order*") (i) authorizing the Debtors, in their discretion, as deemed necessary to continue to operate and preserve value, to (a) pay all prepetition wages, salaries, commissions and compensation to Employees, Temporary Workers and Independent Contractors, and all related administrative and incidental costs (all as described in the Motion and, collectively, the "*Compensation Obligations*") and prepetition employee benefits (all as described in the Motion and, collectively, the "*Employee Benefit Obligations*"), (b) pay all employment, unemployment, Social Security and federal, state and local taxes relating to the Compensation Obligations and Employee Benefit Obligations, whether withheld from wages or paid directly by the Debtors to governmental authorities (collectively, "*Payroll Taxes*"), and make other payroll deductions, including, but not limited to,

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not defined in this Final Order have the meanings used in the Motion.

26753483.2

retirement and other employee benefit plan contributions, union dues, garnishments and voluntary deductions (all as described in the Motion, and collectively with the Payroll Taxes, the "***Payroll Deduction Obligations***" and, collectively with the Compensation Obligations and Employee Benefit Obligations, the "***Prepetition Workforce Obligations***"), (c) pay all retirement benefits to former Employees (the "***Retiree Benefit Obligations***" and, together with the Prepetition Workforce Obligations, the "***Prepetition Obligations***") and (d) honor and continue the Debtors' prepetition programs, policies and practices as described in the Motion in the ordinary course of business; and (ii) granting certain related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined such relief to be in the best interests of the Debtors, their estates and creditors and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2.  The Debtors are authorized but not directed, in their discretion and business judgment, to (i) pay or otherwise honor all Prepetition Obligations; (ii) honor and continue their programs, policies and practices described in the Motion that were in effect as of the Petition Date, in the ordinary course of business, and in the same manner and on the same basis as the Debtors honored and continued such programs, policies and practices before the Petition Date; and (iii) withhold all federal, state and local taxes relating to the Compensation Obligations and Employee Benefit Obligations as required by applicable law.

3.  The Debtors' banks and financial institutions are authorized to receive, process, honor and pay all checks, drafts, electronic fund transfers or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date for Prepetition Obligations that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Final Order; *provided*, that sufficient funds are on deposit in the applicable bank accounts to cover such payments. Further, the Debtors' banks and financial institutions are prohibited from placing any holds on, or attempting to reverse, any automatic transfers to any account of an Employee or other party for Prepetition Obligations; *provided*, that sufficient funds are on deposit in the applicable bank accounts to cover such transfers.

5.  Nothing herein shall be deemed to authorize the payment of any amounts by the Debtors that are subject to section 503(c) of the Bankruptcy Code.

6.  Pursuant to section 362(d) of the Bankruptcy Code, Employees are authorized to proceed with their Workers' Compensation Claims in the appropriate judicial or

26753483.2

administrative forum, and the Debtors are authorized to continue the Workers' Compensation Policies and pay the Workers' Compensation Claims. This modification of the automatic stay pertains solely to pursuing Workers' Compensation Claims.

7. The Debtors are authorized to reissue payment for the Prepetition Obligations and to replace any inadvertently dishonored or rejected payments. Further, the Debtors are authorized to reimburse any expenses that Employees, Temporary Workers or Independent Contractors may incur as a result of any bank's failure to honor a prepetition check.

8. Nothing in the Motion or this Final Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity of any claim against the Debtors; (ii) an admission with respect to the validity, extent or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff or recoup any claim, or assert any related rights, claims or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

9. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

10. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

12. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Final Order.

*(signature)*
**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

26753483.2    **Dated: July 16th, 2020**
**Wilmington, Delaware**

4