# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | Case No. 20-11570 (LSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | Ref: Docket Nos. 13 & 79 |
| | § | |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO PAY CERTAIN PREPETITION CLAIMS OF TRADE CREDITORS, (II) AUTHORIZING APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS TO HONOR AND PROCESS RELATED CHECKS AND TRANSFERS AND (III) GRANTING RELATED RELIEF**

Upon the Debtors' motion (the "***Motion***")[2] for entry of a final order (this "***Final Order***") (i) authorizing the Debtors to pay allowed prepetition claims for goods or services related to the Debtors' operations and other ordinary course claims (collectively, the "***Prepetition Trade Claims***") of creditors (collectively, the "***Trade Creditors***") in the ordinary course of business and consistent with past practice and/or pursuant to extensions and other arrangements made with the applicable Trade Creditors, (ii) authorizing applicable banks and other applicable financial institutions to honor and process related checks and transfers and (iii) granting related relief, all as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not defined in this Final Order have the meanings used in the Motion.

the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having authority to enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court under 28 U.S.C. §§ 1408 and 1409; and a hearing having been held to consider the relief requested in the Motion (the "***Hearing***"); and upon the First Day Declaration and the record of the Hearing and all the proceedings before the Court; and the Court having found and determined such relief to be in the best interests of the Debtors, their estates and creditors, and any parties in interest; and the legal and factual bases set forth in the Motion and at the Hearing having established just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay the Prepetition Trade Claims, subject to the following conditions:

> (a) The Debtors, in their discretion, subject to the terms set forth below, shall determine which Prepetition Trade Claims, if any, will be paid pursuant to this Final Order; *provided*, that no affiliate (as that term is defined in section 101(2) of the Bankruptcy Code) of the Debtors may be considered a Trade Creditor pursuant to this Final Order;

> (b) Unless the parties agree to different terms and conditions, if a Trade Creditor accepts payment under this Final Order, such Trade Creditor is deemed to have agreed to continue to provide goods and/or services to the Debtors, on terms that are as good as or better than the terms and conditions (including credit terms) contained in any binding prepetition contract with the Debtors or, in the absence of such contract, such terms and conditions that existed 120 days prior to the Petition Date (collectively, the "***Customary Terms***"), during the pendency of these Chapter 11 Cases;

    (c) In the event that a Trade Creditor does not have a binding prepetition contract with the Debtors and the relationship between such Trade Creditor accepting payment under this Motion and the Debtors does not extend to 120 days before the Petition Date, the Customary Terms shall mean the terms that the Trade Creditor generally extends to its customers or such terms as are acceptable to the Debtors in the reasonable exercise of their business judgment;

    (d) If a Trade Creditor, after receiving a payment on account of its Trade Claim, ceases to provide Customary Terms or otherwise fails to perform under a contract with the Debtors, the Debtors reserve their rights to and may seek approval of this Court, on notice to the Trade Creditor, to (a) deem such payment to apply to postpetition amounts payable, if applicable, or (b) take any and all appropriate steps to cause such Trade Creditor to repay payments made to it on account of its Trade Claim to the extent such payments exceed the postpetition amounts then owing to such Trade Creditor; and

    (f) Prior to making a payment on disputed claims to a Trade Creditor under this Final Order, the Debtors may settle all or some of the disputed prepetition claims of such Trade Creditor for less than their face amount without further notice or hearing.

    3.  The Debtors' banks and financial institutions are authorized to receive, process, honor and pay all checks, drafts, electronic fund transfers or other forms of payment drawn or issued on the Debtors' bank accounts before the Petition Date on account of Prepetition Trade Claims that have not been honored and paid as of the Petition Date (or to reissue checks, drafts, electronic fund transfers or other forms of payment drawn or issued on the Debtors' bank accounts, as may be necessary), and are authorized to rely on the Debtors' representations as to which checks, drafts, transfers or other forms of payment drawn or issued on the Debtors' bank accounts are subject to this Final Order; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments.

    4.  The Debtors shall maintain a matrix summarizing amounts paid, subject to the terms and conditions of this Final Order, including the following information:  (a) the names of payee; (b) the amount of the payment; (c) the category or type of payment as further described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the

3

payment date (the "***Trade Creditor Matrix***"). The Debtors shall provide a copy of the Trade Creditor Matrix to advisors to the Consenting Noteholders (as defined in the Restructuring Support Agreement) on a weekly basis beginning upon the entry of this Order; *provided* that such recipients shall keep the Trade Creditor Matrix strictly confidential and not disseminate it to other parties. The Debtors shall provide further relevant information regarding payments to Trade Creditor to the advisors to the Consenting Noteholders upon reasonable request. The Debtors shall also provide the Trade Creditor Matrix to the U.S. Trustee upon request.

5. Nothing in the Motion or this Final Order or the relief granted herein (including any actions taken or payments made by the Debtors) is to be construed as (i) an admission of the validity or priority of any claim against the Debtors; (ii) an admission with respect to the validity, extent or perfection of any lien; (iii) a waiver of the Debtors' rights or those of any party in interest to dispute, contest, setoff or recoup any claim or assert any related rights, claims or defenses; (iv) a waiver of the Debtors' rights or those of any party in interest over the validity, extent, perfection or possible avoidance of any lien; or (v) an approval or assumption of any agreement, contract, program, policy or lease under section 365 of the Bankruptcy Code.

6. The requirements set forth in Bankruptcy Rule 6004(a) are hereby waived.

7. Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Final Order.

5

9. This Court retains jurisdiction over all matters arising from or related to the implementation or interpretation of this Final Order.

**Dated: July 17th, 2020**
**Wilmington, Delaware**

**LAURIE SELBER SILVERSTEIN**
**UNITED STATES BANKRUPTCY JUDGE**

5