**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: <br><br> PYXUS INTERNATIONAL, INC., *et al.*,[1] <br><br> Debtors. | § § § § § § § § § § | Chapter 11 <br><br> Case No. 20-11570 (LSS) <br><br> (Jointly Administered) <br><br> **Ref: Docket Nos. 134, 203 & 204** |

**ORDER (I) AUTHORIZING THE RETENTION AND EMPLOYMENT OF DELOITTE & TOUCHE LLP AS INDEPENDENT AUDITOR, PURSUANT TO 11 U.S.C. §§ 327(a) AND 330, EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

Upon the Debtors' application (the "*Application*")[2] for entry of an order (this "*Order*") authorizing the retention and employment of Deloitte & Touche to provide independent audit services, effective as of the Petition Date, pursuant to the terms and conditions set forth in the Engagement Letters, as more fully described in the Application and the *Supplement to the Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Deloitte & Touche LLP as Independent Auditor, Pursuant to 11 U.S.C. §§ 327(a) and 330, Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 203] (the "*Supplement*"); and upon consideration of the Schwartz Declaration and the *Supplemental Declaration of Jeffrey G. Schwartz in Support of Supplement to the Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Deloitte & Touche LLP as*

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not defined in this Order have the meanings used in the Application or Supplement (defined below), as applicable.

26791977.2

*Independent Auditor, Pursuant to 11 U.S.C. §§ 327(a) and 330, Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 204]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding, the Application and Supplement in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Application and Supplement and opportunity for a hearing on the Application and Supplement were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and Supplement; and this Court having determined that the legal and factual bases set forth in the Application and Supplement establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application, as supplemented by the Supplement, is granted as set forth herein.

2. The Debtors are authorized pursuant to sections 327(a) and 330 of the Bankruptcy Code, to retain and employ Deloitte & Touche to provide independent audit services to the Debtors in these Chapter 11 Cases, pursuant to the terms and conditions set forth in the Engagement Letters attached to the Application and Supplement, effective as of the Petition Date, as modified by this Order.

3. The terms and conditions of the Engagement Letters, as modified by this Order, are approved.

26791977.2

4. Deloitte & Touche shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, this Order and any other applicable orders of this Court.

5. Deloitte & Touche shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

6. The Engagement Letters are modified as follows with respect to services performed thereunder for the Debtors after the Petition Date and through the effective date of any plan of reorganization:

   a. Paragraph 1 of the General Business Terms attached to the Engagement Letters as Appendix D shall be deemed deleted and replaced with the following:

   Nothing contained in these terms shall alter in any way the duties imposed by law on Deloitte & Touche LLP in respect of the services provided under the engagement letter.  It is understood and agreed that Deloitte & Touche LLP is an independent contractor and that Deloitte & Touche LLP is not, and will not be considered to be, an agent, partner, or representative of the Company.  Neither party shall act or represent itself, directly or by implication, in any such capacity or in any manner assume or create an obligation on behalf of, or in the name of, the other.

   b. Paragraph 7 of the General Business Terms shall be deemed deleted and replaced with the following:

   Any Dispute (as defined below) arising out of or relating to services performed under this engagement letter after the commencement of a bankruptcy case by the Company and prior to the effective date of (a) a plan of reorganization of the Company or (b) a court order dismissing the Company's chapter 11 case or cases (the "***Effective Date***") shall be brought in the Bankruptcy Court (or the District Court (each as defined below), if such District Court withdraws the reference to the Bankruptcy Court).  All other Disputes, including, without limitation, Disputes arising out of or relating to services performed after the Effective Date and Disputes over which the Bankruptcy Court (or the District Court) does not have, retain or exercise jurisdiction, shall be resolved by mediation or binding arbitration as set forth in the Dispute Resolution Provision attached hereto as the immediately following appendix and made a part hereof (the "***Dispute Resolution Provision***").

3

26791977.2

The parties each hereby irrevocably waive, to the fullest extent permitted by law, all rights to trial by jury in any Dispute.  Except with respect to the interpretation and enforcement of the arbitration procedures set forth in the Dispute Resolution Provision (which shall be governed by the Federal Arbitration Act), the laws of the State of New York (without giving effect to its choice of law principles) shall apply in arbitration or any other forum in connection with any Dispute.  The foregoing shall be binding up on the parties and any and all of their respective permitted successors and assigns.  This paragraph and the Dispute Resolution Provision shall apply to the fullest extent of the law, whether in contract, statute, tort (such as negligence), or otherwise.

For purposes of the foregoing, (a) "Dispute" shall mean any controversy or claim between the parties arising out of or relating to the engagement letter, including its appendices, or this engagement, (b) "Bankruptcy Court" shall mean the United States Bankruptcy Court for the District of Delaware and (c) "District Court" shall mean the United States District Court of which the Bankruptcy Court constitutes a unit.

c.   The language in the Dispute Resolution Provision Appendix to the Engagement Letters (Appendix E) shall be deemed deleted and replaced with the following:

The Dispute Resolution Provision sets forth the dispute resolution process and procedures applicable to the resolution of certain Disputes as set forth in the immediately preceding appendix.

All Disputes not heard by the Bankruptcy Court or the District Court as set forth in the immediately preceding appendix shall be first submitted to nonbinding confidential mediation by written notice to the parties, and shall be treated as compromise and settlement negotiations under the standards set forth in the Federal Rules of Evidence and all applicable state counterparts, together with any applicable statutes protecting the confidentiality of mediations or settlement discussions.  If the parties cannot agree on a mediator, the International Institute for Conflict Prevention and Resolution ("***CPR***"), at the written request of a party, shall designate a mediator.

If a Dispute has not been resolved within 90 days after the effective date of the written notice beginning the mediation process (or such longer period, if the parties so agree in writing), the mediation shall terminate and the Dispute shall be settled by binding arbitration to be held in New York, New York.  The arbitration shall be solely between the parties and shall be conducted in accordance with the CPR Rules for Non-Administered Arbitration that are in effect at the time of the commencement of the arbitration, except to the extent modified by this Dispute Resolution Provision (the "***Rules***").

The arbitration shall be conducted before a panel of three arbitrators.  Each of the Company and Deloitte & Touche LLP shall designate one arbitrator in accordance

with the "screened" appointment procedure provided in the Rules and the two party-designated arbitrators shall jointly select the third in accordance with the Rules. No arbitrator may serve on the panel unless he or she has agreed in writing to enforce the terms of the engagement letter (including its appendices) to which this Dispute Resolution Provision is attached and to abide by the terms of this Dispute Resolution Provision. The arbitrators may render a summary disposition relative to all or some of the issues, provided that the responding party has had an adequate opportunity to respond to any such application for such disposition. Discovery shall be conducted in accordance with the Rules.

All aspects of the arbitration shall be treated as confidential, as provided in the Rules. Before making any disclosure permitted by the Rules, a party shall give written notice to all other parties and afford such parties a reasonable opportunity to protect their interests. Further, judgment on the arbitrators' award may be entered in any court having jurisdiction.

Each party shall bear its own costs in both the mediation and the arbitration; however, the parties shall share the fees and expenses of both the mediators and the arbitrators equally.

7. To the extent the Debtors seek to have Deloitte & Touche undertake any services not addressed in the Engagement Letters, the Debtors shall seek further Court approval for the same, upon notice.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

9. Deloitte & Touche shall coordinate with the Debtors to avoid any unnecessary duplication of services provided by any of the Debtors' other retained professionals in these Chapter 11 Cases.

10. In the event of any inconsistency between the Engagement Letters, the Application, the Supplement and this Order, this Order shall govern.

11. Notice of the Application and Supplement shall be deemed good and sufficient notice of such Application and Supplement, and the requirements of the Local Rules are satisfied by the contents of the Application and Supplement.

12. Notwithstanding anything to the contrary in the Application or Supplement, any of its attachments, or any engagement letter, Deloitte & Touche shall not seek reimbursement of any fees or costs arising from defending any objections filed with respect to Deloitte & Touche's monthly fee statements or fee applications in these bankruptcy cases.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

14. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation or enforcement of this Order.

*[Signature]*
LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Dated: July 23rd, 2020**
**Wilmington, Delaware**

6

26791977.2