# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | Case No. 20-11570 (LSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Hearing Date: TBD** |
| | § | **Objection Deadline: TBD** |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO (A) REDACT CERTAIN COMMERCIALLY SENSITIVE INFORMATION IN CONNECTION WITH THE DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING ENTRY INTO THE FIRST AMENDMENT TO THE SUPERPRIORITY SECURED DEBTOR-IN-POSSESSION CREDIT AGREEMENT AND (II) AUTHORIZING ENTRY INTO (A) THE RECEIVABLES ASSIGNMENT AGREEMENT AND (B) THE DEPOSIT ACCOUNT CONTROL AGREEMENT, (III) AUTHORIZING THE GRANTING OF LIENS ON CERTAIN ASSETS OF ALLIANCE ONE INTERNATIONAL, LLC, (IV) MODIFYING THE AUTOMATIC STAY AND (V) GRANTING RELATED RELIEFEF**

Pyxus International, Inc. ("*Pyxus*") and its affiliated debtors and debtors in possession (collectively, the "*Debtors*") in the above-captioned chapter 11 cases (the "*Chapter 11 Cases*") respectfully submit this motion (the "*Motion*") for the entry of an order, substantially in the form attached as **Exhibit A** (the "*Proposed Order*"), pursuant to section 107(b) of the title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "*Bankruptcy Code*"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), (i) authorizing the Debtors to redact and file under seal certain

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

26826170.2

confidential information contained in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing Entry Into the First Amendment to the Superpriority Secured Debtor-In-Possession Credit Agreement and (II) Authorizing Entry Into (A) the Receivables Assignment Agreement and (B) the Deposit Account Control Agreement, (III) Authorizing the Granting of Liens on Certain Assets of Alliance One International, LLC, (IV) Modifying the Automatic Stay and (V) Granting Related Relief* [Docket No. 230] (the "***Emergency Motion***"),[2] filed contemporaneously herewith, and (ii) granting related relief.  In support of this Motion, the Debtors respectfully state as follows:

## BACKGROUND

1. On June 15, 2020 (the "***Petition Date***"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "***Court***").  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  As of the date hereof, no official committees have been appointed in these Chapter 11 Cases,[3] and no request has been made for the appointment of a trustee or examiner.

2. Additional information regarding the Debtors' businesses, capital structure and the events leading up to the Petition Date is set forth in the *Declaration of Joel Thomas, Executive Vice President and Chief Financial Officer of Debtor Pyxus International, Inc., in Support of the Chapter 11 Petitions and First Day Pleadings* [Docket No. 2] filed on the Petition Date.

---

[2] Capitalized terms not defined herein shall have the meanings given in the Emergency Motion.
[3] By Order dated July 20, 2020 [Docket No. 196], the Court authorized the appointment of an official committee of equity holders, which the U. S. Trustee is in the process of forming.

26826170.2

2

**THE EMERGENCY MOTION**

3. As set forth more fully in the Emergency Motion, the Debtors seek authority to: (i) enter into the First Amendment to the Superpriority Secured Debtor-in-Possession Credit Agreement (the "***First DIP Amendment***"), (ii) authorize Alliance One International, LLC ("***AOI***") to enter into (a) the AOI LLC 2020 Receivables Assignment Agreement (the "***Receivables Assignment Agreement***") and (b) the Deposit Account Control Agreement (Account – Without Activation) (the "***Deposit Account Control Agreement***"), (iii) authorize AOI to grant liens to Eastern and Southern African Trade and Development Bank ("***TDB***") on (a) certain receivables generated by AOI and assigned pursuant to the Receivables Assignment Agreement and (B) certain deposit accounts with Bank of America, N.A. used to collect proceeds from those receivables (collectively, the "***Specified Collateral***"), (iv) authorize a modification of the automatic stay provisions of section 362 of the Bankruptcy Code to permit TDB to exercise remedies against the Specified Collateral following an Event of Default under TDB's related pre-shipment and export finance facility, and (v) granting related relief. The Emergency Motion contains commercially sensitive information (the "***Confidential Information***") which could place the Debtors at a competitive disadvantage and harm the Company's business if disclosed publicly. Due to the sensitive, confidential and commercial nature of the Confidential Information, the Debtors submit that the Confidential Information should be redacted from the Emergency Motion.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court,

26826170.2

3

absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue of these Chapter 11 Cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1(b).

## RELIEF REQUESTED

5. By this Motion, the Debtors request entry of the Proposed Order authorizing the Debtors to file the Confidential Information under seal.

## BASIS FOR RELIEF

6. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of confidential commercial information. This section provides, in relevant part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

7. Rule 9018 of the Bankruptcy Rules provides the procedures by which a party may seek relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

26826170.2

4

Fed. R. Bankr. P. 9018.

8.  Local Rule 9018-1(d) further provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(d).

9.  If the court finds that an interested party is requesting information covered by section 107(b) of the Bankruptcy Code "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d. Cir. 1994). Delaware courts have defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *In re Orion Pictures Corp.*, 21 F.3d at 27–28).

10. The Debtors submit that sufficient cause exists for the Court to grant the relief requested herein. The Emergency Motion includes commercially sensitive information, which if disclosed, would cause significant injury to the Debtors, as the disclosure of such information would give competitors an unfair strategic advantage with respect to the Debtors' business operations. In fact, it has come to the Debtors' attention that certain of their competitors have been reaching out to the Debtors' customers with articles and other materials regarding the Debtors' chapter 11 cases, in a clear effort to disrupt the Debtors' relationships and interfere with their business operations. Accordingly, the Confidential Information should be subject to the protections of section 107(b) of the Bankruptcy Code.

11. The Debtors will provide copies of the unredacted Emergency Motion to the Court, the United States Trustee for the District of Delaware, counsel to the Ad Hoc First Lien

Group, counsel to the Ad Hoc Crossholder Group and DIP Agent, and counsel for any official committee appointed upon the execution of a mutually acceptable non-disclosure agreement.

12. For the foregoing reasons, the Debtors respectfully request that the Court permit the Debtors to file the Confidential Information under seal.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

13. To the best of the knowledge, information and belief of the undersigned counsel to the Debtors, the Emergency Motion does not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## NOTICE

14. Notice of this Motion will be given by overnight mail to: (i) the Office of the United States Trustee for the District of Delaware; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) the United States Attorney's Office for the District of Delaware; (iv) the attorneys general for the states in which the Debtors conduct business; (v) counsel to the Ad Hoc First Lien Group; (vi) counsel to the Ad Hoc Crossholder Group; (vii) the ABL Agent and counsel thereto; (viii) the DIP Agent and counsel thereto; (ix) the Internal Revenue Service; (x) the Securities and Exchange Commission; (xi) counsel to Sound Point; and (xii) all parties that, as of the filing of this Motion, have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002. A copy of this Motion is also available on the Debtors' case website at http://www.primeclerk.com/Pyxus. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in its entirety and any other relief as is just and proper.

| | |
|---|---|
| Dated: July 27, 2020<br>Wilmington, Delaware | **YOUNG CONAWAY STARGATT & TAYLOR, LLP**<br><br>*/s/ Kara Hammond Coyle*<br>Pauline K. Morgan (No. 3650)<br>Kara Hammond Coyle (No. 4410)<br>Ashley E. Jacobs (No. 5635)<br>Tara C. Pakrouh (No. 6192)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br>Email: pmorgan@ycst.com<br>kcoyle@ycst.com<br>ajacobs@ycst.com<br>tpakrouh@ycst.com<br><br>- and -<br><br>**SIMPSON THACHER & BARTLETT LLP**<br><br>Sandeep Qusba (admitted *pro hac vice*)<br>Michael H. Torkin (admitted *pro hac vice*)<br>Kathrine A. McLendon (admitted *pro hac vice*)<br>Nicholas E. Baker (admitted *pro hac vice*)<br>Daniel L. Biller (admitted *pro hac vice*)<br>Jamie J. Fell (admitted *pro hac vice*)<br>425 Lexington Avenue<br>New York, New York 10017<br>Telephone: (212) 455-2000<br>Facsimile: (212) 455-2502<br>Email: squsba@stblaw.com<br>michael.torkin@stblaw.com<br>kmclendon@stblaw.com<br>nbaker@stblaw.com<br>daniel.biller@stblaw.com<br>jamie.fell@stblaw.com<br><br>*Counsel to the Debtors and Debtors in Possession* |

26826170.2