IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § | Case No. 20-11570 (LSS) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | **Ref: Docket No. 231 & 232** |
| | § | |

**ORDER (I) AUTHORIZING ENTRY INTO (A) THE FIRST AMENDMENT TO THE SENIOR SECURED SUPERPRIORITY DEBTOR-IN-POSSESSION CREDIT AGREEMENT AND (B) THE RECEIVABLES ASSIGNMENT AGREEMENT AND THE DEPOSIT ACCOUNT CONTROL AGREEMENT, (II) AUTHORIZING THE GRANTING OF LIENS ON CERTAIN ASSETS OF ALLIANCE ONE INTERNATIONAL, LLC AND (III) GRANTING RELATED RELIEF**

Upon consideration of the Motion[2] of the above-captioned debtors and debtors in possession (collectively, the "*Debtors*") for entry of an order, pursuant to sections 105(a), 363 and 364 of title 11 of the United States Code, of the Bankruptcy Code, Rules 2002, 4001, 6004 and 9014 of the Bankruptcy Rules and Rules 2002-1 and 4001-2 of the Local Rules (I) authorizing the Debtors to enter into the First DIP Amendment, (II) authorizing AOI to enter into the Receivables Assignment Agreement and related Deposit Account Control Agreement, (III) authorizing AOI to grant liens to TDB on the Specified Collateral, (IV) authorizing a modification of the automatic stay provisions of section 362 of the Bankruptcy Code to permit TDB to exercise remedies against

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms not defined herein shall have the meaning ascribed to such terms in the Motion, in the *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, and (B) Utilize Cash Collateral, (II) Granting Adequate Protection To Prepetition Secured Parties (III) Modifying the Automatic Stay and (IV) Granting Related Relief [Docket No. 195]* (the "*Final DIP Order*") or in the *Notice of Filing of (I) Receivables Assignment Agreement, (II) Deposit Account Control Agreement, and (III) Security Agreement* [Docket No. 255], as applicable.

26854433.1

the Specified Collateral following an event of default the TDB Facility, and (IV) granting related relief:

**IT IS HEREBY ORDERED**

1. The Motion is GRANTED.

2. The Debtors are authorized to enter into, execute, deliver and perform under the Receivables Assignment Agreement, the Deposit Account Control Agreement, the Security Agreement and the First DIP Amendment.

3. The Debtors are authorized to grant a security interest, by way of absolute assignment, in the Specified Collateral, to TDB, pursuant to the Receivables Assignment Agreement, the Security Agreement and the Deposit Account Control Agreement, to secure the obligations owed to TDB thereunder. For the avoidance of doubt, (i) none of the Specified Collateral includes any of the receivables or other assets sold or to be sold pursuant to the Receivables Facilities and (ii) the Specified Collateral has not and will not include any receivables from the United States of America or any of its instrumentalities.

4. Notwithstanding any relief granted in the Final DIP Order, the DIP Liens and the Adequate Protection Liens shall not attach to the Specified Collateral, and to the extent the DIP Liens and Adequate Protection Liens have previously attached to the Specified Collateral, such liens are automatically released and terminated upon the entry of this Order.

5. Notwithstanding any relief granted in the Final DIP Order, the security interests granted, by way of absolute assignment, in the Specified Collateral, to TDB, shall not be subject or subordinate to the Carve Out.

6.  The milestone extensions set forth in the First DIP Amendment are approved. All references in the Final DIP Order to the "Milestones" shall be deemed references to the milestones as amended by the First DIP Amendment.

7.  The Receivables Assignment Agreement, the Deposit Account Control Agreement, the Security Agreement and the First DIP Amendment may be modified, amended or supplemented by written agreement signed by the parties thereto in accordance with the terms thereof without further order of the Court (and copies of any such amendment, modification or supplement shall be provided to the Office of the United States Trustee for the District of Delaware); *provided that* no such modification, amendment or supplement may be made without further order of this Court if such modification, amendment or supplement taken in its entirety is materially adverse to the Debtors, and all amendments are entered on the docket.

8.  The Receivables Assignment Agreement, the Deposit Account Control Agreement, the Security Agreement and the First DIP Amendment are valid, binding and enforceable against the parties thereto; *provided that* TDB's recourse under the Receivables Assignment Agreement, the Security Agreement and the Deposit Account Control Agreement shall be limited to the Specified Collateral.

9.  The Debtors are authorized to take any and all actions necessary or appropriate to effectuate the relief granted pursuant to this Order and to implement the Receivables Assignment Agreement, the Deposit Account Control Agreement, the Security Agreement and the First DIP Amendment.

10. Upon the delivery of written notice (which may include electronic mail) to the Remedies Notice Parties (as defined below), the automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to permit the TDB to

exercise, upon the occurrence and during the continuance of an event of default under the Existing TDB Facility, all rights and remedies against the Specified Collateral provided for in the New TDB Facility, the Receivables Assignment Agreement, the Deposit Account Control Agreement, the Security Agreement and this Order, *provided* that prior to the exercise of any such right, TDB shall be required to provide five (5) business days' written notice to counsel to the Debtors, counsel to the DIP Agent, counsel to the Prepetition Agents, counsel to the Ad Hoc Crossholder Group, counsel to the Ad Hoc First Lien Group, counsel to the Prepetition ABL Credit Facility Agent, the Receivables Facilities Parties, counsel to any Official Committee (if appointed), and the U.S. Trustee of TDB's intent to exercise its rights and remedies (the "***Remedies Notice Period***"); provided, however, that during the Remedies Notice Period, the Debtors and any Official Committee may seek an emergency hearing before the Court (to be held within the Remedies Notice Period) solely to contest whether an event of default has occurred.

11.  Counsel to the official committee of equity security holders appointed in these Chapter 11 Cases on July 28, 2020 (the "***Equity Committee***") shall be a Fee Notice Party and a Remedies Notice Party for all purposes under the Final DIP Order.

12. The Debtors shall provide copies of the DIP Reporting, the Approved DIP Budget and any supplemental budgets to counsel and the financial advisors to the Equity Committee (the "***Equity Committee Advisors***") substantially contemporaneously with delivery of the DIP Reporting, Approved DIP Budget and any supplemental budgets to the DIP Lenders or their advisors pursuant to paragraph 14 of the Final DIP Order. The Debtors shall host separate telephonic conference calls with the Equity Committee Advisors at mutually agreeable times, which calls shall cover the same topics as set forth in clauses (a), (b) or (c) of section 5.16 of the DIP Credit Agreement, as applicable.  The Equity Committee Advisors shall have the same

26854433.1

4

reporting, monitoring and information rights, and the same rights to request access and additional information, as the DIP Agent, DIP Lenders or their advisors set forth in paragraph 18 of the Final DIP Order, in each case subject to all limitations and conditions set forth in such paragraph 18 and subject to any confidentiality agreements between the Debtors and the Equity Committee and/or the Equity Committee Advisors.

13. To the extent allowed at any time, whether by interim order, procedural order, or otherwise, all unpaid fees and expenses (including any restructuring, sale, success, or other transaction fee of any investment bankers or financial advisors of the Equity Committee) incurred by persons or firms retained by the Equity Committee pursuant to section 328 or 1103 of the Bankruptcy Code shall be Allowed Professional Fees for all purposes under the Final DIP Order.

*[Signature]*

LAURIE SELBER SILVERSTEIN
UNITED STATES BANKRUPTCY JUDGE

**Dated: August 3rd, 2020**
**Wilmington, Delaware**

26854433.1

5