## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | § § § | Case No. 20-11570-LSS |
| Debtors. | § § § § § | **Hearing Date: August 18, 2020 @ 9:30 a.m.** |
| | | **Objection Deadline: August 10, 2020 @ 4:00 p.m.**[2] |

## UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION OF JOINT PREPACKAGED CHAPTER 11 PLAN OF REORGANIZATION OF PYXUS INTERNATIONAL, INC., AND ITS AFFILIATED DEBTORS

Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), through his undersigned attorneys, objects to confirmation of the Joint Chapter 11 Plan of Reorganization of Pyxus International, Inc., and Its Affiliated Debtors ("Plan", D.E.21)[3] and states as follows:

## JURISDICTION

1.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this objection.

2.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District. Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Graciously extended to the Office of the United States Trustee.
[3] Terms shall have the same meaning given them in the Plan, Disclosure Statement or Solicitation Procedures Motion unless otherwise noted herein.

courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

3.      Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements.

4.      Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Plan and the issues raised in this objection.

## PRELIMINARY STATEMENT

5.      The Debtors filed a Plan of Reorganization (D.E.21) on the Petition Date along with a Disclosure Statement (D.E. 22).  The pre-packaged Plan restructures senior debt of more than $1.4 billion, including $636 million of junior secured bondholder debt converted to equity and all junior classes of claims being otherwise paid in full or reinstated unimpaired. Shareholders are provided with no distribution. Shareholders who do not opt out of proposed third party releases contained in the Plan will share a $1 million distribution.

6.      The U.S. Trustee objects to confirmation of the Plan because the Plan contains broad release and exculpation provisions that are inconsistent with the Bankruptcy Code.  The Third-Party Release provision proposes to release acts subject to exculpation and proposes to release future conduct.  The exculpation provision includes non-estate fiduciaries as exculpated parties and proposes to exculpate future conduct.  The Third-Party Release and Exculpation

provisions also purport to release or exculpate conduct based upon the advice of counsel, irrespective of how or when the advice is given.

## STATEMENT OF FACTS

7.     On June 15, 2020 (the "Petition Date"), Pyxus International, Inc., and four affiliates (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. All of the cases have been ordered jointly consolidated for administrative purposes.  On June 25, 2020, the U.S. Trustee filed his notice that he has not appointed an Official Committee of Unsecured Creditors because there was insufficient creditor interest (D.E.103).

8.     On the Petition Date, the Debtors filed a Plan (D.E. 21) and Disclosure Statement (D.E. 22).  The Plan restructures senior debt, satisfies all unsecured and intercompany claims and provides a distribution of $1 million to shareholders who do not opt out of the proposed Third-Party Release provision contained at Section VIII.F of the Plan.

9.     The Definition of Exculpated Parties (1.54) reads as follows:

"*Exculpated Party*" means, collectively, and in each case in its capacity as such: (a) the Debtors; (b) the Reorganized Debtors; (c) each Related Party of each Entity in clauses (a) and (b); and (d) any other Person entitled to the protections of section 1125(e) of the Bankruptcy Code; *provided* that non-Debtor Affiliates of the Debtors shall not be Exculpated Parties.

10.     The Third-Party Release provision (VIII.F) proposes to release conduct taking place after the Effective Date and reads in pertinent part in this regard as follows:

"…the administration and implementation of the Plan, including the issuance or distribution of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date except for claims or liabilities arising out of or relating to any act or omission by a Released Party that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud."

3

11.     The Exculpation provision is identical in many respects to the Third-Party Release provision and reads in pertinent part as follows:

> "the administration and implementation of the Plan, including the issuance of any Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for claims or liabilities arising out of or relating to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan."

12.     Like the advice of counsel language contained in the Exculpation provision above, the Third-Party Release contains similar language:  "…(including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion)…"

## ARGUMENT

I.      **Releases**

A.      **Third Party Releases**

13.     There are numerous ways in which the third party releases, the Debtor releases and exculpation provisions set forth in the Plan are contrary to the standards set forth by this Court in *In re Tribune Company*, 464 B.R. 126 (Bankr. D. Del. 2011), *In re Washington Mutual, Inc.*, 442 B.R. 314 (Bankr. D. Del. 2011), and other applicable law.

14.     Some Courts in this District have determined that third party releases of non-debtors should be allowed provided that they are consensual.  *See In re Wash. Mut., Inc.*, 442 B.R. 314, 352 (Bankr. D. Del. 2011), *citing, inter alia, In re Coram Healthcare Corp.*, 315 B.R. 321, 335 (Bankr. D. Del. 2004) (holding that the "Trustee (and the Court) do not have the power to grant a release of the Noteholders on behalf of third parties," and that such release must be based on consent of the releasing party); *In re Zenith Elecs. Corp.*, 241 B.R. 92, 111 (Bankr. D. Del. 1999) (holding that the release provision had to be modified to permit third parties' release of non-debtors only for those creditors who voted in favor of the plan); *In re Exide Techs.*, 303 B.R. 48, 74 (Bankr. D. Del. 2003) (approving releases which were binding only on those creditors and equity holders who accepted the terms of the plan).

15.     There are certain categories of persons and entities included among the Released Parties, such as the Debtors' directors, officers and employees, and similar members of  the Debtors or other parties that the Third Circuit Court of Appeals and this Court have already determined are not entitled to non-consensual third party releases.  *See Continental Airlines*,  203 F.3d at 215 ("[W]e have found no evidence that the non-debtor D & Os provided a critical financial contribution to the Continental Debtors' plan that was necessary to make the plan feasible in exchange for receiving a release of liability"); *Washington Mutual*, 442 B.R. 314 at 354 ("[T]here is no basis for granting third party releases of the Debtors' officers and directors , . . . . [as] [t]he only 'contribution' made by them was in the negotiation of the Global Settlement and the Plan, [which] activities are nothing more than what is required of directors and officers of debtors in possession (for which they have received compensation and will be exculpated) . . . ."); *In re Genesis Health Ventures,* Inc., 266 B.R. 606–07 (Bankr. D. Del. 2001) ("[T]he officers, directors and employees have been otherwise compensated for their contributions, and the

5

management functions they performed do not constitute contributions of 'assets' to the reorganization.").    The same logic is also applicable to third party releases of the Debtors' professionals who, like the Debtors' directors and officers, will be protected by the exculpation provision. *See Wash. Mut.*, 442 B.R. at 354.

16.    The Debtors have the burden of justifying the validity of the non-consensual third party releases for each and every party to be released.  Because an evidentiary predicate is necessary to approve the third party releases, the U.S. Trustee reserves argument on this issue until the record at the confirmation hearing is closed.

17.    The proposed Third-Party release is inappropriate to the extent it purports to release future conduct taking place after the Effective Date.   Such provisions have been rejected. In the case of *In re Midway Gold US Inc.*, 575 B.R. 475 (Bankr. Co 2017), the Court denied confirmation to a Plan which purported to release future conduct and exculpate future conduct as here. With respect to the proposed release of future conduct, the Court stated:  "Lastly, the releases may not provide non debtors with ''blanket immunity'' for all times, transgressions and omissions and may not include immunity from gross negligence or willful misconduct."  575 B.R. at 506.  With respect to the proposed exculpation of future conduct, the Court Stated: "The Court finds this provision overly broad because there does not appear to be any temporal limitation on the conduct and omissions being exculpated."

### B.    Exculpation

18.    Plan Section VIII.G proposes to exculpate parties from conduct taking place not only during the case but also proposes to exculpate future conduct including with the last sentence of the provision, a complete release upon completion of the Plan:

> "The Exculpated Parties have, and upon completion of the Plan shall be deemed
> to have, participated in good faith and in compliance with the applicable laws
> with regard to the solicitation of votes and distribution of consideration pursuant

to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan."

For the reasons set forth in paragraph 17 above, all the language purporting to release future conduct, including the proposed future release upon completion of the Plan, should be stricken.[4]

19.      The definition of Exculpated Party includes, in addition to estate fiduciaries:  "any other Person entitled to the protections of Section 1125(e) of the Bankruptcy Code." Section 1125(e) Persons are not estate fiduciaries.[5]  Including these various entities in the exculpation provision is overbroad.  The definition "Exculpated Party" should be revised to remove from it the Section 1125(e) Parties and Related Parties.  The list of parties receiving exculpation should be limited to those parties who served in the capacity of estate fiduciaries, *i.e.*, the creditors' committee, its members, estate professionals and the Debtor's directors and officers.  *See In re Indianapolis Downs, LLC,* 486 B.R. 286 (Bankr. D. Del. 2013); *In re Tribune Co.,* 464 B.R. 126, 189 (Bankr. D. Del. 2011); *In re PTL Holdings, LLC*, 2011 WL 5509031 *12 (Bankr. D. Del. Nov. 10, 2011); *In re Washington Mutual Inc.*, 442 B.R. 314, 350 (Bankr. D. Del. 2011).  See also *PWS Holding Corp*, 228 F.3d 224 (3d Cir. 2000).

20.      It is settled in this District that non-estate fiduciaries are not entitled to exculpation.  Section 1125(e) persons are not estate fiduciaries.  It is wholly disingenuous to draft a provision which purports to provide relief to the "…fullest extent permissible under applicable law…" when the law does not permit exculpation of non-estate fiduciaries or future conduct.

## C.      Reliance Upon the Advice of Counsel

---

[4] The Debtor has proposed a Plan Amendment which would resolve this issue.
[5] Section 1125(e) of the Bankruptcy Code begins with the words: "A person…". This could be anybody.

21.     Each of the Third-Party Release and Exculpation provisions contain within them the following language:  "…(including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party/Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion)…".  This language should be stricken from each of the respective provisions along with any similar language.  Reliance upon the advice of counsel is an available defense at common law.  Including such language in a plan tends to elevate the defense into an immunity.  Additionally, here, the legal advice may be oral, written or given at any time in the past or into the future, and immunize any protected person from liability.

## CONCLUSION

22.     The Plan should not be confirmed in its present form.   The Third-Party Release and Exculpation provisions are inappropriate to the extent they purport to release or exculpate future conduct. The Exculpation provision should be limited to estate fiduciaries. Finally, provisions which permit release or exculpation upon the advice of counsel, however and whenever given, should be stricken.

23.     The U.S. Trustee leaves the Debtors to their burden of proof.

**WHEREFORE,** the U.S. Trustee respectfully requests that this Court issue an order denying confirmation of the Plan, and/or granting such other relief as this Court deems appropriate, fair and just.

Dated: August 10, 2020                          Respectfully submitted,
       Wilmington, Delaware

                                          **ANDREW R. VARA**
                                          **ACTING UNITED STATES TRUSTEE**
                                          **Region 3**

By: */s/ David L. Buchbinder*
David L. Buchbinder, Esquire
Trial Attorney
United States Department of Justice
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)
david.l.buchbinder@usdoj.gov