IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PYXUS INTERNATIONAL, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11570 (LSS)<br><br>Jointly Administered<br><br>**Hearing Date: TBD**<br>**Objection Deadline: August 25, 2020 at 4:00 p.m. ET** |

**APPLICATION OF THE OFFICIAL COMMITTEE OF
EQUITY SECURITY HOLDERS TO RETAIN AND EMPLOY
LINCOLN PARTNERS ADVISORS LLC, AS A FINANCIAL ADVISER
*NUNC PRO TUNC* TO AUGUST 1, 2020**

The Official Committee of Equity Security Holders (the "Committee") of Pyxus International, Inc. ("Pyxus") and its affiliated debtors and debtors-in-possession (collectively the "Debtors" or the "Company") in the above-captioned chapter 11 cases (the "Cases") hereby submits this application (the "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A,** authorizing the Committee to retain and employ Lincoln Partners Advisors LLC ("Lincoln") as financial advisor and investment banker to the Committee, effective *nunc pro tunc* to August 1, 2020, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and Lincoln dated August 1, 2020, including its terms for indemnification and contribution contained in Exhibit 1 to the engagement

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

letter (the "Engagement Letter"). A true and correct copy of the Engagement Letter is attached as Exhibit 1 to the accompanying Proposed Order. In support of the Application, the Committee respectfully represents as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 328(a) and 1103(a) of title 11 of the Bankruptcy Code, Rules 2014(a) and 5002 of the Bankruptcy Rules, and Rules 2014-1 and 2016-2 of the Local Rules of Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

**BACKGROUND**

3. On June 15, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

4. The factual background regarding the Debtors, including their business operations, their capital and debt structures and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the *Declaration of Joel Thomas, Executive Vice President and Chief Financial Officer of Debtor Pyxus International, Inc., in Support of the Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"), filed on the Petition Date [Docket No. 2].

5.  On July 20, 2020 this Court entered its *Order Granting Motion to Appoint Equity Committee* [Docket No. 196]. Thereafter, the office of the United States Trustee ("UST") formed the Committee.

## RELIEF REQUESTED

6.  By this Application, the Committee requests the entry of an order substantially in the form annexed hereto as **Exhibit A** authorizing it to retain and employ Lincoln as its financial advisor and investment banker effective as of August 1, 2020.

## Retention of Lincoln

**A.    Qualifications of Lincoln**

7.  The Committee seeks to employ Lincoln as its financial advisor and investment banker in connection with these Cases *nunc pro tunc* to August 1, 2020. In light of the size, complexity and Court approved expedited timeline of the Cases, the Committee requires a highly qualified and experienced financial advisor and investment banker with the resources, capabilities, and depth of experience to assist. Lincoln is an internationally recognized investment bank with both extensive relevant experience and an excellent reputation in providing financial advisory and valuation services in other complex chapter 11 cases. Lincoln has assisted and advised numerous committees, creditors, debtors, and other constituencies in the Chapter 11 process and is experienced in analyzing and testifying regarding corporate restructuring issues and valuation disputes, performing valuation analyses of complex businesses and measuring the economics of any potential transactions.

8.  Lincoln professionals have been involved in the restructuring of over $100 billion in indebtedness and closed over 225 investment banking transactions in 2019 alone. Lincoln's Valuation Group regularly values over 2,100 public and private companies on a quarterly basis.

With approximately 60 valuation professionals and a highly experienced senior leadership team, Lincoln's Valuation Group is well equipped to quickly understand and perform complex company and asset valuations. In addition, members of Lincoln's Special Situations Group have decades of experience in preparing expert valuation reports and opinions, performing business plan analysis, and delivering in-court expert testimony on behalf of committees, including several equity committees, regarding valuation work performed and the valuation conclusions reached. Members of Lincoln's Special Situations Group have represented over fifty official committees in developing and analyzing sales transactions, restructurings transactions, expert valuation reports and plans of reorganization including, among others, committees in *In re Dura Automotive Systems, Inc., et al,* No. 19-12378 (Bankr. D. Del. 2019); *In re PG&E Corporation*, *et al,* No. 19-30088 (Bankr. N.D. Cal. 2019), *In re Dura Automotive Systems, Inc., et al*, No. 06-11202 (Bankr. D. Del. 2006), *In re Chassix Holdings, Inc., et al*, 15-10578 (Bankr. S.D. N.Y. 2015), *In re K-V Discovery Solutions, Inc.,* No., 12-13346 (Bankr. S.D.N.Y. 2012), *In re Citadel Broad. Corp.*, No. 09-17442 (Bankr. S.D.N.Y. 2010), *In re Trico Marine Servs., Inc.*, No. 10-12653 (Bankr. D. Del. 2010), *In re Hayes Lemmerz International Inc., et al.*, No. 09-11655 (Bankr. D. Del. 2009), *In re Philadelphia Newspapers, LLC*, No. 09-11204 (Bankr. E.D. Pa. 2009), *In re Global Power Equipment Group, Inc., et al*, 06-11045 (Bankr. D. Del. 2006) and *In re Cable & Wireless USA, Inc., et al.*, 03-13711 (Bankr. D. Del. 2003).

**B.     Scope of Services to be Provided by Lincoln**

9.     The Committee respectfully submits that it will be necessary to employ and retain Lincoln to provide financial advisory, valuation and investment banking services for the Committee in connection with the Debtors' restructuring and the Cases. Further, Lincoln will work at the direction of the Committee to:

a. Prepare an expert valuation analysis, opinion and report (including rebuttal analyses) of the Debtors and the Debtors' affiliates;

b. Review and analyze the Debtors' operations, business and financial projections, including but not limited to, financial condition, financial forecasts, business plan, liquidity forecasts, cash flow projections, and budgets;

c. Analyze and advise the Committee on any potential and/or actual transactions or series of related transactions, including existing and competing plans of reorganization, sale of the Company and/or any of its assets;

d. Assist the Committee in developing evaluating, structuring and negotiating the terms and conditions of any transaction, including the value of the securities, if any, that may be issued to equity holders under any such transaction;

e. Assist the Committee in responses/objections to Bankruptcy Court pleadings;

f. Attend hearings, meetings and assist in discussions with the Debtors, creditors, UST, other parties in interest and professionals hired by the same, as requested;

g. Assist the Committee in negotiations with all case participants (including, but not limited to, Debtors and creditors, among other parties), as requested;

h. Render such other general investment banking or financial advisory assistance as the Committee may reasonably request that is consistent with the role of Lincoln and not duplicative of services provided by other professionals retained by the Committee; and

i. If requested, provide documentary or oral testimony in connection with Lincoln's provision of any of the above-mentioned services in the Bankruptcy Court.

10. The services that Lincoln will provide to the Committee are critically necessary to enable the Committee—representing and consisting of equity security holders—to evaluate its unique position in the Cases and attain fair treatment. Lincoln is highly qualified to value the Debtors' complex business and various international operating segments and to analyze the Debtors' financial position, projections, strategic alternatives, and claim recoveries.

C. **Lincoln's Disinterestedness**

11. To the best of the Committee's knowledge, information and belief, based on and except as otherwise set forth in the annexed Declaration of Brendan J. Murphy, Managing Director

of Lincoln's Special Situations Group (the "Murphy Declaration"), a copy of which is attached hereto as **Exhibit B**, neither Lincoln nor its professionals have any connection with or represent any other entity having an adverse interest to the Debtors, their creditors or any other party in interest, or their respective attorneys or accountants. The Murphy Declaration also sets forth, pursuant to Bankruptcy Rule 2014(a), to the best of Mr. Murphy's knowledge, all of Lincoln's connections with the Debtors, known creditors, other known parties in interest and their respective attorneys and accountants, and any person employed in the Wilmington Office of the United States Trustee for Region 3. Based upon the Murphy Declaration, Lincoln is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

12. The Committee believes that the employment of Lincoln as financial advisor and investment banker on the terms set forth in this Application is appropriate and in the best interests of the equity security holders that the Committee represents. The Committee has reviewed the Murphy Declaration, including the description of Lincoln's connections with parties in interest and/or potential parties in interest, and has no objection to any matter set forth therein. The Committee thus seeks an order approving Lincoln's engagement by the Committee on the terms set forth in this Application and the Engagement Letter.

**D.    Effective Date of Retention**

13. The Committee requests that Lincoln's retention be approved *nunc pro tunc* to August 1, 2020, the date Lincoln was selected by the Committee as its financial advisor and investment banker and began immediately working that afternoon on the Committee's behalf. The Committee believes retention *nunc pro tunc* to August 1, 2020 is appropriate in view of the nature of these Cases and the Committee's immediate needs for the assistance of a financial advisor and investment banker.

**E.     Compensation of Lincoln**

14.    In consideration of the services to be performed by Lincoln, and as more fully described in the Engagement Letter, subject to the Court's approval, the Committee and Lincoln have agreed on the proposed compensation set forth in the Engagement Letter which may be summarized as follow:

- *Expert Valuation Report Fee*: A fee of $850,000 payable upon the request to initiate, develop, or deliver an expert valuation report ("Valuation Report") to the Committee.

- *Rebuttal Valuation Report Fee*: $350,000 payable upon the request to initiate, develop, or deliver a rebuttal valuation report ("Rebuttal Valuation Report") to the Committee.

- *Deposition/In-Court Testimony Fee:* $175,000 payable if Lincoln is asked to prepare for deposition, be deposed or testifies regarding valuation disputes or any other matters relevant to the case proceedings ("Deposition/In-Court Testimony") on behalf of the Committee (for the avoidance of doubt, this fee cannot be earned more than once).

- *Hourly Fee*: Lincoln will be paid hourly for any work on behalf of the Committee that is not related to the Valuation Report Fee, Rebuttal Valuation Report Fee or the Deposition/In-Court Testimony.

    Title and Hourly Rates
    - Managing Director: $1,195
    - Director: $895
    - Vice President: $795
    - Associate: $695
    - Analyst: $395

- *Expense Reimbursement:* In addition, Lincoln shall be promptly reimbursed for all reasonable and documented out-of-pocket expenses (including reasonable fees and expenses of its counsel) incurred by Lincoln during the term of its engagement in connection with the matters contemplated by the Engagement Letter, including without limitation, the transportation, lodging, meals, communications, color copying, printing, data processing, industry research reports, computer and database research charges and document services.

**F.    Indemnification of Lincoln**

15. As a material part of the consideration for the provision of financial advisory services by Lincoln to the Committee, and as part of the overall compensation payable to Lincoln under the terms of the Engagement Letter, the Committee has agreed to seek approval of certain indemnification, exculpation, contribution and reimbursement obligations as described in the Engagement Letter ("Indemnification Rights").

16. Specifically, the Committee requests the Court authorize the Debtors to, among other things, indemnify, hold harmless, and provide contribution and reimbursement to Lincoln and its personnel in connection with any disputes, including any objections to Lincoln's fees in the Cases, arising in connection with Lincoln's engagement as financial advisor and investment banker to the Committee except to the extent that a court of competent jurisdiction shall have determined by a final, non-appealable judgment that losses, claims, damages, expenses and liabilities arising out of Lincoln's engagement as financial advisor and investment banker were primarily caused by Lincoln's gross negligence, bad faith, or willful misconduct.

17. The Committee and Lincoln believe that the indemnification provisions in the Engagement Letter are customary and reasonable for financial advisory engagements, both in and out-of-court, and reflect the qualifications and limitations on indemnification provisions that are customary for such engagements. *See United Artists Theatre Co. v. Walton*, 315 F.3d 217, 229 (3d Cir. 2003) ("Indemnification of financial advisors against their own negligent conduct is becoming a common market occurrence."); *see*, *e.g.*, *In re Sears Holdings Corp.*, No. 18-23538 (RDD) (Bankr. S.D.N.Y. Nov. 9, 2018) [Docket No. 606] (approving retention of investment banker for the debtors in accordance with letter, which provided indemnification except in cases of bad faith, self-dealing, breach of fiduciary duty, if any, gross negligence, or willful misconduct); *In re J &*

*M Sales Inc.*, No. 18-11801 (LSS) (Bankr. D. Del. Sept. 17, 2018) [Docket No. 410] (same); *In re Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va. Oct. 25, 2017) [Docket No. 732] (same); *In re Payless Holdings LLC*, No. 17-42267 (KAS) (Bankr. E.D. Mo. May 9, 2017) [Docket No. 645] (same); *In re Caesars Entm't Operating Co.*, No. 15-01145 (ABG) (Bankr. N.D. Ill. Mar. 26, 2015) [Docket No. 991] (same); *In re Crumbs Bake Shop, Inc.*, No. 14-24287 (MBK) (Bankr. D. N.J. Aug. 4, 2014) [Docket No. 97] (same); *In re Aloha Airlines, Inc.*, No. 08-00337 (LK) (Bankr. D. Haw. Apr. 8, 2008) [Docket No. 203] (same); *In re Metabolife Int'l, Inc.*, No. 05-06040-PB11 (JJH) (Bankr. S.D. Cal. Aug. 5, 2005) [Docket No. 128] (same). The Committee believes that, given the size and complexity of these Cases and the standard terms for indemnification common in the marketplace for financial advisors of comparable size, quality and expertise to Lincoln, it is reasonable and in the best interests of the Debtors' estates to provide Lincoln with the indemnification protections requested. Accordingly, as part of this Application, the Committee requests that this Court approve the terms of indemnification in the Engagement Letter.

## **Basis for Relief**

18. The Committee respectfully requests that the Court authorize the retention and employment of Lincoln as its financial advisor and investment banker, *nunc pro tunc* to August 1, 2020, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, which provides that a committee appointed under section 1102 of the Bankruptcy Code:

> [M]ay employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions; and

> [M]ay select and authorize the employment by such committee of one or more attorneys, accountants, or other agents, to represent or perform services for such committee.

*See*, respectively, 11 U.S.C. §§ 328(a) and 1103(a).

19. Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014(a).

20. The Committee submits that for all the reasons stated above and based upon the Murphy Declaration, the retention of Lincoln as financial advisor and investment banker to the Committee is merited. Further, as stated in the Murphy Declaration, Lincoln is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors or their related parties except as may be disclosed in the Murphy Declaration. Accordingly, the retention of Lincoln as financial advisor and investment banker to the Committee should be approved.

## **Notice**

21. Notice of this Application will be provided to (a) the Office of the United States Trustee for the District of Delaware, J. Caleb Boggs Federal Building, 844 North King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: David L. Buchbinder, Esq. (david.l.buchbinder@usdoj.gov)); (b) Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017 (Attn: Sandeep Qusba (squsba@stblaw.com), Michael Torkin (michael.torkin@stblaw.com), and Nicholas Baker (nbaker@stblaw.com)), proposed co-counsel

for the Debtors; (c) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801 (Attn: Pauline K. Morgan (pmorgan@ycst.com) and Kara Hammond Coyle (kcoyle@ycst.com)), proposed co-counsel for the Debtors; (d) Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038 (Attn: Kristopher Hansen, Esq. (khansen@stroock.com) and Jonathan Canfield, Esq. (jcanfield@stroock.com)) and Pachulski, Stang, Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware 19801 (Attn: Bradford J. Sandler, Esq. (bsandler@pszjlaw.com) and James E. O'Neill, Esq. (joneill@pszjlaw.com)), co-counsel to the Ad Hoc First Lien Group (as defined below); (e) Wachtell Lipton Rosen & Katz, 51 West 52nd Street, New York, NewYork 10019 (Attn: Joshua Feltman (jafeltman@wlrk.com) and Benjamin Arfa (bsarfa@wlrk.com)) and Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, Wilmington, Delaware 19801 (Attn: Derek C. Abbott (dabbott@mnat.com)), co-counsel to the Ad Hoc Crossholder Group (as defined below) and the DIP Agent; (f) White & Case LLP, 1221 Avenue of the Americas, New York, New York 10020 (Attn: Scott Greissman (sgreissman@whitecase.com) and Andrew Zatz (azatz@whitecase.com)), counsel to the Prepetition ABL Credit Facility Agent; (g) the holders of the thirty (30) largest unsecured claims against the Debtors (on a consolidated basis); (h) the United States Attorney's Office for the District of Delaware; (i) the Receivables Facilities Parties (as defined in the Receivables Facilities Final Order [Docket No. 186]); (j) the Internal Revenue Service; (k) the United States Securities and Exchange Commission; and (l) any other party entitled to notice under Bankruptcy Rule 2002. The Debtors respectfully submit that no further notice is required.

**No Prior Request**

22. No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Committee respectfully requests that this Court enter an order, in the form attached hereto as **Exhibit A**, (a) authorizing the Committee to retain Lincoln *nunc pro tunc* as of August 1, 2020; and (b) granting such other and further relief as is just and proper.

Dated: August 11, 2020

Respectfully submitted,

Official Committee of Equity
Security Holders of Pyxus
International, Inc., *et al.*

By: _____
Hongchao Sun, solely in her capacity as
Chair of the Committee