# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PYXUS INTERNATIONAL, INC., *et al.*,[1] | Case No. 20-11570 (LSS) |
| | Jointly Administered |
| Debtors. | |

**ORDER APPROVING APPLICATION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS TO RETAIN AND EMPLOY LINCOLN PARTNERS ADVISORS LLC, AS A FINANCIAL ADVISER *NUNC PRO TUNC* TO AUGUST 1, 2020**

Upon the Application (the "Application"),[2] of The Official Committee of Equity Security Holders (the "Committee") Pyxus International, Inc. ("Pyxus") and its affiliated debtors and debtors-in-possession (collectively the "Debtors" or the "Company") for an order authorizing the Committee to retain and employ Lincoln Partners Advisors LLC ("Lincoln") as financial advisor and investment banker to the Committee, *nunc pro tunc* to August 1, 2020, pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in accordance with the terms and conditions set forth in the engagement letter between the Committee and Lincoln dated August 1, 2020, including its terms for indemnification and contribution contained in Exhibit 1 to the engagement letter (the "Engagement Letter"), a true and correct copy

---

[1] The Debtors in the Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

[2] Capitalized terms used but not otherwise herein defined shall have the meanings ascribed to such terms in the Application.

of which is attached hereto as **Exhibit 1**, and this Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that notice of the Application as provided to the parties listed therein is reasonable and sufficient; and it appearing that no other or further notice need be provided; and this Court having reviewed the Application and the Murphy Declaration; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, creditors, shareholders, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

    1.    The Application is approved solely to the extent set forth herein.

    2.    The Committee is authorized, pursuant to section 328(a) and 1103 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 5002, to engage Lincoln as its financial advisor in these Cases, effective *nunc pro tunc* to August 1, 2020, pursuant to the terms of the Engagement Letter a true and correct copy of which is annexed hereto as **Exhibit 1**.

    3.    Lincoln's compensation as set forth in the Engagement Letter and including the expense reimbursement and indemnification and related obligations, are approved.

    4.    Lincoln shall include in its fee applications, among other things, time records setting forth a reasonably detailed description of the services rendered by each professional, and

the amount of time spent on each date by each such individual in rendering services on behalf of the Committee in one-tenth (1/10) hour increments.

5.       Notwithstanding anything to the contrary herein, the Office of the United States Trustee shall have the right to object to Lincoln's interim and final fee applications (including expense reimbursement) on all grounds, including the reasonableness standard provided in section 330 of the Bankruptcy Code.  Lincoln intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this Application and the interim and final fee applications to be filed by the Firm in these Cases.

6.       Notwithstanding anything to the contrary in the Application, any of its attachments, or the Engagement Letter, Lincoln shall not seek reimbursement of any fees or costs arising from the prosecution (as opposed to preparation of) or defense of any monthly fee statements or fee applications in these Cases.

7.       The indemnification, exculpation, contribution, reimbursement and related provisions set forth in the Engagement Letter and Indemnification Letter are approved.

8.       To the extent that there may be any inconsistency between the terms of the Application, the Engagement Letter and this Order, the terms of this Order shall govern.

9.       The relief granted herein shall be binding upon any chapter 11 trustee appointed in the Cases, or upon any chapter 7 trustee appointed in the event of a subsequent conversion of the Cases to cases under chapter 7.

10. The Committee is authorized to take all steps necessary or appropriate to carry out this Order.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order. For the avoidance of doubt, notwithstanding any provision in the Engagement Letter to the contrary, during the pendency of these Cases, this Court shall have exclusive jurisdiction over the approval of fees due and owing to Lincoln for this retention.