-

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

-------------------------------------------------------------- X

In re:

PYXUS INTERNATIONAL, INC., *et al.*,[1]

              Debtors.

-------------------------------------------------------------- X

:  Chapter 11
:
:  Case No. 20-11570-LSS
:
:  (Jointly Administered)
:  Related to D.I. 342
:
:  **Hearing Date: To Be Determined by the Court**
:  **Objection Deadline: At the hearing**
:
:

### MOTION OF THE OFFICIAL COMMITTEE OF EQUITY SECURITY HOLDERS FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 107(B), FED. R. BANKR. P. 9018 AND DEL. BANKR. L.R. 9018-1 AUTHORIZING THE FILING UNDER SEAL OF THE SUPPLEMENTAL DECLARATION OF CHRISTOPHER GREGORY

The Official Committee of Equity Security Holders (the "Equity Committee") of Pyxus

International, Inc., *et al.*, appointed in the bankruptcy cases of the above-captioned debtors and

debtors-in-possession (the "Debtors"), hereby submits this motion (the "Motion to Seal") for entry

of an order substantially in the form attached to this Motion as **Exhibit A**, pursuant to sections

105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy

Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule

9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), and the *Stipulated Confidentiality*

*Agreement and Protective Order* by and between the Debtors, the Equity Committee and certain

other parties that may become bound as enumerated therein, dated July 31, 2020 (the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's United States federal tax identification number, are: Pyxus International, Inc. (6567), Alliance One International, LLC (3302), Alliance One North America, LLC (7908), Alliance One Specialty Products, LLC (0115) and GSP Properties, LLC (5603). The Debtors' mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417.

"Confidentiality Stipulation"), authorizing the Equity Committee to file under seal information attached to the *Supplemental Declaration of Christopher Gregory* [D.I. 342] (the "Supplemental Declaration").  In support of the Motion to Seal, the Equity Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion to Seal pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of Delaware, entered on February 29, 2012, (Sleet, C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Pursuant to Local Rule 9013-1(f), the Equity Committee confirms its consent to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018 and Local Rule 9018-1.

## BACKGROUND

3.      On June 15, 2020, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.  No trustee or examiner has been appointed in these chapter 11 cases.

4.      Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their properties as debtors in possession.

5.      On July 20, 2020, this Court entered an order granting a motion for the appointment of an equity committee [D.I. 196].

6.      On July 28, 2020, the Office of the United States Trustee (the "U.S. Trustee") appointed the Equity Committee pursuant to section 1102(a)(1) of the Bankruptcy Code [D.I. 243]. The Equity Committee is comprised of three members: (a) Hongchao Sun; (b) Elvis Viskovic.; and (c) James V. Vu.

7.      On August 15, 2020, the Equity Committee filed under seal:  (a) the *Objection of the Official Committee of Equity Security Holders' Objection to Conformation of Joint Prepackaged Plan of Pyxus International, Inc. and Its Affiliated Debtors* [D.I. 311] (the "Objection") and the *Appendix to the Objection of the Official Committee of Equity Security Holders' Objection to Conformation of Joint Prepackaged Plan of Pyxus International, Inc. and Its Affiliated Debtors* [D.I. 312] (the "Appendix").

8.      On August 16, 2020, the Equity Committee filed:  (a) the *Emergency Motion of the Official Committee of Equity Security Holders for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 107(b), Fed. R. Bankr. P. 9018 and Del. Bankr. L.R. 9018-1 Authorizing the Filing under Seal of Its Appendix and Objection to Confirmation of Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors* [D.I. 313] (the "Objection/Appendix Motion to Seal") and (b) the *Notice of Filing of Proposed Redacted Version of Appendix and Objection of the Official Committee of Equity Security Holders to Confirmation of Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors, and the Emergency Motion Authorizing the Filing Under Seal of Its Objection and Appendix* [D.I. 315] (the "Objection/Appendix Notice of Redacted Version").

9.      On August 17, 2020, the Equity Committee filed the *Declaration of Christopher Gregory* [D.I. 338].  On that same date, the Equity Committee filed the Supplemental Declaration, a one-page declaration that attaches Mr. Gregory's Expert Report as Exhibit A thereto and his

Rebuttal Report as Exhibit B thereto.  Both the Expert Report (B0777 – B0932) and the Rebuttal

Report (B0933 – B0968) are contained in the Equity Committee's Appendix to its Objection.[2]

10.     A hearing on the Debtors' proposed prepackaged plan was held on August 18-19,

2020 at 9:30 a.m. (ET).

11.     Since its appointment, and in light of the plan confirmation hearing timeline, the

Equity Committee worked expeditiously to investigate and analyze the terms of and certain issues

related to the Plan and prepare for and present its position at the plan confirmation hearing.  To

facilitate the Equity Committee's investigative process and related discovery under this

compressed timeframe, the Equity Committee and the Debtors entered into the Confidentiality

Stipulation.  The Confidentiality Stipulation governs, among other things, the parties' obligations

with respect to sealing and/or redacting information filed publicly with the Court, including, but

not limited to, the filing of a motion such as this Motion to Seal.

## RELIEF REQUESTED

12.     By this Motion to Seal, the Equity Committee respectfully requests the entry of an

order (a) authorizing the Equity Committee to file under seal the Supplemental Declaration and

not make the Supplemental Declaration available to any entity or person except for (i) the Court,

(ii) the U.S. Trustee, and (iii) the Debtors and their professionals, and (b) granting such other and

further relief as requested herein or as the Court otherwise deems necessary and appropriate.

## BASIS FOR RELIEF

13.     The Bankruptcy Code, the Bankruptcy Rules and the Local Rules authorize the

Court to limit the disclosure of certain confidential information to protect entities from potential

---

[2]      Mr. Gregory's Expert Report (Exhibit 218) and Rebuttal Report (Exhibit 219) were also included in the
Equity Committee's exhibit list submitted to the Court in conjunction with the plan confirmation hearing.

harm.  Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and

empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out

the provisions of this title."  11 U.S.C. § 105(a).  Section 107(b) of the Bankruptcy Code provides,

in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall…(1)
> protect an entity with respect to a trade secret or confidential
> research, development, or commercial information….

11 U.S.C. § 107(b)(1).

14.    Bankruptcy Rule 9018 sets forth the procedures by which a party may move for

relief under section 107(b) of the Bankruptcy Code, and provides that:

> [o]n motion or on its own initiative, with or without notice, the court
> may make any order which justice requires (1) to protect the estate
> or any entity in respect of a trade secret or other confidential
> research, development, or commercial information…

Fed. R. Bankr. P. 9018.  Local Rule 9018-1(d) further provides, in relevant part, that "any entity

seeking to file a document…under seal must file a motion requesting such relief…."  Del. Bankr.

L.R. 9018-1(d)(i).

15.    Once the Court determines that an entity is seeking protection of information that

falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, such as

confidential commercial information, "the court is required to protect a requesting interested party

and has no discretion to deny the application."  *Video Software Dealers Ass'n v. Orion Pictures*

*Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994).

16.    Courts have held that protection under section 107(b) of the Bankruptcy Code must

be granted if the information sought to be protected is commercial information, and significantly,

that commercial information need not rise to the level of a trade secret to be entitled to protection.

*Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret'

with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Further, in contrast with Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *Id.* Nor does the provision of the Bankruptcy Code require a finding of "extraordinary circumstance or compelling need." *Id.* at 27.

17.  Rather, a party seeking the protection of section 107(b) of the Bankruptcy Code need only demonstrate that the information is "confidential" and "commercial" in nature. *Id.* Commercial information refers to information that would enable competitors of an entity to gain an unfair advantage against that entity. *Id.* at 26-28 (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes of three films" contained confidential commercial information); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (recognizing that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury"). Once it is established that the subject information qualifies as "commercial information," section 107(b)(1) of the Bankruptcy Code mandates that this information be protected from disclosure. *Id.*

18.  Sufficient cause exists for the Court to grant the relief requested in this Motion to Seal. Both Mr. Gregory's Expert Report and his Rebuttal Report contain, are based on, and specifically reference information belonging to the Debtors that the Equity Committee is informed is confidential commercial information. This information is precisely the information protected by section 107(b) of the Bankruptcy Code.

19.  Additionally, granting the relief requested in the Motion to Seal will allow the Equity Committee to comply with the terms of the Confidentiality Stipulation. As noted above,

Mr. Gregory's reports attached to his Supplemental Declaration include and discuss information that the Debtors produced in discovery in connection with these proceedings that was designated by the Debtors as "Confidential" or "Professional Eyes Only."   Under the Confidentiality Stipulation, the Equity Committee is obligated to maintain the confidentiality of such information produced by the Debtors by, among other things, seeking relief in a motion to seal.

20.     Accordingly, the Equity Committee respectfully requests authority to file under seal an unredacted version of the Supplemental Declaration and to file separately a redacted version of the Supplemental Declaration and exhibits.

## **CERTIFICATION PURSUANT TO LOCAL RULE 9018-1(d)**

21.     To the best of the knowledge, information and belief of the undersigned proposed counsel to the Equity Committee, the Supplement Declaration, and, specifically, Exhibits A and B thereto, contain confidential information subject to the Confidentiality Rights (as defined in Local Rule 9018-1(d)(iii)) of the Debtors.   In accordance with Local Rule 9018-1(d)(iv)(a), and in conjunction with the Objection/Appendix Motion to Seal and the Objection/Appendix Notice of Redacted Version, proposed counsel to the Equity Committee and counsel to the Debtors have conferred in good faith and reached agreement concerning the information contained in the Supplemental Declaration (in particular, the reports attached as Exhibits A and B thereto) that must remain sealed.[3]

22.     Additionally, the Equity Committee certifies that, contemporaneously with the filing of this Motion to Seal, it will file the *Notice of filing of Proposed Redacted Version of the Supplemental Declaration of Christopher Gregory*.

---

[3]     Counsel to the Equity Committee has contacted and is in continued communications with counsel to the Debtors regarding a proposed redacted version of the Supplemental Declaration (in particular, the reports attached as Exhibits A and B thereto).

## NOTICE

23.     Notice of this Motion to Seal will be provided to the Core 2002 Notice List, which includes, *inter alia*, counsel for the Debtors, counsel to the Ad Hoc First Lien Group, counsel to the Ad Hoc Crossholder Group, counsel to the ABL Agent, counsel to the DIP Agent, and the Office of the U.S. Trustee for the District of Delaware, and all other parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Equity Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

24.     No previous request for the relief sought in this Motion to Seal has been made to this or any other Court.

WHEREFORE, the Equity Committee respectfully requests that this Court enter an Order, substantially in the form attached hereto **Exhibit A**, (i) authorizing the Equity Committee to file the Supplemental Declaration under seal and granting the relief sough in this Motion to Seal; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated:  August 20, 2020

**MONTGOMERY McCRACKEN WALKER &
RHOADS LLP**

*/s/ Gregory T. Donilon*
Gregory T. Donilon (No. 4244)
Marc J. Phillips (No. 4445)
1105 N. Market Street, Suite 1500
Wilmington, DE  19801
Telephone:  (302) 504-7823
Email: gdonilon@mmwr.com
            mphillips@mmwr.com

-and-

Edward Schnitzer, Esq.
David M. Banker, Esq.
437 Madison Avenue
New York, NY  10022
Telephone:  (212) 867-9500
E-mail:  eschnitzer@mmwr.com
E-mail:  dbanker@mmwr.com

-and-

Richard J. Corbi, Esq.
THE LAW OFFICES OF RICHARD J. CORBI
PLLC
1501 Broadway, 12th Floor
New York, NY  10036
Telephone:  (646) 571-2033
Email:  rcorbi@corbilaw.com

*Proposed Counsel to Official Committee of Equity
Security Holders*