**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| OLD HOLDCO, INC.,[1] | § | Case No. 20-11570 (LSS) |
| | § | |
| Debtor. | § | **Obj. Deadline: December 23, 2020 at 4:00 p.m. (ET)** |
| | § | **Hearing Date: December 30, 2020 at 10:00 a.m. (ET)** |

**REORGANIZED DEBTOR'S MOTION FOR FINAL DECREE AND ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 350, FED. R. BANKR. P. 3022 AND LOCAL RULE 3022-1 CLOSING CHAPTER 11 CASE AND TERMINATING CLAIMS AND NOTICING SERVICES**

The debtor in the above-captioned chapter 11 case (prior to emergence, a "*Debtor*"[2] and, upon emergence, the "*Reorganized Debtor*") hereby submits this motion (this "*Motion*")[3] for entry of a final decree and order, substantially in the form attached hereto as **Exhibit A** (the "*Proposed Final Decree*"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") and Rule 3022-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Rules*"), closing the Reorganized Debtor's chapter 11 case (the "*Chapter 11 Case*") and terminating the claims and noticing services provided by Prime Clerk LLC, the Debtors' claims

---

[1] The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Old Holdco, Inc. (f/k/a Pyxus International, Inc.) (6567). The Reorganized Debtor's mailing address is 8001 Aerial Center Parkway, Morrisville, NC 27560-8417. In addition to Pyxus International, Inc., the "Reorganized Debtors" include the following debtors whose bankruptcy cases have been closed prior to the date hereof, along with the last four digits of their respective federal tax identification numbers and chapter 11 case numbers: Alliance One International, LLC (3302) (Case No. 20-11571), Alliance One North America, LLC (7908) (Case No. 20-11572), Alliance One Specialty Products, LLC (0115) (Case No. 20-11573) and GSP Properties, LLC (5603) (Case No. 20-11569).

[2] The term "Debtors" as used herein includes all of the Debtors whose cases were originally administered jointly with the Reorganized Debtor, as a Debtor, whose case remains open.

[3] Capitalized terms not defined herein shall have the meanings ascribed to them in the Plan (as defined herein).

27408819.3

and noticing agent ("**Prime Clerk**").  The Chapter 11 Case has been fully administered within the meaning of section 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Chapter 11 Case and granting the other related relief requested herein.  In support of this Motion, the Reorganized Debtor respectfully states as follows:

## JURISDICTION

1. The Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b), and, under Local Rule 9013-1(f), the Reorganized Debtor consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  Venue of the Chapter 11 Case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory and legal bases for the relief requested herein are sections 105(a) and 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022 and Local Rule 3022-1.

## BACKGROUND

2. On June 15, 2020 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the District of Delaware (the "**Court**").  From the Petition Date through the effective date of the *Amended Joint Prepackaged Chapter 11 Plan of Reorganization of Pyxus International, Inc. and Its Affiliated Debtors* [Docket No. 301] (the "**Plan**") (as supplemented by the Plan Supplement, and as otherwise amended in accordance with the terms thereof and the Confirmation Order (as defined below)), the Debtors operated their businesses and managed

their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On August 21, 2020, the Court entered that certain *Order (I) Approving the Adequacy of the Disclosure Statement and the Prepetition Solicitation Procedures and (II) Confirming the Amended Joint Prepackaged Plan of Reorganization* [Docket No. 355] (the "**Confirmation Order**"), confirming the Plan. On August 24, 2020, the effective date of the Plan occurred. *See* Docket No. 360.

4. Article XXX of the Confirmation Order and Article XII.L of the Plan authorize the Reorganized Debtors to close any of the chapter 11 cases under certification of counsel. *See* Confirmation Order ¶ 68; Plan, Art. XII.L. On September 8, 2020, the Reorganized Debtors filed their *Certification of Counsel Regarding Final Decree Closing Each of the Reorganized Debtors' Cases Except Pyxus International, Inc*. [Docket No. 375]. And, on September 11, 2020, the Court entered on order closing each of the Reorganized Debtors' cases except for the Reorganized Debtor, pursuant to Article XXX of the Confirmation Order and Article XII.L of the Plan. *See* Docket No. 377.

5. Each of the Debtor's professionals have filed a final fee application (collectively, the "**Final Fee Applications**") [Docket Nos. 380, 382, 383, 384, 385, 386, 387, 388, 389, 390, 391, 393 & 397], and an omnibus order has been entered approving such Final Fee Applications. *See* Docket No. 409. In addition to the deadline to file the Final Fee Applications, the Plan established September 23, 2020, as the deadline for parties to file Proofs of Claim with respect to Claims arising from the rejection of Executory Contracts or Unexpired Leases (such Claims, "**Rejection Damages Claims**"). However, no Rejection Damages Claims were filed.

6. Moreover, no other bar dates were established in the Debtors' chapter 11 cases because holders General Unsecured Claims were deemed Unimpaired under the Plan. *See* Plan, Art. III.B.6(b). And, there are no pending contested matters of adversary proceedings.

7. Accordingly, the Reorganized Debtor submits that the Chapter 11 Case has been fully administered, with no other pending proceedings that would preclude closing the Chapter 11 Case at this time.

## RELIEF REQUESTED

8. By this Motion, the Reorganized Debtor seeks entry of the Proposed Final Decree, substantially in the form attached hereto as **Exhibit A**, closing the Chapter 11 Case and terminating the claims and noticing services provided by Prime Clerk.

## BASIS FOR RELIEF

9. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022. Finally, Local Rule 3022-1(a) provides that "[u]pon written motion, a party in interest may seek the entry of a final decree at any time after the confirmed plan has been fully administered provided that all required fees due under 28 U.S.C. § 1930 have been paid." Del. Bankr. L.R. 3022-1(a).

10. The Advisory Committee Notes to Bankruptcy Rule 3022 set forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

      a.      whether the order confirming the plan has become final;

      b.      whether deposits required by the plan have been distributed;

      c.      whether the property proposed by the plan to be transferred has been transferred;

      d.      whether the debtor or its successor has assumed the business or the management of the property dealt with by the plan;

      e.      whether payments under the plan have commenced; and

      f.      whether all motions, contested matters, and adversary proceedings have been finally resolved.

11. Courts have adopted the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005) (citing *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990)); *see also In re Omega Optical, Inc.*, 476 B.R. 157, 167 (Bankr. E.D. Pa. 2012).

12. With respect to the Chapter 11 Case, the factors set forth in the Advisory Committee Notes are either satisfied or inapplicable, demonstrating that the Chapter 11 Case has been fully administered. Specifically, (a) the Confirmation Order has become final; (b) the Debtors have emerged as reorganized entities; (c) all transfers of property, payments of claims, and other distributions by the Debtors required by the Plan to occur on the Effective Date did so occur; (d) the Debtors have no further material obligations under the Plan; and (e) there are no further motions, contested matters, or adversary proceedings for the Reorganized Debtor to resolve.

13. Given the foregoing, the Reorganized Debtor has no need for the Chapter 11 Case to remain open, and it should be closed immediately. The Court's supervision is no longer required in the Chapter 11 Case because the Plan has been substantially consummated,

*see* Confirmation Order, Art. XXVIII ("Substantial consummation of the Plan under section 1101(2) of the Bankruptcy Code shall be deemed to occur on the Effective Date."), and the Chapter 11 Case has been fully administered.

14. The continuation of the Chapter 11 Case would place an administrative and financial burden on the Reorganized Debtor in the form of internal resources to monitor the Chapter 11 Case, continued professional costs and the imposition of United States Trustee ("***U.S. Trustee***") fees.

15. The Reorganized Debtor is not aware of any prepetition claims that have not yet been resolved, but to the extent there are any, the Reorganized Debtor submits that such claims can and will be resolved and paid outside the Chapter 11 Case in accordance with non-bankruptcy law as contemplated by the Plan. Furthermore, the entry of a final decree closing the Chapter 11 Case is without prejudice to the reopening of the Chapter 11 Case pursuant to section 350(b) of the Bankruptcy Code.

16. All expenses arising from the administration of the Chapter 11 Case, including court fees, U.S. Trustee fees, professional fees, and expenses, have been paid or will be paid in the amounts due and, to the extent applicable, approved by the Court as soon as reasonably practicable after the closure of the Chapter 11 Case.

17. In addition to the foregoing, the Reorganized Debtor also requests that the Proposed Final Decree provide for termination of the claims agent and noticing services (the "***Claims and Noticing Services***") performed by Prime Clerk pursuant to that certain *Order Authorizing the Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent for the Debtors* (the "***Prime Clerk 156(c) Order***") [Docket No. 69] and the underlying services agreement. Upon termination, and except as otherwise provided herein, Prime Clerk shall have

no further obligations (arising out of the services agreement, the Prime Clerk 156(c) Order or otherwise) to the Court, the Reorganized Debtor or any of the other Debtors, or any party in interest with respect to the official claims agent and noticing services in the Chapter 11 Case or the chapter 11 case of any other Debtor.  In accordance with Local Rule 2002-1(f)(ix), within twenty-eight (28) days of the entry of the Proposed Final Decree, Prime Clerk shall:  (i) forward to the Clerk of the Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; and (iii) docket a final claims register.  Prime Clerk shall further box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154, and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

18. Finally, in accordance with Local Rule 3022-1(c), the Reorganized Debtor has attached its verified final report describing the fees and expenses awarded to the retained professionals who rendered services during the pendency of the chapter 11 cases (the "***Verified Final Report***"), attached hereto as **Exhibit B**.  Subject to the Court's review and approval of the Verified Final Report, the Court's role in the administration of the Chapter 11 Case is complete.

## NOTICE

19. Notice of this Motion will be provided to:  (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) the United States Attorney's Office for the District of Delaware; (iv) the attorneys general for the states in which the Debtors conduct business; (v) counsel to the Ad Hoc First Lien Group; (vi) counsel to the Ad Hoc Crossholder Group; (vii) the ABL Agent and counsel thereto; (viii) the DIP Agent and counsel thereto; (ix) counsel to the Equity Committee; and (x) all parties that, as of the filing of this Motion, have requested notice in these Chapter 11 Cases pursuant to

Bankruptcy Rule 2002. The Reorganized Debtor submits that, under the circumstances, no other or further notice is required.

WHEREFORE, the Reorganized Debtor seeks entry of the Proposed Final Decree, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such further relief as the Court deems just and proper.

Dated: December 9, 2020  
       Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ Kara Hammond Coyle*
Pauline K. Morgan, Esq. (No. 3650)
Kara Hammond Coyle, Esq. (No. 4410)
Tara C. Pakrouh, Esq. (No. 6192)
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Tel: (302) 571-6600
Fax: (302) 571-1253
Email: pmorgan@ycst.com
      kcoyle@ycst.com
      tpakrouh@ycst.com

-and-

SIMPSON THACHER & BARTLETT LLP
Sandeep Qusba, Esq.
Michael H. Torkin, Esq.
Kathrine A. McLendon, Esq.
Nicholas E. Baker, Esq.
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel to the Reorganized Debtor*